**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RONALD KOONS, *et al.*,                    :
                                           : No. 1:22-cv-07464
        Plaintiffs,                        :
                                           :
                                           :
v.                                         : **DECLARATION OF**
                                           : **RONALD KOONS**
WILLIAM REYNOLDS, *et al.*,                :
                                           :
        Defendants.                        :
                                           :
_____        :

I, Ronald Koons, declare as follows:

1.      I am 61 years old and married, and live in Linwood, New Jersey.

2.      I am a member of the four organizations that are plaintiffs in this case: Second Amendment Foundation; Firearms Policy Coalition, Inc.; Coalition of New Jersey Firearm Owners; and New Jersey Second Amendment Society.

3.      I have used firearms throughout my entire life. I used firearms as a young man where I grew up in the Valley Forge area of Pennsylvania. I served active duty in the U.S. Air Force for four years, where I was required to efficiently shoot and safely carry a firearm.

4.      After serving in the Air Force, I moved to New Jersey in 1985. There, I would marry and raised a family of five children, and I worked for the Federal Aviation Administration for many years. During this period, I obtained a New Jersey Firearms Purchaser Identification card ("FPID") and purchased several firearms. I practiced and became proficient with them.

5.      In 2017, I retired from the FAA and became a pastor at Faith Bible Baptist Church in Egg Harbor Township, New Jersey. After I became a pastor, a concern developed that someone could commit an act of violence at our church, and we would have no means to defend ourselves. Since I had experience with firearms, I began regularly carrying a concealed handgun

during church services and activities. I would transport my handgun unloaded and in a gun case between my home to the church, and I would only carry the gun while I was at the church.

6.      In June of 2022, after the Supreme Court decided *Bruen*, I applied for a permit to carry a handgun from the City of Linwood, New Jersey Police Department pursuant to N.J.S.A. § 2C:58-4. I provided (among other things) documentation that I had completed the training and qualification requirements that laws and regulations required.

7.      The training that I completed consisted of training in the use and handling of firearms, training in New Jersey use of force laws and passage of a qualification test on the range. I understand that the New Jersey State Police set these training and qualification requirements, and that the qualification test is the same one that applies to many police officers.

8.      The Linwood Police Department approved my application in July, 2022. After this, the Atlantic County Superior Court issued a permit to carry to me on October 6, 2022. A redacted copy of this permit to carry is attached hereto as Exhibit 1.

9.      Once I received my permit to carry, I began carrying a handgun on a regular basis. I carried a handgun while driving or riding in a car and while shopping or doing business at a number of private businesses, such as the Town and Country Café, Walmart, and Sam's Club in Egg Harbor Township, various ATM's and gas stations in the hours of darkness, and in high crime areas, known for violence and drug trafficking. I also carried a handgun while visiting patients at the hospital late at night in Atlantic City. This would include parking garages known for robbery and car-jacking. As a pastor, I would be with other individuals from church who are either targeted for their religious belief or harassed for their stance on their Christian faith while in public places, performing community outreach. Many of these people are unable to defend themselves due to health reasons or a physical handicap.

10.     I have always understood that there were some places I could not carry a gun. Up until now, I understood I could not carry a gun at education facilities, some government agencies, and state parks . I also voluntarily did not carry a gun when in a high concentration of children. This would include parties with my grandchildren in private homes. When I needed to go to one of these places where carrying a handgun was either unauthorized or voluntarily not feasible, I would keep the handgun locked in a safe.

11.     I have reviewed section 7 of bill A4769/S3214 before the New Jersey legislature, which I understand has now become law. I understand that this law makes it a very serious crime to carry a handgun in a "sensitive place," which is defined to include all private property without express prior consent, as well as health care facilities, theaters, museums, arenas, restaurants that serve alcohol, parks declared to be "gun free zones" and many government properties. I understand that this law also makes it a very serious crime to transport a handgun in a vehicle unless the handgun is unloaded and enclosed in a case or locked in the trunk.

12.     Now that this law is in force, and barring intervention by the courts, I have stopped carrying a gun during the normal course of my life. Rather, I intend to go back to my old practice of transporting an unloaded and cased gun between my home and the church, and then carrying the gun only while I am there. The "sensitive places" are so extensive, and the penalties are so great for violating them, that it seems like too much of a risk to take. Indeed, I did not carry a gun before I had a permit to carry because the penalties for doing so were too great. While I understand that there are some places between my home and the church where I could potentially carry the gun, like the sidewalk, the remainder of places are so extensive that I cannot afford to take the risk of being caught in a prohibited sensitive place.

13.    For example, the vast majority of places where I normally transact business have never expressed an opinion about whether they want firearms on premises. Since I lack express consent, I would not be able to carry there. In addition, I am regularly in medical facilities, and in many cases this would be late at night and located in high crime areas. Not to mention restaurants that serve alcohol and other places that are "sensitive places," even though I do not drink alcohol. With that in mind, most restaurants maintain a bar, to include those restaurants that I frequent for breakfast meetings quite often.  The level of inconvenience, combined with the overwhelming restrictions of the law either place myself and the people I minster to, in harm's way or in a legally punishable situation, with little margin of buffer between the two.

14.    I would resume carrying a handgun much more frequently if I did not face the sensitive place and vehicle carry restrictions challenged in this lawsuit. If I could, for example, buy gas or groceries, or see my doctor, or administer to someone at the hospital, or walk into a local coffee shop, or use my car between these activities without having to disarm myself, then I would be much more like carry a handgun again on a regular basis.

I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America.

Dated: December 22, 2022

Ronald Koons

-4-