

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0080

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

December 26, 2022

Judge Renée Marie Bumb, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

  Re:  *Siegel v. Platkin*, 22-cv-7463-KMW-AMD
     *Koons v. Reynolds*, 22-cv-7464-RMB-EAP

Dear Judge Bumb,

  This office represents defendants Attorney General Matthew J. Platkin and Superintendent of New Jersey State Police Colonel Patrick J. Callahan ("State Defendants") in the above matters.

  On December 23, 2022, State Defendants filed an expedited motion to consolidate the above-listed matters pursuant to Fed. R. Civ. P. 42, as the claims in *Siegel*, 22-cv-7463, completely encompass the claims in *Koons*, 22-cv-7464, and both sets of Plaintiffs seek emergency relief. Pursuant to L. Civ. R. 42.1, the motion was filed in the case bearing the earlier docket number, 22-cv-7463. Also pursuant to L. Civ. R. 42.1, State Defendants submitted to the Clerk a cover letter to be filed in the later docket number, 22-cv-7464. Since that letter has not yet been docketed in 22-cv-7464, State Defendants enclose a copy of it and the motion papers here. *See* Ex. A.



State Defendants will follow this Court's scheduling order issued today (*Koons*, No. 22-cv-7464, Dkt. 13) and file a response to the *Koons* Plaintiffs' TRO motion on December 30, 2022. State Defendants request that this Court await decision on the motion for consolidation before adjudicating the *Koons* TRO, to avoid duplication of hearings[1] and risk of inconsistent judgments.

Respectfully yours,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/  Angela Cai
Angela Cai
Deputy Solicitor General

---

[1] A hearing on the *Siegel* Plaintiffs' TRO is scheduled for January 9, 2023.  (*See Siegel*, No. 22-2463, Dkt. 6 (D.N.J. Dec. 23, 2022)).

# Exhibit A

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, New Jersey 08625
*Attorney for Defendants*

By:   Angela Cai (NJ Bar 121692014)
     *Deputy Solicitor General*
     609-414-5954
     angela.cai@njoag.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| AARON SIEGEL, JASON COOK, JOSEPH DELUCA, NICOLE CUOZZO, TIMOTHY VARGA, CHRISTOPHER STAMOS, KIM HENRY, AND ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, <br><br> Defendants. | Hon. Karen M. Williams, U.S.D.J. <br> Hon. Ann Marie Donio, U.S.M.J. <br><br> Docket No. 22-CV-7463 <br><br> **NOTICE OF EXPEDITED MOTION FOR CONSOLIDATION** |

RONALD KOONS; NICHOLAS
GAUDIO; JEFFREY M. MULLER;
SECOND AMENDMENT FOUNDATION;
FIREARMS POLICY COALITION, INC.;
COALITION OF NEW JERSEY
FIREARM OWNERS; and NEW JERSEY
SECOND AMENDMENT SOCIETY,

*Plaintiffs,*

v.

WILLIAM REYNOLDS in his official
capacity as the Prosecutor of Atlantic
County, New Jersey; GRACE C.
MACAULAY in her official capacity as the
Prosecutor of Camden County, New Jersey;
ANNEMARIE TAGGART in her official
capacity as the Prosecutor of Sussex
County, New Jersey; MATTHEW J.
PLATKIN, in his official capacity as
Attorney General of the State of New
Jersey; and PATRICK CALLAHAN, in his
official capacity as Superintendent of the
New Jersey State Police,

*Defendants.*

Hon. Rene Marie Bumb, U.S.D.J.
Hon. Elizabeth A. Pascal, U.S.M.J.

Docket No. 22-CV-7464

TO:     United States District Court
        District of New Jersey – Camden Vicinage
        Mitchell H. Cohen Building & U.S. Courthouse
        Camden, NJ 08101

        Daniel L. Schmutter, Esq.
        HARTMAN & WINNICKI, P.C.
        74 Passaic St.

2

Ridgewood, NJ 07450

David Jensen
DAVID JENSEN PLLC
33 Henry Street
Beacon, New York 12508

William Reynolds
Office of the Atlantic County Prosecutor
4997 Unami Blvd,
Mays Landing, NJ 08330

Grace C. Macaulay
Office of the Camden County Prosecutor
200 Federal St,
Camden, NJ 08103

Annemarie Taggart
Office of the Sussex County Prosecutor
19 High St #21,
Newton, NJ 07860

**PLEASE TAKE NOTICE** that the undersigned, Defendants Matthew J. Platkin, Attorney General of New Jersey and Patrick Callahan, Superintendent of the New Jersey State Police, Angela Cai, Deputy Solicitor General, appearing, move before this Court for an expedited order consolidating *Koons v. Reynolds*, No. 22-cv-7464, with *Siegel v. Platkin*, No. 22-cv-7463, pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 42.1.

**PLEASE TAKE FURTHER NOTICE** that the undersigned shall rely upon the attached Brief in support of the Motion. A proposed Order is enclosed.

3

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Civil Rule 42.1, a copy of a cover letter accompanying this Motion shall be electronically filed on the court's docket in No. 22-cv-7464.

**PLEASE TAKE FURTHER NOTICE** that oral argument is not requested.

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Angela Cai
Angela Cai (NJ Bar 121692014)
Deputy Solicitor General

Dated: December 23, 2022

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

AARON SIEGEL, JASON COOK, JOSEPH DELUCA, NICOLE CUOZZO, TIMOTHY VARGA, CHRISTOPHER STAMOS, KIM HENRY, AND ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC.,

    *Plaintiffs*,

    v.

MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police,

    *Defendants.*

Hon. Karen M. Williams, U.S.D.J.
Hon. Ann Marie Donio, U.S.M.J.

Docket No. 22-CV-7463

---

RONALD KOONS; NICHOLAS GAUDIO; JEFFREY M. MULLER; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; COALITION OF NEW JERSEY FIREARM OWNERS; and NEW JERSEY SECOND AMENDMENT SOCIETY,

    *Plaintiffs*,

    v.

WILLIAM REYNOLDS in his official capacity as the Prosecutor of Atlantic

Hon. Rene Marie Bumb, U.S.D.J.
Hon. Elizabeth A. Pascal, U.S.M.J.

Docket No. 22-CV-7464

County, New Jersey; GRACE C.
MACAULAY in her official capacity as the
Prosecutor of Camden County, New Jersey;
ANNEMARIE TAGGART in her official
capacity as the Prosecutor of Sussex
County, New Jersey; MATTHEW J.
PLATKIN, in his official capacity as
Attorney General of the State of New
Jersey; and PATRICK CALLAHAN, in his
official capacity as Superintendent of the
New Jersey State Police,

    *Defendants.*

---

## BRIEF IN SUPPORT OF STATE DEFENDANTS' EXPEDITED MOTION FOR CONSOLIDATION

---

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 080
Trenton, New Jersey 08625

Angela Cai (NJ Bar 121692014)
  *Deputy Solicitor General*
Samuel L. Rubinstein
  *Deputy Attorney General*
Of Counsel And On The Brief

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................. i

TABLE OF AUTHORITIES ...................................................................... ii

PRELIMINARY STATEMENT ...................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...............................2

ARGUMENT ..........................................................................................6

   THESE CASES SHOULD BE CONSOLIDATED TO AVOID DUPLICATION
OF RESOURCES AND RISK OF INCONSISTENT JUDGMENTS. ................6

CONCLUSION .......................................................................................9

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.S. v. SmithKline Beecham Corp.*,
    769 F.3d 204 (3d Cir. 2014) .................................................................5, 6

*Barcelo v. Brown*,
    78 F.R.D. 531 (D.P.R. 1978) ..............................................................6, 7

*In re Consolidated Parlodel Sec. Litig.*,
    182 F.R.D. 441 (D.N.J. 1998)..............................................................6, 7

*District of Columbia v. Heller*,
    554 U.S. 570 (2008).................................................................................2

*Jacobs v. Castillo*,
    612 F. Supp. 2d 369 (S.D.N.Y. 2009) ....................................................6

*Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*,
    149 F.R.D. 65 (D.N.J. 1993)...............................................................5, 7

*New York State Rifle & Pistol Association v. Bruen*,
    142 S. Ct. 2111 (2022).........................................................................1, 2

*United States v. Knauer*,
    149 F.2d 519 (7th Cir. 1945), *aff'd*, 328 U.S. 654 (1946) ......................5

*Vaccaro v. Moore-McCormack Lines, Inc.*,
    64 F.R.D. 395 (S.D.N.Y. 1974) ..............................................................6

**Statutes**

N.J.S.A. 2C:58-3 ........................................................................................2

N.J.S.A. 2C:58-4 ........................................................................................2

P.L. 2022 c.131, A4769/S3214...............................................................2, 3, 7

**Rules**

Federal Rule of Civil Procedure 42(a)..................... ..........................................1, 5, 9

D.N.J. Local Civ. R. 42.1.................................. ..........................................1, 5, 9

## PRELIMINARY STATEMENT

Defendants Matthew J. Platkin, Attorney General of New Jersey and Patrick Callahan, Superintendent of the New Jersey State Police ("State Defendants") seek an expedited order under Federal Rule of Civil Procedure 42(a) consolidating the above captioned actions. *See also* L. Civ. R. 42.1 (requiring such a motion to be filed "in the case bearing the earliest docket number"). Both actions, filed within hours of one another, challenge the enactment of P.L. 2022 c.131, A4769/S3214, signed into law by Governor Phil Murphy on December 22, 2022. This legislation makes necessary reforms to New Jersey's concealed carry permitting regime to conform to *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), and to ensure the safety of New Jerseyans as the availability of concealed carry permits expands across the state.

Immediate consolidation of these actions, filed in the same court and vicinage on the same day, both seeking emergency injunctive relief, is appropriate. The first-filed case, *Siegel v. Platkin*, No. 22-cv-7463, fully encompasses those claims made in the other, *Koons v. Reynolds*, No. 22-cv-7464. As such, both cases involve common questions of law and fact. Further, the Plaintiffs in each action consist of both firearms owners and advocacy groups, and are thus similarly situated. The Defendants in *Siegel*, the Attorney General and Superintendent of State Police, are also named in *Koons*, along with various county prosecutors, who fall under the

1

supervision of the Attorney General. Consolidation of these matters would economize the court's and the parties' resources and avoid the possibility of inconsistent judgments. There is no risk of prejudicing any party or claim.

Because both sets of Plaintiffs have indicated intent to seek emergency relief as early as today, and because responding to those applications separately would implicate the very concerns raised in this motion—duplication of resources, loss of judicial economy, and risk of inconsistent judgments, State Defendants respectfully request expedited consideration of this motion to consolidate.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 22, 2022, Governor Phil Murphy signed into law legislation addressing the concealed carry of firearms in New Jersey. Chapter 131 updates the concealed carry permitting requirements and disqualifiers in N.J.S.A. 2C:58-3 and -4, deletes the "justifiable need" standard invalidated in *Bruen*, and implements other safeguards to ensure that only "law abiding" citizens—the only group for whom Second Amendment protections extend—receive permits. *See* Chapter 131 §§ 2-3; *Bruen*, 142 S. Ct. at 2122; *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). That includes background checks, electronic fingerprinting, character references, and training courses—conditions like those endorsed in *Bruen* itself. *See Bruen*, 142 S. Ct. at 2138 n.9.

2

Additionally, the legislation enumerates a list of "sensitive places," as contemplated by both *Heller* and *Bruen*, where prohibitions on the carrying of firearms are deemed "settled" and historically supported. *Bruen* 142 S. Ct. at 2133; *see also Heller*, 554 U.S. at 626. The legislation also provides for how a concealed handgun is to be safely carried in public. *See* Chapter 131 §§ 3, 5. And it expands exemptions from certain requirements for current or retired law enforcement officers, prosecutors, or court personnel. *See id.* § 8.

Both the *Siegel* and *Koons* Plaintiffs filed suit within hours of the bill's enactment. *See Siegel*, No. 22-cv-7463; *Koons*, No. 22-cv-7464. The *Siegel* Plaintiffs challenge a broad swath of the new provisions, including the new permitting requirements and most of the sensitive places, as well as long-standing regulations that far pre-date enactment of the new legislation. This includes Sections 7(a)(6) (carrying within 100 feet of a permitted public gathering), Sections 7(a)(7)-(9) (schools, colleges, other educational facilities, child care facilities, nursery schools, as well as zoos), Section 7(a)(10) (parks, beaches, playgrounds), Section 7(a)(11) (youth sporting events), Section 7(a)(12) (libraries and museums), Section 7(a)(15) (places that serve alcohol), Section 7(a)(17) (entertainment venues including stadiums, racetracks, and arenas), Section 7(a)(18) (casinos), Section 7(a)(20) (airport or public transit hub), Sections 7(a)(21)-(22) (healthcare facilities, including those providing mental health or addiction treatment), Section 7(a)(23) (a

3

public location being used for movie or television filming), Section 7(a)(24) (private property, unless expressly permitted by the property owner). *See Seigel* Compl., Dkt. 1, at 47-50. They further challenge Section 7(b) of the new legislation, regarding safe storage of firearms in vehicles, and Section 4, requiring permit holders to obtain liability insurance to cover loss for bodily injury, death, or property damage related to ownership or use of their firearm. *Id.* at 51. They challenge the new permitting requirements and exemptions. *Id.* at 51-52.

The *Koons* Plaintiffs challenge a narrower subset of Chapter 131's provisions, all of which are also challenged by the *Siegel* Plaintiffs. Specifically, they challenge Sections 7(a)(12) (libraries and museums), (15) (places where alcohol is served), (17) (entertainment venues) and (24) (private property default rule), as well as the vehicle safe storage requirements of Section 7(b)(1). *See Koons* Compl. at 13. While the Koons Plaintiffs challenge these provisions only under the Second and Fourteenth Amendments, the *Siegel* Plaintiffs also challenge some of these provisions under the First Amendment, Due Process Clause, and the Equal Protection Clause. *See Siegel* Compl., Dkt. 1, at 48-58; *Koons* Compl. at 22. Both seek declaratory and injunctive relief. *Id.* In short, the *Siegel* Complaint fully encapsulates those claims made in the *Koons* Complaint.

Both suits are in preliminary stages and at an identical procedural posture. This morning, the *Siegel* Plaintiffs indicated to this Court an intent to file a motion

4

for a temporary restraining order and preliminary injunction, and this Court has set a scheduling order. *See Siegel*, Dkt. 4, 6 (Dec. 23, 2022). This afternoon, the *Koons* Plaintiffs similarly indicated intent to file a motion for a temporary restraining order and preliminary injunction and proposed a similar schedule to what this Court has already ordered in *Siegel*.[1]  *See Koons*, Dkt. 8 (Dec. 23, 2022).

The parties in each action are similarly situated. The *Siegel* Plaintiffs include individuals who wish to carry their firearms in places where concealed carry is prohibited, and a Second Amendment advocacy group, Association of New Jersey Rifle & Pistol Clubs, Inc. Likewise, the *Koons* plaintiffs are individuals who wish to carry in the prohibited places, and several Second Amendment interest groups, including the Firearms Policy Coalition, the Coalition of New Jersey Firearm Owners, and the New Jersey Second Amendment Society. Likewise, Defendants Matthew J. Platkin, Attorney General of New Jersey, and Patrick Callahan, Superintendent of New Jersey State Police, are named in each suit in their official capacities. The Koons complaint further lists various county prosecutors, who are subject to the supervision of the Attorney General.

---

[1] While State Defendants do not believe they have been served in *Koons* (and State offices were closed today for inclement weather), counsel received by e-mail a copy of the letter from the *Koons* Plaintiffs at 4:41 PM.

# **ARGUMENT**

## **THESE CASES SHOULD BE CONSOLIDATED TO AVOID DUPLICATION OF RESOURCES AND RISK OF INCONSISTENT JUDGMENTS.**

These cases should be consolidated under Federal Rule of Civil Procedure 42(a), which permits consolidation of actions that "involve a common question or law or fact." *See also* D.N.J. L. Civ. R. 42.1 (requiring such a motion to be filed "in the case bearing the earliest docket number"). Rule 42(a) gives courts "broad power to consolidate cases that share common question[s] of law or fact." *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (alteration in original) (internal quotation marks omitted). "Consolidation is appropriate to avoid unnecessary costs and/or delay, and to promote judicial economy." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80-81 (D.N.J. 1993) (internal citations omitted). Rule 42(a) "was designed and intended to encourage such consolidation where possible." *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *aff'd,* 328 U.S. 654 (1946).

Consolidation is also appropriate to mitigate "the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *In re Consolidated Parlodel Sec. Litig.*, 182 F.R.D. 441,

444 (D.N.J. 1998). The rule "seeks to avoid overlapping duplication in motion practice, pretrial and trial procedures occasioned by competing counsel representing different Plaintiffs." *Barcelo v. Brown*, 78 F.R.D. 531, 536 (D.P.R. 1978). Consolidation is appropriate "even where certain defendants are named in only one of the complaints." *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009). Further, "[c]onsent of the parties is not required; rather it is the court's decision" whether consolidation serves the balance of interests. *Vaccaro v. Moore-McCormack Lines, Inc.*, 64 F.R.D. 395, 397 (S.D.N.Y. 1974).

Here, consolidation is appropriate because both cases arise out of the same facts and law. *See SmithKline Beecham*, 769 F.3d at 212. The first-filed case (*Siegel*) fully encompasses the claims raised in the second-filed complaint (*Koons*). While the Siegel Plaintiffs challenge numerous *other* provisions of Chapter 131, their Second Amendment claims as to Section 7(a)(12) (libraries and museums), (15) (places that serve alcohol and where alcohol is consumed on premises), (17) (entertainment facilities), (24) (private property default rule) and Section 7(b)(1) (vehicle regulations) are identical to the claims against these provisions advanced by the *Koons* Plaintiffs. The *Koons* Plaintiffs advance no other claims that the *Siegel* Plaintiffs do not allege.

Moreover, Plaintiffs in both cases are gun owners and firearm advocacy groups who have similar interest in challenging the law's restrictions. The cases are

likely to involve the same legal arguments and historical evidence under *Bruen's* history-based inquiry. Importantly, both sets of plaintiffs seek an TRO and PI against enforcement of the new law, and wish to proceed on a similar schedule. Consolidation will "avoid overlapping duplication in motion practice, pretrial and trial procedures," *Barcelo*, 78 F.R.D. at 536, especially since the cases are both at identical, nascent procedural stages. After all, because the *Siegel* claims encompass the *Koons* ones, many of the legal arguments would be virtually identical. Thus, the "the burden on the parties [and] witnesses," *In re Consolidated Parlodel Sec. Litig.*, 182 F.R.D. at 444, and on judicial resources, *Liberty Lincoln Mercury*, 149 F.R.D. at 80-81, will be reduced if the cases proceed together.

Conversely, adjudicating the two matters separately would waste both parties' and the court's resources in briefing and evaluating nearly identical claims. Further, consolidation would avoid the risk that two courts could render inconsistent judgments on identical challenges to identical provisions, a result that would cause confusion amongst the parties and the public, and reduce confidence in the judicial system. In short, consolidation is likely to be convenient and efficient for all parties and the court without prejudicing any party or claim.

## **CONCLUSION**

The expedited motion for consolidation should be granted, and *Koons v. Reynolds*, No. 22-cv-07464, should be consolidated into *Siegel v. Platkin*, No. 22-cv-7463 pursuant to Fed. R. Civ. P. 42(a) and Local Rule 42.1.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 080
Trenton, New Jersey 08625

By: /s/ Angela Cai
Deputy Solicitor General
609-414-5954
angela.cai@njoag.gov

Dated: December 23, 2022

9

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, New Jersey 08625
*Attorney for Defendants*

By:    Angela Cai (NJ Bar 121692014)
       *Deputy Solicitor General*
       609-414-5954
       angela.cai@njoag.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| AARON SIEGEL, JASON COOK, JOSEPH DELUCA, NICOLE CUOZZO, TIMOTHY VARGA, CHRISTOPHER STAMOS, KIM HENRY, AND ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, <br><br> Defendants. | Hon. Karen M. Williams, U.S.D.J. <br> Hon. Ann Marie Donio, U.S.M.J. <br><br> Docket No. 22-CV-7463 <br><br> **[PROPOSED] ORDER** |

| | |
|---|---|
| RONALD KOONS; NICHOLAS GAUDIO; JEFFREY M. MULLER; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; COALITION OF NEW JERSEY FIREARM OWNERS; and NEW JERSEY SECOND AMENDMENT SOCIETY, <br><br> *Plaintiffs,* <br><br> v. <br><br> WILLIAM REYNOLDS in his official capacity as the Prosecutor of Atlantic County, New Jersey; GRACE C. MACAULAY in her official capacity as the Prosecutor of Camden County, New Jersey; ANNEMARIE TAGGART in her official capacity as the Prosecutor of Sussex County, New Jersey; MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, <br><br> *Defendants.* | Hon. Rene Marie Bumb, U.S.D.J. <br> Hon. Elizabeth A. Pascal, U.S.M.J. <br><br> Docket No. 22-CV-7464 |

This matter having come before the Court on a Motion for Consolidation of the above-captioned matters by Defendants Matthew J. Platkin, Attorney General of New Jersey and Patrick Callahan, Superintendent of the New Jersey State Police, Angela Cai, Deputy Solicitor General, appearing; and the Court having considered

2

the papers submitted herein, this matter being decided under Fed. R. Civ. Pro. 42 and Local Civil Rule 42.1, and for good cause shown;

It is on this _____ day of _____, 2022

**ORDERED** that the Motion for Consolidation is **GRANTED**; and it is further

**ORDERED** that the matter *Koons v. Reynolds*, No. 22-cv-7464, is hereby consolidated with the matter *Siegel v. Platkin*, No. 22-cv-7463, with the action bearing the earlier docket number, No. 22-cv-7463, serving as the lead case.

_____

KAREN M. WILLIAMS, U.S.D.J.

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, New Jersey 08625
*Attorney for Defendants*

By: Angela Cai (NJ Bar 121692014)
    *Deputy Solicitor General*
    609-414-5954
    angela.cai@njoag.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| AARON SIEGEL, JASON COOK, JOSEPH DELUCA, NICOLE CUOZZO, TIMOTHY VARGA, CHRISTOPHER STAMOS, KIM HENRY, AND ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., | Hon. Karen M. Williams, U.S.D.J. Hon. Ann Marie Donio, U.S.M.J. |
| Plaintiffs, | Docket No. 22-CV-7463 |
| v. | **CERTIFICATE OF SERVICE** |
| MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, | |
| Defendants. | |

| | |
|---|---|
| RONALD KOONS; NICHOLAS GAUDIO; JEFFREY M. MULLER; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; COALITION OF NEW JERSEY FIREARM OWNERS; and NEW JERSEY SECOND AMENDMENT SOCIETY, | Hon. Rene Marie Bumb, U.S.D.J. Hon. Elizabeth A. Pascal, U.S.M.J. Docket No. 22-CV-7464 |

*Plaintiffs,*

v.

WILLIAM REYNOLDS in his official capacity as the Prosecutor of Atlantic County, New Jersey; GRACE C. MACAULAY in her official capacity as the Prosecutor of Camden County, New Jersey; ANNEMARIE TAGGART in her official capacity as the Prosecutor of Sussex County, New Jersey; MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,

*Defendants.*

I hereby certify that on December 23, 2022, I electronically filed a Notice of Motion, a Brief in Support of State Defendants' Expedited Motion for Consolidation Pursuant to Fed. R. Civ. P. 42(a), a Proposed Form of Order, and this Certificate of Service with the Clerk of the United States District Court for the District of New

2

Jersey in Docket No. 22-CV-7463 pursuant to D.N.J. Local Rule 42.1. I further certify that counsel of record will receive a copy of these documents via CM/ECF.

I further certify that I have e-mailed a copy of these documents to Plaintiffs' counsel of record in Docket No. 22-CV-7464. Although there is no indication that any Defendant in Docket No. 22-CV-7464 has been served by Plaintiffs, I further certify that I will e-mail a copy of these documents to Defendants Reynolds, McCaulay, and Taggart.

I declare under penalty of perjury that the foregoing is true and correct

/s/ Angela Cai
Angela Cai
Deputy Solicitor General

Dated: December 23, 2022

3



*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0080

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

December 23, 2022

William T. Walsh
Clerk of Court
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

    Re:   *Siegel v. Platkin*, 22-cv-7463-KMW-AMD
          *Koons v. Reynolds*, 22-cv-7464-RMB-EAP

Dear Mr. Walsh,

       This office represents defendants Attorney General Matthew J. Platkin and Superintendent of New Jersey State Police Colonel Patrick J. Callahan ("State Defendants") in the above matters. Pursuant to L. Civ. R. 42.1, an expedited motion to consolidate the above-listed matters was filed in the case bearing the earlier docket number, 22-cv-7463. Also pursuant to L. Civ. R. 42.1, State Defendants submit this cover letter to be filed in the later docket number, 22-cv-7464.

       Respectfully yours,

       MATTHEW J. PLATKIN
       ATTORNEY GENERAL OF NEW JERSEY

       By:  /s/ Angela Cai
            Angela Cai
            Deputy Solicitor General

