**DAVID JENSEN PLLC**
BEACON ◊ MANHATTAN

33 HENRY STREET
BEACON, NEW YORK 12508

111 JOHN STREET, SUITE 420
NEW YORK, NEW YORK 10038

23 December 2022

Hon. Renée Marie Bumb
United States District Court
4th & Cooper Streets
Camden, New Jersey 08101
*Submitted by CM/ECF*

Hon. Karen M. Williams
United States District Court
4th & Cooper Streets
Camden, New Jersey 08101
*Submitted by CM/ECF*

Re:  *Koons, et al. v. Reynolds, et al.* (No. 1:22-cv-07464-RMB-EAP)
     *Siegel, et al. v. Platkin, et al.* (No. 1:22-cv-07463-KMW-AMD)

Dear Judge Bumb and Judge Williams:

I represent the Plaintiffs in *Koons v. Reynolds* (No. 1:22-cv-07464-RMP-EAP). I write in response to letters submitted by Attorney General Platkin and State Police Commissioner Callahan, which propose consolidating *Siegel v. Platkin* (identified above) with *Koons*.

Consolidation is manifestly unwarranted because the two actions have relatively little in common, and consolidation would be unlikely to result in any benefit. True, both actions concern newly enacted legislation that pertains to firearms, *see* 2022 N.J. Laws c. 131, but this commonality is superficial. Chapter 131 enacts multiple changes to various aspects of New Jersey's gun laws, and the Complaint in *Koons* challenges only one section of the act—and even then, to only a limited extent. The Complaint in *Siegel*, in contrast, challenges multiple different and disparate sections of Chapter 131, as well as various state and local laws that were in place prior to Chapter 131's enactment. Put simply, the Complaint in *Koons* raises a single issue— where a licensed individual can carry a handgun—while the Complaint in *Siegel* raises a multitude of issues that goes well beyond this and are independent of it.

Background. In New Jersey, it is a crime of the second degree to carry a handgun unless one has a permit to carry a handgun ("Permit"). *See* N.J.S.A. § 2C:39-5(b). Certain people, like law enforcement officers and prosecutors, are exempt from this requirement. *See id.* § 2C:39-6. Until December 23, 2022, a person could not obtain a Permit unless they demonstrated "justifiable need," which the statute defined as "urgent necessity for self-protection, as evidenced by specific threats or previous attacks which demonstrate a special danger to the applicant's life that cannot be avoided by means other than by issuance of a permit to carry a handgun." *Id.* § 2C:58-4(c) (2022). Last summer, the Supreme Court overturned New York's requirement that individuals show "proper cause" in order to obtain a license to carry a handgun, and in doing so, it specifically identified New Jersey's "justifiable need" standard as one it called into doubt. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. ___, 142 S. Ct. 2111, 2124 & n.2 (2022).

**DAVID JENSEN PLLC**
ATTORNEY AND COUNSELOR AT LAW
NEW YORK PROFESSIONAL LIMITED LIABILITY COMPANY
ADMITTED TO PRACTICE IN NEW JERSEY AND NEW YORK

+ 1.212.380.6615 TEL
+ 1.917.591.1318 FAX
david@djensenpllc.com

# DAVID JENSEN PLLC

<u>Enactment of Chapter 131.</u> Chapter 131 enacts sweeping changes to New Jersey's firearms laws. Pertinently:

- Section 2 changes the requirements for obtaining a Firearms Purchaser Identification Card ("FPID") pursuant to N.J.S.A. § 2C:58-3, which is the firearms license that allows an individual to purchase rifles and shotguns;

- Section 3 changes the requirements for obtaining a Permit by, among other things, requiring a person to complete new training and qualification requirements, as well as creating additional grounds for the denial of licensure;

- Section 4 requires that anyone seeking a Permit must obtain insurance;

- Section 5 prohibits an individual with a Permit from carrying a gun while under the influence of alcohol and drugs, and it requires the individual to "immediately disclose" the presence of a gun during any law enforcement stop or detention;

- Section 6 makes it a fourth degree crime for someone to carry a handgun without having their Permit "on their person," as well as to carry the gun "openly."

- Section 7 makes it a crime of the third degree to carry a handgun in any of 25 enumerated categories of "sensitive places," and also makes it a crime of the fourth degree to carry a handgun in a vehicle, unless the gun is unloaded and enclosed in a case or a trunk; and

- Section 8 amends N.J.S.A. § 2C:39-6 to allow additional categories of people—notably, judges and certain people in the Attorney General's office—to carry handguns without obtaining Permits.

<u>*Koons* Presents a Narrow Challenge to the "Sensitive Place" and Vehicle Carry Restrictions in Section 7.</u> The Complaint in *Koons* presents a single cause of action that challenges four of the 25 enumerated "sensitive places" in section 7(a), as well as the prohibition in section 7(b) on carrying a handgun in a vehicle. The four challenged "sensitive places" are public libraries and museums; bars and restaurants that serve alcohol; entertainment facilities; and private property. *See* Complaint ¶¶ 39-40. As the *Koons* Complaint recites (¶ 39), these restrictions are "plainly unconstitutional, while also causing some of the greatest infringements of the right to bear arms."

<u>*Siegel* Challenges Four Other Sections of the Act (2, 4, 5 and 8), a Much Broader Swath of "Sensitive Places" and Other Preexisting State and Local Laws and Regulations.</u> The Complaint in *Siegel* is much broader, as it asserts <u>eight</u> causes of action against <u>five</u> different sections of the act. Those eight causes of action ground their claims in the First Amendment, the Second Amendment, the Due Process Clause and the Equal Protection Clause—rather than a single cause of action grounded in the Second Amendment. Moreover, much of the *Siegel* Complaint pertains to a number of disparate provisions of Chapter 131 that are unrelated to the restrictions on handgun carry that *Koons* concerns. For example, the *Siegel* Complaint challenges new requirements to obtain a Firearms Purchaser Identification (which allows an individual to

# DAVID JENSEN PLLC

purchase rifles and shotguns), new requirements to obtain liability insurance, new restrictions on the "unjustified display of a handgun" and the new statutory exemptions from the requirement that one obtain a Permit.

Even in the context of "restrictions on where people can carry handguns," the *Siegel* Complaint is still much broader than *Koons*. First, the *Siegel* Complaint challenges <u>fifteen</u> of the "sensitive place" categories—not four. *See Siegel* Complaint ¶¶ 258, 261, 263-72, 277. Moreover, *Siegel* also challenges a number of state and local laws and regulations that go well beyond Chapter 131. For example, *Siegel* challenges various fish and game regulations that restrict the possession of firearms and ammunition while hunting, or within a game refuge, or while "in the woods, fields, marshlands, or on the water." *See id.* ¶¶ 53-54, 278 (citing N.J.A.C. § 7:25-5.23(a), (c), (f) & (f), (i), (m)). The *Siegel* Plaintiffs also challenge a regulation that generally prohibits guns from state parks, except while hunting. *See id.* ¶ 51, 278 (citing N.J.A.C. § 7:2-2.17(b)). Beyond this, *Siegel* challenges a regulation that generally prohibits guns from casino rooms. *See id.* ¶ 52, 269 (citing N.J.A.C. § 13:69D-1.13). Finally, *Siegel* also challenges a Union County ordinance that prohibits guns from "recreational facilities and parks." *See id.* ¶¶ 144-45.

<u>Conclusion.</u> The Plaintiffs in *Koons* have intentionally fashioned their Complaint to challenge only a few narrowly defined aspects of section 7 that: (1) are plainly unconstitutional under *Bruen*; (2) substantially interfere with the ability of law abiding citizens to protect themselves; and (3) do not require any significant development of the record (beyond the historical showing that is incumbent on Defendants). The Plaintiffs in *Siegel* have made the opposite election, instead challenging: (1) broad swaths of Chapter 131 that are unrelated to the "restrictions on where people can carry handguns" issue; (2) many additional "sensitive place" restrictions that go far beyond *Koons*; and (3) preexisting state and local laws and regulations.

To be sure, the Plaintiffs in *Siegel* are free to frame their case as they see fit. But that said, the inclusion of a multitude of additional issues means that there is no benefit to be gained from consolidation. The Court should be able to decide the carry restrictions that the *Koons* Plaintiffs have challenged quickly, while it will in all likelihood take much longer for the Court to resolve all of the myriad claims that *Siegel* presents. As such, the most efficient course of action is to deny consolidation and leave both cases on their current tracks.

                              Respectfully submitted,

                              **DAVID JENSEN PLLC**

                              David D. Jensen