# McCLAIN'S

# ANNOTATED STATUTES

OF THE

## STATE OF IOWA,

SHOWING THE

## GENERAL STATUTES IN FORCE JULY 4, 1880,

EMBRACING

THE CODE OF 1873 AS AMENDED, AND ALL PERMANENT, GENERAL AND PUBLIC ACTS OF THE FIFTEENTH, SIXTEENTH, SEVENTEENTH AND EIGHTEENTH GENERAL ASSEMBLIES, WITH A BRIEF DIGEST UNDER EACH SECTION, OF THE DECISIONS RELATING THERETO.

By EMLIN McCLAIN, Esq.,

OF THE DES MOINES BAR.

VOLUME II.

STANFORD LIBRARY

CHICAGO:
CALLAGHAN & COMPANY.
1880.

Digitized by Google

SEC. 3898. If any person maliciously or mischievously enter the enclosure of another in the night time and knock off, pick, destroy, or carry away any apples, peaches, pears, plums, grapes, or other fruit or flower of any tree, shrub, bush, or vine; or, if any person having entered the enclosure of another in the night time, with the intent to knock off, pick, destroy, or carry away any fruit or flower as aforesaid be actually found therein, he shall on conviction thereof, be punished by a fine not less than twenty-five nor to exceed one hundred dollars and costs of conviction, or by imprisonment in the county jail not exceeding thirty days.  *Same in night time.* 12 G. A. ch. 74, § 2.

A party has no right to prevent a trespass of this kind by the use of means dangerous to life, or by inflicting great bodily injury, as by a spring gun: *Hooker v. Miller*, 37-613.

SEC. 3899. If any person maliciously or mischievously bruise, break, pull up, cut down, carry away, destroy, or in anywise injure any fruit or ornamental tree, shrub, or vine, growing or standing on the land of another, he shall be punished by a fine not less than ten nor exceeding one hundred dollars and costs of conviction, or by imprisonment in the county jail not exceeding thirty days.  *Destroying or injuring fruit trees.* *Same, § 4.*

SEC. 3900. Any person who knowingly discharges fire arms of any description within, or in the immediate vicinity of, any enclosure where cattle, hogs, or sheep are being fed for the purpose of fattening the same; or any person who enters such enclosure with fire arms, or dog, unless such person shall be the owner of said stock, or have the control of the same, or shall have permission from such owner or the person having control thereof to enter said premises, shall be guilty of a misdemeanor.  *Discharging firearms near where stock is being fed.* 14 G. A. ch. 14, § 1.

SEC. 3901. If any person mixes for sale naptha and illuminating oils, or shall keep or offer for sale or sell such mixture, or shall keep or offer for sale or sell oil made from petroleum for illuminating purposes, or any other product of petroleum inflammable at a less temperature or fire test than one hundred and ten degrees Fahrenheit, he shall be deemed guilty of a misdemeanor, and punished for the first offense by fine not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding thirty days; and for the second and every succeeding offense, by fine not less than one hundred and not more than one thousand dollars, or by imprisonment in the county jail not less than thirty days nor more than twelve months, or by both such fine and imprisonment.  *Mixing for sale illuminating oils at a less fire test than one hundred and ten degrees.* 14 G. A. ch. 47.

### INTERFERENCE WITH RAILWAYS.

[Sixteenth General Assembly, Chapter 148.]

SECTION 1. If any person shall throw any stone, or other substance of any nature whatever, or shall present or discharge any gun, pistol, or other fire arm at any railroad train, car, or locomotive engine he shall be deemed guilty of a misdemeanor and be punished accordingly.  *Discharging fire-arms, etc., at railroad train.*

SEC. 2. If any person not employed thereon, or not an officer of the law in the discharge of his duty, without the consent of the person having the same in charge, shall get upon, or off, any locomotive engine, or car of any railroad company while said engine  *Jumping off cars while in motion.*

Digitized by Google

or car is in motion, or elsewhere than at the established depots of such company, or who shall get upon, cling to, or otherwise attach himself to any such engine or car, for the purpose of riding upon the same, intending to jump therefrom, when such engine or car is in motion, he shall be guilty of a misdemeanor and be punished by fine not exceeding one hundred dollars, or by imprisonment not exceeding thirty days.

## CHAPTER 4.

### LARCENY AND RECEIVING STOLEN GOODS.

Larceny.
R. § 4237.
C. 51, § 2212.

SECTION 3902. If any person steal, take, and carry away of the property of another, any money, goods, or chattels; any writ, process, or public record; any bond, bank note, promissory note, bill of exchange, or other bill, order, or certificate; or any book of accounts respecting money, goods, or other things; or any deed or writing containing a conveyance of real estate; or any contract in force; or any receipt, release, or defeasance; or any instrument or writing whereby any demand, right, or obligation is created, increased, extinguished, or diminished, he is guilty of larceny, and shall be punished, when the value of the property stolen exceeds the sum of twenty dollars, by imprisonment in the penitentiary not more than five years; and when the value of the property stolen does not exceed the sum of twenty dollars, by fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding thirty days.

To constitute larceny, the property must have been feloniously taken from the owner without his consent, or obtained by false representations, etc. If given by the owner to the defendant by virtue of his employment as agent, servant, or otherwise, and afterwards converted, the offense is embezzlement: *Ennis v. The State*, 3 Gr. 67.

If the original possession of the property was innocent, a subsequent conversion will not constitute larceny: *The State v. Wood*, 46–116.

The ownership of property need not be shown to have been in the party from whom it was taken, if it was in his possession: *The State v. Stanley*, 48–221.

A taking from the person is not necessary to constitute larceny, (a special penalty therefor being provided in § 3905, and picking up money dropped by another, with unlawful intent, and converting the same to one's own use without the knowledge of the owner, is sufficient to constitute the offense: *The State v. Pratt*, 20–267.

If one sell or dispose of the property of another under the well founded, though erroneous, belief that he is authorized so to do, he is not guilty of larceny: *The State v. Barrackmore*, 47–684.

Where an auctioneer employed to sell impounded animals sold one of them as his own, and it was taken away by the purchaser, *held*, that there was sufficient taking to constitute larceny on the part of the person selling: *The State v. Hunt*, 45–673.

"Money" and "bank notes" are subjects of larceny: *The State v. Carr*, 43–418; and an indictment describing such money and notes as "gold and silver coin" and "Clark's Exchange Bank bills of the value of," etc., *held* sufficient: *Munson v. The State*, 4 Gr. 483; so, also, an indictment *held* sufficient which charged the taking of "a promissory note for the payment of money, commonly called a