UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD KOONS; NICHOLAS GAUDIO; EFFREY M. MULLER; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; COALITION OF NEW JERSEY FIREARM OWNERS; and NEW JERSEY SECOND AMENDMENT SOCIETY, <br><br>    Plaintiffs, <br><br> v. <br><br> WILLIAM REYNOLDS in his official capacity as the Prosecutor of Atlantic County, New Jersey; GRACE C. MACAULAY in her official capacity as the Prosecutor of Camden County, New Jersey; ANNEMARIE TAGGART in her official capacity as the Prosecutor of Sussex County, New Jersey; MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, <br><br>    Defendants. <br><br> and <br><br> NICHOLAS P. SCUTARI, President of the New Jersey Senate, and CRAIG J. COUGLIN, Speaker of the New Jersey General Assembly, <br><br>    Intervenors-Applicants | Civil Action No: 1:22-cv-7464 RMB/EAP (CONSOLIDATED) <br><br> Hon. Renee Marie Bumb, U.S.D.J. <br> Hon. Elizabeth A. Pascal, U.S.M.J. <br><br><br> Return Date: February 21, 2023, unless the Court elects to hear this motion on short notice |

**BRIEF IN SUPPORT OF MOTION TO INTERVENE ON BEHALF OF NEW JERSEY SENATE PRESIDENT NICHOLAS P. SCUTARI AND NEW JERSEY ASSEMBLY SPEAKER CRAIG J. COUGHLIN**

Leon J. Sokol, Esq.
CULLEN AND DYKMAN, LLP
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300

Edward J. Kologi, Esq.
KOLOGI • SIMITZ
500 N. Wood Avenue
Linden, NJ 07036
(908) 486-8877

**Attorneys for Intervenors-Applicants Senate President Nicholas P. Scutari and Assembly Speaker Craig J. Coughlin**

LEON J. SOKOL, ESQ.
EDWARD J. KOLOGI, ESQ.
**Of Counsel and On the Brief**

STEVEN SIEGEL, ESQ.
**On the Brief**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................. ii

**PRELIMINARY STATEMENT** ............................................................................ 1

**LEGAL ARGUMENT** ........................................................................................... 3

    **POINT I** .......................................................................................................... 3

        THE PRESIDING OFFICERS OF THE NEW JERSEY SENATE AND GENERAL ASSEMBLY ARE ENTITLED TO INTERVENE IN THIS ACTION UNDER THE AUTHORITY OF **EITHER** FED. R. CIV. P. 24(b)(1)(B) (INTERVENTION BY A GOVERNMENTAL OFFICER OR AGENCY) **OR** FED. R. CIV. P. 24(b)(2)(A) (PERMISSIVE INTERVENTION)

        A. The Presiding Officers are entitled to intervene pursuant to Fed. R. Civ. P. 24(b)(2)(A) .................................................................... 3

            1. The Legislature's consideration and enactment of *L.* 2022, *c.* 131 -- *i.e.*, the statute under challenge in this litigation .. 4

            2. Senate President Scutari and Speaker Coughlin, as Presiding Officers of their respective legislative bodies, are entitled to represent the interests of the Senate and the Assembly in litigation ......................................................... 5

        B. In the alternative, the Presiding Officers are entitled to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B) ........................... 7

    **POINT II** ......................................................................................................... 9

        THE PRESIDING OFFICERS SEEK LEAVE TO INTERVENE ON SHORT NOTICE SO THAT THEY MAY TIMELY FILE A BRIEF IN OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION MOTION IN ACCORANCE WITH A BRIEFING SCHEDULE THAT WILL BE ISSUED BY THIS COURT IN THE NEAR FUTURE

**CONCLUSION** ..................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*Abbott v. Burke*,
   164 N.J. 84 (2000) .................................................................................................5

*Appleton v. Comm'r*,
   430 Fed.Appx. 135 (3d Cir.2011) .........................................................................7

*Exch. Comm'n v. U.S. Realty & Imp. Co.*,
   310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940) ............................................4

*General Assembly of New Jersey v. Byrne*,
   90 N.J. 376 (1982) ................................................................................................6

*Halderman v. Pennhurst State Sch. & Hosp.*,
   612 F.2d 84 (3d Cir.1979) ....................................................................................4

*In Re Governor Christie's Appointment*,
   436 N.J. Super 575, (App. Div. 2014) ..............................................................5, 6

*Karcher v. Kean*,
   97 N.J. 483 (1984) ................................................................................................5

*Karr v. Castle*,
   768 F. Supp. 1087 (D. Del. 1991) ........................................................................3

*Metro Transp. Co. v. Balboa Ins. Co.*,
   118 F.R.D. 423 (E.D. Pa. 1987) ...................................................................3, 4, 6

*N.C.A.A. v. Governor of N.J.*,
   520 Fed.Appx. 61 (3d Cir.2013) ...........................................................................7

*Nat'l Collegiate Athletic Ass'n v. Christie*,
   61 F. Supp. 3d 488 ................................................................................................6

*Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey*,
   799 F.3d 259 (3d Cir. 2015) .................................................................................6

*New York State Rifle & Pistol Association, Inc., v. Bruen*,
   142 S. Ct. 2111 (2022) ..........................................................................................1

*Nuesse v. Camp*,
   385 F.2d 694 (D.C.Cir.1967) ................................................................................3

*Waterfront Comm'n of N.Y. Harbor v. Murphy*,
   429 F. Supp. 3d 1 (D.N.J. 2019) ...........................................................................4

## Court Rules

Fed. R. Civ. P. 24(b)(1)(B) ..................................................................................................2, 3, 7, 8

Fed. R. Civ. P. 24(b)(2) ..................................................................................................................6

Fed. R. Civ. P. 24(b)(2)(A) ........................................................................................................2, 3

## Other Authorities

7C Wright & Miller, *Fed. Prac. & Proc.* § 1912 (3d ed.) ............................................................4

7C Wright & Miller, *Fed. Prac. & Proc.* § 1913 (3d ed.) ............................................................4

## **PRELIMINARY STATEMENT**

Nicholas P. Scutari, President of the New Jersey Senate, and Craig J. Coughlin, Speaker of the General Assembly (hereafter collectively "the Presiding Officers") respectfully request leave to intervene as Defendants in this matter. The Presiding Officers seek to intervene in order to represent the interests of the New Jersey Senate and New Jersey General Assembly in this action challenging a recently enacted statute.

This litigation challenges the constitutionality of a New Jersey statute, L. 2022, c. 131. (hereafter "Chapter 131" or "Act"). Chapter 131 on enacted on December 19, 2022 and approved by the Governor on December 22.

Chapter 131 was enacted in response to the recent decision of the Supreme Court *New York State Rifle & Pistol Association, Inc., v. Bruen*, 142 S. Ct. 2111 (2022). which struck down a New York statute that required a demonstration of "proper cause" in order to obtain a permit to carry a handgun. Because New Jersey's long prevailing firearms law had previously required a "justifiable need" to carry a handgun, the New Jersey Legislature enacted Chapter 131 in order to satisfy the new standard enunciated in *Bruen*. Furthermore, the Legislature's enactment of Chapter 131 was intended to provide additional safeguards with regard to the handling and carrying of handguns in New Jersey – consistent with the strictures of *Bruen*.

The public legislative history of Chapter 131 reflects that the Legislature gave careful and extensive consideration to the vital issues at stake prior to enacting this legislation. *See, e.g.,* Kologi Aff., Exhibit "C" (summary of legislative history of A4769); Exhibit "D"(A4769 – as introduced); Exhibit "E" (Report of the Assembly Judiciary Committee dated 10/17/22 summarizing A4769); Exhibit "F" (Report of the Assembly Appropriations Committee dated 10/20/22 summarizing A4769); Exhibit "G" (Report of the Assembly Oversight Committee dated 10/24/22 summarizing A4769); Exhibit "H" (Report of the Senate Budget and

1

Appropriations Committee dated 12/5/22 summarizing A4769).

In seeking leave to intervene, the Presiding Officers rely on two distinct alternative grounds authorizing intervention. The first alternative ground permits intervention by a government officer or agency when "a party's claim or defense is based on … a statute or executive order administered by the officer or agency." Fed. R. Civ. P. 24(b)(2)(A). The second alternative ground is the familiar general permissive intervention standard, Fed. R. Civ. Pro. 24(b)(1)(B), which requires: (a) the motion to be timely; (b) an applicant's claim or defense and the main action have a question of law or fact in common; and (c) the intervention may not cause undue delay or prejudice to the original parties' rights. It is respectfully submitted that the Presiding Officers are entitled to intervene under either, or both, of these two grounds.

Based on the foregoing, the Presiding Officers are in a position to offer the Court a valuable perspective on the vital issues that are at stake in this litigation. Therefore, the Presiding Officers respectfully seek leave to intervene in order to present these and other factual and legal considerations to this Court.

## **LEGAL ARGUMENT**

### **POINT I**

**THE PRESIDING OFFICERS OF THE NEW JERSEY SENATE AND GENERAL ASSEMBLY ARE ENTITLED TO INTERVENE IN THIS ACTION UNDER THE AUTHORITY OF <u>EITHER</u> FED. R. CIV. P. 24(b)(1)(B) (INTERVENTION BY A GOVERNMENTAL OFFICER OR AGENCY) <u>OR</u> FED. R. CIV. P. 24(b)(2)(A) (PERMISSIVE INTERVENTION)**

This Court should allow Senate President Scutari and Speaker Coughlin to intervene in this action because, as Presiding Officers of the New Jersey Legislature, they are clearly interested in the subject matter and outcome of this lawsuit. The action challenges the constitutionality of a statute recently enacted by the Legislature. The Presiding Officers' participation will assist the Court in the development and presentation of the issues in the lawsuit and in no way will prejudice any of the parties.

The Presiding Officers are entitled to intervene in this action under the authority of *either* Fed. R. Civ. P. 24(b)(2)(A) (intervention by a governmental officer or agency) *or* Fed. R. Civ. P. 24(b)(1)(B) (permissive intervention). Each of these alternative grounds is addressed in turn.

**A. The Presiding Officers of the New Jersey Senate and Assembly are entitled to intervene pursuant to Fed. R. Civ. P. 24(b)(2)(A)**

Fed. R. Civ. P. 24(b)(2)(A) provides, in relevant part, that permissive intervention may be granted to a government officer or agency when "a party's claim or defense is based on ... a statute or executive order administered by the officer or agency." "Rule 24(b) expands the traditional concept of claim or defense insofar as intervention by a governmental officer or agency is concerned." *Nuesse v. Camp,* 385 F.2d 694, 705 (D.C.Cir.1967). *See also Metro Transp. Co. v. Balboa Ins. Co.,* 118 F.R.D. 423, 424 (E.D. Pa. 1987); *Karr v. Castle,* 768 F. Supp. 1087, 1092 (D. Del. 1991) ("The thrust of this portion of Rule 24(b) is in the direction of liberally allowing government agencies to intervene").

The Third Circuit described an earlier, substantially similar version of the rule as

3

"mak[ing] specific provision for intervention by governmental agencies interested in statutes, regulations, or agreements relied upon by the parties in the action." *Halderman v. Pennhurst State Sch. & Hosp.*, 612 F.2d 84, 92 (3d Cir.1979) *rev'd on other grounds,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981). *See also* Fed. R. Civ. Pr. 24 Advisory Committee's notes. "The rule requires that intervention be granted liberally to governmental agencies because they purport to speak for the public interest." *Metro Transp. Co. v. Balboa Ins. Co.*, 118 F.R.D. 423, 424 (E.D.Pa.1987) (citing 7C Wright & Miller, *Fed. Prac. & Proc.* § 1913 (3d ed.)). Indeed, even before Fed. R. Civ. P. 24 was amended to provide for the intervention of a government agency or officer in such an action, the Supreme Court sanctioned intervention by the government when appropriate and useful to advance the public interest. *See* 7C Wright & Miller, *Fed. Prac. & Proc.* § 1912 (3d ed.) (discussing *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940)). See also *Waterfront Comm'n of N.Y. Harbor v. Murphy*, 429 F. Supp. 3d 1 (D.N.J. 2019) (permitting intervention by the Presiding Officers).

### 1. The Legislature's consideration and enactment of Chapter 131, *i.e.*, the statute under challenge in this litigation

The proposed legislation (ultimately enacted as L. 2022, c. 131, or "Chapter 131") was introduced in the Assembly on October 13, 2022 as A4769. *See* Kologi Aff., Exhibit "D" (Assembly Bill A4769 – as introduced). Over the next two months A4769 was the subject of extensive legislative proceedings. *See* Kologi Aff., Exhibit "C" (summary of legislative history of A4769).

The legislative study and proceedings leading to the enactment of Chapter 131 may be briefly summarized as follows. The Assembly Judiciary Committee, the Assembly Appropriations Committee and the Assembly Oversight Committee each issued statements summarizing the proposed legislation. Kologi Aff., Exhibit "E" (Report of the Assembly Judiciary Committee

4

dated 10/17/22 summarizing A4769); Exhibit "F" (Report of the Assembly Appropriations Committee dated 10/20/22 summarizing A4769); Exhibit "G" (Report of the Assembly Oversight Committee dated 10/24/22 summarizing A4769). The Senate Budget and Appropriations Committee also issued a statement summarizing the proposed legislation. Kologi Aff., Exhibit "H" (Report of the Senate Budget and Appropriations Committee dated 12/5/22 summarizing A4769). Furthermore, the Legislature held public hearings on the proposed legislation.

Based on the foregoing, the Presiding Officers are in a position to offer the Court a valuable perspective on the vital issues that are at stake in this litigation.

## 2. Senate President Scutari and Speaker Coughlin, as Presiding Officers of their Respective Legislative Bodies, are entitled to represent the interests of the Senate and the Assembly in litigation

It has long been recognized that the Presiding Officers of the New Jersey Legislature may represent the interests of their respective legislative bodies in litigation. *See, e.g., Abbott v. Burke*, 164 N.J. 84,87 (2000) (allowing Assembly Speaker to intervene in appeal "out of deference to the constitutional branches of government"); *Karcher v. Kean*, 97 N.J. 483, 487 (1984) (considering appeal brought by the Senate President and Speaker, on behalf of their respective legislative bodies, challenging the Governor's use of the line-item veto); *In re Forsythe*, 91 N.J. 141, 144 (1982) (allowing the Senate President and the Assembly Speaker to intervene to defend redistricting statute).

More recently, the New Jersey Appellate Division expressly recognized the standing of the Senate President to bring an appeal to advance the interest of the Senate. *See In Re Governor Christie's Appointment*, 436 N.J. Super 575, (App. Div. 2014). The court held:

> We are convinced that the Senate has a strong interest in exercising its authority to advise and consent to gubernatorial appointments, if such advice and consent is required by law. **We are also convinced that, as Senate President, Sweeney has standing to bring this appeal to advance that interest.**

> Recognition of the Senate President's standing in this dispute is consistent with past practice....
>
> The Governor argues that Senator Sweeney should not be permitted to represent the Senate's interest in this case because the Senate did not adopt a resolution authorizing him to do so. We note that in *General Assembly of New Jersey v. Byrne*, 90 N.J. 376, 381 (1982), the Legislature had passed a concurrent resolution authorizing the Senate President and Assembly Speaker to begin a legal action to enforce certain legislation. However, **such a resolution is not required to confer standing on the Senate President to further the Senate's institutional interests through litigation.**
>
> [*Id.* at 587 (emphasis added)]

Similarly, the United States District Court for the District of New Jersey has held that the Senate President and the Assembly Speaker are entitled to represent the interests of the Senate and the Assembly in litigation in the District of New Jersey challenging the validity of statute enacted by the Legislature. *See, e,g., Nat'l Collegiate Athletic Ass'n v. Christie,* 61 F. Supp. 3d 488, 491, n. 1 (D.N.J. 2014) (granting leave to intervene to the Senate President and the Assembly Speaker with respect to litigation challenging a law legalizing sports betting in New Jersey), *aff'd sub nom., Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey,* 799 F.3d 259 (3d Cir. 2015), *reh'g en banc granted, opinion vacated (Oct. 14, 2015), on reh'g en banc,* 832 F.3d 389 (3d Cir. 2016), and *aff'd sub nom., Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey,* 832 F.3d 389 (3d Cir. 2016); *cert. granted,* 137 S. Ct. 2326 (2017).

As previously noted, Fed. R. Civ. P. 24(b)(2) "requires that intervention be granted liberally to governmental agencies because they purport to speak for the public interest." *Metro Transp. Co. v. Balboa Ins. Co.,* 118 F.R.D. 423, 424 (E.D. Pa. 1987). This Motion seeks precisely to interject the Legislature's factual and legal perspectives that address the vital public interest at issue in this litigation. For these reasons, the Presiding Officers' Motion to Intervene should be granted pursuant to Fed. R. Civ. P. 24(b)(2).

**B. In the alternative, the Presiding Officers are entitled to intervene pursuant to Fed. R. Civ. Pr. 24(b)(1)(B)**

The Presiding Officers also are entitled to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B) – the general permissive intervention rule that is applicable to *any* proposed intevenor (as distinct from government agencies or officers). Permissive intervention requires: (1) the motion to be timely; (2) an applicant's claim or defense and the main action have a question of law or fact in common; and (3) the intervention may not cause undue delay or prejudice to the original parties' rights. *See* Fed. R. Civ. Pr. 24(b); *see also N.C.A.A. v. Governor of N.J.,* 520 Fed.Appx. 61, 63 (3d Cir.2013); *Appleton v. Comm'r,* 430 Fed.Appx. 135, 137–38 (3d Cir.2011). As long as these threshold requirements are met, whether to allow a party to permissively intervene is left to the sound discretion of the court. *See N.C.A.A.,* 520 Fed.Appx. at 63.

As to the first factor, the Presiding Officers' motion is timely. The Presiding Officers have moved to intervene approximately thirty days after the initial Complaint was filed. Furthermore, the Presiding Officers will abide by the schedule of briefing in connection with forthcoming Preliminary Injunction proceedings. In short, there will be no delay whatsoever in the Preliminary Injunction proceedings a consequence of the Presiding Officers' proposed intervention.

As to the second factor, the Presiding Officers' position in this litigation shares a common question of law with the position to be put forward by the New Jersey Attorney General in this litigation. The New Jersey Attorney General is defending the constitutionality of Chapter 131. The Presiding Officers also will likewise be defending the constitutionality of the statute. The Presiding Officers are in a position to provide additional assistance and perspective on the public legislative history leading to the enactment of Chapter 131. Furthermore, the Presiding Officers are in a position to provide perspective on the critical public health, safety and welfare issues that led the Legislature to enact Chapter 131.

As to the third factor, the intervention will not cause "undue delay or prejudice" to the rights of either Plaintiff or Defendant. As stated above, there is ample precedent permitting the Presiding

Officers to intervene in particular where there is substantial constitutional issues at stake regarding legislation. Furthermore, as previously noted, the Presiding Officers will abide by schedule of briefing in connection with forthcoming Preliminary Injunction proceedings. Thus, there will be no delay whatsoever in the Preliminary Injunction proceedings a consequence of the Presiding Officers' proposed intervention.

Accordingly, it is respectfully submitted that the factors governing permissive intervention are satisfied. *See* Fed. R. Civ. P. 24(b)(1)(B). That being so, the Presiding Officers' motion for permissive intervention should be granted.

## POINT II

### THE PRESIDING OFFICERS SEEK LEAVE TO INTERVENE ON SHORT NOTICE SO THAT THEY MAY TIMELY FILE A BRIEF IN OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION MOTION IN ACCORANCE WITH A BRIEFING SCHEDULE THAT WILL BE ISSUED BY THIS COURT IN THE NEAR FUTURE

The Presiding Officers seek leave to intervene *on short notice* so that they may file a brief in opposition to Plaintiff's preliminary injunction motion without causing any delay in the forthcoming preliminary injunction proceedings. To the best of our knowledge, this Court has not yet issued a briefing schedule pertaining to Plaintiffs' preliminary injunction motion.[1]

In any event, to the extent that this Court were to adopt a briefing schedule in the forthcoming preliminary injunction proceedings with deadlines for the submission of briefs that are sooner than the return date of this motion to intervene, the Presiding Officers respectfully request that this Court hear this motion to intervene on short notice so that there is no possible delay whatsoever in the preliminary injunction briefing schedule.

---

[1] Presently, oral argument on the pending TRO application in *Siegel v Platkin* is scheduled for January 26, 2023. Please be advised that the Presiding Officers do **not** seek to participate in the January 26 TRO oral argument. Instead, the Presiding Officers seek to participate in the forthcoming preliminary injunction proceedings.

## CONCLUSION

For the reasons set forth above, the motion of Senate President Scutari and Assembly Speaker Coughlin – seeking leave to intervene as Defendants – should be granted.

Respectfully submitted,

Cullen and Dykman LLP

By: */s/ Leon J. Sokol*
 Leon J. Sokol

Kologi ◆ Simitz,
Counsellors at Law

By:*/s/ Edward J. Kologi*
 Edward J. Kologi

Attorneys for Intervenors-Applicants Senate President Nicholas P. Scutari and Assembly Speaker Craig J. Coughlin

Dated: January 24, 2023