# EXHIBIT A

Leon J. Sokol, Esq.
**CULLEN AND DYKMAN, LLP**
**433 Hackensack Avenue**
**Hackensack, NJ 07601**
**(201) 488-1300**

Edward J. Kologi, Esq.
**KOLOGI • SIMITZ**
**Counsellors at Law**
**500 N. Wood Avenue**
**Linden, NJ 07036**
**(908) 486-8877**

**Attorneys for Intervenors-Applicants Senate President**
**Nicholas P. Scutari and Assembly Speaker Craig J.**
**Couglin**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD KOONS; NICHOLAS GAUDIO; EFFREY M. MULLER; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; COALITION OF NEW JERSEY FIREARM OWNERS; and NEW JERSEY SECOND AMENDMENT SOCIETY,**<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**WILLIAM REYNOLDS in his official capacity as the Prosecutor of Atlantic County, New Jersey; GRACE C. MACAULAY in her official capacity as the Prosecutor of Camden County, New Jersey; ANNEMARIE TAGGART in her official capacity as the Prosecutor of Sussex County, New Jersey; MATTHEW J. PLATKIN, in his official  capacity as Attorney General of the State of** | **Civil Action No: 1:22-cv-7464 RMB/EAP (CONSOLIDATED)**<br><br>**Hon. Renee Marie Bumb, U.S.D.J.**<br>**Hon. Elizabeth A. Pascal, U.S.M.J.**<br><br><br><br>**PROPOSED ANSWER OF INTERVENORS-APPLICANTS SENATE PRESIDENT NICHOLAS P. SCUTARI AND ASSEMBLY SPEAKER CRAIG J. COUGHLIN TO COMPLAINTS IN:**<br><br>**(1) CIVIL CASE NO 22-7464 (<u>KOONS, ET AL V. REYNOLDS, ET AL</u>); AND**<br><br>**(2) CASE NO. 22-7363 (<u>SIEGEL, ET AL V. PLATKIN</u>, CIVIL CASE NO. 22-7463)** |

**New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,**

**Defendants.**

**and**

**NICHOLAS P. SCUTARI, President of the New Jersey Senate, and CRAIG J. COUGLIN, Speaker of the New Jersey General Assembly,**

**Intervenors-Applicants**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Intervenors-Applicants Senate President Nicholas P. Scutari and Assembly Speak Craig J. Coughlin, (collectively "Intervenors-Applicants"), answer the Consolidated Complaints of the Plaintiffs as follows:

**Complaint in <u>KOONS, ET AL. V. REYNOLDS, ET AL.</u>, Civil Action No. 1:22-Cv-7464-Rmb/Eap**

1.          Denied.

2.          Denied.

## VENUE AND JURISDICTION

3.          The allegations of Paragraph 3 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

4.          As to the allegations of Paragraph 4 of the Complaint are admitted, except it is denied that Plaintiff has legal authority, capacity and standing to bring the within lawsuit and to assert the claims set forth in the Complaint.

5.          The allegations of Paragraph 5 of the Complaint are not factual allegations and

are instead legal argument and therefore a response is not necessary to same.

**PARTIES**

6.        As to the allegations in Paragraph 6 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

7.        As to the allegations in Paragraph 7 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

8.        As to the allegations in Paragraph 8 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

9.        As to the allegations in Paragraph 9 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

10.       As to the allegations in Paragraph 10 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

11.       As to the allegations in Paragraph 11 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

12.       As to the allegations in Paragraph 12 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

13.       The allegations in Paragraph 13 of the Complaint pertain exclusively to the status or description of a party other than Intervenors; hence, no response is required.

14.       The allegations in Paragraph 14 of the Complaint pertain exclusively to the status or description of a party other than Intervenors; hence, no response is required.

15.       The allegations in Paragraph 15 of the Complaint pertain exclusively to the status or description of a party other than Intervenors; hence, no response is required.

16.       The allegations in Paragraph 16 of the Complaint pertain exclusively to the status or description of a party other than Intervenors; hence, no response is required.

17.       The allegations in Paragraph 17 of the Complaint pertain exclusively to the status or description of a party other than Intervenors; hence, no response is required.

**PERTINENT CONSTITUTIONAL PROVISIONS**

18.       The allegations of Paragraph 18 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

19.       The allegations of Paragraph 19 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

20.       The allegations of Paragraph 20 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

21.       The allegations of Paragraph 21 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

22.       The allegations of Paragraph 22 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

23.       The allegations of Paragraph 23 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

24.        The allegations of Paragraph 24 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

25.        The allegations of Paragraph 25 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

26.        The allegations of Paragraph 26 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

## PERTINENT STATUTES AND REGULATIONS

<u>Background and Overview</u>

27.        The allegations of Paragraph 27 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

28.        The allegations of Paragraph 28 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

29.        As to the allegations of Paragraph 29 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

30.        As to the allegations of Paragraph 30 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

31.        As to the allegations of Paragraph 31 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

32.        As to the allegations of Paragraph 32 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

33.        As to the allegations of Paragraph 33 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

34.        As to the allegations of Paragraph 34 of the Complaint the cited statutes speak for

themselves and therefore a response is not necessary to same.

35.          As to the allegations of Paragraph 35 of the Complaint the cited statutes speak for

themselves and therefore a response is not necessary to same.

36.          As to the allegations of Paragraph 36 of the Complaint the cited statutes speak for

themselves and therefore a response is not necessary to same.

37.          Denied.

38.          Denied.

The "Sensitive Place" and Vehicle Restrictions Challenged Here

39.          The allegations of Paragraph 39 of the Complaint are not factual allegations and

are instead legal argument and therefore a response is not necessary to same.

40.          The allegations of Paragraph 40 of the Complaint are not factual allegations and

are instead legal argument and therefore a response is not necessary to same.

41.          As to the allegations of Paragraph 41 of the Complaint the cited statutes speak for

themselves and therefore a response is not necessary to same.

**DEFENDANTS' ACTUAL AND THREATENED ENFORCEMENT OF
THE CHALLENGED LAWS AND ITS INJURY TO THE PLAINTIFFS**

Plaintiff Ronald Koons

42.          As to the allegations in Paragraph 42 of the Complaint the Applicants-Intervenors

are without knowledge or information sufficient to respond to this allegation and

they leave the Plaintiffs to their proofs.

43.          As to the allegations in Paragraph 43 of the Complaint the Applicants-Intervenors

are without knowledge or information sufficient to respond to this allegation and

they leave the Plaintiffs to their proofs.

44.          As to the allegations in Paragraph 44 of the Complaint the Applicants-Intervenors

are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

45.     As to the allegations in Paragraph 45 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

46.     As to the allegations in Paragraph 46 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

47.     Denied.

Plaintiff Nicholas Gaudio

48.     As to the allegations in Paragraph 48 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

49.     As to the allegations in Paragraph 49 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

50.     As to the allegations in Paragraph 50 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

51.     As to the allegations in Paragraph 51 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

52.     Denied.

Plaintiff Jeffrey M. Muller

53.       As to the allegations in Paragraph 53 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

54.       As to the allegations in Paragraph 54 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

55.       As to the allegations in Paragraph 55 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

56.       As to the allegations in Paragraph 56 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

57.       As to the allegations in Paragraph 57 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

58.       Denied.

Plaintiff Second Amendment Foundation

59.       As to the allegations in Paragraph 59 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

60.       As to the allegations in Paragraph 60 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and

they leave the Plaintiffs to their proofs except to deny that their members'
constitutional rights are being violated.

### Plaintiff Firearms Policy Coalition

61.     As to the allegations in Paragraph 61 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

62.     As to the allegations in Paragraph 62 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs except to deny that their members'
constitutional rights are being violated.

### Plaintiff Coalition of New Jersey Firearms Owners

63.     As to the allegations in Paragraph 63 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

64.     As to the allegations in Paragraph 64 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs except to deny that their members'
constitutional rights are being violated.

### Plaintiff New Jersey Second Amendment Society

65.     As to the allegations in Paragraph 65 of the Complaint the Applicants-Intervenors
are without knowledge or information sufficient to respond to this allegation and
they leave the Plaintiffs to their proofs.

66.     As to the allegations in Paragraph 66 of the Complaint the Applicants-Intervenors

are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs except to deny that their members' constitutional rights are being violated.

### CAUSE OF ACTION FOR DEPRIVATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983

67.    The allegations of Paragraph 67 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

68.    Denied.

69.    Denied.

70.    Denied.

WHEREFORE, Applicants-Intervenors Senate President Nicholas P. Scutari and Assembly Speaker Craig J. Coughlin demand judgment against Plaintiffs dismissing the Complaint with prejudice and for attorney's fees and costs of suit.

### AFFIRMATIVE DEFENSES

1.    The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) (6) as it fails to state a claim upon which relief can be granted.

2.    Plaintiffs lack the requisite standing to maintain this action.

3.    Plaintiffs have not suffered a concrete particularized injury in fact in connection with the enactment and/or enforcement of L. 2022, c. 231.

4.    Plaintiffs cannot establish any credible threat of enforcement of L. 2022, c. 231 against them.

5.    Plaintiffs cannot meet their burden of showing that any injury is fairly traceable to the enactment of L. 2022, c. 231,

6.     L. 2022, c. 231 is amply supported by historical tradition with respect to those

provisions that fall within the plain text of the Second Amendment.

7.   Various sensitive places that are within the scope of L. 2022, c. 231 constitute "new and analogous sensitive places [that] are constitutionally permissible" within the meaning of _Bruen_.   _Bruen_, 142 S.Ct. at 2133.

8.   Various sensitive places that are within the scope of L. 2022, c. 231 are constitutionally permissible because they entail the restriction of firearms in locales where vulnerable or incapacitated people gather.

9.   Various sensitive places that are within the scope of L. 2022, c. 231 are constitutionally permissible because they are locations for core First Amendment activity.

10.   Section 7(a)(24) of L. 2022, c. 231 (pertaining to firearms carry on private property) does not change the scope of the right to carry on private property. Hence, the section is constitutionally permissible.

11.   Section 7(a)(24) of L. 2022, c. 231 (pertaining to firearms carry on private property) does not prevent the owners of private establishments from indicating their consent to allow visitors or licensees to carry firearms on the owner's property. Hence, the section is constitutionally permissible.

12.   L. 2022, c. 231 properly allows property owned by the government in its proprietary capacity to be controlled by the government in a manner that is fully consistent with background principles of property law, including the right of an owner of property to: (1) exclude others; or (2) impose conditions of entry on to the property. Hence, government has the right to exclude firearms with respect to this class of property.

13.   Section 7(b)(1) of L. 2022, c. 231 (carriage of firearms in motor vehicles) is constitutionally permissible because it is amply supported by historical tradition with respect to

the carriage of firearms in Founding-era and Reconstruction-era modes of transport

14.   Section 7(b)(1) of L. 2022, c. 231 (carriage of firearms in motor vehicles) is constitutionally permissible because: (1) motor vehicles pose different problems than Founding-era and Reconstruction-era modes of transport; and (2) motor vehicles constitute "new and analogous sensitive places [that] are constitutionally permissible" within the meaning of *Bruen*. *Bruen,* 142 S.Ct. at 2133.

15.   The Intervenors-Applicants hereby adopt the Affirmative Defenses of all co-defendants.

16.   The Intervenors-Applicants reserve the right to interpose such other defenses as may be warranted after further investigation and discovery.

Respectfully submitted,

Cullen and Dykman LLP

By: */s/ Leon J. Sokol*
　　　Leon J. Sokol

Kologi ◆ Simitz, Counsellors at Law

By:*/s/ Edward J. Kologi*
　　　Edward J. Kologi

Attorneys for Intervenors-Applicants
Senate President Nicholas P. Scutari and
Assembly Speaker Craig J. Coughlin

Dated: January 23, 2023

**Complaint in SIEGEL, ET AL. V. PLATKIN, ET AL., Civil Action No. 1:22-cv-7464-RMB/EAP**

## INTRODUCTION

1.    The allegations of Paragraph 1 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    As to the allegations in Paragraph 6 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

7.    Denied.

8.    Denied.

9.    Denied.

10.   Denied.

11.   Denied.

12.   Denied.

13.   As to the allegations in Paragraph 13 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

## JURISDICTION AND VENUE

14.   Admitted.

15.   As to the allegations in Paragraph 15 of the Complaint the Applicants-Intervenors

are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

16.        Admitted.

## PARTIES

17.        As to the allegations in Paragraph 17 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

18.        As to the allegations in Paragraph 13 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

19.        As to the allegations in Paragraph 13 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

20.        As to the allegations in Paragraph 13 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

21.        As to the allegations in Paragraph 13 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

22.        As to the allegations in Paragraph 13 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

23.        As to the allegations in Paragraph 13 of the Complaint the Applicants-Intervenors

are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

24.     As to the allegations in Paragraph 24 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegation and they leave the Plaintiffs to their proofs.

25.     The allegations in Paragraph 25 of the Complaint pertain exclusively to the status or description of a party other than Intervenors; hence, no response is required.

26.     The allegations in Paragraph 26 of the Complaint pertain exclusively to the status or description of a party other than Intervenors; hence, no response is required.

## FACTUAL ALLEGATIONS

### A.  Prior Law Governing the Public Possession of Handguns

27.     Denied.

28.     Denied.

29.     As to the allegations of Paragraph 29 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

30.     As to the allegations of Paragraph 30 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

31.     As to the allegations of Paragraph 31 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

32.     As to the allegations of Paragraph 32 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

33.     As to the allegations of Paragraph 33 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

34.        Denied.

**B.  Bruen Decision**

35.        The allegations of Paragraph 35 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

36.        The allegations of Paragraph 36 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

37.        The allegations of Paragraph 37 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

**C.  New Jersey Announces "Massive Resistance" to Bruen**

38.        Denied.

**D.  New York's Massive Resistance**

39.        Denied.

40.        Denied.

**E. New Jersey's Massive Resistance: A4769 -- The New "Justifiable Need"**

41.        Denied.

42.        Denied.

43.        Denied.

44.        The allegations of Paragraph 44 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

45.        Denied.

46.        Denied.

47.        Denied.

48.        Denied.

## I.  Prohibited Sensitive Places: Nearly Everywhere in the State

49.          Denied.

50.          The allegations of Paragraph 50 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

51.          The allegations of Paragraph 51 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

52.          The allegations of Paragraph 52 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

53.          The allegations of Paragraph 53 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

54.          The allegations of Paragraph 54 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

55.          Denied.

56.          Denied.

57.          The allegations of Paragraph 57 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

## II. Insurance Requirement

58.          As to the allegations of Paragraph 58 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

59.          Denied.

60.          The allegations of Paragraph 60 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

## III.  Massive Fee Increase

61.        The allegations of Paragraph 61 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

62.        Denied.

63.        Denied.

64.        The allegations of Paragraph 64 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

65.        The allegations of Paragraph 65 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

66.        Denied.

67.        The allegations of Paragraph 67 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

68.        Denied.

69.        The allegations of Paragraph 69 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

**IV.    Onerous New Permit Requirements**

70.        Denied.

71.        The allegations of Paragraph 71 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

72.        The allegations of Paragraph 72 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

73.        The allegations of Paragraph 73 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

74.        Denied.

75.       The allegations of Paragraph 75 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

76.       Denied.

77.       The allegations of Paragraph 35 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

78.       Denied.

79.       Denied.

80.       The allegations of Paragraph 80 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

81.       Denied.

82.       Denied.

83.       The allegations of Paragraph 83 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

## V.  Unjustified Display of a Handgun

84.       Denied.

85.       Denied.

86.       The allegations of Paragraph 86 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

## VI. Special Elite Class of Handgun Carry and Firearm Possession

87.       Denied.

88.       Denied.

89.       Denied.

90.       The allegations of Paragraph 90 of the Complaint are not factual allegations and

are instead legal argument and therefore a response is not necessary to same.

**VII. A4769 is Simply "Justifiable Need" Part 2.**

91.      Denied.

92.      The allegations of Paragraph 92 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

**F. A4769 Violates the Fundamental Constitutional Rights of Plaintiffs.**

Paragraphs 93 through 251. As to the factual allegations contained in Paragraphs 93 through 251 of the Complaint the Applicants-Intervenors are without knowledge or information sufficient to respond to this allegations and they leave the Plaintiffs to their proofs except to deny any violation of the Plaintiff's constitutional rights.

**COUNT ONE**
**Deprivation of Plaintiffs' Rights Under U.S. CONST. amends. II and XIV**

252.    The Applicants-Intervenors hereby incorporate all previous responses to the preceding paragraphs.

253.    As to the allegations of Paragraph 253 of the Complaint the cited constitutional provision speaks for itself and therefore a response is not necessary to same.

254.    The allegations of Paragraph 254 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

255.    The allegations of Paragraph 255 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

256.    Denied.

257.    As to the allegations of Paragraph 257 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

**COUNT TWO**
**Deprivation of Plaintiffs' Rights Under U.S. CONST. amend. XIV**
**(Equal Protection)**

288.    The Applicants-Intervenors hereby incorporate all previous responses to the

preceding paragraphs.

289.    As to the allegations of Paragraph 289 of the Complaint the cited constitutional

provision speaks for itself and therefore a response is not necessary to same.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

**COUNT THREE**
**Deprivation of Plaintiffs' Rights Under U.S. CONST. amend. XIV**
**(Due Process of Law – Void for Vagueness/Lack of Notice)**

296.    The Applicants-Intervenors hereby incorporate all previous responses to the

preceding paragraphs.

297.    As to the allegations of Paragraph 297 of the Complaint the cited constitutional

provision speaks for itself and therefore a response is not necessary to same.

298.    The allegations of Paragraph 298 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

299.    The allegations of Paragraph 299 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

300.    The allegations of Paragraph 300 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    As to the allegations of Paragraph 306 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

307.    Denied.

308.    Denied.

309.    As to the allegations of Paragraph 309 of the Complaint the cited statutes speak for themselves and therefore a response is not necessary to same.

310.    Denied.

311.    Denied.

**COUNT FOUR**
**Deprivation of Plaintiffs' Rights Under U.S. CONST. amend. I and XIV**
**(Compelled Speech)**

312.    The Applicants-Intervenors hereby incorporate all previous responses to the preceding paragraphs.

313.    Denied.

314.    Denied.

315.    The allegations of Paragraph 315 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

316.    Denied.

### COUNT FIVE
### Deprivation of Plaintiffs' Rights Under U.S. CONST. amend. I and XIV

317.    The Applicants-Intervenors hereby incorporate all previous responses to the preceding paragraphs.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

### COUNT SIX
### Deprivation of Plaintiffs' Rights Under U.S. CONST. amend. I and XIV
### (Right to Access Library)

325.    The Applicants-Intervenors hereby incorporate all previous responses to the preceding paragraphs.

326.    The allegations of Paragraph 326 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

327.    The allegations of Paragraph 327 of the Complaint are not factual allegations and are instead legal argument and therefore a response is not necessary to same.

328.    Denied.

WHEREFORE, Applicants-Intervenors Senate President Nicholas P. Scutari and Assembly Speaker Craig J. Coughlin demand judgment against plaintiffs dismissing the Complaint with prejudice and for attorney's fees and costs of suit.

## **AFFIRMATIVE DEFENSES**

1.    The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b) (6) as it fails to state a claim upon which relief can be granted.

2.    Plaintiffs lack the requisite standing to maintain this action.

3.    Plaintiffs have not suffered a concrete particularized injury in fact in connection with the enactment and/or enforcement of L. 2022, c. 231.

4.    Plaintiffs cannot establish any credible threat of enforcement of L. 2022, c. 231 against them.

5.    Plaintiffs cannot meet their burden of showing that any injury is fairly traceable to the enactment of L. 2022, c. 231,

6.    L. 2022, c. 231 is amply supported by historical tradition with respect to those provisions that fall within the plain text of the Second Amendment.

7.   Various sensitive places that are within the scope of L. 2022, c. 231 constitute "new and analogous sensitive places [that] are constitutionally permissible" within the meaning of _Bruen_.  _Bruen,_ 142 S.Ct. at 2133.

8.    Various sensitive places that are within the scope of L. 2022, c. 231 are constitutionally permissible because they entail the restriction of firearms in locales where vulnerable or incapacitated people gather.

9.   Various sensitive places that are within the scope of L. 2022, c. 231 are

constitutionally permissible because they are locations for core First Amendment activity.

10.     Section 7(a)(24) of L. 2022, c. 231 (pertaining to firearms carry on private property) does not change the scope of the right to carry on private property. Hence, the section is constitutionally permissible.

11.     Section 7(a)(24) of L. 2022, c. 231 (pertaining to firearms carry on private property) does not prevent the owners of private establishments from indicating their consent to allow visitors or licensees to carry firearms on the owner's property. Hence, the section is constitutionally permissible.

12.     L. 2022, c. 231 properly allows property owned by the government in its proprietary capacity to be controlled by the government in a manner that is fully consistent with background principles of property law, including the right of an owner of property to: (1) exclude others; or (2) impose conditions of entry on to the property. Hence, government has the right to exclude firearms with respect to this class of property.

13.     Section 7(b)(1) of L. 2022, c. 231 (carriage of firearms in motor vehicles) is constitutionally permissible because it is amply supported by historical tradition with respect to the carriage of firearms in Founding-era and Reconstruction-era modes of transport

14. Section 7(b)(1) of L. 2022, c. 231 (carriage of firearms in motor vehicles) is constitutionally permissible because: (1) motor vehicles pose different problems than Founding-era and Reconstruction-era modes of transport; and (2) motor vehicles constitute "new and analogous sensitive places [that] are constitutionally permissible" within the meaning of *Bruen*. *Bruen,* 142 S.Ct. at 2133.

15.     The Intervenors-Applicants hereby adopt the Affirmative Defenses of all co-defendants.

16.     The Intervenors-Applicants reserve the right to interpose such other defenses as may be warranted after further investigation and discovery.

Respectfully submitted,

Cullen and Dykman, LLP

By: */s/ Leon J. Sokol*
        Leon J. Sokol

Kologi ◆ Simitz, Counsellors at Law

By:*/s/ Edward J. Kologi*
        Edward J. Kologi

Attorneys for Applicants-Interveners
Senate President Nicholas P. Scutari and
Assembly Speaker Craig J. Coughlin

Dated: January 23, 2023