# EXHIBIT B

# CHAPTER 131

**AN ACT** concerning the sale and possession of firearms and supplementing and amending various parts of the statutory law.

**BE IT ENACTED** *by the Senate and General Assembly of the State of New Jersey:*

C.2C:58-4.2  Findings, declarations.

1.  The Legislature finds and declares that:

a.  The decision of the United States Supreme Court in New York State Rifle & Pistol Association v. Bruen holds significant implications for carrying a handgun in New Jersey and the law governing the issuance of permits to carry a handgun.  The Bruen decision establishes that states cannot deny permits to carry a handgun to otherwise-qualified citizens who fail to show that they have the "proper cause" to carry a handgun.  New Jersey law relies on a similar standard, considering whether an applicant has a "justifiable need," in determining whether to issue a permit to carry a handgun.

b.  In accordance with the precedent established in the Bruen decision, laws requiring showings of particularized need are no longer legally viable to determine whether a person may carry a handgun in public.  The Bruen decision does make clear, however, that the Legislature can enact laws to protect our communities from threats to public health, safety, and welfare posed by gun violence, which take into account as appropriate the Supreme Court's Second Amendment ruling while continuing to promote and enhance public safety.

c.  Statistics show that expanding handgun carrying creates safety risks, helping to fuel the epidemic of gun violence.  For example, a study by researchers at the Johns Hopkins Bloomberg School of Public Health found that the estimated average rate of officer-involved shootings increased by 12.9 percent in 10 states that relaxed restrictions between 2014 and 2020 on civilians carrying concealed firearms in public.  Accordingly, evidence demonstrates that more guns on the streets can translate into more acts of gun violence.  To mitigate the impact of having more people carrying guns in public places, steps must be taken to better ensure that those who exercise the right to carry are responsible, law-abiding, and appropriately trained individuals who would not pose undue safety risks if armed in public places.

d.  In Bruen, the Supreme Court recognized that states may prohibit individuals who are not "law-abiding, responsible citizens" from carrying firearms in public, and endorsed the use of "licensing requirements for carrying a handgun for self-defense."  Although the Court did not provide a complete list of lawful requirements, it specifically cited a "background check, mental health check, training in firearms handling and in laws regarding the use of force, among other possible requirements" as permissible.  The purpose of these checks, the Court explained, is to "ensure only that those bearing arms in the jurisdiction are in fact, 'law-abiding, responsible citizens.'"  It is thus important to bolster and improve the process in this State for ensuring that only such individuals possess and carry firearms.  Toward that end, this act strengthens the criteria and background investigation requirements that are used to determine whether an applicant is qualified to carry a firearm in New Jersey.

e.  This act also designates places in which the carrying of a firearm or destructive device is prohibited.  Previously, application of the justifiable need standard minimized the serious dangers of misuse and accidental use inherent in the carrying of handguns in a public place.  Given the likelihood that a much greater number of individuals will now qualify to carry handguns in public, it is now both necessary and appropriate to clearly identify in the law those sensitive places where, due to heightened public safety concerns, carrying a dangerous, potentially lethal device or weapon, including a handgun, is not permissible.  These prohibitions are based on common sense principles and historical analogues.

P.L. 2022, CHAPTER 131

2

f.   Notwithstanding its rejection of a particularized need standard, the Bruen decision recognizes that the carrying of firearms in sensitive places can "be prohibited consistent with the Second Amendment."  Indeed, the Court assumed it settled that "laws forbidding the carrying of firearms in sensitives places such as schools and government buildings," as well as other places such as "legislative assemblies, polling places, and courthouses," are "longstanding" and not subject to disputes regarding their constitutionality.  The Court added that other "sensitive place" regulations may be permissible if "consistent with the Second Amendment's text and historical understanding" – that is, "relevantly similar" to historical analogues.

g.   The sensitive-place prohibitions on dangerous weapons set forth in this act are rooted in history and tradition.  They are analogous to historical laws that can be found from the Founding era to Reconstruction, which are also found in modern laws in many states.  History and tradition support at least the following location-based restrictions on carrying firearms:

(1) Places that are the site of core constitutional activity, such as but not limited to the exercise of First Amendment rights, or that are otherwise vital to the functioning of democracy and our system of government.  That includes prohibitions of firearms in facilities within the criminal justice system;

(2) Schools, universities, other educational institutions, where people assemble for educational purposes and for the purposes of teaching, learning, research, and the pursuit of knowledge;

(3) Parks and other recreation spaces, including locations where children congregate;

(4) Locations that protect vulnerable classes of people, such as the young and the frail;

(5) Places where intoxicating substances are sold, places where large groups of individuals congregate, and places where volatile conditions may pose a threat to public safety; and

(6) Various forms of transportation and public infrastructure, whose safety, security, and stability are critical to supporting social function.

h.   The historical record also supports restriction of firearm possession on private property when the owner has not given their consent.  Many states require a property owner's permission before another may enter private dwellings and private lands with a firearm or other weapons.  Requiring consent from the property owner before carrying weapons onto private property is also in line with both the reasonable expectations and property rights of New Jersey property owners.

i.   Additionally, the fees to obtain a firearms purchaser identification permit or a permit to purchase a handgun in New Jersey were initially set by statute over 50 years ago at $5 and $2, respectively, and in over a half century the law has never been changed to increase these fees, notwithstanding the impact of inflation, increasing costs of background checks and related investigations, and the investment made over the years to technologically upgrade the firearms application and registration system established and maintained by the New Jersey State Police.

j.   Accordingly, the Legislature finds it is necessary and proper to revise this State's procedural and substantive laws related to firearms to update the process and the standards applicable to firearm purchase and possession as well as our handgun carry law, and to continue to promote public safety and reduce gun violence in a manner consistent with the Second Amendment principles articulated by the current Supreme Court jurisprudence.  These revisions will focus on factors other than the need or purpose a person may assert as justification to carry a handgun, such as the person's background and qualifications, with the ultimate goal of keeping New Jersey streets and neighborhoods safe from gun violence.

P.L. 2022, CHAPTER 131

3

2.   N.J.S.2C:58-3 is amended to read as follows:

Purchase of firearms.

2C:58-3. a. Permit to purchase a handgun.

(1) A person shall not sell, give, transfer, assign or otherwise dispose of, nor receive, purchase, or otherwise acquire a handgun unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or has first secured a permit to purchase a handgun as provided by this section.

(2) A person who is not a licensed retail dealer and sells, gives, transfers, assigns, or otherwise disposes of, or receives, purchases or otherwise acquires a handgun pursuant to this section shall conduct the transaction through a licensed retail dealer.

The provisions of this paragraph shall not apply if the transaction is:

(a) between members of an immediate family as defined in subsection n. of this section;

(b) between law enforcement officers;

(c) between collectors of firearms or ammunition as curios or relics as defined in Title 18, U.S.C. section 921 (a) (13) who have in their possession a valid Collector of Curios and Relics License issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives; or

(d) a temporary transfer pursuant to section 1 of P.L.1992, c.74 (C.2C:58-3.1) or section 1 of P.L.1997, c.375 (C.2C:58-3.2).

(3) Prior to a transaction conducted pursuant to this subsection, the retail dealer shall complete a National Instant Criminal Background Check of the person acquiring the handgun. In addition:

(a) the retail dealer shall submit to the Superintendent of State Police, on a form approved by the superintendent, information identifying and confirming the background check;

(b) every retail dealer shall maintain a record of transactions conducted pursuant to this subsection, which shall be maintained at the address displayed on the retail dealer's license for inspection by a law enforcement officer during reasonable hours;

(c) a retail dealer may charge a fee for a transaction conducted pursuant to this subsection; and

(d) any record produced pursuant to this subsection shall not be considered a public record pursuant to P.L.1963, c.73 (C.47:1A-1 et seq.) or P.L.2001, c.404 (C.47:1A-5 et al.).

b.   Firearms purchaser identification card.

(1) A person shall not sell, give, transfer, assign or otherwise dispose of nor receive, purchase or otherwise acquire an antique cannon or a rifle or shotgun, other than an antique rifle or shotgun, unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or possesses a valid firearms purchaser identification card, and first exhibits the card to the seller, donor, transferor or assignor, and unless the purchaser, assignee, donee, receiver or holder signs a written certification, on a form prescribed by the superintendent, which shall indicate that the person presently complies with the requirements of subsection c. of this section and shall contain the person's name, address and firearms purchaser identification card number or dealer's registration number.  The certification shall be retained by the seller, as provided in paragraph (4) of subsection a. of N.J.S.2C:58-2, or, in the case of a person who is not a dealer, it may be filed with the chief police officer of the municipality in which the person resides or with the superintendent.

(2) A person who is not a licensed retail dealer and sells, gives, transfers, assigns, or otherwise disposes of, or receives, purchases or otherwise acquires an antique cannon or a rifle or shotgun pursuant to this section shall conduct the transaction through a licensed retail dealer.

P.L. 2022, CHAPTER 131

4

The provisions of this paragraph shall not apply if the transaction is:

(a) between members of an immediate family as defined in subsection n. of this section;

(b) between law enforcement officers;

(c) between collectors of firearms or ammunition as curios or relics as defined in Title 18, U.S.C. section 921 (a) (13) who have in their possession a valid Collector of Curios and Relics License issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives; or

(d) a temporary transfer pursuant to section 1 of P.L.1992, c.74 (C.2C:58-3.1) and section 1 of P.L.1997, c.375 (C.2C:58-3.2).

(3) Prior to a transaction conducted pursuant to this subsection, the retail dealer shall complete a National Instant Criminal Background Check of the person acquiring an antique cannon or a rifle or shotgun.  In addition:

(a) the retail dealer shall submit to the Superintendent of State Police, on a form approved by the superintendent, information identifying and confirming the background check;

(b) every retail dealer shall maintain a record of transactions conducted pursuant to this section which shall be maintained at the address set forth on the retail dealer's license for inspection by a law enforcement officer during reasonable hours;

(c) a retail dealer may charge a fee, not to exceed $70, for a transaction conducted pursuant to this subsection; and

(d) any record produced pursuant to this subsection shall not be considered a public record pursuant to P.L.1963, c.73 (C.47:1A-1 et seq.) or P.L.2001, c.404 (C.47:1A-5 et al.).

c.    Who may obtain.  Except as hereinafter provided, a person shall not be denied a permit to purchase a handgun or a firearms purchaser identification card, unless the person is known in the community in which the person lives as someone who has engaged in acts or made statements suggesting the person is likely to engage in conduct, other than justified self-defense, that would pose a danger to self or others, or is subject to any of the disabilities set forth in this section or other sections of this chapter.  A handgun purchase permit or firearms purchaser identification card shall not be issued:

(1) To any person who has been convicted of: (a) any crime in this State or its felony counterpart in any other state or federal jurisdiction; or (b) a disorderly persons offense in this State involving an act of domestic violence as defined in section 3 of P.L.1991, c.261 (C.2C:25-19) or its felony or misdemeanor counterpart involving an act of domestic violence as defined under a comparable statute in any other state or federal jurisdiction, whether or not armed with or possessing a weapon at the time of the offense;

(2) To any person who is presently confined for a mental disorder as a voluntary admission as defined in section 2 of P.L.1987, c.116 (C.30:4-27.2) or who is presently involuntarily committed to inpatient or outpatient treatment pursuant to P.L.1987, c.116 (C.30:4-27.1 et seq.);

(3) To any person who suffers from a physical defect or disease which would make it unsafe for that person to handle firearms, to any person with a substance use disorder involving drugs as defined in section 2 of P.L.1970, c.226 (C.24:21-2), or to any alcoholic as defined in section 2 of P.L.1975, c.305 (C.26:2B-8) unless any of the foregoing persons produces a certificate of a medical doctor, treatment provider, or psychiatrist licensed in New Jersey, or other satisfactory proof, that the person is no longer suffering from that particular disability in a manner that would interfere with or handicap that person in the handling of firearms; to any person who knowingly falsifies any information on the application form for a handgun purchase permit or firearms purchaser identification card;

(4) To any person under the age of 18 years for a firearms purchaser identification card and to any person under the age of 21 years for a permit to purchase a handgun;

P.L. 2022, CHAPTER 131

5

(5) To any person where the issuance would not be in the interest of the public health, safety or welfare because the person is found to be lacking the essential character of temperament necessary to be entrusted with a firearm;

(6) To any person who is subject to or has violated a temporary or final restraining order issued pursuant to the "Prevention of Domestic Violence Act of 1991", P.L.1991, c.261 (C.2C:25-17 et seq.) prohibiting the person from possessing any firearm or a temporary or final domestic violence restraining order issued in another jurisdiction prohibiting the person from possessing any firearm;

(7) To any person who as a juvenile was adjudicated delinquent for an offense which, if committed by an adult, would constitute a crime and the offense involved the unlawful use or possession of a weapon, explosive or destructive device or is enumerated in subsection d. of section 2 of P.L.1997, c.117 (C.2C:43-7.2);

(8) To any person whose firearm is seized pursuant to the "Prevention of Domestic Violence Act of 1991", P.L.1991, c.261 (C.2C:25-17 et seq.) and whose firearm has not been returned; or

(9) To any person named on the consolidated Terrorist Watchlist maintained by the Terrorist Screening Center administered by the Federal Bureau of Investigation;

(10) To any person who is subject to or has violated a court order prohibiting the custody, control, ownership, purchase, possession, or receipt of a firearm or ammunition issued pursuant to the "Extreme Risk Protective Order Act of 2018", P.L.2018, c.35 (C.2C:58-20 et al.);

(11) To any person who is subject to or has violated a court order prohibiting the custody, control, ownership, purchase, possession, or receipt of a firearm or ammunition issued pursuant to P.L.2021, c.327 (C.2C:12-14 et al.);

(12) To any person who is subject to or has violated a temporary or final restraining order issued pursuant to the "Sexual Assault Survivor Protection Act of 2015," P.L.2015, c.147 (C.2C:14-13 et al.);

(13) To any person who has previously been voluntarily admitted to inpatient treatment pursuant to P.L.1987, c.116 (C.30:4-27.1 et seq.) or involuntarily committed to inpatient or outpatient treatment pursuant to P.L.1987, c.116 (C.30:4-27.1 et seq.), unless the court has expunged the person's record pursuant to P.L.1953, c.268 (C.30:4-80.8 et seq.);

(14) To any person who is subject to an outstanding arrest warrant for an indictable crime in this State or for a felony, other than a felony to which section 1 of P.L.2022, c.50 (C.2A:160-14.1) would apply, in any other state or federal jurisdiction; or

(15) To any person who is a fugitive from justice due to having fled from any state or federal jurisdiction to avoid prosecution for a crime, other than a crime to which section 1 of P.L.2022, c.50 (C.2A:160-14.1) would apply, or to avoid giving testimony in any criminal proceeding.

In order to obtain a permit to purchase a handgun or a firearms purchaser identification card, the applicant shall demonstrate that, within four years prior to the date of the application, the applicant satisfactorily completed a course of instruction approved by the superintendent in the lawful and safe handling and storage of firearms.  The applicant shall be required to demonstrate completion of a course of instruction only once prior to obtaining either a firearms purchaser identification card or the applicant's first permit to purchase a handgun.

The applicant shall not be required to demonstrate completion of a course of instruction in order to obtain any subsequent permit to purchase a handgun, to replace an existing firearms purchaser identification card, or to renew a firearms purchaser identification card.

An applicant who is a law enforcement officer who has satisfied the requirements of subsection j. of N.J.S.2C:39-6, a retired law enforcement officer who has satisfied the requirements of subsection l. of N.J.S.2C:39-6, or a veteran who was honorably discharged as

a member of the United States Armed Forces or National Guard who received substantially equivalent training shall not be required to complete the course of instruction required pursuant to the provisions of this subsection.

A person who obtained a permit to purchase a handgun or a firearms purchaser identification card prior to the effective date of P.L.2022, c.58 shall not be required to complete a course of instruction pursuant to this subsection.

d.  Issuance.  The chief police officer of an organized full-time police department of the municipality where the applicant resides or the superintendent, in all other cases, shall upon application, issue to any person qualified under the provisions of subsection c. of this section a permit to purchase a handgun or a firearms purchaser identification card.

A firearms purchaser identification card issued following the effective date of P.L.2022, c.58 shall display a color photograph and be electronically linked to the fingerprints of the card holder.  A person who obtained a firearms purchaser identification card prior to the effective date of P.L.2022, c.58 shall not be required to obtain a firearms purchaser identification card that displays a color photograph and is electronically linked to fingerprints.  The superintendent shall establish guidelines as necessary to effectuate the issuance of firearms purchaser identification cards that display a color photograph and which are electronically linked to the fingerprints of the card holder.

The requirements of this subsection concerning firearms purchaser identification cards issued following the effective date of P.L.2022, c.58 shall remain inoperative until such time as the superintendent establishes a system to produce cards that comply with this requirement and, until such time, applicants issued a firearms purchaser identification card shall be provided with cards that do not conform to the requirements of this section, which shall be afforded full force and effect until such time as the system is established and a compliant card is issued in accordance with this subsection.  An applicant issued a non-compliant firearms purchaser identification card shall obtain a card, at no cost to the applicant, which conforms to the requirements of this section no later than one year after receiving notice that the system to produce cards that comply with this requirement is operational.

If an application for a permit or identification card is denied, the applicant shall be provided with a written statement of the reasons for the denial.  Any person aggrieved by the denial of a permit or identification card may request a hearing in the Superior Court of the county in which the person resides if the person is a resident of New Jersey or in the Superior Court of the county in which the person's application was filed if the person is a nonresident.  The request for a hearing shall be made in writing within 30 days of the denial of the application for a permit or identification card.  The applicant shall serve a copy of the request for a hearing upon the chief police officer of the municipality in which the person resides, if the person is a resident of New Jersey, and upon the superintendent in all cases.  The hearing shall be held and a record made thereof within 60 days of the receipt of the application for a hearing by the judge of the Superior Court.  No formal pleading and no filing fee shall be required as a preliminary to a hearing.  Appeals from the results of a hearing shall be in accordance with law.

The Administrative Director of the Courts shall coordinate with the superintendent in the development of an electronic filing system to receive requests for hearings and serve the chief police officer and superintendent as required in this section.

e.  Applications.  Applications for permits to purchase a handgun and for firearms purchaser identification cards shall be in the form prescribed by the superintendent and shall set forth the name, residence, place of business, age, date of birth, occupation, sex, any aliases or other names previously used by the applicant, gender, and physical description, including

distinguishing physical characteristics, if any, of the applicant, and shall state whether the applicant is a citizen, whether the applicant is an alcoholic as defined in section 2 of P.L.1975, c. 305 (C. 26:2B-8) or is a drug-dependent person as defined in section 2 of P.L.1970, c.226 (C.24:21-2), whether the applicant has ever been confined or committed to a mental institution or hospital for treatment or observation of a mental or psychiatric condition on a temporary, interim or permanent basis, giving the name and location of the institution or hospital and the dates of confinement or commitment, whether the applicant has been attended, treated or observed by any doctor or psychiatrist or at any hospital or mental institution on an inpatient or outpatient basis for any mental or psychiatric condition, giving the name and location of the doctor, psychiatrist, hospital or institution and the dates of the occurrence, whether the applicant presently or ever has been a member of any organization which advocates or approves the commission of acts of force and violence to overthrow the Government of the United States or of this State, or which seeks to deny others their rights under the Constitution of either the United States or the State of New Jersey, whether the applicant has ever been convicted of a crime or disorderly persons offense in this State or felony or misdemeanor in any other state or federal jurisdiction, whether the applicant is subject to a restraining order issued pursuant to the "Prevention of Domestic Violence Act of 1991", P.L.1991, c.261 (C.2C:25-17 et seq.) or an order entered under the provisions of a substantially similar statute under the laws of another jurisdiction prohibiting the applicant from possessing any firearm, whether the applicant is subject to a restraining order issued pursuant to the "Sexual Assault Survivor Protection Act of 2015," P.L.2015, c.147 (C.2C:14-13 et al.) or an order entered under the provisions of a substantially similar statute under the laws of another jurisdiction, whether the applicant is subject to a protective order issued pursuant to the "Extreme Risk Protective Order Act of 2018", P.L.2018, c.35 (C.2C:58-20 et al.), whether the applicant is subject to a protective order issued pursuant to P.L.2021, c.327 (C.2C:12-14 et al.) prohibiting the applicant from possessing any firearm, and other information as the superintendent shall deem necessary for the proper enforcement of this chapter. For the purpose of complying with this subsection, the applicant shall waive any statutory or other right of confidentiality relating to institutional confinement. The application shall be signed by the applicant and shall contain as references the names and addresses of two reputable citizens personally acquainted with the applicant.

An applicant for a permit to purchase a handgun shall also certify, with respect to each handgun listed on the form, whether the applicant is purchasing the handgun on the applicant's own behalf or, if not, that the purchase is being made on behalf of a third party to whom the applicant may lawfully transfer the handgun.

Application blanks shall be obtainable from the superintendent, from any other officer authorized to grant a permit or identification card, and from licensed retail dealers, or shall be made available through an online process established or made available by the superintendent.

The chief police officer or the superintendent shall obtain the fingerprints of the applicant and shall have them compared with any and all records of fingerprints in the municipality and county in which the applicant resides and also the records of the State Bureau of Identification and the Federal Bureau of Investigation, provided that an applicant for a handgun purchase permit who possesses a valid firearms purchaser identification card, or who has previously obtained a handgun purchase permit from the same licensing authority for which the applicant was previously fingerprinted, and who provides other reasonably satisfactory proof of the applicant's identity, need not be fingerprinted again; however, the chief police officer or the superintendent shall proceed to investigate the application to determine whether or not the applicant has become subject to any of the disabilities set forth in this chapter.

P.L. 2022, CHAPTER 131

8

 f. Granting of permit or identification card; fee; term; renewal; revocation. The application for the permit to purchase a handgun together with a fee of $25, or the application for the firearms purchaser identification card together with a fee of $50, shall be delivered or forwarded to the licensing authority who, upon determining that the application is complete, shall investigate the same and, provided the requirements of this section are met, shall grant the permit or the identification card, or both, if application has been made therefor, within 30 days from the date of receipt of the completed application for residents of this State and within 45 days for nonresident applicants. A permit to purchase a handgun shall be valid for a period of 90 days from the date of issuance and may be renewed by the issuing authority for good cause for an additional 90 days. A firearms purchaser identification card issued or renewed after the effective date of P.L.2022, c.58 shall expire during the tenth calendar year following its date of issuance and on the same calendar day as the person's date of birth.

 If the date of birth of the firearms purchaser identification card holder does not correspond to a calendar day of the tenth calendar year, the card shall expire on the last day of the birth month of the card holder.

 A firearms purchaser identification card issued pursuant to this section may be renewed upon filing of a renewal application and payment of the required fee, provided that the holder is not subject to any of the disabilities set forth in subsection c. of this section and complies with all other applicable requirements as set forth in statute and regulation. If an application for renewal of a firearms purchaser identification card is denied, the applicant shall be provided with a written statement of the reasons for the denial. Any person aggrieved by the denial of an application for renewal of a firearms purchaser identification card may request a hearing in the Superior Court of the county in which the person resides if the person is a resident of New Jersey or in the Superior Court of the county in which the person's application was filed if the person is a nonresident. The request for a hearing shall be made in writing within 30 days of the denial of the application for renewal of the firearms purchaser identification card. The applicant shall serve a copy of the request for a hearing upon the chief police officer of the municipality in which the applicant resides, if the person is a resident of New Jersey, and upon the superintendent in all cases. The hearing shall be held and a record made thereof within 60 days of the receipt of the application for a hearing by the judge of the Superior Court. A formal pleading and filing fee shall not be required as a preliminary to a hearing. Appeals from the results of a hearing shall be in accordance with law.

 The Administrative Director of the Courts shall coordinate with the superintendent in the development of an electronic filing system to receive requests for hearings and serve the chief police officer and superintendent as required in this section.

 A firearms purchaser identification card issued prior to the effective date of P.L.2022, c.58 shall not expire.

 A firearms purchaser identification card shall be void if the holder becomes subject to any of the disabilities set forth in subsection c. of this section, whereupon the card shall be returned within five days by the holder to the superintendent, who shall then advise the licensing authority. Failure of the holder to return the firearms purchaser identification card to the superintendent within the five days shall be an offense under subsection a. of N.J.S.2C:39-10. Any firearms purchaser identification card may be revoked by the Superior Court of the county wherein the card was issued, after hearing upon notice, upon a finding that the holder thereof no longer qualifies for the issuance of the permit. The county prosecutor of any county, the chief police officer of any municipality or any citizen may apply to the court at any time for the revocation of the card.

P.L. 2022, CHAPTER 131

9

There shall be no conditions or requirements added to the form or content of the application, or required by the licensing authority for the issuance or renewal of a permit or identification card, other than those that are specifically set forth in this chapter.

g.   Disposition of fees.  All fees for permits shall be paid to the State Treasury for deposit into the Victims of Crime Compensation Office account if the permit is issued by the superintendent, to the municipality if issued by the chief police officer, and to the county treasurer if issued by the judge of the Superior Court.

h.   Form of permit; establishment of a web portal; disposition of the completed information.  (1) Except as otherwise provided in paragraph (2) of this subsection, the permit shall be in the form prescribed by the superintendent and shall be issued to the applicant electronically through e-mail or the web portal established or designated for this purpose by the superintendent or in such form or manner as may be authorized by the superintendent. Prior to the time the applicant receives the handgun from the seller, the applicant shall provide to the seller an acknowledgement of the permit in the form required under the process established by the superintendent, and the seller shall complete all of the information required on the web portal.  This information shall be forwarded to the superintendent through the web portal, or in such other manner as may be authorized by the superintendent, and to the chief police officer of the municipality in which the purchaser resides, except that in a municipality having no chief police officer, the information shall be forwarded to the superintendent.  The purchaser shall retain a copy of the completed information and the seller shall retain a copy of the completed information as a permanent record.

A transfer of a handgun between or among immediate family members, law enforcement officers, or collectors of firearms or ammunition as curios or relics shall be conducted via the web portal established or designated by the superintendent, which shall include among other things a certification that the seller and purchaser are in fact immediate family members, law enforcement officers, or collectors of firearms or ammunition as curios or relics.

(2) The requirements of this subsection concerning the delivery and form of permit and disposition of copies shall not be applicable when these functions may be completed by utilizing an electronic system as described in paragraph (2) of subsection b. of N.J.S.2C:58-2 or section 5 of P.L.2022, c.55 (C.2C:58-3.3a).

i.   Restriction on number of firearms person may purchase. Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period, but this limitation shall not apply to:

(1) a federal, State, or local law enforcement officer or agency purchasing handguns for use by officers in the actual performance of their law enforcement duties;

(2) a collector of handguns as curios or relics as defined in Title 18, United States Code, section 921 (a) (13) who has in the collector's possession a valid Collector of Curios and Relics License issued by the federal Bureau of Alcohol, Tobacco, Firearms and Explosives;

(3) transfers of handguns among licensed retail dealers, registered wholesale dealers and registered manufacturers;

(4) transfers of handguns from any person to a licensed retail dealer or a registered wholesale dealer or registered manufacturer;

(5) any transaction where the person has purchased a handgun from a licensed retail dealer and has returned that handgun to the dealer in exchange for another handgun within 30 days of the original transaction, provided the retail dealer reports the exchange transaction to the superintendent; or

(6) any transaction where the superintendent issues an exemption from the prohibition in this subsection pursuant to the provisions of section 4 of P.L.2009, c.186 (C.2C:58-3.4).

P.L. 2022, CHAPTER 131

10

The provisions of this subsection shall not be construed to afford or authorize any other exemption from the regulatory provisions governing firearms set forth in chapter 39 and chapter 58 of Title 2C of the New Jersey Statutes;

A person shall not be restricted as to the number of rifles or shotguns the person may purchase, provided the person possesses a valid firearms purchaser identification card and provided further that the person signs the certification required in subsection b. of this section for each transaction.

j.   Firearms passing to heirs or legatees.   Notwithstanding any other provision of this section concerning the transfer, receipt or acquisition of a firearm, a permit to purchase or a firearms purchaser identification card shall not be required for the passing of a firearm upon the death of an owner thereof to the owner's heir or legatee, whether the same be by testamentary bequest or by the laws of intestacy. The person who shall so receive, or acquire the firearm shall, however, be subject to all other provisions of this chapter. If the heir or legatee of the firearm does not qualify to possess or carry it, the heir or legatee may retain ownership of the firearm for the purpose of sale for a period not exceeding 180 days, or for a further limited period as may be approved by the chief law enforcement officer of the municipality in which the heir or legatee resides or the superintendent, provided that the firearm is in the custody of the chief law enforcement officer of the municipality or the superintendent during that period.

k.   Sawed-off shotguns.   Nothing in this section shall be construed to authorize the purchase or possession of any sawed-off shotgun.

l.   Nothing in this section and in N.J.S.2C:58-2 shall apply to the sale or purchase of a visual distress signalling device approved by the United States Coast Guard, solely for possession on a private or commercial aircraft or any boat; provided, however, that no person under the age of 18 years shall purchase nor shall any person sell to a person under the age of 18 years a visual distress signalling device.

m.   The provisions of subsections a. and b. of this section and paragraphs (4) and (5) of subsection a. of N.J.S.2C:58-2 shall not apply to the purchase of firearms by a law enforcement agency for use by law enforcement officers in the actual performance of the officers' official duties, which purchase may be made directly from a manufacturer or from a licensed dealer located in this State or any other state.

n.   For the purposes of this section, "immediate family" means a spouse, domestic partner as defined in section 3 of P.L.2003, c.246 (C.26:8A-3), partner in a civil union couple as defined in section 2 of P.L.2006, c.103 (C.37:1-29), parent, stepparent, grandparent, sibling, stepsibling, child, stepchild, and grandchild, as related by blood or by law.

o.   Registration of handguns owned by new residents.   Any person who becomes a resident of this State following the effective date of P.L.2022, c.52 and who transports into this State a firearm that the person owned or acquired while residing in another state shall apply for a firearms purchaser identification card within 60 days of becoming a New Jersey resident, and shall register any handgun so transported into this State within 60 days as provided in this subsection.

A person who registers a handgun pursuant to this subsection shall complete a registration statement, which shall be in a form prescribed by the superintendent.   The information provided in the registration statement shall include, but shall not be limited to, the name and address of the person and the make, model, and serial number of the handgun being registered. Each registration statement shall be signed by the person, and the signature shall constitute a representation of the accuracy of the information contained in the registration statement.

P.L. 2022, CHAPTER 131

11

The registration statement shall be submitted to the law enforcement agency of the municipality in which the person resides or, if the municipality does not have a municipal law enforcement agency, any State Police station.

Within 60 days prior to the effective date of P.L.2022, c.52, the superintendent shall prepare the form of registration statement as described in this subsection and shall provide a suitable supply of statements to each organized full-time municipal police department and each State Police station.

A person who fails to apply for a firearms purchaser identification card or register a handgun as required pursuant to this subsection shall be granted 30 days to comply with the provisions of this subsection.  If the person does not comply within 30 days, the person shall be liable to a civil penalty of $250 for a first offense and shall be guilty of a disorderly persons offense for a second or subsequent offense.

If a person is in possession of multiple firearms or handguns in violation of this subsection, the person shall be guilty of one offense under this subsection provided the violation is a single event.

The civil penalty shall be collected pursuant to the "Penalty Enforcement Law of 1999," P.L.1999, c.274 (C.2A:58-10 et seq.) in a summary proceeding before the municipal court having jurisdiction.  A law enforcement officer having enforcement authority in that municipality may issue a summons for a violation, and may serve and execute all process with respect to the enforcement of this subsection consistent with the Rules of Court.

p.  A chief police officer or the superintendent may delegate to subordinate officers or employees of the law enforcement agency the responsibilities established pursuant to this section.

3.  N.J.S.2C:58-4 is amended to read as follows:

Permits to carry handguns.

2C:58-4. a. Scope and duration of authority.  Any person who holds a valid permit to carry a handgun issued pursuant to this section shall be authorized to carry a handgun in a holster concealed on their person in all parts of this State, except as prohibited by subsection e. of N.J.S.2C:39-5 and section 7 of P.L.2022, c.131 (C.2C:58-4.6).  One permit shall be sufficient for all handguns owned by the holder thereof, but the permit shall apply only to a handgun carried by the actual and legal holder of the permit and, except as otherwise provided in subsection b. of section 6 of P.L.2022, c.131 (C.2C:58-4.5), shall not be construed to authorize a holder to carry a handgun openly, provided that a brief, incidental exposure of a handgun while transferring it to or from a holster or due to the shifting of the person's body position or clothing shall be deemed a de minimis infraction within the contemplation of N.J.S.2C:2-11.

All permits to carry handguns shall expire two years from the date of issuance or, in the case of an employee of an armored car company, upon termination of the employee's employment by the company occurring prior thereto whichever is earlier in time, and they may thereafter be renewed every two years in the same manner and subject to the same conditions as in the case of original applications.

b.  Application forms.  All applications for permits to carry handguns, and all applications for renewal of permits, shall be made on the forms and in the manner prescribed by the superintendent.  Each application shall set forth the full name, date of birth, sex, residence, occupation, place of business or employment, any aliases or other names previously used by the applicant, and physical description of the applicant, and any other information the superintendent may prescribe for the determination of the applicant's eligibility for a permit

and for the proper enforcement of this chapter.  The application shall be signed by the applicant under oath, and shall be endorsed by not less than four reputable persons who are not related by blood or by law to the applicant and have known the applicant for at least three years preceding the date of application, and who shall certify thereon that the applicant has not engaged in any acts or made any statements that suggest the applicant is likely to engage in conduct, other than lawful self-defense, that would pose a danger to the applicant or others. The reputable persons also shall provide relevant information supporting the certification, including the nature and extent of their relationship with the applicant and information concerning their knowledge of the applicant's use of drugs or alcohol.

c.   Investigation and approval.   Each application shall be accompanied by a $200 application fee and shall in the first instance be submitted to the chief police officer of the municipality in which the applicant resides, or to the superintendent if: (1) the applicant is an employee of an armored car company; (2) there is no chief police officer in the municipality where the applicant resides; (3) the applicant does not reside in this State; or (4) the applicant is a mayor or other elected member of the municipal governing body.

In the case of an application made to the chief police officer of a municipality, $150 of the fee shall be retained by the municipality and the remaining $50 shall be forwarded to the superintendent.  The fee amount retained by the municipality shall be used to defray the costs of investigation, administration, and processing of the permit to carry handgun applications. Application fees made to the superintendent shall be deposited into the Victims of Crime Compensation Office account.

The chief police officer, or the superintendent, as the case may be, shall determine whether the application is complete and, if so, shall cause the fingerprints of the applicant to be taken and compared with any and all records maintained by the municipality, the county in which it is located, the State Bureau of Identification and the Federal Bureau of Identification or, for an applicant who previously submitted fingerprints in order to apply for a firearms purchaser identification card or a permit to purchase a handgun in accordance with N.J.S.2C:58-3 or a permit to carry a handgun in accordance with this section, may solicit such other identification information as may be authorized by the superintendent for the conduct of a comparable criminal record check.  The chief police officer or the superintendent, as the case may be, shall also determine and record a complete description of each handgun the applicant intends to carry.  The chief police officer, or the superintendent, as the case may be, shall interview the applicant and the persons endorsing the application under subsection b. of this section, and shall make inquiry concerning, and investigate to the extent warranted, whether the applicant is likely to engage in conduct that would result in harm to the applicant or others, including, but not limited to, whether the applicant has any history of threats or acts of violence by the applicant directed toward self or others or any history of use, attempted use, or threatened use of physical force by the applicant against another person, or other incidents implicating the disqualifying criteria set forth in subsection c. of N.J.S.2C:58-3, including but not limited to determining whether the applicant has been subject to any recent arrests or criminal charges for disqualifying crimes or has been experiencing any mental health issues such as suicidal ideation or violent impulses, and the applicant's use of drugs or alcohol.

The chief police officer or the superintendent may require such other information from the applicant or any other person, including but not limited to publicly available statements posted or published online by the applicant, as the chief police officer or superintendent deems reasonably necessary to conduct the review of the application.

An application shall not be approved by the chief police officer or the superintendent unless the applicant demonstrates that the applicant is not subject to any of the disabilities set forth

in subsection c. of N.J.S.2C:58-3, that the applicant is thoroughly familiar with the safe handling and use of handguns, including providing proof of completion of any training or proficiency requirements established under the law, and that the applicant is in compliance with the liability insurance requirement of section 4 of P.L.2022, c.131 (C.2C:58-4.3).

Once the application is deemed complete by the chief police officer or the superintendent, if it is not approved or denied by the chief police officer or the superintendent within 90 days of filing, it shall be deemed to have been approved; provided, however, the chief police officer or the superintendent may, for good cause shown and upon written notification to the applicant, extend by up to an additional 30 days the time period for which the application may be approved or denied.  The written notification sent to the applicant shall provide a detailed explanation of the reasons for the extension.  An applicant also may agree in writing to an additional extension of time past the 120 day statutory time frame.

A chief police officer or the superintendent may delegate to subordinate officers or employees of the law enforcement agency the responsibilities established pursuant to this section.

d.   Issuance of permit; establishment of web portal; disposition of completed information.  If the application has been approved by the chief police officer or the superintendent, as the case may be, the chief police officer or the superintendent shall issue the permit to the applicant in the form prescribed by the superintendent.

The permit shall be issued to the applicant electronically through electronic mail or through the web portal established or designated for this purpose by the superintendent, or in such form or manner as may be authorized by the superintendent, if, but only if, the chief police officer or superintendent determines that the applicant:

(1) has not engaged in any acts or made any statements that suggest the applicant is likely to engage in conduct, other than lawful self-defense, that would pose a danger to the applicant or others and is not subject to any of the disabilities set forth in subsection c. of N.J.S.2C:58-3;

(2) is thoroughly familiar with the safe handling and use of handguns;

(3) has completed the training requirements established pursuant to subsection g. of this section, provided that any requirement for classroom instruction and target training shall not be required for a renewal applicant who completed the instruction and training when obtaining a permit to carry a handgun issued within the previous two years; and

(4) is in compliance with the liability insurance requirement of section 4 of P.L.2022, c.131 (C.2C:58-4.3).

The provisions of this section requiring the issuance of a permit to carry a handgun utilizing the web portal established pursuant to this subsection and requiring the superintendent or chief police officer to determine that an applicant has completed the training requirement pursuant to subsection c. of this section and paragraph (3) of this subsection and is in compliance with the liability insurance requirements pursuant to subsection c. of this section and paragraph (4) of this subsection shall remain inoperative until the first day of the seventh month next following the date of enactment of P.L.2022, c.131 (C.2C:58-4.2 et al.).

e.   Appeals from denial of applications.  An applicant who is denied a permit to carry a handgun shall be provided with a written statement of the reasons for the denial.  Any applicant aggrieved by the denial by the chief police officer or the superintendent of approval for a permit to carry a handgun may request a hearing in the Superior Court of the county in which the applicant resides or in any county in which the applicant intends to carry a handgun, in the case of a nonresident, by filing a written request for a hearing within 30 days of the denial. The aggrieved applicant shall serve copies of the request upon the superintendent, the county prosecutor, and the chief police officer of the municipality where the applicant resides, if the

P.L. 2022, CHAPTER 131
14

applicant is a resident of this State. The hearing shall be held within 60 days of the filing of the request, and no formal pleading or filing fee shall be required. Appeals from the determination at the hearing shall be in accordance with law and the rules governing the courts of this State.

The Administrative Director of the Courts shall coordinate with the superintendent in the development of an electronic filing system to receive requests for hearings and serve the chief police officer and superintendent as required in this section.

f. Revocation of permits. Any permit issued under this section shall be void at the time the holder thereof becomes subject to any of the disabilities set forth in subsection c. of N.J.S.2C:58-3, and the holder of a void permit shall immediately surrender the permit to the superintendent who shall give notice to the licensing authority. Any permit may be revoked by the Superior Court, after hearing upon notice to the holder, if the court finds that the holder is no longer qualified for the issuance of a permit. The county prosecutor of any county, the chief police officer of any municipality, the superintendent, or any citizen may apply to the court at any time for the revocation of any permit issued pursuant to this section.

g. Training requirement. (1) On or prior to the first day of the seventh month following the enactment of P.L.2022, c.131 (C.2C:58-4.2 et al.), the superintendent shall establish training requirements in the lawful and safe handling and storage of firearms, which shall consist of an online course of instruction, in-person classroom instruction, and target training administered by a certified firearm instructor on a firing range approved by the superintendent and on the list of approved ranges published on the State Police website. The training shall include, but not be limited to, demonstration of a level of proficiency in the use of a handgun in such manner as required by the superintendent and training, developed or approved in conjunction with the Police Training Commission, on justification in the use of deadly force under State law.

(2) A person who obtained a permit pursuant to this section prior to the first day of the seventh month following the date of enactment of P.L.2022, c.131 (C.2C:58-4.2 et al.) and which permit is not scheduled to expire until at least one year following the enactment of P.L.2022, c.131 (C.2C:58-4.2 et al.) shall comply with the training requirement established pursuant to this subsection no later than the first day of the tenth month following the date of enactment of P.L.2022, c.131 (C.2C:58-4.2 et al.).

h. For purposes of this section, "holster" means a device or sheath that securely retains a handgun which, at a minimum, conceals and protects the main body of the firearm, maintains the firearm in a consistent and accessible position, and renders the trigger covered and inaccessible while the handgun is fully seated in the holster.


C.2C:58-4.3  Liability insurance, handgun, public, carrying.

4. a. Every private citizen who carries a handgun in public in this State shall maintain liability insurance coverage insuring against loss resulting from liability imposed by law for bodily injury, death, and property damage sustained by any person arising out of the ownership, maintenance, operation or use of a firearm carried in public wherein such coverage shall be at least in an amount or limit of $300,000, exclusive of interest and costs, on account of injury to or death of more than one person and for damage to property, in any one incident.

b. Proof of liability insurance, as required pursuant to subsection a. of this section, shall be produced by the person carrying a handgun in public, within a reasonable amount of time following any injury, death, or property damage alleged to have been caused by the person carrying the handgun in public. This requirement shall be satisfied by delivering a full and complete copy of the applicable policy or policies of insurance that meet the standards

P.L. 2022, CHAPTER 131
15

established by subsection a. of this section and that were in force at the time of the injury, death, or property damage.

Notwithstanding the provisions of this subsection, disclosure of policy information under this section shall not constitute an admission that the alleged injury, death, or property damage is subject to the policy.

Information concerning the insurance policy shall not be admissible as evidence at trial by reason of disclosure pursuant to this subsection. The disclosure shall be confidential and available only to the injured person, representative of the decedent, or owner of damaged property and the attorney representing the injured person, representative of the decedent, or owner of damaged property and personnel in the office of the attorney.

c.   A violation of this section shall be a crime of the fourth degree and shall constitute full and sufficient grounds for revocation of a permit to carry a handgun issued pursuant to N.J.S.2C:58-4.

C.2C:58-4.4  Safety requirements, handgun carry.

5.   Safe carry requirements for authorized holders of a permit to carry a handgun.

a.   The holder of a permit to carry a handgun issued pursuant to N.J.S.2C:58-4 shall not:

(1) use or consume alcohol, a cannabis item, or a controlled substance while carrying a handgun;

(2) be under the influence of alcohol, cannabis, or a controlled substance while carrying a handgun;

(3) carry a handgun in public outside of a holster or carry a handgun in public in a holster that does not meet the requirements of subsection h. of N.J.S.2C:58-4;

 (4) carry more than two firearms under the permittee's control at one time; or

(5) engage in an unjustified display of a handgun.

A violation of this subsection shall be a crime of the fourth degree, and any such violation shall constitute full and sufficient grounds for revocation of a permit to carry a handgun issued pursuant to N.J.S.2C:58-4.

b.   The holder of a permit to carry a handgun issued pursuant to N.J.S.2C:58-4, if stopped or detained by a law enforcement officer while carrying a handgun in public or traveling with a handgun in a motor vehicle, shall:

(1) immediately disclose to the law enforcement officer that they are carrying a handgun or that a handgun is stored in the vehicle; and

(2) display the permit to carry a handgun issued pursuant to N.J.S.2C:58-4.

A violation of paragraph (1) of this section shall be a crime of the fourth degree. A person who violates paragraph (2) of this subsection shall be guilty of a disorderly persons offense for a first offense and subject to a $100 fine and a crime of the fourth degree for a second or subsequent offense.

c.   A holder of a permit to carry a handgun issued pursuant to N.J.S.2C:58-4 who is carrying a handgun in public and is detained by a law enforcement officer as part of a criminal investigation shall provide the handgun to the law enforcement officer upon request for purposes of inspecting the handgun. The provisions of this subsection shall not be construed to affect or otherwise limit the authority of a law enforcement officer to conduct a lawful search or seizure.

A violation of this subsection shall be a crime of the fourth degree.

C.2C:58-4.5  Restrictions, public carrying, handgun.

6.   Requirements and restrictions on the lawful carrying of a handgun in public.

P.L. 2022, CHAPTER 131

16

Except as permitted pursuant to N.J.S.2C:39-6, in addition to any criminal penalties under subsection b. of N.J.S.2C:39-5, sections 5 and 7 of P.L.2022, c.131 (C.2C:58-4.4 and C.2C:58-4.6), or any other law, it shall be a crime of the fourth degree for any person in a public place:

a.  to carry a handgun concealed on or about their person, except as permitted in accordance with N.J.S.2C:39-6, without possessing on their person a valid and lawfully issued permit to carry under N.J.S.2C:58-4 and proof of the liability insurance required pursuant to section 4 of P.L.2022, c.131 (C.2C:58-4.3); or

b.  to carry a handgun openly, whether or not in possession of a valid and lawfully issued permit to carry under N.J.S.2C:58-4 and proof of the liability insurance required pursuant to section 4 of P.L.2022, c.131 (C.2C:58-4.3).

C.2C:58-4.6  Prohibited areas, carrying, firearms, destructive device.

7.  Places where the carrying of a firearm or destructive device is prohibited.

a.  Except as otherwise provided in this section and in the case of a brief, incidental entry onto property, which shall be deemed a de minimis infraction within the contemplation of N.J.S.2C:2-11, it shall be a crime of the third degree for any person, other than a person lawfully carrying a firearm within the authorized scope of an exemption set forth in N.J.S.2C:39-6, to knowingly carry a firearm as defined in subsection f. of N.J.S.2C:39-1 and a crime of the second degree to knowingly possess a destructive device as defined in subsection c. of N.J.S.2C:39-1 in any of the following places, including in or upon any part of the buildings, grounds, or parking area of:

(1) a place owned, leased, or under the control of State, county or municipal government used for the purpose of government administration, including but not limited to police stations;

(2) a courthouse, courtroom, or any other premises used to conduct judicial or court administrative proceedings or functions;

(3) a State, county, or municipal correctional or juvenile justice facility, jail and any other place maintained by or for a governmental entity for the detention of criminal suspects or offenders;

(4) a State-contracted half-way house;

(5) a location being used as a polling place during the conduct of an election and places used for the storage or tabulation of ballots;

(6) within 100 feet of a place where a public gathering, demonstration or event is held for which a government permit is required, during the conduct of such gathering, demonstration or event;

(7) a school, college, university or other educational institution, and on any school bus;

(8) a child care facility, including a day care center;

(9) a nursery school, pre-school, zoo, or summer camp;

(10) a park, beach, recreation facility or area or playground owned or controlled by a State, county or local government unit, or any part of such a place, which is designated as a gun-free zone by the governing authority based on considerations of public safety;

(11) youth sports events, as defined in N.J.S.5:17-1, during and immediately preceding and following the conduct of the event, except that this provision shall not apply to participants of a youth sports event which is a firearm shooting competition to which paragraph (3) of subsection b. of section 14 of P.L.1979, c.179 (C.2C:58-6.1) applies;

(12) a publicly owned or leased library or museum;

(13) a shelter for the homeless, emergency shelter for the homeless, basic center shelter program, shelter for homeless or runaway youth, children's shelter, child care shelter, shelter

P.L. 2022, CHAPTER 131

17

for victims of domestic violence, or any shelter licensed by or under the control of the Juvenile Justice Commission or the Department of Children and Families;

(14) a community residence for persons with developmental disabilities, head injuries, or terminal illnesses, or any other residential setting licensed by the Department of Human Services or Department of Health;

(15) a bar or restaurant where alcohol is served, and any other site or facility where alcohol is sold for consumption on the premises;

(16) a Class 5 Cannabis retailer or medical cannabis dispensary, including any consumption areas licensed or permitted by the Cannabis Regulatory Commission established pursuant to section 31 of P.L.2019, c.153 (C.24:6I-24);

(17) a privately or publicly owned and operated entertainment facility within this State, including but not limited to a theater, stadium, museum, arena, racetrack or other place where performances, concerts, exhibits, games or contests are held;

(18) a casino and related facilities, including but not limited to appurtenant hotels, retail premises, restaurant and bar facilities, and entertainment and recreational venues located within the casino property;

(19) a plant or operation that produces, converts, distributes or stores energy or converts one form of energy to another;

(20) an airport or public transportation hub;

(21) a health care facility, including but not limited to a general hospital, special hospital, psychiatric hospital, public health center, diagnostic center, treatment center, rehabilitation center, extended care facility, skilled nursing home, nursing home, intermediate care facility, tuberculosis hospital, chronic disease hospital, maternity hospital, outpatient clinic, dispensary, assisted living center, home health care agency, residential treatment facility, residential health care facility, medical office, or ambulatory care facility;

(22) a facility licensed or regulated by the Department of Human Services, Department of Children and Families, or Department of Health, other than a health care facility, that provides addiction or mental health treatment or support services;

(23) a public location being used for making motion picture or television images for theatrical, commercial or educational purposes, during the time such location is being used for that purpose;

(24) private property, including but not limited to residential, commercial, industrial, agricultural, institutional or undeveloped property, unless the owner has provided express consent or has posted a sign indicating that it is permissible to carry on the premises a concealed handgun with a valid and lawfully issued permit under N.J.S.2C:58-4, provided that nothing in this paragraph shall be construed to affect the authority to keep or carry a firearm established under subsection e. of N.J.S.2C:39-6; and

(25) any other place in which the carrying of a firearm is prohibited by statute or rule or regulation promulgated by a federal or State agency.

b. (1) A person, other than a person lawfully carrying a firearm within the authorized scope of an exemption set forth in subsection a., c., or l. of N.J.S.2C:39-6, who is otherwise authorized under the law to carry or transport a firearm shall not do so while in a vehicle in New Jersey, unless the handgun is unloaded and contained in a closed and securely fastened case, gunbox, or locked unloaded in the trunk of the vehicle.

(2) A holder of a valid and lawfully issued permit to carry a handgun shall not leave a handgun outside of their immediate possession or control within a parked vehicle, unless the handgun is unloaded and contained in a closed and securely fastened case, or gunbox, and is

P.L. 2022, CHAPTER 131
18

not visible from outside of the vehicle, or is locked unloaded in the trunk or storage area of the vehicle.

A violation of paragraph (1) or (2) of this subsection is a crime of the fourth degree.

c.  Notwithstanding the provisions of subsections a. and b. of this section, the holder of a valid and lawfully issued permit to carry under N.J.S.2C:58-4 who is otherwise prohibited under this section from carrying a concealed firearm into the parking area of a prohibited location specified in subsection a. of this section shall be permitted to:

(1) transport a concealed handgun or ammunition within a vehicle into or out of the parking area, provided that the handgun is unloaded and contained in a closed and securely fastened case, gunbox, or locked unloaded in the trunk or storage area of the vehicle;

(2) store a handgun or ammunition within a locked lock box and out of plain view within the vehicle in the parking area;

(3) transport a concealed handgun in the immediate area surrounding their vehicle within a prohibited parking lot area only for the limited purpose of storing or retrieving the handgun within a locked lock box in the vehicle's trunk or other place inside the vehicle that is out of plain view; and

(4) transport a concealed handgun between a vehicle parked within a prohibited parking lot area and a place other than a prohibited place enumerated in subsection a. of this section, provided that the person immediately leaves the parking lot area and does not enter into or on the grounds of the prohibited place with the handgun.

d.  The holder of a valid and lawfully issued permit to carry under N.J.S.2C:58-4 shall not be in violation of subsection a. of this section while the holder is traveling along a public right-of-way that touches or crosses any of the places enumerated in subsection a. of this section if the concealed handgun is carried on their person in accordance with the provisions of this act or is being transported in a vehicle by the permit holder in accordance with all other applicable provisions of law.

e. (1) Nothing in this act shall be construed to prohibit the holder of a valid and lawfully issued permit under N.J.S.2C:58-4 who is lawfully authorized to provide security at a place enumerated in subsection a. of this section from carrying a firearm, openly or concealed, provided that the authorization is set forth in writing, and only to the extent permitted by the entity responsible for security at the place in question.

(2) Unless otherwise required or prohibited by law, the owner or entity in control of any place enumerated in subsection a. of this section or owner or entity responsible for providing security may allow or prohibit retired law enforcement officers who are authorized to possess and carry a handgun pursuant to subsection l. of N.J.S.2C:39-6 or qualified retired law enforcement officers within the meaning of the federal "Law Enforcement Officers Safety Act of 2004," Pub.L. 108-277 to carry a concealed handgun on the premises of such place.

f.  Nothing in this section shall be construed to prohibit an employee of an armored car company who is the holder of a valid and lawfully issued permit to carry a handgun issued pursuant to N.J.S.2C:58-4 who is contractually authorized to provide services for a client at a place enumerated in subsection a. of this section from carrying a firearm, openly, in the regular course of employment.

g.  Nothing in this section shall prohibit the carrying or transporting of a firearm in accordance with subsections e. and f. of N.J.S.2C:39-6 or where it is otherwise expressly authorized by law.

8.  N.J.S.2C:39-6 is amended to read as follows:

P.L. 2022, CHAPTER 131
19

Exemptions.

2C:39-6. a. Provided a person complies with the requirements of subsection j. of this section, N.J.S.2C:39-5 does not apply to:

(1) Members of the Armed Forces of the United States or of the National Guard while actually on duty, or while traveling between places of duty and carrying authorized weapons in the manner prescribed by the appropriate military authorities;

(2) Federal law enforcement officers, and any other federal officers and employees required to carry firearms in the performance of their official duties;

(3) Members of the State Police and, under conditions prescribed by the superintendent, members of the Marine Law Enforcement Bureau of the Division of State Police;

(4) A sheriff, undersheriff, sheriff's officer, prosecutor's detective or investigator, State investigator employed by the Division of Criminal Justice of the Department of Law and Public Safety, investigator employed by the State Commission of Investigation, inspector of the Alcoholic Beverage Control Enforcement Bureau of the Division of State Police in the Department of Law and Public Safety authorized to carry weapons by the Superintendent of State Police, State park police officer, or State conservation police officer;

(5) Except as hereinafter provided, a State correctional police officer, or a prison or jail warden of any penal institution in this State or the warden's deputies, or an employee of the Department of Corrections engaged in the interstate transportation of convicted offenders, while in the performance of the employee's duties, and when required to possess the weapon by a superior officer, or a correctional police officer or keeper of a penal institution in this State at all times while in the State of New Jersey, provided the person annually passes an examination approved by the superintendent testing the person's proficiency in the handling of firearms;

(6) A civilian employee of the United States Government under the supervision of the commanding officer of any post, camp, station, base or other military or naval installation located in this State who is required, in the performance of the employee's official duties, to carry firearms, and who is authorized to carry firearms by the commanding officer, while in the actual performance of the employee's official duties;

(7) (a) A regularly employed member, including a detective, of the police department of any county or municipality, or of any State, interstate, municipal or county park police force or boulevard police force, at all times while in the State of New Jersey;

(b) A special law enforcement officer authorized to carry a weapon as provided in subsection b. of section 7 of P.L.1985, c.439 (C.40A:14-146.14);

(c) An airport security officer or a special law enforcement officer appointed by the governing body of any county or municipality, except as provided in subparagraph (b) of this paragraph, or by the commission, board or other body having control of a county park or airport or boulevard police force, while engaged in the actual performance of the officer's official duties and when specifically authorized by the governing body to carry weapons;

(8) A full-time, paid member of a paid or part-paid fire department or force of any municipality who is assigned full-time or part-time to an arson investigation unit created pursuant to section 1 of P.L.1981, c.409 (C.40A:14-7.1) or to the county arson investigation unit in the county prosecutor's office, while either engaged in the actual performance of arson investigation duties or while actually on call to perform arson investigation duties and when specifically authorized by the governing body or the county prosecutor, as the case may be, to carry weapons. Prior to being permitted to carry a firearm, a member shall take and successfully complete a firearms training course administered by the Police Training

P.L. 2022, CHAPTER 131
20

Commission pursuant to P.L.1961, c.56 (C.52:17B-66 et seq.), and shall annually qualify in the use of a revolver or similar weapon prior to being permitted to carry a firearm;

(9) A juvenile correctional police officer in the employment of the Juvenile Justice Commission established pursuant to section 2 of P.L.1995, c.284 (C.52:17B-170) subject to the regulations promulgated by the commission;

(10) A designated employee or designated licensed agent for a nuclear power plant under license of the Nuclear Regulatory Commission, while in the actual performance of the person's official duties, if the federal licensee certifies that the designated employee or designated licensed agent is assigned to perform site protection, guard, armed response or armed escort duties and is appropriately trained and qualified, as prescribed by federal regulation, to perform those duties. Any firearm utilized by an employee or agent for a nuclear power plant pursuant to this paragraph shall be returned each day at the end of the employee's or agent's authorized official duties to the employee's or agent's supervisor. All firearms returned each day pursuant to this paragraph shall be stored in locked containers located in a secure area;

(11) A county correctional police officer at all times while in the State of New Jersey, provided the officer annually passes an examination approved by the superintendent testing the officer's proficiency in the handling of firearms;

(12) A county prosecutor, assistant prosecutor, federal prosecutor, municipal prosecutor, Attorney General, assistant attorney general, deputy attorney general and federal, State, county, or municipal court judge, including a judge of the Tax Court and any other court of limited jurisdiction established, altered, or abolished by law, a judge of the Office of Administrative Law, a judge of the Division of Workers' Compensation at all times while in this State. Prior to being permitted to carry a firearm, a person subject to this paragraph shall take and successfully complete a firearms training course administered by the Police Training Commission pursuant to P.L.1961, c.56 (C.52:17B-66 et seq.), and shall annually qualify in the use of a handgun or similar weapon prior to being permitted to carry a firearm. The superintendent may issue identification cards indicating that such a person is permitted to carry a handgun pursuant to this paragraph.

b. Subsections a., b. and c. of N.J.S.2C:39-5 do not apply to:

(1) A law enforcement officer employed by a governmental agency outside of the State of New Jersey while actually engaged in the officer's official duties, provided, however, that the officer has first notified the superintendent or the chief law enforcement officer of the municipality or the prosecutor of the county in which the officer is engaged; or

(2) A licensed dealer in firearms and the dealer's registered employees during the course of their normal business while traveling to and from their place of business and other places for the purpose of demonstration, exhibition or delivery in connection with a sale, provided, however, that the weapon is carried in the manner specified in subsection g. of this section.

c. Provided a person complies with the requirements of subsection j. of this section, subsections b. and c. of N.J.S.2C:39-5 do not apply to:

(1) A special agent of the Division of Taxation who has passed an examination in an approved police training program testing proficiency in the handling of any firearm which the agent may be required to carry, while in the actual performance of the agent's official duties and while going to or from the agent's place of duty, or any other police officer, while in the actual performance of the officer's official duties;

(2) A State deputy conservation police officer or a full-time employee of the Division of Parks and Forestry having the power of arrest and authorized to carry weapons, while in the actual performance of the officer's official duties;

(3) (Deleted by amendment, P.L.1986, c.150.)

(4) A court attendant appointed by the sheriff of the county or by the judge of any municipal court or other court of this State, while in the actual performance of the attendant's official duties;

(5) A guard employed by any railway express company, banking or building and loan or savings and loan institution of this State, while in the actual performance of the guard's official duties;

(6) A member of a legally recognized military organization while actually under orders or while going to or from the prescribed place of meeting and carrying the weapons prescribed for drill, exercise or parade;

(7) A municipal humane law enforcement officer, authorized pursuant to subsection d. of section 25 of P.L.2017, c.331 (C.4:22-14.1), or humane law enforcement officer of a county society for the prevention of cruelty to animals authorized pursuant to subsection c. of section 29 of P.L.2017, c.331 (C.4:22-14.5), while in the actual performance of the officer's duties;

(8) An employee of a public utilities corporation actually engaged in the transportation of explosives;

(9) A railway policeman, except a transit police officer of the New Jersey Transit Police Department, at all times while in the State of New Jersey, provided that the person has passed an approved police academy training program consisting of at least 280 hours.  The training program shall include, but need not be limited to, the handling of firearms, community relations, and juvenile relations;

(10) A campus police officer appointed under P.L.1970, c.211 (C.18A:6-4.2 et seq.) at all times.  Prior to being permitted to carry a firearm, a campus police officer shall take and successfully complete a firearms training course administered by the Police Training Commission, pursuant to P.L.1961, c.56 (C.52:17B-66 et seq.), and shall annually qualify in the use of a revolver or similar weapon prior to being permitted to carry a firearm;

(11) (Deleted by amendment, P.L.2003, c.168).

(12) A transit police officer of the New Jersey Transit Police Department, at all times while in the State of New Jersey, provided the officer has satisfied the training requirements of the Police Training Commission, pursuant to subsection c. of section 2 of P.L.1989, c.291 (C.27:25-15.1);

(13) A parole officer employed by the State Parole Board at all times.  Prior to being permitted to carry a firearm, a parole officer shall take and successfully complete a basic course for regular police officer training administered by the Police Training Commission, pursuant to P.L.1961, c.56 (C.52:17B-66 et seq.), and shall annually qualify in the use of a revolver or similar weapon prior to being permitted to carry a firearm;

(14) A Human Services police officer at all times while in the State of New Jersey, as authorized by the Commissioner of Human Services;

(15) A person or employee of any person who, pursuant to and as required by a contract with a governmental entity, supervises or transports persons charged with or convicted of an offense;

(16) A housing authority police officer appointed under P.L.1997, c.210 (C.40A:14-146.19 et al.) at all times while in the State of New Jersey; or

(17) A probation officer assigned to the "Probation Officer Community Safety Unit" created by section 2 of P.L.2001, c.362 (C.2B:10A-2) while in the actual performance of the probation officer's official duties.  Prior to being permitted to carry a firearm, a probation officer shall take and successfully complete a basic course for regular police officer training administered by the Police Training Commission, pursuant to P.L.1961, c.56 (C.52:17B-66 et seq.), and

P.L. 2022, CHAPTER 131
22

shall annually qualify in the use of a revolver or similar weapon prior to being permitted to carry a firearm.

d. (1) Subsections c. and d. of N.J.S.2C:39-5 do not apply to antique firearms, provided that the antique firearms are unloaded or are being fired for the purposes of exhibition or demonstration at an authorized target range or in another manner approved in writing by the chief law enforcement officer of the municipality in which the exhibition or demonstration is held, or if not held on property under the control of a particular municipality, the superintendent.

(2) Subsection a. of N.J.S.2C:39-3 and subsection d. of N.J.S.2C:39-5 do not apply to an antique cannon that is capable of being fired but that is unloaded and immobile, provided that the antique cannon is possessed by (a) a scholastic institution, a museum, a municipality, a county or the State, or (b) a person who obtained a firearms purchaser identification card as specified in N.J.S.2C:58-3.

(3) Subsection a. of N.J.S.2C:39-3 and subsection d. of N.J.S.2C:39-5 do not apply to an unloaded antique cannon that is being transported by one eligible to possess it, in compliance with regulations the superintendent may promulgate, between its permanent location and place of purchase or repair.

(4) Subsection a. of N.J.S.2C:39-3 and subsection d. of N.J.S.2C:39-5 do not apply to antique cannons that are being loaded or fired by one eligible to possess an antique cannon, for purposes of exhibition or demonstration at an authorized target range or in the manner as has been approved in writing by the chief law enforcement officer of the municipality in which the exhibition or demonstration is held, or if not held on property under the control of a particular municipality, the superintendent, provided that performer has given at least 30 days' notice to the superintendent.

(5) Subsection a. of N.J.S.2C:39-3 and subsection d. of N.J.S.2C:39-5 do not apply to the transportation of unloaded antique cannons directly to or from exhibitions or demonstrations authorized under paragraph (4) of subsection d. of this section, provided that the transportation is in compliance with safety regulations the superintendent may promulgate. Those subsections shall not apply to transportation directly to or from exhibitions or demonstrations authorized under the law of another jurisdiction, provided that the superintendent has been given 30 days' notice and that the transportation is in compliance with safety regulations the superintendent may promulgate.

e. Nothing in subsections b., c., and d. of N.J.S.2C:39-5 shall be construed to prevent a person keeping or carrying about the person's place of business, residence, premises or other land owned or possessed by the person, any firearm, or from carrying the same, in the manner specified in subsection g. of this section, from any place of purchase to the person's residence or place of business, between the person's dwelling and place of business, between one place of business or residence and another when moving, or between the person's dwelling or place of business and place where the firearms are repaired, for the purpose of repair. For the purposes of this section, a place of business shall be deemed to be a fixed location.

f. Nothing in subsections b., c., and d. of N.J.S.2C:39-5 shall be construed to prevent:

(1) A member of any rifle or pistol club organized in accordance with the rules prescribed by the National Board for the Promotion of Rifle Practice, in going to or from a place of target practice, carrying firearms necessary for target practice, provided that the club has filed a copy of its charter with the superintendent and annually submits a list of its members to the superintendent and provided further that the firearms are carried in the manner specified in subsection g. of this section;

P.L. 2022, CHAPTER 131

23

(2) A person carrying a firearm or knife in the woods or fields or upon the waters of this State for the purpose of hunting, target practice or fishing, provided that the firearm or knife is legal and appropriate for hunting or fishing purposes in this State and the person has in the person's possession a valid hunting license, or, with respect to fresh water fishing, a valid fishing license;

(3) A person transporting any firearm or knife while traveling:

(a) Directly to or from any place for the purpose of hunting or fishing, provided the person has in the person's possession a valid hunting or fishing license; or

(b) Directly to or from any target range, or other authorized place for the purpose of practice, match, target, trap or skeet shooting exhibitions, provided in all cases that during the course of the travel all firearms are carried in the manner specified in subsection g. of this section and the person has complied with all the provisions and requirements of Title 23 of the Revised Statutes and any amendments thereto and all rules and regulations promulgated thereunder; or

(c) In the case of a firearm, directly to or from any exhibition or display of firearms which is sponsored by any law enforcement agency, any rifle or pistol club, or any firearms collectors club, for the purpose of displaying the firearms to the public or to the members of the organization or club, provided, however, that not less than 30 days prior to the exhibition or display, notice of the exhibition or display shall be given to the Superintendent of the State Police by the sponsoring organization or club, and the sponsor has complied with any reasonable safety regulations the superintendent may promulgate. Any firearms transported pursuant to this section shall be transported in the manner specified in subsection g. of this section;

(4) A person from keeping or carrying about a private or commercial aircraft or any boat, or from transporting to or from the aircraft or boat for the purpose of installation or repair of a visual distress signaling device approved by the United States Coast Guard.

g. Any weapon being transported under paragraph (2) of subsection b., subsection e., or paragraph (1) or (3) of subsection f. of this section shall be carried unloaded and contained in a closed and fastened case, gunbox, securely tied package, or locked in the trunk of the automobile in which it is being transported, and in the course of travel shall include only deviations as are reasonably necessary under the circumstances.

h. Nothing in subsection d. of N.J.S.2C:39-5 shall be construed to prevent any employee of a public utility, as defined in R.S.48:2-13, doing business in this State or any United States Postal Service employee, while in the actual performance of duties which specifically require regular and frequent visits to private premises, from possessing, carrying or using any device which projects, releases or emits any substance specified as being noninjurious to canines or other animals by the Commissioner of Health and which immobilizes only on a temporary basis and produces only temporary physical discomfort through being vaporized or otherwise dispensed in the air for the sole purpose of repelling canine or other animal attacks.

The device shall be used solely to repel only those canine or other animal attacks when the canines or other animals are not restrained in a fashion sufficient to allow the employee to properly perform the employee's duties.

Any device used pursuant to this act shall be selected from a list of products, which consist of active and inert ingredients, permitted by the Commissioner of Health.

i. (1) Nothing in N.J.S.2C:39-5 shall be construed to prevent any person who is 18 years of age or older and who has not been convicted of a crime, from possession for the purpose of personal self-defense of one pocket-sized device which contains and releases not more than three-quarters of an ounce of chemical substance not ordinarily capable of lethal use or of inflicting serious bodily injury, but rather, is intended to produce temporary physical

discomfort or disability through being vaporized or otherwise dispensed in the air. Any person in possession of any device in violation of this subsection shall be deemed and adjudged to be a disorderly person, and upon conviction thereof, shall be punished by a fine of not less than $100.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, nothing in N.J.S.2C:39-5 shall be construed to prevent a health inspector or investigator operating pursuant to the provisions of section 7 of P.L.1977, c.443 (C.26:3A2-25) or a building inspector from possessing a device which is capable of releasing more than three-quarters of an ounce of a chemical substance, as described in paragraph (1) of this subsection, while in the actual performance of the inspector's or investigator's duties, provided that the device does not exceed the size of those used by law enforcement.

j.    A person shall qualify for an exemption from the provisions of N.J.S.2C:39-5, as specified under subsections a. and c. of this section, if the person has satisfactorily completed a firearms training course approved by the Police Training Commission.

The exempt person shall not possess or carry a firearm until the person has satisfactorily completed a firearms training course and shall annually qualify in the use of a revolver or similar weapon. For purposes of this subsection, a "firearms training course" means a course of instruction in the safe use, maintenance and storage of firearms which is approved by the Police Training Commission.  The commission shall approve a firearms training course if the requirements of the course are substantially equivalent to the requirements for firearms training provided by police training courses which are certified under section 6 of P.L.1961, c.56 (C.52:17B-71). A person who is specified in paragraph (1), (2), (3), or (6) of subsection a. of this section shall be exempt from the requirements of this subsection.

k.    Nothing in subsection d. of N.J.S.2C:39-5 shall be construed to prevent any financial institution, or any duly authorized personnel of the institution, from possessing, carrying or using for the protection of money or property, any device which projects, releases or emits tear gas or other substances intended to produce temporary physical discomfort or temporary identification.

l.    Nothing in subsection b. of N.J.S.2C:39-5 shall be construed to prevent a law enforcement officer who retired in good standing, including a retirement because of a disability pursuant to section 6 of P.L.1944, c.255 (C.43:16A-6), section 7 of P.L.1944, c.255 (C.43:16A-7), section 1 of P.L.1989, c.103 (C.43:16A-6.1), or any substantially similar statute governing the disability retirement of federal law enforcement officers, provided the officer was a regularly employed, full-time law enforcement officer for an aggregate of four or more years prior to the officer's disability retirement and further provided that the disability which constituted the basis for the officer's retirement did not involve a certification that the officer was mentally incapacitated for the performance of the officer's usual law enforcement duties and any other available duty in the department which the officer's employer was willing to assign to the officer or does not subject that retired officer to any of the disabilities set forth in subsection c. of N.J.S.2C:58-3 which would disqualify the retired officer from possessing or carrying a firearm, who semi-annually qualifies in the use of the handgun the officer is permitted to carry in accordance with the requirements and procedures established by the Attorney General pursuant to subsection j. of this section and pays the actual costs associated with those semi-annual qualifications, who is 75 years of age or younger, and who was regularly employed as a full-time member of the State Police; a full-time member of an interstate police force; a full-time member of a county or municipal police department in this State; a full-time member of a State law enforcement agency; a full-time sheriff, undersheriff or sheriff's officer of a county of this State; a full-time State or county correctional police

officer; a full-time State correctional police officer or county correctional police officer; a full-time State or county park police officer; a full-time special agent of the Division of Taxation; a full-time Human Services police officer; a full-time transit police officer of the New Jersey Transit Police Department; a full-time campus police officer exempted pursuant to paragraph (10) of subsection c. of this section; a full-time State conservation police officer exempted pursuant to paragraph (4) of subsection a. of this section; a full-time Palisades Interstate Park officer appointed pursuant to R.S.32:14-21; a full-time Burlington County Bridge police officer appointed pursuant to section 1 of P.L.1960, c.168 (C.27:19-36.3); a full-time housing authority police officer exempted pursuant to paragraph (16) of subsection c. of this section; a full-time juvenile correctional police officer exempted pursuant to paragraph (9) of subsection a. of this section; a full-time parole officer exempted pursuant to paragraph (13) of subsection c. of this section; a full-time railway policeman exempted pursuant to paragraph (9) of subsection c. of this section; a full-time county prosecutor's detective or investigator; a full-time federal law enforcement officer; or is a qualified retired law enforcement officer, as used in the federal "Law Enforcement Officers Safety Act of 2004," Pub.L. 108-277, domiciled in this State from carrying a handgun in the same manner as law enforcement officers exempted under paragraph (7) of subsection a. of this section.  A retired law enforcement officer shall be entitled to carry a handgun pursuant to this subsection under the following conditions:

(1)  The retired law enforcement officer shall make application in writing to the Superintendent of State Police for approval to carry a handgun every two years.  A renewal application shall be submitted in the same manner.

(2)  Upon receipt of the written application of the retired law enforcement officer, the superintendent shall request a verification of service from the chief law enforcement officer of the organization in which the retired officer was last regularly employed as a full-time law enforcement officer prior to retiring.  The verification of service shall include:

(a)  The name and address of the retired officer;

(b)  The date that the retired officer was hired and the date that the officer retired;

(c)  A list of all handguns known to be registered to that officer;

(d)  A statement that, to the reasonable knowledge of the chief law enforcement officer, the retired officer is not subject to any of the restrictions set forth in subsection c. of N.J.S.2C:58-3; and

(e)  A statement that the officer retired in good standing.

(3)  If the superintendent approves a retired officer's application or reapplication to carry a handgun pursuant to the provisions of this subsection, the superintendent shall notify in writing the chief law enforcement officer of the municipality wherein that retired officer resides.  In the event the retired officer resides in a municipality which has no chief law enforcement officer or law enforcement agency, the superintendent shall maintain a record of the approval.

(4)  The superintendent shall issue to an approved retired officer an identification card permitting the retired officer to carry a handgun pursuant to this subsection.  This identification card shall be valid for two years from the date of issuance and shall be valid throughout the State.  The identification card shall not be transferable to any other person.  The identification card shall be carried at all times on the person of the retired officer while the retired officer is carrying a handgun.  The retired officer shall produce the identification card for review on the demand of any law enforcement officer or authority.

(5)  Any person aggrieved by the denial of the superintendent of approval for a permit to carry a handgun pursuant to this subsection may request a hearing in the Superior Court of New Jersey in the county in which the person resides by filing a written request for a hearing within 30 days of the denial.  Copies of the request shall be served upon the superintendent

and the county prosecutor.  The hearing shall be held within 30 days of the filing of the request, and no formal pleading or filing fee shall be required.  Appeals from the determination of the hearing shall be in accordance with law and the rules governing the courts of this State.

(6)  A judge of the Superior Court may revoke a retired officer's privilege to carry a handgun pursuant to this subsection for good cause shown on the application of any interested person. A person who becomes subject to any of the disabilities set forth in subsection c. of N.J.S.2C:58-3 shall surrender, as prescribed by the superintendent, the person's identification card issued under paragraph (4) of this subsection to the chief law enforcement officer of the municipality wherein the person resides or the superintendent, and shall be permanently disqualified to carry a handgun under this subsection.

(7)  The superintendent may charge a reasonable application fee to retired officers to offset any costs associated with administering the application process set forth in this subsection.

m.   Nothing in subsection d. of N.J.S.2C:39-5 shall be construed to prevent duly authorized personnel of the New Jersey Division of Fish and Wildlife, while in the actual performance of duties, from possessing, transporting or using any device that projects, releases or emits any substance specified as being non-injurious to wildlife by the Director of the Division of Animal Health in the Department of Agriculture, and which may immobilize wildlife and produces only temporary physical discomfort through being vaporized or otherwise dispensed in the air for the purpose of repelling bear or other animal attacks or for the aversive conditioning of wildlife.

n.   Nothing in subsection b., c., d. or e. of N.J.S.2C:39-5 shall be construed to prevent duly authorized personnel of the New Jersey Division of Fish and Wildlife, while in the actual performance of duties, from possessing, transporting or using hand held pistol-like devices, rifles or shotguns that launch pyrotechnic missiles for the sole purpose of frightening, hazing or aversive conditioning of nuisance or depredating wildlife; from possessing, transporting or using rifles, pistols or similar devices for the sole purpose of chemically immobilizing wild or non-domestic animals; or, provided the duly authorized person complies with the requirements of subsection j. of this section, from possessing, transporting or using rifles or shotguns, upon completion of a Police Training Commission approved training course, in order to dispatch injured or dangerous animals or for non-lethal use for the purpose of frightening, hazing or aversive conditioning of nuisance or depredating wildlife.


C.2C:58-4.7  Regulations, necessary to implementation.

9.   Notwithstanding any provision of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.) to the contrary, the Superintendent of State Police may adopt immediately upon filing with the Office of Administrative Law such regulations as the superintendent deems necessary to implement the provisions of P.L.2022, c.131 (C.2C:58-4.2 et al.), which shall be effective for a period not to exceed 18 months, and may thereafter be amended, adopted, or readopted by the superintendent in accordance with the requirements of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.).


C.2C:58-4.8  Application determinations, pending, filed, submitted.

10.  a.  Notwithstanding the provisions of subsection d. of N.J.S.2C:58-4, application determinations for a permit to carry a handgun that were pending before the Superior Court and filed prior to the date of enactment of P.L.2022, c.131 (C.2C:58-4.2 et al.) shall be made by the court.  A Judge of the Superior Court may rely on the approval by the chief police officer or superintendent, as the case may be, as the basis for issuing the permit.

P.L. 2022, CHAPTER 131

27

b.   Application determinations for a permit to carry a handgun that are submitted on or after the date of enactment of P.L.2022, c.131 (C.2C:58-4.2 et al.) shall be made by a chief police officer or superintendent, as the case may be, in accordance with subsection d. of N.J.S.2C:58-4.

C.2C:58-4.9  Severability.

11.  The provisions of P.L.2022, c.131 (C.2C:58-4.2 et al.) are severable; if any provision, or application of any provision, of this amendatory and supplementary act is held invalid by any court, the holding or judgment shall not affect the remaining provisions or applications of the provisions thereof.

12.  Sections 2, 3, 7, and 10 of this act shall take effect immediately and the remainder of this act shall take effect on the first day of the seventh month next following the date of enactment, but the Attorney General, Superintendent of State Police, and Commissioner of Banking and Insurance may take such anticipatory action as is necessary for the implementation of this act.

Approved December 22, 2022.