# EXHIBIT D

# ASSEMBLY, No. 4769

# STATE OF NEW JERSEY

## 220th LEGISLATURE

INTRODUCED OCTOBER 13, 2022

**Sponsored by:**
**Assemblyman  JOE DANIELSEN**
**District 17 (Middlesex and Somerset)**
**Assemblyman  LOUIS D. GREENWALD**
**District 6 (Burlington and Camden)**
**Assemblywoman  MILA M. JASEY**
**District 27 (Essex and Morris)**
**Assemblyman  JOHN F. MCKEON**
**District 27 (Essex and Morris)**
**Assemblywoman  ELLEN J. PARK**
**District 37 (Bergen)**

**SYNOPSIS**

   Makes various revisions to requirements for obtaining firearm purchaser identification card, permit to purchase handgun, and permit to carry handgun; codifies sensitive places in which firearms and weapons are prohibited.

**CURRENT VERSION OF TEXT**
   As introduced.



**A4769** DANIELSEN, GREENWALD

2

1    **AN ACT** concerning the sale and possession of firearms and
2    supplementing and amending various parts of the statutory law.

3

4    **BE IT ENACTED** *by the Senate and General Assembly of the State*
5    *of New Jersey:*

6

7    1.  (New section) The Legislature finds and declares that:

8    a.  The decision of the United States Supreme Court in <u>New</u>
9    <u>York State Rifle & Pistol Association v Bruen</u> holds significant
10    implications for carrying a handgun in New Jersey and the law
11    governing the issuance of permits to carry a handgun. The <u>Bruen</u>
12    decision establishes that states cannot deny permits to carry a
13    handgun to otherwise-qualified citizens who fail to show that they
14    have the "proper cause" to carry a handgun. New Jersey law relies
15    on a similar standard, considering whether an applicant has a
16    "justifiable need," in determining whether to issue a permit to carry
17    a handgun.

18    b.  In accordance with the precedent established in the <u>Bruen</u>
19    decision, laws requiring showings of particularized need are no
20    longer legally viable to determine whether a person may carry a
21    handgun in public. The <u>Bruen</u> decision does make clear, however,
22    that the Legislature can enact laws to protect our communities from
23    threats to public health, safety, and welfare posed by gun violence,
24    which take into account as appropriate the Supreme Court's Second
25    Amendment ruling while continuing to promote and enhance public
26    safety.

27    c.  Statistics show that expanding handgun carrying creates
28    safety risks, helping to fuel the epidemic of gun violence. For
29    example, a study by researchers at the Johns Hopkins Bloomberg
30    School of Public Health found that the estimated average rate of
31    officer-involved shootings increased by 12.9 percent in ten states
32    that relaxed restrictions between 2014 and 2020 on civilians
33    carrying concealed firearms in public. Accordingly, evidence
34    demonstrates that more guns on the streets can translate into more
35    acts of gun violence. To mitigate the impact of having more people
36    carrying guns in public places, steps must be taken to better ensure
37    that those who exercise the right to carry are responsible, law-
38    abiding, and appropriately trained individuals who would not pose
39    undue safety risks if armed in public places.

40    d.  In <u>Bruen</u>, the Supreme Court recognized that states may
41    prohibit individuals who are not "law-abiding, responsible citizens"
42    from carrying firearms in public, and endorsed the use of "licensing
43    requirements for carrying a handgun for self-defense." Although the
44    Court did not provide a complete list of lawful requirements, it
45    specifically cited a "background check, mental health check, training

**EXPLANATION – Matter enclosed in bold-faced brackets [thus] in the above bill is
not enacted and is intended to be omitted in the law.**

**Matter underlined <u>thus</u> is new matter.**

**A4769** DANIELSEN, GREENWALD

3

1   in firearms handling and in laws regarding the use of force, among
2   other possible requirements" as permissible. The purpose of these
3   checks, the Court explained, is to "ensure only that those bearing
4   arms in the jurisdiction are in fact, 'law-abiding, responsible
5   citizens.'"  It is thus important to bolster and improve the process in
6   this State for ensuring that only such individuals possess and carry
7   firearms.  Toward that end, this act strengthens the criteria and
8   background investigation requirements that are used to determine
9   whether an applicant is qualified to carry a firearm in New Jersey.

10     e.   This act also designates places in which the carrying of a
11   weapon is prohibited.  Previously, application of the justifiable need
12   standard minimized the serious dangers of misuse and accidental
13   use inherent in the carrying of handguns in a public place. Given
14   the likelihood that a much greater number of individuals will now
15   qualify to carry handguns in public, it is now both necessary and
16   appropriate to clearly identify in the law those sensitive places
17   where, due to heightened public safety concerns, carrying a weapon
18   of any kind, including a handgun, is not permissible. These
19   prohibitions are based on common sense principles and historical
20   analogues.

21     f.   Notwithstanding its rejection of a particularized need
22   standard, the <u>Bruen</u> decision recognizes that the carrying of
23   firearms in sensitive places can "be prohibited consistent with the
24   Second Amendment."  Indeed, the Court assumed it settled that
25   "laws forbidding the carrying of firearms in sensitives places such
26   as schools and government buildings," as well other places such as
27   "legislative assemblies, polling places, and courthouses," are
28   "longstanding" and not subject to disputes regarding their
29   constitutionality. The Court added that other "sensitive place"
30   regulations may be permissible if "consistent with the Second
31   Amendment's text and historical understanding" – that is,
32   "relevantly similar" to historical analogues.

33     g.   The sensitive-place prohibitions on dangerous weapons set
34   forth in this act are rooted in history and tradition. They are
35   analogous to historical laws that can be found from the Founding
36   era to Reconstruction, which are also found in modern laws in many
37   states.  History and tradition support at least the following location-
38   based restrictions on carrying firearms:

39     (1) Places that are the site of core constitutional activity, such as
40   but not limited to the exercise of First Amendment rights, or that
41   are otherwise vital to the functioning of democracy and our system
42   of government. That includes prohibitions of firearms in facilities
43   within the criminal justice system;

44     (2) Schools, universities, other educational institutions, where
45   people assemble for educational purposes and for the purposes of
46   teaching, learning, research, and the pursuit of knowledge;

47     (3) Parks and other recreation spaces, including locations where
48   children congregate;

**A4769** DANIELSEN, GREENWALD

4

1    (4) Locations that protect vulnerable classes of people, such as
2  the young and the frail;
3    (5) Places where intoxicating substances are sold, places where
4  large groups of individuals congregate, and places where volatile
5  conditions may pose a threat to public safety; and
6    (6) Various forms of transportation and public infrastructure,
7  whose safety, security, and stability are critical to supporting social
8  function.
9    h.  The historical record also supports restriction of firearm
10  possession on private property when the owner has not given their
11  consent. Many states require a property owner's permission before
12  another may enter private dwellings and private lands with a
13  firearm or other weapons.  Requiring consent from the property
14  owner before carrying weapons onto private property is also in line
15  with both the reasonable expectations and property rights of New
16  Jersey property owners.
17    i.  Additionally, the fees to obtain a firearms purchaser
18  identification permit or a permit to purchase a handgun in New
19  Jersey were initially set by statute over 50 years ago at $5 and $2,
20  respectively, and in over a half century the law has never been
21  changed to increase these fees, notwithstanding the impact of
22  inflation, increasing costs of background checks and related
23  investigations, and the investment made over the years to
24  technologically upgrade the firearms application and registration
25  system established and maintained by the New Jersey State Police.
26    j.  Accordingly, the Legislature finds it is necessary and proper
27  to revise this State's procedural and substantive laws related to
28  firearms to update the process and the standards applicable to
29  firearm purchase and possession as well as our handgun carry law,
30  and to continue to promote public safety and reduce gun violence in
31  a manner consistent with the Second Amendment principles
32  articulated by the current Supreme Court jurisprudence. These
33  revisions will focus on factors other than the need or purpose a
34  person may assert as justification to carry a handgun, such as the
35  person's background and qualifications, with the ultimate goal of
36  keeping New Jersey streets and neighborhoods safe from gun
37  violence.
38
39    2.  N.J.S.2C:58-3 is amended to read as follows:
40    2C:58-3.  a.  Permit to purchase a handgun.
41    (1) No person shall sell, give, transfer, assign or otherwise
42  dispose of, nor receive, purchase, or otherwise acquire a handgun
43  unless the purchaser, assignee, donee, receiver or holder is licensed
44  as a dealer under this chapter or has first secured a permit to
45  purchase a handgun as provided by this section.
46    (2) A person who is not a licensed retail dealer and sells, gives,
47  transfers, assigns, or otherwise disposes of, or receives, purchases

1 or otherwise acquires a handgun pursuant to this section shall
2 conduct the transaction through a licensed retail dealer.

3     The provisions of this paragraph shall not apply if the transaction
4 is:

5     (a) between members of an immediate family as defined in
6 subsection n. of this section;

7     (b) between law enforcement officers;

8     (c) between collectors of firearms or ammunition as curios or
9 relics as defined in Title 18, U.S.C. section 921 (a) (13) who have
10 in their possession a valid Collector of Curios and Relics License
11 issued by the Bureau of Alcohol, Tobacco, Firearms, and
12 Explosives; or

13     (d) a temporary transfer pursuant to section 1 of P.L.1992, c.74
14 (C.2C:58-3.1) or section 1 of P.L.1997, c.375 (C.2C:58-3.2).

15     (3) Prior to a transaction conducted pursuant to this subsection,
16 the retail dealer shall complete a National Instant Criminal
17 Background Check of the person acquiring the handgun. In
18 addition:

19     (a) the retail dealer shall submit to the Superintendent of State
20 Police, on a form approved by the superintendent, information
21 identifying and confirming the background check;

22     (b) every retail dealer shall maintain a record of transactions
23 conducted pursuant to this subsection, which shall be maintained at
24 the address displayed on the retail dealer's license for inspection by
25 a law enforcement officer during reasonable hours;

26     (c) a retail dealer may charge a fee for a transaction conducted
27 pursuant to this subsection; and

28     (d) any record produced pursuant to this subsection shall not be
29 considered a public record pursuant to P.L.1963, c.73 (C.47:1A-1 et
30 seq.) or P.L.2001, c.404 (C.47:1A-5 et al.).

31     b.  Firearms purchaser identification card.

32     (1) **[**No**]** A person shall <u>not</u> sell, give, transfer, assign or
33 otherwise dispose of nor receive, purchase or otherwise acquire an
34 antique cannon or a rifle or shotgun, other than an antique rifle or
35 shotgun, unless the purchaser, assignee, donee, receiver or holder is
36 licensed as a dealer under this chapter or possesses a valid firearms
37 purchaser identification card, and first exhibits the card to the seller,
38 donor, transferor or assignor, and unless the purchaser, assignee,
39 donee, receiver or holder signs a written certification, on a form
40 prescribed by the superintendent, which shall indicate that **[**he**]** <u>the</u>
41 <u>person</u> presently complies with the requirements of subsection c. of
42 this section and shall contain **[**his**]** <u>the person's</u> name, address and
43 firearms purchaser identification card number or dealer's
44 registration number. The certification shall be retained by the
45 seller, as provided in paragraph (4) of subsection a. of N.J.S.2C:58-
46 2, or, in the case of a person who is not a dealer, it may be filed
47 with the chief of police of the municipality in which **[**he**]** <u>the</u>
48 <u>person</u> resides or with the superintendent.

**A4769** DANIELSEN, GREENWALD

6

1    (2) A person who is not a licensed retail dealer and sells, gives,
2    transfers, assigns, or otherwise disposes of, or receives, purchases
3    or otherwise acquires an antique cannon or a rifle or shotgun
4    pursuant to this section shall conduct the transaction through a
5    licensed retail dealer.

6    The provisions of this paragraph shall not apply if the transaction
7    is:

8    (a) between members of an immediate family as defined in
9    subsection n. of this section;

10    (b) between law enforcement officers;

11    (c) between collectors of firearms or ammunition as curios or
12    relics as defined in Title 18, U.S.C. section 921 (a) (13) who have
13    in their possession a valid Collector of Curios and Relics License
14    issued by the Bureau of Alcohol, Tobacco, Firearms, and
15    Explosives; or

16    (d) a temporary transfer pursuant to section 1 of P.L.1992, c.74
17    (C.2C:58-3.1) and section 1 of P.L.1997, c.375 (C.2C:58-3.2).

18    (3) Prior to a transaction conducted pursuant to this subsection,
19    the retail dealer shall complete a National Instant Criminal
20    Background Check of the person acquiring an antique cannon or a
21    rifle or shotgun.  In addition:

22    (a) the retail dealer shall submit to the Superintendent of State
23    Police, on a form approved by the superintendent, information
24    identifying and confirming the background check;

25    (b) every retail dealer shall maintain a record of transactions
26    conducted pursuant to this section which shall be maintained at the
27    address set forth on the retail dealer's license for inspection by a law
28    enforcement officer during reasonable hours;

29    (c) a retail dealer may charge a fee<u>, not to exceed $25,</u> for a
30    transaction conducted pursuant to this subsection; and

31    (d) any record produced pursuant to this subsection shall not be
32    considered a public record pursuant to P.L.1963, c.73 (C.47:1A-1 et
33    seq.) or P.L.2001, c.404 (C.47:1A-5 et al.).

34    c.  Who may obtain.    **[**No**]** <u>Except as hereinafter provided, a</u>
35    person **[**of good character and good repute**]** <u>shall not be denied a</u>
36    <u>permit to purchase a handgun or a firearms purchaser identification</u>
37    <u>card, unless the person is known</u> in the community in which **[**he**]**
38    <u>the person</u> lives <u>as someone who has engaged in acts or made</u>
39    <u>statements suggesting the person is likely to engage in conduct,</u>
40    <u>other than justified self-defense, that would pose a danger to self or</u>
41    <u>others,</u> **[**and who**]** <u>or</u> is **[**not**]** subject to any of the disabilities set
42    forth in this section or other sections of this chapter **[**, shall be
43    denied a permit to purchase a handgun or a firearms purchaser
44    identification card, except as hereinafter set forth**]**.  **[**No**]** A
45    handgun purchase permit or firearms purchaser identification card
46    shall <u>not</u> be issued:

**A4769** DANIELSEN, GREENWALD

7

(1) To any person who has been convicted of any crime, or a disorderly persons offense involving an act of domestic violence as defined in section 3 of P.L.1991, c.261 (C.2C:25-19), whether or not armed with or possessing a weapon at the time of the offense;

(2) To any drug-dependent person as defined in section 2 of P.L.1970, c.226 (C.24:21-2), to any person who is presently confined for a mental disorder [to a hospital, mental institution or sanitarium] as a voluntary admission as defined in section 2 of P.L.1987, c.116 (C.30:4-27.2) or involuntarily committed to inpatient or outpatient treatment pursuant to section 1 of P.L.1987, c.116 (C.30:4-27.1), or to any person who is presently [an habitual drunkard] an alcoholic, as defined by section 2 of P.L.1975, c.305 (C.26:2B-8);

(3) To any person who suffers from a physical defect or disease which would make it unsafe for [him] that person to handle firearms, [to any person who has ever been confined for a mental disorder,] or to any alcoholic as defined by section 2 of P.L.1975, c.305 (C.26:2B-8) unless any of the foregoing persons produces a certificate of a medical doctor or psychiatrist licensed in New Jersey, or other satisfactory proof, that [he] the person is no longer suffering from that particular disability in a manner that would interfere with or handicap [him] that person in the handling of firearms; to any person who knowingly falsifies any information on the application form for a handgun purchase permit or firearms purchaser identification card;

(4) To any person under the age of 18 years for a firearms purchaser identification card and to any person under the age of 21 years for a permit to purchase a handgun;

(5) To any person where the issuance would not be in the interest of the public health, safety or welfare because the person is found to be lacking the essential character or temperament necessary to be entrusted with a firearm;

(6) To any person who is subject to or has violated a temporary or final restraining order issued pursuant to the "Prevention of Domestic Violence Act of 1991", P.L.1991, c.261 (C.2C:25-17 et seq.) prohibiting the person from possessing any firearm or a temporary or final domestic violence restraining order issued in another jurisdiction prohibiting the person from possessing any firearm;

(7) To any person who as a juvenile was adjudicated delinquent for an offense which, if committed by an adult, would constitute a crime and the offense involved the unlawful use or possession of a weapon, explosive or destructive device or is enumerated in subsection d. of section 2 of P.L.1997, c.117 (C.2C:43-7.2);

(8) To any person whose firearm is seized pursuant to the "Prevention of Domestic Violence Act of 1991", P.L.1991, c.261 (C.2C:25-17 et seq.) and whose firearm has not been returned; or

**A4769** DANIELSEN, GREENWALD

8

1　　(9) To any person named on the consolidated Terrorist Watchlist
2　maintained by the Terrorist Screening Center administered by the
3　Federal Bureau of Investigation;

4　　(10) To any person who is subject to or has violated a court order
5　prohibiting the custody, control, ownership, purchase, possession,
6　or receipt of a firearm or ammunition issued pursuant to the
7　"Extreme Risk Protective Order Act of 2018", P.L.2018, c.35
8　(C.2C:58-20 et al.);

9　　(11) To any person who is subject to or has violated a court order
10　prohibiting the custody, control, ownership, purchase, possession,
11　or receipt of a firearm or ammunition issued pursuant to P.L.2021,
12　c.327 (C.2C:12-14 et al.);

13　　(12) To any person who is subject to or has violated a temporary
14　or final restraining order issued pursuant to the "Sexual Assault
15　Survivor Protection Act of 2015," P.L.2015, c.147 (C.2C:14-13 et
16　al.);

17　　(13) To any person who has previously been voluntarily admitted
18　or involuntarily committed to inpatient or outpatient treatment
19　pursuant to section 1 of P.L.1987, c.116 (C.30:4-27.1), unless the
20　court has expunged the person's record pursuant to P.L.1953, c.268
21　(C.30:4-80.8 et seq.);

22　　(14) To any person who is subject to an outstanding arrest
23　warrant for an indictable crime in this State or for a felony, other
24　than a felony to which section 1 of P.L.2022, c.50 (C.2A:160-14.1)
25　would apply, in any other state or federal jurisdiction;

26　　(15) To any person who is a fugitive from justice due to having
27　fled from any state or federal jurisdiction to avoid prosecution for a
28　crime, other than a crime to which section 1 of P.L.2022, c.50
29　(C.2A:160-14.1) would apply, or to avoid giving testimony in any
30　criminal proceeding; or

31　　(16) To any person who has been convicted of more than one
32　crime of the fourth degree in violation of sections 4,  5, or 6  of
33　P.L.    , c.    (C.    )(pending before the Legislature as this bill).

34　　In order to obtain a permit to purchase a handgun or a firearms
35　purchaser identification card, the applicant shall demonstrate that,
36　within four years prior to the date of the application, the applicant
37　satisfactorily completed a course of instruction approved by the
38　superintendent in the lawful and safe handling and storage of
39　firearms.  The applicant shall be required to demonstrate
40　completion of a course of instruction only once prior to obtaining
41　either a firearms purchaser identification card or the applicant's first
42　permit to purchase a handgun.

43　　The applicant shall not be required to demonstrate completion of
44　a course of instruction in order to obtain any subsequent permit to
45　purchase a handgun, to replace an existing firearms purchaser
46　identification card, or to renew a firearms purchaser identification
47　card.

**A4769** DANIELSEN, GREENWALD

9

1     An applicant who is a law enforcement officer who has satisfied
2  the requirements of subsection j. of N.J.S.2C:39-6, a retired law
3  enforcement officer who has satisfied the requirements of
4  subsection l. of N.J.S.2C:39-6, or a veteran who was honorably
5  discharged as a member of the United States Armed Forces or
6  National Guard who received substantially equivalent training shall
7  not be required to complete the course of instruction required
8  pursuant to the provisions of this subsection.

9     A person who obtained a permit to purchase a handgun or a
10  firearms purchaser identification card prior to the effective date of
11  P.L.2022, c.58 shall not be required to complete a course of
12  instruction pursuant to this subsection.

13     d.  Issuance.  The chief of police of an organized full-time
14  police department of the municipality where the applicant resides or
15  the superintendent, in all other cases, shall upon application, issue
16  to any person qualified under the provisions of subsection c. of this
17  section a permit to purchase a handgun or a firearms purchaser
18  identification card.

19     A firearms purchaser identification card issued following the
20  effective date of P.L.2022, c.58 shall display a color photograph
21  and [a thumb print] <u>be electronically linked to the fingerprints</u> of
22  the card holder.  A person who obtained a firearms purchaser
23  identification card prior to the effective date of P.L.2022, c.58 shall
24  not be required to obtain a firearm purchaser identification card that
25  displays a color photograph and [a thumb print] <u>is electronically</u>
26  <u>linked to the fingerprints</u>.  The superintendent shall establish
27  guidelines as necessary to effectuate the issuance of firearms
28  purchaser identification cards that display a color photograph and
29  [a thumb print] <u>which is electronically linked to the fingerprints</u> of
30  the card holder.

31     <u>The requirements of this subsection concerning firearms</u>
32  <u>purchaser identification cards issued following the effective date of</u>
33  <u>P.L.2022, c.58 shall remain inoperative until such time as the</u>
34  <u>superintendent establishes a system to produce cards that comply</u>
35  <u>with this requirement and, until such time, applicants issued a</u>
36  <u>firearms purchaser identification card shall be provided with cards</u>
37  <u>that do not conform to the requirements of this section, which shall</u>
38  <u>be afforded force and effect until such time as the system is</u>
39  <u>established and a compliant card is issued in accordance with this</u>
40  <u>subsection. An applicant issued a non-compliant firearms purchaser</u>
41  <u>identification card shall obtain a card, at no cost to the applicant,</u>
42  <u>which conforms to the requirements of this section no later than one</u>
43  <u>year after receiving notice that the system to produce cards that</u>
44  <u>comply with this requirement is operational.</u>

45     <u>If an application for a permit or identification card is denied, the</u>
46  <u>applicant shall be provided with a written statement of the reasons</u>
47  <u>for the denial.</u>  Any person aggrieved by the denial of a permit or
48  identification card may request a hearing in the Superior Court of

**A4769** DANIELSEN, GREENWALD
10

1  the county in which 【he】 the person resides if 【he】 the person is a
2  resident of New Jersey or in the Superior Court of the county in
3  which 【his】 the person's application was filed if 【he】 the person is
4  a nonresident.  The request for a hearing shall be made in writing
5  within 30 days of the denial of the application for a permit or
6  identification card.  The applicant shall serve a copy of 【his】 the
7  request for a hearing upon the chief of police of the municipality in
8  which he resides, if 【he】 the person is a resident of New Jersey, and
9  upon the superintendent in all cases.  The hearing shall be held and
10  a record made thereof within 【30】 60 days of the receipt of the
11  application for a hearing by the judge of the Superior Court.  No
12  formal pleading and no filing fee shall be required as a preliminary
13  to a hearing.  Appeals from the results of a hearing shall be in
14  accordance with law.
15      The Administrative Director of the Courts shall coordinate with
16  the superintendent in the development of an electronic filing system
17  to receive requests for hearings and serve the chief of police and
18  superintendent as required in this section.
19      e.  Applications.   Applications for permits to purchase a
20  handgun and for firearms purchaser identification cards shall be in
21  the form prescribed by the superintendent and shall set forth the
22  name, residence, place of business, age, date of birth, occupation,
23  【sex】 any aliases or other names previously used by the applicant,
24  gender, and physical description, including distinguishing physical
25  characteristics, if any, of the applicant, and shall state whether the
26  applicant is a citizen, whether 【he】 the applicant is an alcoholic 【,
27  habitual drunkard,】 as defined in section 2 of P.L.1975, c. 305 (C.
28  26:2B-8) or is a drug-dependent person as defined in section 2 of
29  P.L.1970, c.226 (C.24:21-2), whether 【he】 the applicant has ever
30  been confined or committed to a mental institution or hospital for
31  treatment or observation of a mental or psychiatric condition on a
32  temporary, interim or permanent basis, giving the name and
33  location of the institution or hospital and the dates of confinement
34  or commitment, whether 【he】 the applicant has been attended,
35  treated or observed by any doctor or psychiatrist or at any hospital
36  or mental institution on an inpatient or outpatient basis for any
37  mental or psychiatric condition, giving the name and location of the
38  doctor, psychiatrist, hospital or institution and the dates of the
39  occurrence, whether 【he】 the applicant presently or ever has been a
40  member of any organization which advocates or approves the
41  commission of acts of force and violence to overthrow the
42  Government of the United States or of this State, or which seeks to
43  deny others their rights under the Constitution of either the United
44  States or the State of New Jersey, whether 【he】 the applicant has
45  ever been convicted of a crime or disorderly persons offense,
46  whether the 【person】 applicant is subject to a restraining order
47  issued pursuant to the "Prevention of Domestic Violence Act of

**A4769** DANIELSEN, GREENWALD
11

1 1991", P.L.1991, c.261 (C.2C:25-17 et seq.) prohibiting the
2 〖person〗 applicant from possessing any firearm, whether the
3 〖person〗 applicant is subject to a protective order issued pursuant
4 to the "Extreme Risk Protective Order Act of 2018", P.L.2018, c.35
5 (C.2C:58-20 et al.), whether the 〖person〗 applicant is subject to a
6 protective order issued pursuant to P.L.2021, c.327 (C.2C:12-14 et
7 al.) prohibiting the 〖person〗 applicant from possessing any firearm,
8 and other information as the superintendent shall deem necessary
9 for the proper enforcement of this chapter.  For the purpose of
10 complying with this subsection, the applicant shall waive any
11 statutory or other right of confidentiality relating to institutional
12 confinement.  The application shall be signed by the applicant and
13 shall contain as references the names and addresses of two
14 reputable citizens personally acquainted with 〖him〗 the applicant.
15 An application for a permit to purchase a handgun shall also
16 indicate, with respect to each handgun listed on the form, whether
17 the applicant is purchasing the handgun on the applicant's own
18 behalf or on behalf of a third party and shall specify that the
19 applicant is not an actual purchaser if the applicant is acquiring the
20 handgun on behalf of another person, unless otherwise permitted by
21 law.
22 Application blanks shall be obtainable from the superintendent,
23 from any other officer authorized to grant a permit or identification
24 card, and from licensed retail dealers, or shall be made available
25 through an online process established or made available by the
26 superintendent.
27 The chief police officer or the superintendent shall obtain the
28 fingerprints of the applicant and shall have them compared with any
29 and all records of fingerprints in the municipality and county in
30 which the applicant resides and also the records of the State Bureau
31 of Identification and the Federal Bureau of Investigation, provided
32 that an applicant for a handgun purchase permit who possesses a
33 valid firearms purchaser identification card, or who has previously
34 obtained a handgun purchase permit from the same licensing
35 authority for which 〖he〗 the applicant was previously fingerprinted,
36 and who provides other reasonably satisfactory proof of 〖his〗 the
37 applicant's identity, need not be fingerprinted again; however, the
38 chief police officer or the superintendent shall proceed to
39 investigate the application to determine whether or not the applicant
40 has become subject to any of the disabilities set forth in this
41 chapter.
42 f.   Granting of permit or identification card; fee; term; renewal;
43 revocation.  The application for the permit to purchase a handgun
44 together with a fee of 〖$2〗 $25, or the application for the firearms
45 purchaser identification card together with a fee of 〖$5〗 $50, shall
46 be delivered or forwarded to the licensing authority who, upon
47 determining that the application is complete, shall investigate the

**A4769** DANIELSEN, GREENWALD
12

1   same and, unless good cause for the denial thereof appears, shall
2   grant the permit or the identification card, or both, if application has
3   been made therefor, within 30 days from the date of receipt of the
4   <u>completed</u> application for residents of this State and within 45 days
5   for nonresident applicants.  A permit to purchase a handgun shall be
6   valid for a period of 90 days from the date of issuance and may be
7   renewed by the issuing authority for good cause for an additional 90
8   days.  A firearms purchaser identification card issued or renewed
9   after the effective date of P.L.2022, c.58 shall expire during the
10  tenth calendar year following its date of issuance and on the same
11  calendar day as the person's date of birth.
12      If the date of birth of the firearms purchaser identification card
13  holder does not correspond to a calendar day of the tenth calendar
14  year, the card shall expire on the last day of the birth month of the
15  card holder.
16      A firearms purchaser identification card issued pursuant to this
17  section may be renewed upon filing of a renewal application and
18  payment of the required fee, provided that the holder is not subject
19  to any of the disabilities set forth in subsection c. of this section and
20  complies with all other applicable requirements as set forth in
21  statute and regulation.  <u>If an application for renewal of a firearm</u>
22  <u>purchaser identification card is denied, the applicant shall be</u>
23  <u>provided with a written statement of the reasons for the denial.  Any</u>
24  <u>person aggrieved by the denial of an application for renewal of a</u>
25  <u>firearm purchaser identification card may request a hearing in the</u>
26  <u>Superior Court of the county in which the person resides if the</u>
27  <u>person is a resident of New Jersey or in the Superior Court of the</u>
28  <u>county in which the person's application was filed if the person is a</u>
29  <u>nonresident.  The request for a hearing shall be made in writing</u>
30  <u>within 30 days of the denial of the application for renewal of the</u>
31  <u>firearm purchaser identification card.  The applicant shall serve a</u>
32  <u>copy of the request for a hearing upon the chief of police of the</u>
33  <u>municipality in which the applicant resides, if the applicant is a</u>
34  <u>resident of New Jersey, and upon the superintendent in all cases.</u>
35  <u>The hearing shall be held and a record made thereof within 60 days</u>
36  <u>of the receipt of the application for a hearing by the judge of the</u>
37  <u>Superior Court.  A formal pleading and filing fee shall not be</u>
38  <u>required as a preliminary to a hearing.  Appeals from the results of a</u>
39  <u>hearing shall be in accordance with law.</u>
40      <u>The Administrative Director of the Courts shall coordinate with</u>
41  <u>the superintendent in the development of an electronic filing system</u>
42  <u>to receive requests for hearings and serve the chief of police and</u>
43  <u>superintendent as required in this section.</u>
44      A firearms purchaser identification card issued prior to the
45  effective date of P.L.2022, c.58 shall not expire.
46      A firearms purchaser identification card shall be void if the
47  holder becomes subject to any of the disabilities set forth in
48  subsection c. of this section, whereupon the card shall be returned

**A4769** DANIELSEN, GREENWALD

13

1   within five days by the holder to the superintendent, who shall then
2   advise the licensing authority.  Failure of the holder to return the
3   firearms purchaser identification card to the superintendent within
4   the five days shall be an offense under subsection a. of N.J.S.2C:39-
5   10.  Any firearms purchaser identification card may be revoked by
6   the Superior Court of the county wherein the card was issued, after
7   hearing upon notice, upon a finding that the holder thereof no
8   longer qualifies for the issuance of the permit.  The county
9   prosecutor of any county, the chief police officer of any
10   municipality or any citizen may apply to the court at any time for
11   the revocation of the card.
12   There shall be no conditions or requirements added to the form
13   or content of the application, or required by the licensing authority
14   for the issuance or renewal of a permit or identification card, other
15   than those that are specifically set forth in this chapter.
16   g.   Disposition of fees.  All fees for permits shall be paid to the
17   State Treasury <u>for deposit into the Victims of Crime Compensation</u>
18   <u>Office account</u> if the permit is issued by the superintendent, to the
19   municipality if issued by the chief of police, and to the county
20   treasurer if issued by the judge of the Superior Court.
21   h.   Form of permit; **[**quadruplicate**]** <u>establishment of a web</u>
22   <u>portal</u>; disposition of **[**copies**]** <u>the completed information</u>.   (1)
23   Except as otherwise provided in paragraph (2) of this subsection,
24   the permit shall be in the form prescribed by the superintendent and
25   shall be issued to the applicant **[**in quadruplicate**]** <u>electronically</u>
26   <u>through e-mail or the web portal established or designated for this</u>
27   <u>purpose by the superintendent or in such form or manner as may be</u>
28   <u>authorized by the superintendent</u>.  Prior to the time **[**he**]** <u>the</u>
29   <u>applicant</u> receives the handgun from the seller, the applicant shall
30   **[**deliver**]** <u>provide</u> to the seller <u>an acknowledgement of</u> the permit in
31   **[**quadruplicate**]** <u>the form required under the process established by</u>
32   <u>the superintendent,</u> and the seller shall complete all of the
33   information required on the **[**form**]** <u>web portal</u>.  **[**Within five days
34   of the date of the sale, the seller shall forward the original copy**]**
35   <u>This information shall be forwarded</u> to the superintendent <u>through</u>
36   <u>the web portal, or in such other manner as may be authorized by the</u>
37   <u>superintendent,</u> and **[**the second copy**]** to the chief of police of the
38   municipality in which the purchaser resides, except that in a
39   municipality having no chief of police, **[**the copy**]** <u>the information</u>
40   shall be forwarded to the superintendent.  The **[**third copy shall then
41   be returned to the**]** purchaser **[**with the pistol or revolver**]** <u>shall</u>
42   <u>retain a copy of the completed information</u> and the **[**fourth copy
43   shall be kept by the**]** seller <u>shall retain a copy of the completed</u>
44   <u>information</u> as a permanent record.
45   <u>A transfer of a handgun between or among immediate family</u>
46   <u>members, law enforcement officers, or collectors of firearms or</u>
47   <u>ammunition as curios or relics shall be conducted via the web portal</u>

1 established or designated by the superintendent, which shall include
2 among other things a certification that the seller and purchaser are
3 in fact immediate family members, law enforcement officers, or
4 collectors of firearms or ammunition as curios or relics.

5 (2) The requirements of this subsection concerning the delivery
6 and form of permit and disposition of copies shall not be applicable
7 when these functions may be completed by utilizing an electronic
8 system as described in paragraph (2) of subsection b. of
9 N.J.S.2C:58-2 or section 5 of P.L.2022, c.55 (C.2C:58-3.3a).

10 i.   Restriction on number of firearms person may purchase.
11 Only one handgun shall be purchased or delivered on each permit
12 and no more than one handgun shall be purchased within any 30-
13 day period, but this limitation shall not apply to:

14 (1) a federal, State, or local law enforcement officer or agency
15 purchasing handguns for use by officers in the actual performance
16 of their law enforcement duties;

17 (2) a collector of handguns as curios or relics as defined in Title
18 18, United States Code, section 921 (a) (13) who has in **[**his**]** the
19 collector's possession a valid Collector of Curios and Relics
20 License issued by the federal Bureau of Alcohol, Tobacco, Firearms
21 and Explosives;

22 (3) transfers of handguns among licensed retail dealers,
23 registered wholesale dealers and registered manufacturers;

24 (4) transfers of handguns from any person to a licensed retail
25 dealer or a registered wholesale dealer or registered manufacturer;

26 (5) any transaction where the person has purchased a handgun
27 from a licensed retail dealer and has returned that handgun to the
28 dealer in exchange for another handgun within 30 days of the
29 original transaction, provided the retail dealer reports the exchange
30 transaction to the superintendent; or

31 (6) any transaction where the superintendent issues an exemption
32 from the prohibition in this subsection pursuant to the provisions of
33 section 4 of P.L.2009, c.186 (C.2C:58-3.4).

34 The provisions of this subsection shall not be construed to afford
35 or authorize any other exemption from the regulatory provisions
36 governing firearms set forth in chapter 39 and chapter 58 of Title
37 2C of the New Jersey Statutes;

38 A person shall not be restricted as to the number of rifles or
39 shotguns **[**he**]** the person may purchase, provided **[**he**]** the person
40 possesses a valid firearms purchaser identification card and
41 provided further that **[**he**]** the person signs the certification required
42 in subsection b. of this section for each transaction.

43 j.   Firearms passing to heirs or legatees.   Notwithstanding any
44 other provision of this section concerning the transfer, receipt or
45 acquisition of a firearm, a permit to purchase or a firearms
46 purchaser identification card shall not be required for the passing of
47 a firearm upon the death of an owner thereof to **[**his**]** the owner's
48 heir or legatee, whether the same be by testamentary bequest or by

**A4769** DANIELSEN, GREENWALD

15

1  the laws of intestacy.  The person who shall so receive, or acquire
2  the firearm shall, however, be subject to all other provisions of this
3  chapter. If the heir or legatee of the firearm does not qualify to
4  possess or carry it, **[**he**]** the heir or legatee may retain ownership of
5  the firearm for the purpose of sale for a period not exceeding 180
6  days, or for a further limited period as may be approved by the chief
7  law enforcement officer of the municipality in which the heir or
8  legatee resides or the superintendent, provided that the firearm is in
9  the custody of the chief law enforcement officer of the municipality
10 or the superintendent during that period.
11   k.   Sawed-off shotguns.   Nothing in this section shall be
12 construed to authorize the purchase or possession of any sawed-off
13 shotgun.
14   l.   Nothing in this section and in N.J.S.2C:58-2 shall apply to
15 the sale or purchase of a visual distress signalling device approved
16 by the United States Coast Guard, solely for possession on a private
17 or commercial aircraft or any boat; provided, however, that no
18 person under the age of 18 years shall purchase nor shall any person
19 sell to a person under the age of 18 years a visual distress signalling
20 device.
21   m.  The provisions of subsections a. and b. of this section and
22 paragraphs (4) and (5) of subsection a. of N.J.S.2C:58-2 shall not
23 apply to the purchase of firearms by a law enforcement agency for
24 use by law enforcement officers in the actual performance of the
25 current or former judge's duties, which purchase may be made
26 directly from a manufacturer or from a licensed dealer located in
27 this State or any other state.
28   n.   For the purposes of this section, "immediate family" means a
29 spouse, domestic partner as defined in section 3 of P.L.2003, c.246
30 (C.26:8A-3), partner in a civil union couple as defined in section 2
31 of P.L.2006, c.103 (C.37:1-29), parent, stepparent, grandparent,
32 sibling, stepsibling, child, stepchild, and grandchild, as related by
33 blood or by law.
34   o.   Registration of handguns owned by new residents.   Any
35 person who becomes a resident of this State following the effective
36 date of P.L.2022, c.52 and who transports into this State a firearm
37 that the person owned or acquired while residing in another state
38 shall apply for a firearm purchaser identification card within 60
39 days of becoming a New Jersey resident, and shall register any
40 handgun so transported into this State within 60 days as provided in
41 this subsection.
42   A person who registers a handgun pursuant to this subsection
43 shall complete a registration statement, which shall be in a form
44 prescribed by the superintendent.  The information provided in the
45 registration statement shall include, but shall not be limited to, the
46 name and address of the person and the make, model, and serial
47 number of the handgun being registered.   Each registration
48 statement shall be signed by the person, and the signature shall

**A4769** DANIELSEN, GREENWALD

16

1    constitute a representation of the accuracy of the information
2    contained in the registration statement.
3        The registration statement shall be submitted to the law
4    enforcement agency of the municipality in which the person resides
5    or, if the municipality does not have a municipal law enforcement
6    agency, any State Police station.
7        Within 60 days prior to the effective date of P.L.2022, c.52, the
8    superintendent shall prepare the form of registration statement as
9    described in this subsection and shall provide a suitable supply of
10   statements to each organized full-time municipal police department
11   and each State Police station.
12       A person who fails to apply for a firearm purchaser identification
13   card or register a handgun as required pursuant to this subsection
14   shall be granted 30 days to comply with the provisions of this
15   subsection.  If the person does not comply within 30 days, the
16   person shall be liable to a civil penalty of $250 for a first offense
17   and shall be guilty of a disorderly persons offense for a second or
18   subsequent offense.
19       If a person is in possession of multiple firearms or handguns in
20   violation of this subsection, the person shall be guilty of one
21   offense under this subsection provided the violation is a single
22   event.
23       The civil penalty shall be collected pursuant to the "Penalty
24   Enforcement Law of 1999," P.L.1999, c.274 (C.2A:58-10 et seq.) in
25   a summary proceeding before the municipal court having
26   jurisdiction.   A law enforcement officer having enforcement
27   authority in that municipality may issue a summons for a violation,
28   and may serve and execute all process with respect to the
29   enforcement of this subsection consistent with the Rules of Court.
30   (cf:  P.L.2022, c.58, s.1)
31
32       3.   N.J.S.2C:58-4 is amended to read as follows:
33       2C:58-4.   a.  Scope and duration of authority.  Any person who
34   holds a valid permit to carry a handgun issued pursuant to this
35   section shall be authorized to carry a handgun <u>in a holster concealed</u>
36   <u>on their person</u> in all parts of this State, except as prohibited by
37   subsection e. of N.J.S.2C:39-5 <u>and section 7 of P.L.    , c.    (C.    )</u>
38   <u>(pending before Legislature as this bill)</u>.   One permit shall be
39   sufficient for all handguns owned by the holder thereof, but the
40   permit shall apply only to a handgun carried by the actual and legal
41   holder of the permit <u>and, except as otherwise provided in subsection</u>
42   <u>b. of section 6 of P.L.    , c.    (C.        )(pending before the</u>
43   <u>Legislature as this bill), shall not be construed to authorize a holder</u>
44   <u>to carry a handgun openly, provided that a brief, incidental</u>
45   <u>exposure of a handgun while transferring it to or from a holster or</u>
46   <u>due to the shifting of the person's body position or clothing shall be</u>
47   <u>deemed a de minimis infraction within the contemplation of</u>
48   <u>N.J.S.2C:2-11</u>.

**A4769** DANIELSEN, GREENWALD
17

1    All permits to carry handguns shall expire two years from the
2    date of issuance or, in the case of an employee of an armored car
3    company, upon termination of **[**his**]** the employee's employment by
4    the company occurring prior thereto whichever is earlier in time,
5    and they may thereafter be renewed every two years in the same
6    manner and subject to the same conditions as in the case of original
7    applications.
8        b.   Application forms.   All applications for permits to carry
9    handguns, and all applications for renewal of permits, shall be made
10   on the forms and in the manner prescribed by the superintendent.
11   Each application shall set forth the full name, date of birth, **[**sex**]**
12   gender, residence, occupation, place of business or employment,
13   any aliases or other names previously used by the applicant, and
14   physical description of the applicant, and any other information the
15   superintendent may prescribe for the determination of the
16   applicant's eligibility for a permit and for the proper enforcement of
17   this chapter.   The application shall be signed by the applicant under
18   oath, and shall be **[**indorsed**]** endorsed by **[**three**]** not less than four
19   reputable persons who are not related by blood or by law to the
20   applicant and have known the applicant for at least three years
21   preceding the date of application, and who shall certify thereon that
22   the applicant **[**is a person of good moral character and behavior**]**
23   has not engaged in any acts or made any statements that suggest the
24   applicant is likely to engage in conduct, other than lawful self-
25   defense, that would pose a danger to the applicant or others.  The
26   reputable persons also shall provide relevant information supporting
27   the certification, including the nature and extent of their
28   relationship with the applicant and information concerning their
29   knowledge of the applicant's use of drugs or alcohol.
30       c.   Investigation and approval.   Each application shall be
31   accompanied by a $200 application fee and shall in the first
32   instance be submitted to the chief police officer of the municipality
33   in which the applicant resides, or to the superintendent **[**,**]** if: (1)
34   **[**if**]** the applicant is an employee of an armored car company **[**, or**]**
35   ; (2) **[**if**]** there is no chief police officer in the municipality where
36   the applicant resides **[**, or**]** ; (3) **[**if**]** the applicant does not reside in
37   this State; or (4) the applicant is a mayor or other elected member
38   of the municipal governing body.
39       In the case of an application made to the chief police officer of a
40   municipality, $150 of the fee shall be retained by the municipality
41   and the remaining $50 shall be forwarded to the superintendent.
42   The fee amount retained by the municipality shall be used to defray
43   the costs of investigation, administration, and processing of the
44   permit to carry handgun applications. Application fees made to the
45   superintendent shall be deposited into the Victims of Crime
46   Compensation Office account.

**A4769** DANIELSEN, GREENWALD
18

1     The chief police officer, or the superintendent, as the case may
2    be, shall <u>determine whether the application is complete and, if so,</u>
3    <u>shall</u> cause the fingerprints of the applicant to be taken and
4    compared with any and all records maintained by the municipality,
5    the county in which it is located, the State Bureau of Identification
6    and the Federal Bureau of Identification. 【He】 <u>The chief police</u>
7    <u>officer or the superintendent, as the case may be,</u> shall also determine
8    and record a complete description of each handgun the applicant
9    intends to carry.  <u>The chief police officer, or the superintendent, as</u>
10    <u>the case may be, shall interview the applicant and the persons</u>
11    <u>endorsing the application under subsection b. of this section, and</u>
12    <u>shall make inquiry concerning, and investigate to the extent</u>
13    <u>warranted, whether the applicant is likely to engage in conduct that</u>
14    <u>would result in harm to the applicant or others, including, but not</u>
15    <u>limited to, whether the applicant has any history of threats or acts of</u>
16    <u>violence by the applicant directed toward self or others or any</u>
17    <u>history of use, attempted use, or threatened use of physical force by</u>
18    <u>the applicant against another person, or other incidents implicating</u>
19    <u>the disqualifying criteria set forth in subsection c. of N.J.S.2C:58-3,</u>
20    <u>including but not limited to determining whether the applicant has</u>
21    <u>been subject to any recent arrests or criminal charges for</u>
22    <u>disqualifying crimes or has been experiencing any mental health</u>
23    <u>issues such as suicidal ideation or violent impulses, and the</u>
24    <u>applicant's use of drugs or alcohol.</u>
25    <u>The chief police officer or the superintendent may require such</u>
26    <u>other information from the applicant or any other person, including</u>
27    <u>but not limited to publicly available statements posted or published</u>
28    <u>online by the applicant, as the chief police officer or superintendent</u>
29    <u>deems reasonably necessary to conduct the review of the</u>
30    <u>application.</u>
31    【No】 <u>An</u> application shall <u>not</u> be approved by the chief police
32    officer or the superintendent unless the applicant demonstrates that
33    【he】 <u>the applicant</u> is not subject to any of the disabilities set forth
34    in subsection c. of N.J.S.2C:58-3, that 【he】 <u>the applicant</u> is
35    thoroughly familiar with the safe handling and use of handguns<u>,</u>
36    <u>including providing proof of completion of any training or</u>
37    <u>proficiency requirements established under the law,</u> and that 【he
38    has a justifiable need to carry a handgun】 <u>the applicant is in</u>
39    <u>compliance with the firearm carry liability insurance requirement of</u>
40    <u>section 4 of P.L. , c. (C. )(pending before the Legislature as this</u>
41    <u>bill).</u>
42    【Each application form shall be accompanied by a written
43    certification of justifiable need to carry a handgun, which shall be
44    under oath and, in the case of a private citizen, shall specify in
45    detail the urgent necessity for self-protection, as evidenced by
46    specific threats or previous attacks which demonstrate a special
47    danger to the applicant's life that cannot be avoided by means other

**A4769** DANIELSEN, GREENWALD
19

1   than by issuance of a permit to carry a handgun.  Where possible,
2   the applicant shall corroborate the existence of any specific threats
3   or previous attacks by reference to reports of the incidents to the
4   appropriate law enforcement agencies.
5       If**]** Once the application is **[**not approved**]** deemed complete by
6   the chief police officer or the superintendent , if it is not approved
7   or denied by the chief police officer or the superintendent within
8   **[**60**]** 90 days of filing, it shall be deemed to have been approved
9   **[**unless the applicant agrees**]**; provided, however, the chief police
10  officer or the superintendent may, for good cause shown and upon
11  written notification to the applicant, extend by up to an additional
12  30 days the time period for which the application may be approved
13  or denied. The written notification sent to the applicant shall
14  provide a detailed explanation of the reasons for the extension.  An
15  applicant also may agree in writing to an additional extension of
16  time **[**in writing**]** past the 120 day statutory time frame.
17      d.  Issuance **[**by Superior Court**]** of permit; establishment of
18  web portal; disposition of completed information; fee.  If the
19  application has been approved by the chief police officer or the
20  superintendent, as the case may be, the **[**applicant shall forthwith
21  present it to the Superior Court of the county in which the applicant
22  resides, or to the Superior Court in any county where he intends to
23  carry a handgun, in the case of a nonresident or employee of an
24  armored car company.  The court shall**]** chief police officer or the
25  superintendent shall issue the permit to the applicant in the form
26  prescribed by the superintendent.
27      The permit shall be issued to the applicant electronically through
28  electronic mail or through the web portal established or designated
29  for this purpose by the superintendent, or in such form or manner as
30  may be authorized by the superintendent, if, but only if, **[**it is
31  satisfied**]** the chief police officer or superintendent determines that
32  the applicant:
33      (1) is a person **[**of good character**]** who has not engaged in any
34  acts or made any statements that suggest the applicant is likely to
35  engage in conduct, other than lawful self-defense, that would pose a
36  danger to the applicant or others and who is not subject to any of
37  the disabilities set forth in subsection c. of N.J.S.2C:58-3, **[**that he
38  is**]**:
39      (2) is thoroughly familiar with the safe handling and use of
40  handguns **[**,**]** ; and **[**that he has a justifiable need to carry a
41  handgun in accordance with the provisions of subsection c. of this
42  section.  The court may at its discretion issue a limited-type permit
43  which would restrict the applicant as to the types of handguns he
44  may carry and where and for what purposes the handguns may be
45  carried**]**
46      (3) has completed the training requirements established pursuant
47  to subsection g. of this section, provided that any requirement for

**A4769** DANIELSEN, GREENWALD
20

1    classroom instruction and target training shall not be required for a
2    renewal applicant who completed the instruction and training when
3    obtaining a permit to carry a handgun issued within the previous
4    two years; and
5        (4) is in compliance with the firearm carry liability insurance
6    requirement of section 4 of P.L.  , c. (C.  )(pending before the
7    Legislature as this bill).
8        At the time of issuance, the applicant shall pay to the county
9    clerk of the county where the permit was issued a permit fee of
10   【$20】 $50.
11       e.   Appeals from denial of applications.   An applicant who is
12   denied a permit to carry a handgun shall be provided with a written
13   statement of the reasons for the denial. Any 【person】 applicant
14   aggrieved by the denial by the chief police officer or the
15   superintendent of approval for a permit to carry a handgun may
16   request a hearing in the Superior Court of the county in which 【he】
17   the applicant resides or in any county in which 【he】 the applicant
18   intends to carry a handgun, in the case of a nonresident, by filing a
19   written request for a hearing within 30 days of the denial.  【Copies】
20   The aggrieved applicant shall serve copies of the request 【shall be
21   served】 upon the superintendent, the county prosecutor, and the
22   chief police officer of the municipality where the applicant resides,
23   if 【he】 the applicant is a resident of this State.  The hearing shall be
24   held within 【30】 60 days of the filing of the request, and no formal
25   pleading or filing fee shall be required.   Appeals from the
26   determination at the hearing shall be in accordance with law and the
27   rules governing the courts of this State.
28       【If the superintendent or chief police officer approves an
29   application and the Superior Court denies the application and
30   refuses to issue a permit, the applicant may appeal the denial in
31   accordance with law and the rules governing the courts of this
32   State.】
33       The Administrative Director of the Courts shall coordinate with
34   the superintendent in the development of an electronic filing system
35   to receive requests for hearings and serve the chief of police and
36   superintendent as required in this section.
37       f.   Revocation of permits.  Any permit issued under this section
38   shall be void at the time the holder thereof becomes subject to any
39   of the disabilities set forth in subsection c. of N.J.S.2C:58-3, and
40   the holder of a void permit shall immediately surrender the permit
41   to the superintendent who shall give notice to the licensing
42   authority.  Any permit may be revoked by the Superior Court, after
43   hearing upon notice to the holder, if the court finds that the holder
44   is no longer qualified for the issuance of a permit.  The county
45   prosecutor of any county, the chief police officer of any
46   municipality, the superintendent, or any citizen may apply to the

**A4769** DANIELSEN, GREENWALD
21

1   court at any time for the revocation of any permit issued pursuant to
2   this section.
3      g.   Training requirement.  (1) The superintendent shall establish
4   training requirements in the lawful and safe handling and storage of
5   firearms, which shall consist of an online course of instruction, in-
6   person classroom instruction, and target training administered by a
7   certified firearm instructor on a firing range approved by the
8   superintendent and on the list of approved ranges published on the
9   State Police website.  The training shall include, but not be limited to,
10  demonstration of a level of proficiency in the use of a handgun in
11  such manner as required by the superintendent and training,
12  developed or approved in conjunction with the Police Training
13  Commission, on justification in the use of deadly force under State
14  law.
15      (2) A person who obtained a permit pursuant to this section prior to
16  the effective date of P.L.    , c.    (C.    ) (pending before the
17  Legislature as this bill) shall comply with the training requirement
18  established pursuant to this subsection within 90 days following the
19  effective date of P.L.    , c.   (C.    ) (pending before the Legislature
20  as this bill)
21      h.  For purposes of this section, "holster" means a device or
22  sheath that secures a handgun which, at a minimum, is equipped
23  with a retention strap, conceals and protects the main body of the
24  firearm, maintains the firearm in a consistent and accessible
25  position, and renders the trigger covered and inaccessible while the
26  handgun is fully seated in the holster.
27  (cf: P.L.2018, c.37, s.1)
28
29      4.   (New section)  a.  Every private citizen who carries a handgun
30  in public in this State shall maintain liability insurance coverage, under
31  provisions approved by the Commissioner of Banking and Insurance,
32  insuring against loss resulting from liability imposed by law for bodily
33  injury, death, and property damage sustained by any person arising out
34  of the ownership, maintenance, operation or use of a firearm carried in
35  public wherein such coverage shall be at least in:
36      (1) an amount or limit of $100,000, exclusive of interest and costs,
37  on account of injury to, or death of, one person, in any one incident;
38      (2) an amount or limit, subject to such limit for any one person so
39  injured or killed, of $300,000, exclusive of interest and costs, on
40  account of injury to or death of, more than one person, in any one
41  incident; and
42      (3) an amount or limit of $25,000, exclusive of interest and costs,
43  for damage to property in any one incident.
44      b.   Proof of insurance as required in subsection a. of this section
45  shall be produced and displayed by the person carrying a handgun in
46  public upon request to any law enforcement officer or to any person
47  who has suffered or makes a good faith claim to have suffered either

**A4769** DANIELSEN, GREENWALD

22

1   injury or property damage arising out of the ownership, maintenance,
2   operation or use of a firearm carried in public.

3     c.  A violation of this section shall be a crime of the fourth degree
4   and shall constitute full and sufficient grounds for revocation of a
5   permit to carry a handgun issued pursuant to N.J.S.2C:58-4.

6

7     5.  (New section) Safe carry requirements for authorized
8   holders of a permit to carry a handgun.

9     a. The holder of a permit to carry a handgun issued pursuant to
10  N.J.S.2C:58-4 shall not:

11     (1) use or consume alcohol, a cannabis item, or a controlled
12  substance while carrying a handgun;

13     (2) be under the influence of alcohol, cannabis, or a controlled
14  substance while carrying a handgun;

15     (3) carry a handgun in public outside of a holster or carry a
16  handgun in public in a holster that does not meet the requirements
17  of subsection g. of N.J.S.2C:58-4;

18     (4) carry more than two firearms under the permittee's control at
19  one time; or

20     (5) engage in an unjustified display of a handgun.

21     (6) if carrying a handgun in public, refuse to provide the
22  handgun to a law enforcement officer upon request for purposes of
23  inspecting the handgun.

24     A violation of this subsection shall be a crime of the fourth
25  degree, and any such violation shall constitute full and sufficient
26  grounds for revocation of a permit to carry a handgun issued
27  pursuant to N.J.S.2C:58-4.

28     b.  The holder of a permit to carry a handgun issued pursuant to
29  N.J.S.2C:58-4, if stopped or detained by a law enforcement officer
30  while carrying a handgun in public, shall:

31     (1) immediately disclose to the law enforcement officer that they
32  are carrying a handgun; and

33     (2) display the permit to carry a handgun and proof of firearm
34  public carry liability insurance required pursuant to section 4 of
35  P.L.   , c.   (C.   )(pending before the Legislature as this bill) upon
36  the request of the officer.

37     A violation of paragraph (1) of this section shall be a crime of
38  the fourth degree.  A person who violates paragraph (2) of this
39  subsection shall be guilty of a disorderly persons offense for a first
40  offense and subject to a $100 fine and a crime of the fourth degree
41  for a second or subsequent offense.

42

43     6.  (New section) Requirements and restrictions on the lawful
44  carrying of a handgun in public.

45     In addition to any criminal penalties under subsection b. of
46  N.J.S.2C:39-5, section 7 of P.L.   , c.   (C.   )(pending before the
47  Legislature as this bill), or any other law, it shall be a crime of the
48  fourth degree for any person in a public place:

**A4769** DANIELSEN, GREENWALD

23

1    a.  to carry a handgun concealed on or about their person, except
2  as permitted in accordance with N.J.S.2C:39-6, without possessing on
3  their person a valid and lawfully issued permit to carry under
4  N.J.S.2C:58-4 and proof of firearm public carry liability insurance
5  required pursuant to section 4 of P.L. , c. (C. )(pending before the
6  Legislature as this bill); or
7    b.  to carry a handgun openly, whether or not in possession of a
8  valid and lawfully issued permit to carry under N.J.S.2C:58-4 and
9  proof of handgun public carry liability insurance required pursuant to
10  section 4 of P.L. , c. (C. )(pending before the Legislature as this bill).
11
12    7.  (New section) Places where the carrying of a weapon is
13  prohibited.
14    a.  Except as otherwise provided in this section, it shall be a crime
15  of the third degree for any person, other than a person lawfully
16  carrying a firearm within the authorized scope of an exemption set
17  forth in N.J.S.2C:39-6 and only to the extent permitted by the entity
18  responsible for security at the place in question, to knowingly carry a
19  weapon, as defined in subsection r. of N.J.S.2C:39-1, in any of the
20  following places, including in or upon any part of the buildings,
21  grounds, or parking area of:
22    (1) a place owned, leased, or under the control of State, county or
23  municipal government used for the purpose of government
24  administration, including but not limited to police stations;
25    (2) a courthouse, courtroom, or any other premises used to conduct
26  judicial or court administrative proceedings or functions;
27    (3) a State, county, or municipal correctional or juvenile justice
28  facility, jail and any other place maintained by or for a governmental
29  entity for the detention of criminal suspects or offenders;
30    (4) a State-contracted half-way house;
31    (5) a location being used as a polling place during the conduct of an
32  election;
33    (6) within 100 feet of a place where a public gathering,
34  demonstration or event is held for which a government permit is
35  required, during the conduct of such gathering, demonstration or
36  event;
37    (7) a school, college, university or other educational institution, and
38  on any school bus;
39    (8) a child care facility or day care center;
40    (9) a nursery school, pre-school, zoo, or summer camp;
41    (10) a park, beach, recreation facility or area or playground owned
42  or controlled by a State, county or local government unit, or any part
43  of such a place, which is designated as a gun free zone by the
44  governing authority based on considerations of public safety;
45    (11) at youth sports events, as defined in N.J.S.5:17-1, during and
46  immediately preceding and following the conduct of the event;
47    (12) a publicly owned or leased library or museum;

1    (13) a shelter for the homeless, emergency shelter for the homeless,
2    basic center shelter program, shelter for homeless or runaway youth,
3    children's shelter, child care shelter, shelter for victims of domestic
4    violence, or any shelter under the control of the Juvenile Justice
5    Commission or the Department of Children and Families;
6    (14) a community residence for persons with developmental
7    disabilities, head injuries, or terminal illnesses, or any other residential
8    setting licensed by the Department of Human Services or Department
9    of Health;
10    (15) a bar or restaurant where alcohol is served, and any other site
11    or facility where alcohol is sold for consumption on the premises;
12    (16) a site or facility where cannabis is sold for consumption on the
13    premises;
14    (17) a privately or publicly owned and operated entertainment
15    facility within this State, including but not limited to a theater,
16    stadium, museum, arena, racetrack or other place where performances,
17    concerts, exhibits, games or contests are held;
18    (18) a casino and related facilities, including but not limited to
19    appurtenant hotels, retail premises, restaurant and bar facilities, and
20    entertainment and recreational venues located within the casino
21    property;
22    (19) a plant or operation that produces, converts, distributes or
23    stores energy or converts one form of energy to another;
24    (20) an airport or public transportation hub;
25    (21) a health care facility, including but not limited to a general
26    hospital, special hospital, mental hospital, public health center,
27    diagnostic center, treatment center, rehabilitation center, extended care
28    facility, skilled nursing home, nursing home, intermediate care facility,
29    tuberculosis hospital, chronic disease hospital, maternity hospital,
30    outpatient clinic, dispensary, assisted living center, home health care
31    agency or residential health care facility;
32    (22) a facility licensed or regulated by the Department of Human
33    Services or Department of Health, other than a health care facility, that
34    provides addiction or mental health treatment or support services;
35    (23) a public location being used for making motion picture or
36    television images for theatrical, commercial or educational purposes,
37    during the time such location is being used for that purpose;
38    (24) private property, including but not limited to residential,
39    commercial, industrial, agricultural, institutional or undeveloped
40    property, unless the owner has provided express consent or has posted
41    a sign indicating that it is permissible to carry on the premises a
42    concealed handgun with a valid and lawfully issued license under
43    N.J.S.2C:58-4; and
44    (25) any other place in which the carrying of a handgun is
45    prohibited by statute or rule or regulation promulgated by a federal or
46    State agency or by municipal ordinance or regulation.
47    b.   (1) A person, other than a person lawfully carrying a firearm
48    within the authorized scope of an exemption set forth in subsection a.

**A4769** DANIELSEN, GREENWALD
25

1    or c. of N.J.S.2C:39-6, who is otherwise authorized under the law to
2    carry or transport a firearm shall not do so while in a vehicle in New
3    Jersey, unless the handgun is unloaded and contained in a closed and
4    securely fastened case, gunbox, or locked unloaded in the trunk of the
5    vehicle.
6    (2) A holder of a valid and lawfully issued permit to carry a
7    handgun shall not leave a handgun outside of their immediate
8    possession or control within a parked vehicle, unless the handgun is
9    unloaded and contained in a closed and securely fastened case, or
10    gunbox, and is not visible from outside of the vehicle, or is locked
11    unloaded in the trunk or storage area of the vehicle.
12    A violation of paragraph (1) or (2) of this subsection is a crime of
13    the fourth degree.
14    c.   Notwithstanding the provisions of subsections a. and b. of this
15    section, the holder of a valid and lawfully issued permit to carry under
16    N.J.S.2C:58-4 who is otherwise prohibited under this section from
17    carrying a concealed firearm into the parking area of a prohibited
18    location specified in subsection a. of this section shall be permitted to:
19    (1) transport a concealed handgun or ammunition within a vehicle
20    into or out of the parking area, provided that the handgun is unloaded
21    and contained in a closed and securely fastened case, gunbox, or
22    locked unloaded in the trunk or storage area of the vehicle;
23    (2) store a handgun or ammunition within a locked lock box and out
24    of plain view within the vehicle in the parking area;
25    (3) transport a concealed handgun in the immediate area
26    surrounding their vehicle within a prohibited parking lot area only for
27    the limited purpose of storing or retrieving the handgun within a
28    locked lock box in the vehicle's trunk or other place inside the vehicle
29    that is out of plain view; and
30    (4) transport a concealed handgun from a vehicle parked within a
31    prohibited parking lot area to a place other than a prohibited place
32    enumerated in subsection a. of this section, provided that the person
33    immediately leaves the parking lot area and does not enter into or on
34    the grounds of the prohibited place with the handgun.
35    d.   The holder of a valid and lawfully issued permit to carry under
36    N.J.S.2C:58-4 shall not be in violation of subsection a. of this section
37    while the holder is traveling along a public right-of-way that touches
38    or crosses any of the places enumerated in subsection a. of this section
39    if the concealed handgun is carried on their person in accordance with
40    the provisions of this act or is being transported in a vehicle by the
41    permit holder in accordance with all other applicable provisions of
42    law.
43    e.   (1) Nothing in this act shall be construed to prohibit the holder
44    of a valid and lawfully issued permit under N.J.S.2C:58-4 who is
45    lawfully authorized to provide security at a place enumerated in
46    subsection a. of this section from carrying a firearm, openly or
47    concealed, provided that the authorization is set forth in writing, and

**A4769** DANIELSEN, GREENWALD
26

1   only to the extent permitted by the entity responsible for security at the
2   place in question.
3       (2) Unless otherwise required or prohibited by law, the owner or
4   entity in control of any place enumerated in subsection a. of this
5   section or owner or entity responsible for providing security may allow
6   or prohibit retired law enforcement officers who are authorized to
7   possess and carry a handgun pursuant to subsection l. of N.J.S.2C:39-6
8   or qualified retired law enforcement officers within the meaning of
9   the federal "Law Enforcement Officers Safety Act of 2004," Pub.L.
10  108-277 to carry a concealed handgun on the premises of such place.
11      f. Nothing in this section shall prohibit the carrying of a firearm
12  where it is otherwise expressly authorized by law.
13
14      8.   (New section) A person purchasing a firearm or firearm
15  ammunition shall be required to disclose in a written document under
16  penalty, on a form prescribed by the superintendent, whether the
17  firearm or ammunition to be purchased is intended to be transferred to
18  a third party, and the name and address of that third party, if known.
19
20      9.   (New section) Notwithstanding any provision of the
21  "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.)
22  to the contrary, the Superintendent of State Police may adopt
23  immediately upon filing with the Office of Administrative Law such
24  regulations as the Superintendent deems necessary to implement the
25  provisions of this act, which shall be effective for a period not to
26  exceed 18 months, and may thereafter be amended, adopted, or
27  readopted by the Superintendent in accordance with the requirements
28  of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1
29  et seq.).
30
31      10. Sections 2 and 7 of this act shall take effect immediately,
32  section 8 of this act shall take effect on the first day of second month
33  next following the date of enactment, and the remainder of this act
34  shall take effect on the first day of the seventh month next following
35  the date of enactment, but the Attorney General, Superintendent of
36  State Police, and Commissioner of Banking and Insurance may take
37  such anticipatory action as is necessary for the implementation of
38  this act.
39
40
41                          STATEMENT
42
43      This bill removes from current law the justifiable need standard,
44  which is necessary to hold a permit to carry a handgun in this State,
45  in accordance with a recent decision of the United States Supreme
46  Court in New York State Rifle & Pistol Association v Bruen.  In
47  addition, the bill establishes certain criteria for obtaining a permit to
48  carry a handgun and codifies certain venues at which the right to

**A4769** DANIELSEN, GREENWALD

27

1 carry firearms would be restricted due to security and safety
2 concerns.
3     Under current law, in order to lawfully carry a handgun in
4 public, it is necessary for a private citizen to obtain a permit to
5 carry a handgun. Applicants for a permit to carry a handgun need
6 the approval of the chief of police in the municipality where they
7 reside and the approval of a Superior Court judge in the county
8 where they reside. Approval is contingent upon a person submitting,
9 along with the application, a written certification establishing
10 justifiable need. Justifiable need is defined as the urgent necessity
11 for self-protection, as evidenced by specific threats or previous
12 attacks which demonstrate a special danger to the applicant's life
13 that cannot be avoided by means other than by issuance of a permit
14 to carry a handgun. This bill eliminates the justifiable need
15 standard.
16     The bill also expands the disqualifying criteria that would
17 prohibit a person from obtaining a firearm purchaser identification
18 card (FPIC), permit to purchase a handgun (PPH), or permit to carry
19 a handgun. Under current law, a person who receives these
20 documents is required to be of "good character" and "good repute" in
21 the community and not subject to any of the disqualifying criteria
22 listed in subsection c. of N.J.S.2C:58-3. The bill expands the list of
23 disqualifying criteria to include:
24     • persons presently confined for a mental disorder as a voluntary
25       admission or involuntary commitment for inpatient or
26       outpatient treatment;
27     • persons who have violated a temporary or final restraining
28       order issued pursuant to the "Prevention of Domestic
29       Violence Act of 1991" or a temporary or final domestic
30       violence restraining order issued in another jurisdiction
31       prohibiting the person from possessing any firearm;
32     • persons who are subject to or have violated a temporary or
33       final restraining order issued pursuant to the "Sexual Assault
34       Survivor Protection Act of 2015";
35     • persons who have previously been voluntarily admitted or
36       involuntarily committed to inpatient or outpatient mental health
37       treatment, unless the court has expunged the person's record;
38     • persons who are subject to an outstanding arrest warrant for an
39       indictable crime in this State or for a felony in any other state
40       or federal jurisdiction. This provision would not include
41       individuals seeking reproductive health care services in this
42       State;
43     • persons who are a fugitive from justice due to having fled from
44       any state or federal jurisdiction to avoid prosecution for a crime
45       or to avoid giving testimony in any criminal proceeding. This
46       provision would not include individuals seeking reproductive
47       health care services in this State; and

**A4769** DANIELSEN, GREENWALD
28

1     •  persons who are convicted of a fourth degree crime for
2        violating the handgun carry requirements established under the
3        bill.
4     The bill also makes several changes to the procedure for applying
5 for an FPIC or PPH.  Under the bill, an applicant would be required to
6 provide any aliases or other names previously used by the applicant.
7 A PPH applicant also would be required to indicate, with respect to
8 each handgun listed on the form, whether the applicant is purchasing
9 the handgun on the applicant's own behalf or on behalf of a third
10 party.  In addition, the bill increases the fee to obtain an FPIC from
11 two dollars to $25.  The fee for the PPH would be increased from
12 five dollars to $50.
13     In addition, this bill renders a recent enactment (P.L.2022, c.58),
14 which requires FPICs to display a picture and thumb print,
15 inoperative until the Superintendent of State Police establishes a
16 system for issuing these cards.  The bill also clarifies that the FPIC
17 would be electronically linked to the fingerprints of the card holder,
18 rather than displaying a thumb print.
19     The bill also codifies the electronic method for reporting
20 handgun sales.  Under current law, the PPH is issued as a
21 quadruplicate document. A firearm retailer is required to complete
22 all four of the documents prior to selling a handgun and send the
23 first copy to Superintendent of State Police and the second copy to
24 the chief of police of the municipality in which the purchaser
25 resides. The third copy is retained by the retail dealer and may be
26 subject to inspection by law enforcement at any reasonable time.
27 The purchaser retains the fourth copy as a permanent record.  This
28 bill codifies the current procedure established by the State Police,
29 which established a web portal for electronically reporting handgun
30 sales.  The bill also requires that handgun transfers between or
31 among immediate family members, law enforcement officers, or
32 collectors of firearms or ammunition as curios or relics are to be
33 conducted via the web portal.
34     In addition, the bill revises the application process for obtaining
35 a permit to carry a handgun.  Under current law, a person applying
36 for a permit to carry a handgun is required to provide endorsements
37 from three people who have known the applicant for at least three
38 years and can attest that he or she is of good moral character and
39 behavior.  The bill requires an applicant to provide endorsements
40 from five people who are unrelated to the applicant.  The persons
41 providing the endorsement are to provide relevant information,
42 including the nature and extent of their relationship with the
43 applicant and information concerning their knowledge of the
44 applicant's use of drugs or alcohol.  The bill also requires the chief
45 of police or superintendent, as appropriate, to interview the
46 applicant and persons providing the endorsement.  The interviewer
47 is to inquire whether the applicant is likely to engage in conduct
48 that would result in harm to the applicant or others.  Additionally,

1    the interviewer is to inquire whether the applicant has any history of
2    threats or acts of violence by the applicant directed toward self or
3    others or any history of use, attempted use, or threatened use of
4    physical force by the applicant against another person, or other
5    incidents implicating the criteria that would disqualify a person
6    from obtaining a FPIC or PPH.  The chief of police or the
7    superintendent also may require information from the applicant or
8    any other person pertaining to publicly available statements posted
9    or published online by the applicant.  The bill also extends the time
10    frame which the superintendent or chief of police is required to
11    approve or deny an application for a permit to carry a handgun
12    application from 60 to 90 days.

13    The bill also requires the Superintendent of State Police to
14    establish a training requirement in the lawful and safe handling and
15    storage of firearms for persons who obtain a permit to carry a
16    handgun.  The training requirement is to consist of an online course
17    of instruction, in-person classroom instruction, and target training.
18    The training is to include, but not be limited to, demonstration of a
19    level of proficiency in the use of a handgun in such manner as
20    required by the superintendent and training on justification in the
21    use of deadly force under State law. The bill requires the training to
22    include demonstration of a level of proficiency in the use of a
23    handgun in a manner as may be required by the superintendent and
24    training on justification in the use of deadly force under State law.
25    A person who obtained a permit to carry a handgun prior to the
26    bill's effective date would be required to complete the classroom
27    instruction and target training within 90 days of the bill's effective
28    date.

29    In addition, the application fee for the permit to carry a handgun
30    would be $200.  In the case of an application made to the chief
31    police officer of a municipality, $150 of the fee is to be retained by
32    the municipality and the remaining $50 is to be forwarded to the
33    superintendent.  The fee amount retained by the municipality is to
34    be used to defray the costs of investigation, administration, and
35    processing of the permit to carry handgun applications.  Application
36    fees made to the superintendent are to be deposited into the Victims
37    of Crime Compensation Office account.  The bill also provides that
38    mayors and elected members of a municipal governing body are to
39    apply to the superintendent, rather than the chief law enforcement
40    officer, when applying for a permit to carry a handgun.

41    Under the bill, the permit would be issued to the applicant
42    electronically through email or through the web portal established
43    or designated for this purpose by the superintendent, or in such
44    form or manner as may be authorized by the superintendent.  Prior
45    to issuing the permit, the chief of police or superintendent is
46    required to determine whether:

**A4769** DANIELSEN, GREENWALD
30

1     • the applicant is a person of good character who is not subject
2         to any of the disabilities prohibiting the person from
3         purchasing a firearm;
4     • has not been convicted of a crime of the fourth degree in
5         violation of the carry permit requirements established by the
6         bill;
7     • is thoroughly familiar with the safe handling and use of
8         handguns; and
9     • is in compliance with the firearm carry liability insurance
10        established by the bill.
11     The bill requires a private citizen who obtains a carry permit to
12 obtain public carry liability insurance.  The bill requires the liability
13 insurance coverage to insure against loss resulting from liability
14 imposed by law for bodily injury, death, and property damage
15 sustained by any person arising out of the ownership, maintenance,
16 operation or use of a firearm carried in public.  The bill requires the
17 coverage to be at least in:
18     • an amount or limit of $100,000, exclusive of interest and
19         costs, on account of injury to, or death of, one person, in
20         any one incident;
21     • an amount or limit, subject to such limit for any one person
22         so injured or killed, of $300,000, exclusive of interest and
23         costs, on account of injury to or death of, more than one
24         person, in any one incident; and
25     • an amount or limit of $25,000, exclusive of interest and
26         costs, for damage to property in any one incident.
27     The holder of a permit to carry a handgun would be required to
28 produce and display proof of insurance upon request to any law
29 enforcement officer or to any person who has suffered or claims to
30 have suffered either injury or property damage arising out of the
31 ownership, maintenance, operation or use of a firearm carried in
32 public.
33     In addition, the bill requires persons who obtain a permit to carry a
34 handgun to adhere to certain requirements.  Under the bill, a person
35 with a carry permit would prohibited from:
36     • using or consuming alcohol, a cannabis item, or a controlled
37         substance while carrying a handgun;
38     • being under the influence of alcohol, cannabis, or a
39         controlled substance while carrying a handgun;
40     • carrying a handgun not authorized under the permit;
41     • carrying a handgun outside of a holster or in an unauthorized
42         holster;
43     • carrying more than two firearms under the permittee's
44         control at one time;
45     • engaging in an unjustified display of a handgun;

- if carrying a handgun in public, failing to display the permit to carry a handgun and proof of firearm public carry liability insurance upon request of a law enforcement officer; or
- if carrying a handgun in public, refusing to provide the handgun to a law enforcement officer upon request for purposes of inspecting the handgun.

A person who violates these requirements would be guilty of a crime of the fourth degree.  A violation also may serve as sufficient grounds for revocation of a permit to carry a handgun.

The bill provides that when stopped by a law enforcement officer a permit holder would be required to immediately disclose to the officer that the permit holder is carrying a handgun in public and display proof of liability insurance.   A person who fails to disclose to a law enforcement officer that they are carry a handgun would be guilty of a fourth degree crime.  A person who fails to display proof of firearm public carry liability insurance would be guilty of a disorderly persons offense and subject to a $100 fine and guilty of a crime of the fourth degree for a second or subsequent offense.

The bill also delineates places in which a permit holder would be prohibited from carrying a handgun.  Under the bill, it would be a third degree crime to carry any firearm or weapon in the following locations:

- a place owned, leased, or under the control of State, county, or municipal government used for the purpose of government administration, including but not limited to police stations;
- a courthouse, courtroom, or any other premises used to conduct judicial or court administrative proceedings or functions;
- a State, county, or municipal correctional or juvenile justice facility, jail and any other place maintained by or for a governmental entity for the detention of criminal suspects or offenders;
- a State-contracted half-way house;
- a location being used as a polling place during the conduct of an election;
- a place where a public gathering, demonstration, or event is held for which a government permit is required, during the conduct of such gathering, demonstration, or event;
- a school, college, university, or other educational institution and on any school bus;
- a child care facility or day care center;
- a nursery school, pre-school, zoo, or summer camp;
- a park, beach, recreation facility, or area or playground owned or controlled by a State, county or local government unit;
- at youth sports events during and immediately preceding and following the conduct of the event;
- a publicly owned or leased library or museum;

**A4769** DANIELSEN, GREENWALD
32

1    •   a shelter for the homeless, emergency shelter for the homeless,
2        basic center shelter program, shelter for homeless or runaway
3        youth, children's shelter, child care shelter, shelter for victims
4        of domestic violence, or any shelter under the control of the
5        Juvenile Justice Commission or the Department of Children
6        and Families;
7    •   a community residence for persons with developmental
8        disabilities, head injuries, or terminal illnesses, or any other
9        residential setting licensed by the Department of Human
10      Services or Department of Health;
11   •   a bar or restaurant where alcohol is served, and any other site
12      or facility where alcohol is sold for consumption on the
13      premises;
14   •   a site or facility where cannabis is sold for consumption on the
15      premises;
16   •   a privately or publicly owned and operated entertainment
17      facility within this State, including but not limited to a theater,
18      stadium, museum, arena, racetrack, or other place where
19      performances, concerts, exhibits, games, or contests are held;
20   •   a casino and related facilities, including but not limited to
21      appurtenant hotels, retail premises, restaurant, and bar
22      facilities, and entertainment and recreational venues located
23      within the casino property;
24   •   a plant or operation that produces, converts, distributes, or
25      stores energy or converts one form of energy to another;
26   •   an airport or public transportation hub;
27   •   a health care facility and any facility licensed or regulated by
28      the Department of Human Services or Department of Health,
29      other than a health care facility, that provides addiction or
30      mental health treatment or support services;
31   •   a public location being used for making motion picture or
32      television images for theatrical, commercial or educational
33      purposes, during the time such location is being used for that
34      purpose;
35   •   private property, including but not limited to residential,
36      commercial, industrial, agricultural, institutional, or
37      undeveloped property, unless the owner has provided express
38      consent or has posted a sign indicating that it is permissible to
39      carry on the premises a concealed handgun with a valid and
40      lawfully issued permit to carry; and
41   •   any other place in which the carrying of a handgun is
42      prohibited by statute or rule or regulation promulgated by a
43      federal or State agency or by municipal ordinance or
44      regulation.
45    The bill also requires the holder of a permit to carry a handgun to
46 adhere to certain requirements while transporting the handgun in a
47 vehicle.

**A4769** DANIELSEN, GREENWALD

33

1      Finally, the bill requires a person purchasing a firearm or firearm
2  ammunition to disclose in a written document under penalty of perjury
3  whether the firearm or ammunition to be purchased is intended to be
4  transferred to a third party, and the name and address of the third
5  party, if known.