LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki \*º
Richard L. Ravin \*º□
Daniel L. Schmutter\*
Andrew T. Wolfe\*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

January 25, 2023

**VIA ECF**
The Honorable Renee Marie Bumb
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re:    Koons, et al. v. Reynolds, et al. - No.: 1:22-cv-07464
             Siegel, et al. v. Platkin, et al. - No.: 1:22-cv-07463

Dear Judge Bumb:

    We represent the *Siegel* plaintiffs in the above referenced consolidated matters. We write in opposition to the proposed bifurcated preliminary injunction ("PI") phase proposed by Defendants in their letter of January 23, 2023.

    Bifurcating the PI phase of the case would be entirely improper. The statute at issue, Chapter 131/A4769, represents a comprehensive effort to undermine *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). Every challenged aspect of Chapter 131 seeks to effect the same unconstitutional goal and is similarly invalid under *Bruen*. All bifurcation would do is needlessly create piecemeal litigation, including on appeal.

    After the Court decides the pending PI motions, the losing party will almost certainly file an interlocutory appeal with the Court of Appeals for the Third Circuit. Bifurcation, as urged by Defendants, will virtual guarantee multiple interlocutory appeals, multiple remands, and likely multiple tracks on remand.

    In short, the proposed bifurcation invites a complete mess. Ironically, the State moved to consolidate these two cases for efficiency. Now the State threatens to destroy the very efficiency achieved by consolidation by breaking the consolidated case up into smaller pieces. Further, it

The Honorable Renee Marie Bumb
January 25, 2023
Page 2

does not make sense for the Court to determine the PI schedule until after the *Siegel* TRO motion is decided.

      Thank you for your attention in this regard.

                              Respectfully submitted,

                              s/ Daniel L. Schmutter
                              DANIEL L. SCHMUTTER

DLS/ars
Cc:    Angela Cai, Esq.
        David Jensen, Esq.