IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AARON SIEGEL, JASON COOK, JOSEPH DELUCA, NICOLE CUOZZO, TIMOTHY VARGA, CHRISTOPHER STAMOS, KIM HENRY, AND ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>MATTHEW PLATKIN AND PATRICK J. CALLAHAN, <br><br>　　　　　　　Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 22-7463-KMW-AMD <br><br> **MEMORANDUM OPINION AND ORDER** |

APPEARANCES:

Daniel L. Schmutter, Esquire
Hartman & Winnicki, P.C.
74 Passaic Street
Ridgewood, NJ 07450
　　Counsel for Plaintiffs Aaron Siegel, Jason Cook, Joseph Deluca, Nicole Cuozzo, Timothy
　　Varga, Christopher Stamos, Kim Henry, and Association of New Jersey Rifle & Pistol
　　Clubs, Inc.

Angela Cai, Esquire
Office Of The New Jersey Attorney General
25 Market Street
Trenton, NJ 08625
　　Counsel for Defendants Matthew Platkin and Patrick J. Callahan

Williams, District Judge:

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendants' Emergency Motion for Consolidation (ECF No. 7) and Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 8). The Court held a hearing on January 12, 2023, and notes the

following appearances: Daniel L. Schmutter, Esquire, appearing on behalf of Plaintiffs; Angela Cai, Esquire, appearing on behalf of Defendants. For the reasons outlined on the record and reiterated below, the Emergency Motion to Consolidate is granted, in part, and denied, in part. A decision on the Motion for Temporary Restraining Order and Preliminary Injunction is reserved pending consolidation.

## II. BACKGROUND

On December 22, 2022, Plaintiffs, New Jersey citizens and a not-for-profit club representing the interests of target shooters, hunters, competitors, outdoors people, and firearm owners, filed a Complaint challenging the constitutionality of various provisions of New Jersey's newly passed law, Assembly Bill A4769 (alternatively referred to as "Chapter 131 of the 2022 Laws of New Jersey" or "Chapter 131"), regulating the carry of firearms in New Jersey. *See, generally*, Compl., ECF No. 1. On the very same day, and indeed minutes before, another group of Plaintiffs in *Koons v. Reynolds*, 1:22-cv-7464 ("*Koons*"), filed a Complaint challenging provisions of A4769 as well; this matter was assigned to the Honorable Renèe M. Bumb, U.S.D.J. There is some overlap of the provisions challenged in *Koons* and in this *Siegel* matter. This Court set a briefing schedule on the Motion seeking a Temporary Restraining Order ("TRO") and scheduled a hearing for January 9, 2023. *See* ECF No. 6. Prior to this Court's January 9, 2023 hearing, Judge Bumb, having held a hearing on the TRO in the *Koons* matter on January 5, 2023, issued a 60-page Opinion (ECF No. 34). The accompanying Order (ECF No. 35):

> [o]rdered that Defendants, as well as, their officers, agents, servants, employees, and attorneys (and any other persons in active concert or participation with them) are TEMPORARILY RESTRAINED from enforcing the following provisions of Chapter 131 of the 2022 Laws of New Jersey: Section 7(a), subparts (12), (15), (17), and (24), and Subsection 7(b)(1).

2

Judge Bumb's Opinion and Order addressed five "sensitive place" provisions at issue in this matter.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42, if actions before the Court involve a common question of law or fact, the Court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-(3). "The Third Circuit recognizes that this rule confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *April Denise Williams v. USA, et al.*, No. 18-14455, 2018 WL 4929390, at *6 (D.N.J. Oct. 11, 2018) (citing *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)) (internal quotation marks omitted). This power may also be exercised insofar as consolidation would "avoid unnecessary costs or delay." *Skoorka v. Kean Univ.*, No. 16-3842, 2019 WL 4509294, at *3 (D.N.J. Sept. 19, 2019) (internal quotation marks omitted).

Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 298 n.12 (3d Cir. 2005) (citations and internal quotations marks omitted). In considering a request to consolidate, on one hand, the Court is mindful that two actions need not be identical but could instead simply share "common question[s] of law or fact." *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998). After all, "[t]he purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" *Cima Labs, Inc. v.*

*Actavis Grp. HF*, Nos. 07-00893, 06-01970, 06-01999, 2007 WL 1672229, at *5 (D.N.J. June 7, 2007) (quoting *In re TMI Litig.*, 193 F.3d 615, 724 (3d Cir. 1999)).[1]

## IV. DISCUSSION

At the outset, the Court notes that both parties conceded during the January 12th hearing that neither oppose consolidation. Defendants consistently argue for consolidation of the *Koons* matter with this matter. Plaintiffs, initially opposing consolidation, argues for consolidation of this matter into the *Koons* matter in light of the significant developments in *Koons*.

The Court is aware that, while there is no express Rule mandating same, typically cases consolidated within this District are consolidated into the case with the earliest docket number (the first-filed matter). The Court, however, has broad discretion on matters of consolidation and finds that the unique circumstances presented here dictate a one-time deviation from the typical practice. *See Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)(referencing the court's broad power regarding requests or *sua sponte* decisions to consolidate matters); *see also E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 977 (3d Cir. 1988) (referencing the court's discretion relating to an inter-district first-filed issue). As such, the Court finds that consolidation of the *Siegel* matter into the *Koons* matter is appropriate here. The *Siegel*

---

[1] Motions seeking temporary restraints or preliminary injunctions are governed by Federal Rule of Civil Procedure 65. Courts consider the following factors in considering a request for temporary restraints: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Great Caesars Ghost LLC v. Unachukwu*, No. 19-5408, 2019 WL 1515156, at *1 (D.N.J. Feb. 19, 2019) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). The Court, having reviewed Judge Bumb's thorough, well-reasoned Opinion, the parties' submissions (including the supplemental submissions which address the impact of Judge Bumb's Opinion and Order on this matter) and arguments, and the relevant case law, finds no reason to reach a different result on the five provisions of Chapter 131 already enjoined by Judge Bumb. However, because this Court will consolidate *Siegel* into *Koons* for the reasons set forth *infra*, the Court finds it appropriate to reserve its disposition of the pending Motion seeking a TRO.

4

and *Koons* matters were virtually simultaneously filed, with the *Koons* Complaint having been filed minutes before the *Siegel* Complaint.[2] The *Koons* matter has developed more than this matter, and significantly so. Judge Bumb enjoined enforcement of various provisions of Chapter 131, and the parties in *Koons* are working to propose a schedule to Judge Bumb for discovery and briefing relating to the *Koons* preliminary injunction motion.

This dovetails into the other considerations regarding consolidation – the risk of conflicting outcomes and judicial resources. The Court acknowledges the differences and similarities in the *Koons* and *Siegel* matters. However, as it relates to the preliminary injunction proceedings, this Court must protect against the prospect of conflicting outcomes where, as here, both *Koons* and *Siegel* address claims relating to the constitutionality of the same legislation against at least two identical Defendants – Matthew Platkin and Patrick Callahan. To be clear, while the prospect of conflicting outcomes has thus far been avoided, consolidation ensures it will not occur as these proceedings continue to develop in discovery and, ultimately, finality.

The burden on judicial resources is great if these matters were to proceed before two different judges in the same District – the Court simply lacks the time and resources for such waste. At this point, Judge Bumb has already expended more effort than this Court on these significant constitutional issues, having considered and issued an Opinion and Order on the TRO motion in the *Koons* matter. The parties will be burdened too. As set forth above, the commonalities in these two matters will lead to overlapping discovery requests, witnesses, and competing time frames from different Judges.

## V. CONCLUSION

---

[2] The *Siegel* matter has the earlier docket number because the case was opened first without the corresponding filing of the Complaint.

For all of these reasons, the Defendants' Motion to Consolidate is granted, in part, and denied, in part. The Court will consolidate the *Siegel* and *Koons* matters, but the *Siegel* matter will consolidate into the *Koons* matter with Judge Bumb. The Motion seeking a TRO is reserved for further proceedings following reassignment of this matter to Judge Bumb.

For the reasons stated above, and for good cause shown,

**IT IS** this **13th** day of **January 2023,** hereby

**ORDERED** that Defendants' Motion (ECF No. 7) seeking an emergency consolidation is **GRANTED IN PART** and **DENIED IN PART**. The Court will consolidate the *Siegel* and *Koons* matters, but the *Siegel* matter, 22-cv-7463, will consolidate into the *Koons* matter, 22-cv-7464, rendering *Koons* the lead case. Accordingly, a decision on the pending Motion for Temporary Restraining Order (ECF No. 8) is reserved for further proceedings following reassignment of this matter to Judge Bumb.

KAREN M. WILLIAMS
United States District Judge