[Docket No. 47]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

AARON SIEGEL, *et al.*,

    Plaintiffs,

v.

MATTHEW PLATKIN, *et al.*,

    Defendants.

Civil No. 22-7464 (RMB/AMD)

**ORDER**

**BUMB, United States District Judge**

    This matter comes before the Court upon the Motion to Intervene on Short Notice by Nicholas P. Scutari, President of the New Jersey Senate, and Craig J. Coughlin, speaker of the New Jersey General Assembly (together, the "Presiding Officers"). [Docket No. 47.] As set forth in their supporting brief, the Presiding Officers are permitted to intervene in this action pursuant to Federal Rules of Civil Procedure 24(b)(2)(A) (as governmental officers since the Koons and Siegel Plaintiffs are challenging the constitutionality of New Jersey statute, L. 2022, c. 131) and 24(b)(1)(B) (the general permissive intervention rule applicable to any proposed intervenor).

    At the same time, the Court implores the Presiding Officers to focus their argument on the legitimate legal issues pending before this Court after the clear dictate from the United States Supreme Court in New York State Rifle & Pistol

1

Ass'n, Inc. v. Bruen, 597 U.S., 142 S. Ct. 2111 (2022). The Presiding Officers note that they intend to "provide perspective on the critical public health, safety and welfare issues that led the Legislature to enact Chapter 131." [Docket No. 47-1, at 7.] But the Bruen Court expressly stated that "the government may not simply posit that the regulation promotes an important interest" in the Second Amendment context. Id. at 2126. Instead, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." Id.

Additionally, pursuant to Rule 65, relevant factors for the Court to consider at the preliminary injunction phase include the public interest and possibility of harm to other interested persons. As the Court considered in its earlier Opinion in Koons, the State, thus far, has failed to present any "empirical evidence to suggest that concealed carry permit holders are responsible for gun crimes or an increase in gun crimes in New Jersey, which they cite as justification for the law." [Docket No. 34.] Such evidence is certainly relevant to these factors. However, the Presiding Officers must keep the litigation progressing on the right track. All agree that violent crimes involving firearms are tragic. But the dictate of Bruen is clear: "legislative interest balancing is understandable—and, elsewhere, appropriate — [but] it is not deference that the Constitution demands here." Bruen, 142 S.Ct. at 2131. While the Legislature may disagree with Bruen, it may not disobey it. Accordingly,

**IT IS** on this **30th** day of **January 2023**, hereby

**ORDERED** that the Presiding Officers' Motion to Intervene on Short Notice [Docket No. 47] is **GRANTED**.  The Presiding Officers shall confer with the parties in setting a proposed preliminary briefing schedule as directed by the Court.

s/Renée Marie Bumb
Renée Marie Bumb
U.S. District Judge
