LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *°
Richard L. Ravin *°□
Daniel L. Schmutter*
Andrew T. Wolfe*

_____

* New York and New Jersey Bars
° Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

_____

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

January 31, 2023

**VIA ECF**
The Honorable Renee Marie Bumb
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

      Re:    **Koons, et al. v. Reynolds, et al. - No.: 1:22-cv-07464**
              **Siegel, et al. v. Platkin, et al. - No.: 1:22-cv-07463**

Dear Judge Bumb:

We represent the *Siegel* plaintiffs in the above-referenced consolidated matters.

We write to request clarification regarding the Court's Opinion [ECF No. 51] and Order [ECF No. 52] issued in connection with *Siegel* Plaintiffs motion for a temporary restraining order ("TRO").

We note that on page 24 of the Opinion the Court discusses the prohibition on carry in playgrounds pursuant to Chapter 131 Section 7(a)(10). The Court notes that Defendants have not carried their burden to show that prohibition of carry in playgrounds is consistent with the historical tradition of firearms regulation. The Court then goes on to note that "schools and playgrounds intersect." The Court then denies relief as to playgrounds.

Our request for clarification arises from the fact that some playgrounds are indeed affiliated with schools (including what are often referred to as "schoolyards"), but some are not. Some playgrounds, for example, lie within, or are themselves, ordinary parks–a category already restrained by the Court, which is consistent with how Defendants chose to categorize playgrounds within Section 7(a)(10).

The Honorable Renee Marie Bumb
January 31, 2023
Page 2

      The Court's Order appears to deny relief as to all playgrounds regardless of whether they are affiliated with schools. It therefore does not seem to distinguish between playgrounds that, according to the Court, share the same constitutional status as schools on the one hand and those playgrounds that are contained within or are themselves simply parks, and therefore have the constitutional status of parks.

      Since the Court held that the State did not make any *Bruen* record with respect to playgrounds, the Court's Opinion seems to call for the denial of a TRO as to playgrounds that are constitutionally equivalent to schools but should support a TRO as to playgrounds that are constitutionally equivalent to parks.

      If we are reading the Court's Opinion correctly then we respectfully request a simple clarifying order with language amending the Order by replacing "(except for playgrounds)" with "(except for playgrounds affiliated with schools)." That would crisply effectuate what we believe the Court intended.

      Thank for your attention in this regard.

                                      Respectfully submitted,

                                      s/ Daniel L. Schmutter
                                    DANIEL L. SCHMUTTER

DLS/ars
Cc:    Angela Cai, Esq.
        David Jensen, Esq.
        Alan Cohen, Esq.
        Howard Goldberg, Esq.
        David Chen, Esq.
        Leon Sokol, Esq.