**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RONALD KOONS, *et al.*,                                         :
                                                               : No. 1:22-cv-07464
      Plaintiffs,                                        :
                                                               :
v.                                                             : **DECLARATION OF**
                                                               : **GIL TAL**
MATTHEW PLATKIN, *et al.*,                                     :
                                                               :
      Defendants.                                        :
                                                               :

I, Gil Tal, declare as follows:

1.      I am 45 years old and married. I have two children, aged 9 and 14. I live in the Township of Colts Neck in Monmouth County, New Jersey.

2.      I am a member of the four organizations that are plaintiffs in this case: Second Amendment Foundation; Firearms Policy Coalition, Inc.; Coalition of New Jersey Firearm Owners; and New Jersey Second Amendment Society.

3.      I work at a men's health clinic in Parsippany, New Jersey. I am a part owner of the management company that owns the facility at which the clinic operates, but I do not have an ownership interest in the medical practice itself.

4.      Previously, I lived in Staten Island, New York. In 2010, I obtained an unrestricted "Business Carry" handgun license from the New York City Police Department, which allowed me to carry a handgun throughout the City and State of New York. I then began carrying a handgun as part of my daily routine. Among other things, I carried a handgun while getting food at delis and restaurants (including restaurants that serve alcohol), shopping at stores, attending medical appointments, going to parks, visiting libraries and attending public venues. Since 2010, I have renewed my New York license, and a copy of my current license is attached as Exhibit 1.

5.      When I lived in Staten Island, I frequently used public transportation, and (after obtaining my license) I often carried a handgun when doing so. For example, I used the Staten Island Ferry and New York City Subways, as well as public buses, on a frequent basis, and I normally carried a handgun while doing so.

6.      In addition, I also routinely carried a handgun while driving in my car, or while riding as a passenger in someone else's car. When doing so, I normally carried my handgun in a holster. If the gun was not on my person, or if it was unloaded, then I likely would not have been able to actually use it if someone suddenly attacked me or pulled me from the car. I did not normally load or unload my gun when getting in or out of a car, and I would not consider this a particularly safe practice, particularly in an area that is congested. Among other things, I would be concerned that someone who saw me loading or unloading my gun might call the police.

7.      Normally, if I had plans to go to a place at which handguns are prohibited—such as a school—I either left my weapon at home and was unprotected, or I would lock the weapon in my car using a gun safe in the center console, or avoid such places if no safe way of securing my weapon was available.

8.      I have never carried a handgun while at the clinic in Parsippany. While I am a part-owner of the management company that leases the facility, and I own the lease, equipment and have the employees on my payroll, I have no ownership interest in the medical practice itself. As such, it has always been my understanding that I could not carry a handgun at the clinic unless I had a New Jersey permit to carry a handgun.

9.      After the Supreme Court's decision last summer, I applied for a permit to carry a handgun pursuant to N.J.S.A. § 2C:58-4 from the police department in Colts Neck, New Jersey. I submitted fingerprints and documentation that I had taken a training course and passed a

qualification test. I understand that the Colts Neck Police Department approved my application

and submitted it to the Monmouth County Prosecutor's Office, who then sent a letter of no

objection to the Monmouth County Superior Court, which also approved my application.

10.     In late December 2022, I received notice that I could pick up my New Jersey

permit to carry a handgun from the Colts Neck Police Department, and I thereafter went to the

police department to do so. By the time I picked up the permit, which was after Christmas but

before New Year's, the State had enacted Chapter 131, which prohibits people with permits from

carrying handguns in a number of "sensitive places," as well as while in vehicles. A true and

correct copy of my permit is attached as Exhibit 2. As indicated thereon, it has an issuance date

of December 16, 2022.

11.     As stated, I understand that Chapter 131 prohibits individuals with permits to

carry from carrying handguns in a number of "sensitive places," as well as while in vehicles. I

understand that I cannot carry a handgun while in a car, but must instead transport it unloaded

and enclosed in a case. Furthermore, I understand that all private property is now a prohibited

sensitive location unless the owner has expressly provided consent. I also understand that there

are a number of places, both public and private that are "sensitive places" regardless of consent,

including libraries and museums, entertainment facilities such as theaters and arenas, restaurants

that serve alcohol, health care facilities, parks, airports and public transportation hubs.

12.     As a result of these new restrictions, I have only a very limited ability to carry a

handgun for the purpose of protecting myself. As a practical matter, it seems that I can carry a

handgun while walking down the road.

13.     Furthermore, these new restrictions effectively prohibit me from carrying a

handgun while I am driving a vehicle or riding in one as a passenger. If I arrived at a location

where I could carry a handgun, then I would need to remove my gun from its case and load it, presumably while sitting in the car. When I returned to the car, I would then need to unload the gun and place it back in the case. This simply is not practical.

14.     As a result of these new restrictions, and barring intervention by the courts, I have no choice but to stop carrying a handgun away from my own home and property.

15.     Notably, I have also obtained licenses to carry handguns from the States of Florida and Utah. A copy of these permits is attached as Exhibit 3. I have also been approved for a permit to carry firearms in Pennsylvania, but I have not yet had a chance to pick it up.

16.     I am involved in operating another men's health clinic that is based in North Carolina. When I attend to business at that clinic, I normally carry a handgun on my person. Under current law, I understand that I no longer need a license to carry a handgun in North Carolina. I also understand that, under the prior law, I could carry a handgun at the North Carolina clinic on the basis of my out-of-state licenses.

17.     I would resume carrying a handgun much more frequently if I did not face the sensitive place and vehicle carry restrictions challenged in this lawsuit. If I could, for example, buy gas or groceries, go to a park, see my doctor, go to a restaurant, attend a public event or go to a venue like a museum or a theater while armed, then I would be much more likely to resume carrying a handgun again on a regular basis.

18.     More specifically, I would carry a handgun while carrying out business at the Parsippany clinic, as I do when I normally attend to work at the clinic in North Carolina, if Chapter 131 did not prohibit me from carrying a handgun in a medical care facility. I work at the Parsippany location about four days a week, so this is the approximate frequency at which I would carry a handgun in New Jersey, but for the laws at issue in this case.

19.     Also more specifically, were it not for Chapter 131 and its prohibition on carrying guns in airports, I would carry a handgun in connection with using my airplane, which is normally stored at the Old Bridge Airport in Englishtown. When weather permits, I fly my plane as much as two to three times per week, and I land at airports throughout the region, including many in New Jersey.

20.     In addition, I would also carry a handgun while visiting several parks that are located near my home, including Holmdel Park, Manasquan Reservoir and Dorbrook Recreation Area. All of these parks are part of the Monmouth County Park System. I visit these parks on a regular basis with my children. I understand that the Monmouth County Park System has adopted rules that prohibit people from possessing weapons, except in connection with authorized hunting. Because of these rules, I understand that Holmdel Park, Manasquan Reservoir, Dorbrook Recreation Area and all other parks in the Monmouth County Park System are "sensitive places" where Chapter 131 makes it illegal to carry a handgun. As such, parks in the Monmouth County Park System are one of the places I refrain from carrying a handgun.

21.     Finally, and also more specifically, but for Chapter 131 and its "sensitive place" and vehicle carry restrictions, I would carry a handgun while using public transportation and public transportation hubs, as I did when I lived in Staten Island. The Parsippany clinic is located in reasonably close proximity to several New Jersey Transit train stations on both the Montclair-Boonton Line and the Morristown Line. While there is no train that connects directly to these stations from any location that is near my home, I could commute to one of these stations if I first took a car, a bus or another train. To do so, I would need to catch one of these trains at another station, which would most likely be the Newark Broad Street station, the Secaucus Junction station or the Hoboken station. However, I understand that Chapter 131 prohibits this,

because any such station would be a "public transportation hub," and also because Chapter 131

otherwise prohibits the carry of handguns inside any "vehicle," such as a car, train or bus. But for

these prohibitions, I would use public transportation vehicles and public transportation hubs to

commute to the Parsippany clinic at least some of the time, as well as to travel to other locations.

> I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America.

Dated: February __7th__, 2023

_____Gil Tal_____
Gil Tal

**DocuSign**

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: CE1371968B5A4C8998B905F9CAE14466 | | Status: Completed |
| Subject: Dec of Gil Tal - draft v5.pdf | | |
| Source Envelope: | | |
| Document Pages: 6 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 1 | Initials: 0 | Gil Tal |
| AutoNav: Enabled | | giltalny@gmail.com |
| EnvelopeId Stamping: Disabled | | IP Address: 20.236.201.103 |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Gil Tal | Location: DocuSign |
| 2/7/2023 6:56:02 PM | giltalny@gmail.com | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Gil Tal | *Gil Tal* | Sent: 2/7/2023 6:56:02 PM |
| giltalny@gmail.com | | Viewed: 2/7/2023 6:56:07 PM |
| Security Level: Email, Account Authentication (None) | | Signed: 2/7/2023 6:56:35 PM |
| | | Freeform Signing |
| | Signature Adoption: Pre-selected Style | |
| | Using IP Address: 71.169.71.106 | |

**Electronic Record and Signature Disclosure:**
   Not Offered via DocuSign

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 2/7/2023 6:56:02 PM |
| Certified Delivered | Security Checked | 2/7/2023 6:56:07 PM |
| Signing Complete | Security Checked | 2/7/2023 6:56:35 PM |
| Completed | Security Checked | 2/7/2023 6:56:35 PM |

| Payment Events | Status | Timestamps |
|---|---|---|