**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RONALD KOONS, *et al.*,

Plaintiffs,

v.

MATTHEW PLATKIN, *et al.*,

Defendants.

No. 1:22-cv-07464

**SUPPLEMENTAL DECLARATION OF NICHOLAS GAUDIO**

I, Nicholas Gaudio, declare as follows:

1. I am a Plaintiff in this case, and I submit this declaration to supplement the declaration I previously provided on December 23, 2022.

2. In my prior declaration, I testified that I carried a handgun in local parks and associated facilities prior to Chapter 131's enactment, but that I would no longer do so if those parks were "gun free zones" and "sensitive places" under Chapter 131. In particular, several parks at which I have previously carried a handgun include Cooper River Park, John Adler Memorial Park, Maria Barnaby Greenwald Memorial Park, Challenge Grove Park, and Pennypacker Park, which are all located in Cherry Hill, New Jersey, within about 5 miles away from my home. Cooper River Park, John Adler Memorial Park, and Challenge Grove Park have playground areas, and I have also carried a handgun while at those playgrounds with my children. In addition, there are other recreation facilities (such as softball fields and basketball courts) at Cooper River Park, John Adler Memorial Park, Challenge Grove Park, and Maria Barnaby Greenwald Memorial Park. I have also carried a handgun while in or adjacent to these areas. I also carried a handgun at Challenge Grove Park during a permitted public gathering fall festival at adjacent Croft Farms which was less than 100 feet away.

3. I understand that all of these parks are part of the Camden County Park System. I also understand that, in December 2022, around the time of Chapter 131's enactment, the Camden County Board of Commissioners adopted a resolution that "prohibits anyone from carrying any firearm concealed or otherwise, in any sensitive area within Camden County." Since I understand that the resolution includes as a sensitive area, "all recreational facilities and parks owned or operated by the county", the result of this resolution makes it illegal for me to carry a handgun in Camden County parks, including those parks named above, as well as their associated facilities. I no longer carry guns in these parks and facilities and playgrounds, nor would I carry a handgun in any other parks or facilities that are subject to similar resolutions.

4. I feel the need to exercise my right to be able to protect my family while they are in defenseless and unprotected situations such as in parks. In the 12 years that my children have been attending events at parks year-round in New Jersey, I have never witnessed armed police officers or security guards patrolling the areas. These locations have been in Camden County, Burlington County, Cape May County in the townships of Cherry Hill, Haddonfield, Moorestown, Mount Laurel, Evesham, Riverton, Palmyra, Delanco, Burlington Township, Riverside, Wildwood, North Wildwood, Wildwood Crest, West Wildwood, and Cape May Courthouse. A predator, sexual or violent, would likely face no armed resistance if attempting to harm my children at these locations unless I had the ability to legally carry a handgun. My late wife, Christina Gaudio, taught an adjunct college Victimology class at Rosemont College in Pennsylvania in the 2014-2017 time frame, prior to her death. One of the details from her teachings that made both of us uncomfortable with our children at public places is that pedophiles frequent places where children gather in large groups, specifically parks and sports

events, and therefore I want to be able to legally protect my children while they are in these vulnerable and frequently targeted locations.

5. In my prior declaration, I also testified that I have checked a handgun as part of my baggage at the airport, including the Trenton-Mercer Airport (TTN), when I have traveled to locations in other states where I am permitted to carry a handgun. In more detail, I travel on commercial flights about one or two times per year, and prior to Chapter 131's enactment, I checked a gun as baggage 100 percent of the times I flew out of TTN since I became a non-resident carry permit holder from Florida in 2009.

6. Since Chapter 131 has become law, I no longer attempt to check handguns at airports in New Jersey. This is because Chapter 131 designates "airports" to be "sensitive places." There does not appear to be any exemption or exception that would permit to transport a cased and unloaded handgun from my car to the baggage desk. Thus, because I cannot chance an arrest or criminal prosecution, I do not attempt to check handguns as baggage in New Jersey. As a practical matter, this leaves me unable to defend myself with a gun when I travel to places by means of commercial flights that leave from or return to New Jersey. Today, the same day I am signing this declaration, I flew from Florida to Philadelphia with a handgun as checked baggage. Part of the reason I flew through Philadelphia instead of an airport in New Jersey is that I wanted to be able to take my gun with me. This issue will continue to arise so long as Chapter 131's prohibition on guns in airports remains in effect.

7. I also testified previously that, prior to Chapter 131, I carried a handgun while visiting health care facilities. This has included routine visits to my primary care physician and dentist, my daughters' pediatrician, several pharmacies with on-site medical clinics, a friend's post-injury medical, physical therapy, and chiropractic appointments (since she temporarily

could not drive after a car accident), and it also included an unplanned trip to the emergency room after my daughter was in a car accident in mid-December. Because Chapter 131 designates health care facilities as "sensitive places," I no longer carry a handgun in these locations, but I would if the "sensitive place" restriction did not apply.

8. It is important to note that while some health care appointments are planned, others are unplanned, and they require last minute schedule changes to visit hospitals, clinics, and pharmacies. The "sensitive places" restriction is particularly burdensome when viewed in light of the fact that medical emergencies can develop very quickly, making it very difficult or impossible for a person to disarm themselves upon arrival at a health care facility.

I affirm all of the foregoing statements under penalty of perjury under the laws of the United States of America.

Dated: February 7, 2023

[signature]
Nicholas Gaudio