UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AARON SIEGEL, JASON COOK, JOSEPH DELUCA, NICOLE CUOZZO, TIMOTHY VARGA, CHRISTOPHER STAMOS, KIM HENRY, AND ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, <br><br> Defendants. | No. 22-CV-7463 (RMB) (AMD) |
| RONALD KOONS; NICHOLAS GAUDIO; JEFFREY M. MULLER; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; COALITION OF NEW JERSEY FIREARM OWNERS; and NEW JERSEY SECOND AMENDMENT SOCIETY, <br><br> *Plaintiffs,* <br><br> v. | No. 22-CV-7463 (RMB) (AMD) |

1

WILLIAM REYNOLDS in his official capacity as the Prosecutor of Atlantic County, New Jersey; GRACE C. MACAULAY in her official capacity as the Prosecutor of Camden County, New Jersey; ANNEMARIE TAGGART in her official capacity as the Prosecutor of Sussex County, New Jersey; MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,

*Defendants.*

## CERTIFICATION OF JOSEPH R. KLETT

1. I have been employed by the New Jersey Division of Archives and Records Management [a.k.a. New Jersey State Archives, or NJSA] in various capacities for nearly forty (40) years, from 1983 to the present.

2. Under N.J.S. 47:3-16, et seq., the NJSA is responsibe for ensuring the preservation of, and providing access to, the State of New Jersey's official records of enduring historical and evidentiary value. NJSA is designated and recognized as the State of New Jersey's public and government records authority.

3. During my time as Collection Manager from 1989 to 2000, I developed NJSA's organizational system for cataloging New Jersey state government records and personally arranged and described much of NJSA's accessioned holdings. From 2000 to 2012 I served as operational chief of NJSA.

4. Since 2012, I have served as Executive Director of NJSA. I am registered as the official certifier of records held by NJSA for domestic and

international purposes and act as the Custodian of Records for NJSA under the New Jersey Open Public Records Act (OPRA).

5. I am also a member of the State Records Committee and coordinator of the federally mandated New Jersey State Historical Records Advisory Board.

6. I have served in various capacities in New Jersey's historical and genealogical organizations and have authored or edited many scholarly publications relating to New Jersey history and government documents.

7. The Colony of New Jersey's 1722 law entitled "An Act to prevent Killing of Deer out of Season, and against Carrying of Guns and Hunting by Persons not qualified," in its fourth section, provided as follows: "if any Person or Persons shall presume, at any Time after the Publication hereof, to carry any Gun, or Hunt on the Improved or Inclosed Lands in any Plantation, other than his own, unless he have Lisence [license] or Permission from the owner of such Lands or Plantation, and shall be thereof Convicted, either upon the View of any Justice of the Peace within this Province, or by the Oath or Affirmation of any one or more Witnesses, before any Justice of the Peace, he shall, for every such Offence [offense] forfeit the Sum of Fifteen Shillings, with Costs attending such Conviction." It was not uncommon for laws in the colonial period—just as it is not uncommon for laws enacted since statehood, and federal laws—to address more than one subject or social issue. The fact that the 1722 act includes the words "Carrying of Guns and Hunting by Persons not qualified" as a separate part of its official title indicates that the legislation's prohibition of trespassing with a gun on private property had status in the law independent of the game-preservation provisions of this legislation. A true, correct, and official copy of this enrolled law as published in William and Andrew Bradford's 1732 New Jersey law compendium, an original printing of which is held by NJSA, is attached hereto as Exhibit A.

8. The 1722 law was amended in 1751 by "A Supplementary Act to the Act entitled, An Act to prevent the killing of Deer out of Season and against carrying of Guns, and hunting by persons not qualified." The 1751 legislation increased the penalties for entering private property with a gun

3

without the permission of the property owner. The seventh section of this law set the bond at conviction at £10 with three months of good behavior, and judgment at £5. Refusal to enter into recognizance required imprisonment of the convicted offender. A true, correct, and official copy of this enrolled law as published in Samuel Nevill's 1752 New Jersey law compendium, an original printing of which is held by NJSA, is attached hereto as Exhibit B.

9. On 6 December 1769, the Colony of New Jersey enacted "An Act for the more effectual Preservation of Deer in this Colony." While this legislation carried forward deer-conservation and anti-poaching measures first codified in the 1722 law, it did not amend or repeal the broader section of the 1722 law relative to trespass onto private property with a gun. Thus the general provision in 1722 devised to constrain "Carrying of Guns" onto private property remained in force. A true, correct, and official copy of the 1769 enrolled law, on file in NJSA's holdings from the Office of the Secretary of State (legal successor of the Provincial Secretary, with whom the document was originally filed), is attached hereto as Exhibit C.

10. On 21 December 1771, the Colony of New Jersey enacted "An Act for the Preservation of Deer, and other Game, and to prevent trespassing with Guns." This law revised the general provision of the 1722 law relative to carrying a gun onto private property. It provided as follows: "if any Person or Persons shall presume, at any Time after the Publication hereof, to carry any Gun on any Lands not his own, and for which the Owner pays Taxes, or is in his lawful Possession, unless he hath License or Permission, in Writing, from the Owner or Owners, or legal Possessor; every such Person so offending, and convicted thereof either upon the View of any Justice of the Peace, within this Colony, or by the Oath or Affirmation of one or more Witnesses, before any Justice of the Peace of either of the Counties, Cities, or Towns Corporate, of this Colony, in which the Offender or Offenders may be taken or reside; he, she or they, shall, for every such Offence, forfeit and pay to the Owner of the Soil, or his Tenant in Possession, the Sum of *Forty Shillings,* with Costs of Suit; which Forfeiture shall and may be sued for, and recovered, by the Owner of the Soil, or Tenant in Possession, before any Justice of the Peace in this Colony, for the Use of such Owner, or Tenant in Possession."

4

11. With the prohibition of trespassing with guns updated in the 1771 legislation (as compared to the 1769 law, which lacked similar language), the 1722 law could now be repealed. The final section of the 1771 legislation does this, providing: "That all former Laws made in this colony for the Preservation of Deer, and other Game, and to prevent trespassing with Guns, and regulating the Size of Traps, shall be, and they are hereby repealed." Inclusion of the repeal section in 1771 is further evidence that the 1722 provision against trespass with guns remained in effect through 1769. A true, correct, and official copy of the 1771 enrolled law, on file in NJSA's holdings from the Office of the Secretary of State (legal successor of the Provincial Secretary, with whom the document was originally filed), is attached hereto as Exhibit D.

12. The 1771 law cited above was carried forward and recodified by the New Jersey State Constitution of 1776, which contains the following language in its Section 21: "That all the Laws of this Province, contained in the Edition lately published by Mr. Allinson, shall be and remain in full Force, until altered by the Legislature ..." The 1771 "Act for the Preservation of Deer, and other Game, and to prevent trespassing with Guns" is contained in the aforesaid 1776 New Jersey law compendium published by Samuel Allinson, on pages 343-347 therein. A true, correct, and official copy of the 1776 New Jersey State Constitution, on file in NJSA's holdings from the Office of the Secretary of State, is attached hereto as Exhibit E. A true, correct, and official copy of the 1771 enrolled law as published in Allinson's 1776 New Jersey law compendium, an original printing of which is held by NJSA, is attached hereto as Exhibit F.

13. The laws of the Royal Colony of New Jersey were diligently searched by myself and other NJSA staff for the period from 1703 to 1776, in connection with the concept of trespass. My staff and I located no legislation during that period relating to trespass in a broad sense. The concept of trespass was well and broadly understood by New Jersey legal authorities during the colonial period as it was rooted in English Common Law. While there were laws prohibiting trespass in certain locations, the 1722 and 1771 laws cited above were the only ones found that refer to trespassing in a broader sense throughout the colony. In both instances,

the relevant provision relates specifically to carrying guns onto privately owned land without permission.

14. A historical reference indicates that adjudication of the prohibition of trespassing with guns under the 1722 law and 1751 supplement could be and was applied regardless of any intent on the part of the offender to poach deer or other game. An account reported in *The Pennsylvania Gazette* [newspaper] on 27 March 1753 describes the statutory provision without any reference to poaching in relation to the apprehension of a man who suffered penalty under the New Jersey law: "any Person seeing another carry a Gun over any inclosed Land, not his own, by Information against him, obliges him to pay Five Pounds, and be bound over to his Good Behaviour, one Half to the Informer, and in case of Failure, to be dealt with at the Justices' Discretion." New Jersey did not have its own newspapers until 1778. Prior to then, news from New Jersey was published in the New York and Philadelphia newspapers. Newspaper articles relating to New Jersey were extracted for publication in a series of 16 volumes covering the colonial period, 1704-1782, at the direction of the State of New Jersey and under the auspices of a committee comprising historians and state government officials, including the Adjutant General. A copy of the 1753 newspaper extract cited above, as published in 1897, an original printing of which is held by NJSA, is attached hereto as Exhibit G.

15. The 1771 law explicitly prohibiting trespassing with guns was revised, with the same statutory title, in the 1846 revision of statutes. The language and intent of the provision regarding trespass with guns were unchanged in their essence, with occasional wording changes only to modernize the legislation. For example, "Council" was changed to "Senate" [the legislative upper house having been renamed by the State Constitution of 1844], "Colony" was changed to "state," and the fine was changed from "Forty Shillings" to "five dollars." This act was published in the State's revised statutes of 1846 (printed 1847) as Title II, Chapter 3, with the section on trespassing with guns given the section heading "Carrying guns, where prohibited." A true, correct, and official copy of this law enrolled law, on file in NJSA's holdings from the Office of the Secretary of State, is attached hereto as Exhibit H. A true, correct, and official copy

of the legislation as published in the revised statutes of 1846, an original printing of which is held by NJSA, is attached hereto as Exhibit I.

16. The 1846 law was supplemented by acts in 1852, 1859 (twice), 1866, 1867, and 1873. These supplements amended the game-related aspects of the law, but did not alter or supersede the general provision of the 1846 statute with regard to trespassing with guns. Copies of these laws as published by the State, original printings of which are held by NJSA, are attached hereto as Exhibits J, K, L, M, N, and O.

17. The 1846 legislation, with its provisions relative to trespassing with guns, was carried forward in the statutory revision of 1877. This section of the revised statutes was published with the section heading "Carrying guns, where prohibited." A true, correct, and official copy of this legislation as published by the State, an original printing of which is held by NJSA, is attached hereto as Exhibit P.

18. Historical reference corroborates that the 1846 law was in effect in 1880. A "Synopsis of Such Laws of the State of New Jersey as Concern A Rural Community" published that year by the West Ewing Improvement Association summarized "An Act to Prevent Trespassing with Guns" as follows: "If any person or persons shall carry any gun on any land not his own, and for which the owner pays taxes, or is in his lawful possession, unless he hath license or permission in writing from the owner or owners or legal possessor, every such person so offending, and convicted thereof … he shall, for every such offence, forfeit and pay to the owner of the soil, or his tenant in possession, the sum of five dollars, with costs of suit." A copy of the relevant pages of this publication is attached hereto as Exhibit Q.

19. On 14 March 1895, the State of New Jersey enacted legislation on trespassing with guns as a separate law in the form of "An Act to prevent trespassing with guns." A true, correct, and official copy of this law enrolled law, on file in NJSA's holdings from the Office of the Secretary of State, is attached hereto as Exhibit R.

20. The 1895 law cited above was amended 15 April 1911. A true, correct, and official copy of this law enrolled law, on file in NJSA's holdings from the Office of the Secretary of State, is attached hereto as Exhibit S.

21. The 1846 law cited above was repealed 3 April 1928 with the prohibition of trespassing with guns having been codified separately in the 1895 statute. A true, correct, and official copy of the 1928 enrolled law, on file in NJSA's holdings from the Office of the Secretary of State, is attached hereto as Exhibit T.

22. The 1895 law and its 1911 amendment are in effect currently as New Jersey Statutes, Title 2A, "Administration of Civil and Criminal Justice," Chapter 63, "Trespass Upon Lands," Section 1. The language and legislative history of this statute can be traced back over 300 years to legislation first enacted in 1722. A copy of *N.J.S.* 2A:63–1 as published is attached hereto as Exhibit U.

23. The operative 1771, 1846, and 1895 laws cited above and their respective revisions made no exceptions for different uses of private land, be it residential, commercial, or agricultural.

24. The operative 1771 and 1846 laws cited above and their respective revisions applied to all instances of carrying guns on another's property without the permission of the property owner, regardless of whether the carrier of guns had any intent to hunt or not.

25. Finally, by 1928, New Jersey had prohibited and fined the act of bringing a gun onto another's private property without the express consent of the property owner for over two centuries, without interruption in the law.

The foregoing statements are true to the best of my knowledge, information, and belief. I am aware that, if any of the statements are willfully false, I may be subject to punishment.

Dated: 8 Feb. 2023

Joseph R. Klett