UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AARON SIEGEL, JASON COOK, JOSEPH DELUCA, NICOLE CUOZZO, TIMOTHY VARGA, CHRISTOPHER STAMOS, KIM HENRY, AND ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, <br><br>  Defendants. | No. 22-CV-7463 (RMB) (AMD) |
| RONALD KOONS; NICHOLAS GAUDIO; JEFFREY M. MULLER; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; COALITION OF NEW JERSEY FIREARM OWNERS; and NEW JERSEY SECOND AMENDMENT SOCIETY, <br> *Plaintiffs,* <br> v. <br> WILLIAM REYNOLDS in his official capacity as the Prosecutor of Atlantic County, New Jersey; GRACE C. | No. 22-CV-7463 (RMB) (AMD) |

1

| |
|---|
| MACAULAY in her official capacity as the Prosecutor of Camden County, New Jersey; ANNEMARIE TAGGART in her official capacity as the Prosecutor of Sussex County, New Jersey; MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, <br> *Defendants*. |

## CERTIFICATION OF DAVID L. REBUCK

David L. Rebuck, of full age, upon his oath certifies and says:

1. I am the Director of the Division of Gaming Enforcement ("DGE" or "Division"), the casino regulatory agency within the Department of Law and Public Safety.

2. As the Director, I am responsible for, inter alia, overseeing enforcement of the Casino Control Act, N.J.S.A. 5:12-1 *et seq*, the review and audit of casino-hotel operations, and the investigation and prosecution of all casino-related crimes.

3. In this role, I oversaw the Division's implementation of the Clean and Safe Mission established as part of Senate Bill S-11 (Feb. 1, 2011). This effort enhanced casino security and surveillance operations and established a policy to exclude individuals from casino hotels who repeatedly disrupt casino operations or threaten the safety of casino patrons and employees.

2

4. As the Director of DGE, I have personal knowledge of the material facts of this Certification.

5. DGE exercises authority over the entire casino complex, including hotel amenities, bars, restaurants, and parking lots. In non-gaming areas, this authority is shared with the Atlantic City Police Department and the Atlantic County Prosecutor's Office. In gaming areas, the authority is shared with the New Jersey State Police and the Division of Criminal Justice.

6. A primary concern for DGE is ensuring that patrons feel and are safe when they come to casinos. For this reason, DGE promulgated a regulation which restricts access to firearms to protect the safety of patrons and workers within the casino complex. However, that regulation is currently enjoined by a temporary restraining order (TRO) issued in the litigation, *Siegel, et al. v. Platkin, et al.*, on January 30, 2023.

7. The restriction on firearms in a casino hotel complex was established in 1978 by New Jersey Casino Control Commission regulation, N.J.A.C. 19:45-1.13, and continued by DGE in 2011 when DGE was authorized by statute to oversee all casino hotel complex operations. When in effect, DGE's regulation, N.J.A.C. 13:69D-1.13, prohibited individuals, including casino security guards but excluding law enforcement officers responding to an incident, from possessing firearms within a casino or casino simulcasting

facility without having obtained express written approval from the Division. N.J.A.C. 13:69D-1.13(a). To obtain that approval, an individual was required to show that they received adequate training in the possession and use of a firearm, hold a valid license for the possession of a firearm, and have a compelling need for the possession within the casino facility. N.J.A.C. 13:69D-1.13(b).

8. Additionally, DGE's regulation required that casinos post conspicuous signs informing patrons that firearms are not allowed within the casino complex without the express written permission of DGE.

9. N.J.A.C. 13:69D-1.13 was enjoined on January 30, 2023. As of February 2, 2023, all casino licensees in New Jersey have informed DGE that at present, they intend to exercise their right to prohibit carrying firearms on their premises.

10. Instances of misplaced firearms occur at Atlantic City casinos, and it is likely that if concealed carry were to be permitted at these facilities, there would be an increase in such incidents and a corresponding increase in safety risks for patrons and staff. For instance, in 2022 alone, there were approximately 17 instances of firearms left behind in casino hotel rooms, 6 instances of firearms left in vehicles at the casinos, 5 reports of individuals attempting to enter casino properties with firearms without authorization, 3 incidents of guns

recovered while police were responding to reports of domestic disputes or assaults, and additional incidents of guns reported lost or stolen (e.g. missing from safe, stolen out of car, left in a purse), or guns or ammunition left in other locations in the casino complex (e.g. restroom, gift shop, slot machines). Each of these instances represents a threat to public safety due to the potential for unauthorized access and accidental discharge of weapons.

11. The casino hotel complex is also a large, enclosed, indoor space, filled with patrons and workers, where an active shooter event or the accidental discharge of a firearm could have a particularly severe impact.

12. Allowing concealed carry in casinos would present a huge logistics and resource burden for law enforcement, casino operators, and the DGE, and require a massive increase in law enforcement or armed security guards to prevent crimes and protect patrons.

13. The regulatory scheme that was in effect before the TRO ensures that only those in need of carrying a firearm within the casino may do so which minimizes the number of firearms within the casino complex and strikes an appropriate balance that keeps casinos safe.

The foregoing statements are true to the best of my knowledge, information, and belief. I am aware that, if any of the statements are willfully

false, I may be subject to punishment.

_____
DAVID L. REBUCK
Director, Division of Gaming Enforcement
State of New Jersey
Department of Law and Public Safety

Dated:   February 6, 2023