


DATE DOWNLOADED: Sat Feb  4 11:17:04 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
R.H.; et al. Thompson. Annotated Code of the General Statute Laws of the State of Mississippi (1892).

ALWD 7th ed.
Thompson, R.H.; et al. Annotated Code of the General Statute Ls of the State of Mississippi (1892).

APA 7th ed.
Thompson, R. (1892). Annotated Code of the General Statute Laws of the State of Mississippi. Nashville, Tenn, Marshall & Bruce.

Chicago 17th ed.
Thompson R.H.; et al. Annotated Code of the General Statute Laws of the State of Mississippi. Nashville, Tenn, Marshall & Bruce.

McGill Guide 9th ed.
R.H.; et al. Thompson, Annotated Code of the General Statute Ls of the State of Mississippi (Nashville, Tenn: Marshall & Bruce., 1892)


AGLC 4th ed.
R.H.; et al. Thompson, Annotated Code of the General Statute Laws of the State of Mississippi (Marshall & Bruce., 1892

MLA 9th ed.
Thompson, R.H., et al. Annotated Code of the General Statute Laws of the State of Mississippi. Nashville, Tenn, Marshall & Bruce. HeinOnline.

OSCOLA 4th ed.
Thompson, R.H.; et al. Annotated Code of the General Statute Laws of the State of Mississippi. Nashville, Tenn, Marshall & Bruce.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

**1025** (2766). **The same; opening graves for certain purposes.**—Every person who shall open a grave or other place of interment with intent to move the dead body of any human being for the purpose of selling the same, or for the purpose of dissection, or to steal the coffin or any part thereof, or the vestments or other articles interred with the dead body, or any of them, shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding two years, or in the county jail not more than six months, or by fine of not more than three hundred dollars, or both.

**1026** (2985). **Deadly weapons; carrying of concealed.** (Laws 1888, p. 89).—Any person who carries concealed, in whole or in part any bowie-knife, dirk-knife, butcher-knife, pistol, brass or metallic knuckles, slung-shot, sword, or other deadly weapon of like kind or description, shall be guilty of a misdemeanor, and, on conviction, shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars, or be imprisoned in the county jail not less than one month nor more than three months, or both.

**1027.** **The same; not applicable to certain persons.**—Any person indicted or charged for a violation of the last section may show as a defense—

(a) That he was threatened, and had good and sufficient reason to apprehend a serious attack from an enemy, and that he did so apprehend; or

(b) That he was traveling and was not a tramp, or was setting out on a journey, and was not a tramp; or

(c) That he was a peace officer or deputy in the discharge of his duties; or

(d) That he was at the time in the discharge of his duties as a mail carrier; or

(e) That he was at the time engaged in transporting valuables for an express company or bank; or

(f) That he was in lawful pursuit of a felon.

And the burden of proving either of said defenses shall be on the accused.

The "traveling or setting out on a journey" in the statute means a travel of such distance as to take one beyond the circle of his friends and acquaintances. McGuirk v. State, 64 Miss., 209.

The pursuit of a fugitive daughter, begun without knowing where it will lead, is "traveling on a journey." Haywood v. State, 66 Miss., 402.

"Threatened with an attack" does not contemplate mere denunciation, but menace such as to cause a reasonable apprehension of an attack that might properly be resisted with the deadly weapon. Tipler v. State, 57 Miss., 685.

Even if the accused be "threatened" and entertain the "apprehension," it will be no defense if he carried the weapon for some other reason, and for some other purpose. McGuirk v. State, 64 Miss., 209.

The threats must not be too remote. McGuirk v. State, 64 Miss., 210.

The act of 1888, amendatory of the Code, 1880, on the subject of carrying weapons concealed, was ex post facto in its application to offenses previously committed. (1) It cut off a defense, and (2) it changed, but did not mitigate, the penalty. Lindsey v. State, 65 Miss., 542; Hodnett v. State, 66 Miss., 26.

The statute makes the fact of carrying a weapon concealed criminal, regardless of intent. Strahan v. State, 68 Miss., 347.

**1028** (2986). **The same; and cartridges not sold to infant or drunk person.**—It shall not be lawful for any person to sell, give, or lend to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any deadly weapon, or other weapon the carrying of which concealed is prohibited, or pistol cartridge; and, on conviction thereof, he shall be punished by a fine not less than twenty-five dollars nor more than two hundred dollars, or imprisoned in the county jail not exceeding three months, or both.

**1029** (2987). **The same; father not to suffer infant son to have or carry.**—Any father who shall knowingly suffer or permit any son under the age of sixteen

years to have or to own, or to carry concealed, in whole or in part, any weapon the carrying of which concealed is prohibited, shall be guilty of a misdemeanor, and, on conviction, shall be fined not less than twenty dollars nor more than two hundred dollars, or may be imprisoned not more than sixty days in the county jail, or both.

**1030** (2988). **The same; college students not to have, etc.**—A student of any university, college, or school, who shall carry, bring, receive, own, or have on the campus, college or school grounds, or within two miles thereof, any weapon the carrying of which concealed is prohibited, or a teacher, instructor, or professor who shall knowingly suffer or permit any such weapon to be carried, or so brought, received, owned, or had by a student or pupil, shall be guilty of a misdemeanor, and, on conviction, be fined not exceeding three hundred dollars or imprisoned in the county jail not exceeding three months, or both.

**1031** (2804). **The same; exhibiting in rude, angry, or threatening manner, etc.**—If any person, having or carrying any dirk, dirk-knife, sword, sword-cane, or any deadly weapon, or other weapon the carrying of which concealed is prohibited, shall, in the presence of three or more persons, exhibit the same in a rude, angry, or threatening manner, not in necessary self-defense, or shall in any manner unlawfully use the same in any fight or quarrel, the person so offending, upon conviction thereof, shall be fined in a sum not exceeding five hundred dollars or be imprisoned in the county jail not exceeding three months, or both. In prosecutions under this section it shall not be necessary for the affidavit or indictment to aver, nor for the state to prove on the trial, that any gun, pistol, or other fire-arm was charged, loaded, or in condition to be discharged.

The omission of the word "manner," after the words "rude, angry, and threatening," in an indictment, is a formal defect, and may be amended as such. In such indictment it is unnecessary to aver that the defendant was "carrying" the weapon. Gamblin v. State, 45 Miss., 658.

**1032** (2769). **Disturbance of family; noises and offensive conduct.**—A person who willfully disturbs the peace of any family or person by an explosion of gunpowder or other explosive substance, or by loud or unusual noise, or by any tumultuous or offensive conduct, shall be punished by fine and imprisonment, or either; the fine not to exceed one hundred dollars, and the imprisonment not to exceed six months in the county jail.

What constitutes the offensive conduct, or the nature or character of the offensive conduct, should be stated in the affidavit or indictment. Finch v. State, 64 Miss., 461.

This section and the next one are intended to protect the peace of families. An affidavit or indictment averring the disturbance merely of an individual, charges no offense under either section. Brooks v. State 67 Miss., 577.

**1033** (2770). **The same; using abusive, etc., language, etc.**—Any person who enters the dwelling-house of another, or the yard or curtilage thereof, or upon the public highway, or any other place near such premises, and in the presence or hearing of the family of the possessor or occupant thereof, or of any member thereof, or of any female, makes use of abusive, profane, vulgar, or indecent language, or is guilty of any indecent exposure of his person at such place, shall be punished for a misdemeanor.

Place is material. An indictment charging the use of abusive language in a yard, is not sustained by proof of its use near the yard. Quin v. State, 65 Miss., 479.

**1034** (2767). **Disturbance of worship; proceedings and penalty.**—If any person shall willfully disturb any congregation of persons lawfully assembled for reli-