# ASSEMBLY COMMITTEE SUBSTITUTE FOR
# ASSEMBLY, No. 4769

# STATE OF NEW JERSEY

## 220th LEGISLATURE

ADOPTED NOVEMBER 14, 2022

**Sponsored by:**
**Assemblyman  JOE DANIELSEN**
**District 17 (Middlesex and Somerset)**
**Assemblyman  LOUIS D. GREENWALD**
**District 6 (Burlington and Camden)**
**Assemblywoman  MILA M. JASEY**
**District 27 (Essex and Morris)**
**Assemblyman  JOHN F. MCKEON**
**District 27 (Essex and Morris)**
**Assemblywoman  ELLEN J. PARK**
**District 37 (Bergen)**
**Assemblywoman  ANNETTE CHAPARRO**
**District 33 (Hudson)**
**Senator  NICHOLAS P. SCUTARI**
**District 22 (Middlesex, Somerset and Union)**
**Senator  LINDA R. GREENSTEIN**
**District 14 (Mercer and Middlesex)**

**Co-Sponsored by:**
**Senator Johnson**

**SYNOPSIS**

   Makes various revisions to requirements for obtaining a firearm purchaser identification card, permit to purchase a handgun, and permit to carry a handgun; codifies sensitive places in which firearms and destructive devices are prohibited.

**CURRENT VERSION OF TEXT**

   Substitute as adopted by the Assembly Judiciary Committee.

**(Sponsorship Updated As Of: 12/19/2022)**

1     **AN ACT** concerning the sale and possession of firearms and
2     supplementing and amending various parts of the statutory law.

3

4     **BE IT ENACTED** *by the Senate and General Assembly of the State*
5     *of New Jersey:*

6

7     1.   (New section)  The Legislature finds and declares that:
8     a.   The decision of the United States Supreme Court in <u>New</u>
9     <u>York State Rifle & Pistol Association v. Bruen</u> holds significant
10    implications for carrying a handgun in New Jersey and the law
11    governing the issuance of permits to carry a handgun. The <u>Bruen</u>
12    decision establishes that states cannot deny permits to carry a
13    handgun to otherwise-qualified citizens who fail to show that they
14    have the "proper cause" to carry a handgun. New Jersey law relies
15    on a similar standard, considering whether an applicant has a
16    "justifiable need," in determining whether to issue a permit to carry
17    a handgun.
18    b.   In accordance with the precedent established in the <u>Bruen</u>
19    decision, laws requiring showings of particularized need are no
20    longer legally viable to determine whether a person may carry a
21    handgun in public. The <u>Bruen</u> decision does make clear, however,
22    that the Legislature can enact laws to protect our communities from
23    threats to public health, safety, and welfare posed by gun violence,
24    which take into account as appropriate the Supreme Court's Second
25    Amendment ruling while continuing to promote and enhance public
26    safety.
27    c.   Statistics show that expanding handgun carrying creates
28    safety risks, helping to fuel the epidemic of gun violence. For
29    example, a study by researchers at the Johns Hopkins Bloomberg
30    School of Public Health found that the estimated average rate of
31    officer-involved shootings increased by 12.9 percent in ten states
32    that relaxed restrictions between 2014 and 2020 on civilians
33    carrying concealed firearms in public. Accordingly, evidence
34    demonstrates that more guns on the streets can translate into more
35    acts of gun violence. To mitigate the impact of having more people
36    carrying guns in public places, steps must be taken to better ensure
37    that those who exercise the right to carry are responsible, law-
38    abiding, and appropriately trained individuals who would not pose
39    undue safety risks if armed in public places.
40    d.   In <u>Bruen</u>, the Supreme Court recognized that states may
41    prohibit individuals who are not "law-abiding, responsible citizens"
42    from carrying firearms in public, and endorsed the use of "licensing
43    requirements for carrying a handgun for self-defense." Although the
44    Court did not provide a complete list of lawful requirements, it
45    specifically cited a "background check, mental health check, training

**EXPLANATION – Matter enclosed in bold-faced brackets [thus] in the above bill is
not enacted and is intended to be omitted in the law.**

**Matter underlined <u>thus</u> is new matter.**

1    in firearms handling and in laws regarding the use of force, among
2    other possible requirements" as permissible. The purpose of these
3    checks, the Court explained, is to "ensure only that those bearing
4    arms in the jurisdiction are in fact, 'law-abiding, responsible
5    citizens.'" It is thus important to bolster and improve the process in
6    this State for ensuring that only such individuals possess and carry
7    firearms. Toward that end, this act strengthens the criteria and
8    background investigation requirements that are used to determine
9    whether an applicant is qualified to carry a firearm in New Jersey.

10    e. This act also designates places in which the carrying of a
11    firearm or destructive device is prohibited. Previously, application
12    of the justifiable need standard minimized the serious dangers of
13    misuse and accidental use inherent in the carrying of handguns in a
14    public place. Given the likelihood that a much greater number of
15    individuals will now qualify to carry handguns in public, it is now
16    both necessary and appropriate to clearly identify in the law those
17    sensitive places where, due to heightened public safety concerns,
18    carrying a dangerous, potentially lethal device or weapon, including
19    a handgun, is not permissible. These prohibitions are based on
20    common sense principles and historical analogues.

21    f. Notwithstanding its rejection of a particularized need
22    standard, the Bruen decision recognizes that the carrying of
23    firearms in sensitive places can "be prohibited consistent with the
24    Second Amendment." Indeed, the Court assumed it settled that
25    "laws forbidding the carrying of firearms in sensitives places such
26    as schools and government buildings," as well as other places such
27    as "legislative assemblies, polling places, and courthouses," are
28    "longstanding" and not subject to disputes regarding their
29    constitutionality. The Court added that other "sensitive place"
30    regulations may be permissible if "consistent with the Second
31    Amendment's text and historical understanding" – that is,
32    "relevantly similar" to historical analogues.

33    g. The sensitive-place prohibitions on dangerous weapons set
34    forth in this act are rooted in history and tradition. They are
35    analogous to historical laws that can be found from the Founding
36    era to Reconstruction, which are also found in modern laws in many
37    states. History and tradition support at least the following location-
38    based restrictions on carrying firearms:

39    (1) Places that are the site of core constitutional activity, such as
40    but not limited to the exercise of First Amendment rights, or that
41    are otherwise vital to the functioning of democracy and our system
42    of government. That includes prohibitions of firearms in facilities
43    within the criminal justice system;

44    (2) Schools, universities, other educational institutions, where
45    people assemble for educational purposes and for the purposes of
46    teaching, learning, research, and the pursuit of knowledge;

47    (3) Parks and other recreation spaces, including locations where
48    children congregate;

ACS for **A4769** DANIELSEN, GREENWALD

4

1     (4) Locations that protect vulnerable classes of people, such as
2     the young and the frail;
3     (5) Places where intoxicating substances are sold, places where
4     large groups of individuals congregate, and places where volatile
5     conditions may pose a threat to public safety; and
6     (6) Various forms of transportation and public infrastructure,
7     whose safety, security, and stability are critical to supporting social
8     function.
9     h.   The historical record also supports restriction of firearm
10    possession on private property when the owner has not given their
11    consent. Many states require a property owner's permission before
12    another may enter private dwellings and private lands with a
13    firearm or other weapons.  Requiring consent from the property
14    owner before carrying weapons onto private property is also in line
15    with both the reasonable expectations and property rights of New
16    Jersey property owners.
17    i.   Additionally, the fees to obtain a firearms purchaser
18    identification permit or a permit to purchase a handgun in New
19    Jersey were initially set by statute over 50 years ago at $5 and $2,
20    respectively, and in over a half century the law has never been
21    changed to increase these fees, notwithstanding the impact of
22    inflation, increasing costs of background checks and related
23    investigations, and the investment made over the years to
24    technologically upgrade the firearms application and registration
25    system established and maintained by the New Jersey State Police.
26    j.   Accordingly, the Legislature finds it is necessary and proper
27    to revise this State's procedural and substantive laws related to
28    firearms to update the process and the standards applicable to
29    firearm purchase and possession as well as our handgun carry law,
30    and to continue to promote public safety and reduce gun violence in
31    a manner consistent with the Second Amendment principles
32    articulated by the current Supreme Court jurisprudence. These
33    revisions will focus on factors other than the need or purpose a
34    person may assert as justification to carry a handgun, such as the
35    person's background and qualifications, with the ultimate goal of
36    keeping New Jersey streets and neighborhoods safe from gun
37    violence.
38
39    2.   N.J.S.2C:58-3 is amended to read as follows:
40    2C:58-3.  a.  Permit to purchase a handgun.
41    (1) 【No】 A person shall not sell, give, transfer, assign or
42    otherwise dispose of, nor receive, purchase, or otherwise acquire a
43    handgun unless the purchaser, assignee, donee, receiver or holder is
44    licensed as a dealer under this chapter or has first secured a permit
45    to purchase a handgun as provided by this section.
46    (2) A person who is not a licensed retail dealer and sells, gives,
47    transfers, assigns, or otherwise disposes of, or receives, purchases

ACS for **A4769** DANIELSEN, GREENWALD

5

1    or otherwise acquires a handgun pursuant to this section shall
2    conduct the transaction through a licensed retail dealer.
3         The provisions of this paragraph shall not apply if the transaction
4    is:
5         (a) between members of an immediate family as defined in
6    subsection n. of this section;
7         (b) between law enforcement officers;
8         (c) between collectors of firearms or ammunition as curios or
9    relics as defined in Title 18, U.S.C. section 921 (a) (13) who have
10   in their possession a valid Collector of Curios and Relics License
11   issued by the Bureau of Alcohol, Tobacco, Firearms, and
12   Explosives; or
13        (d) a temporary transfer pursuant to section 1 of P.L.1992, c.74
14   (C.2C:58-3.1) or section 1 of P.L.1997, c.375 (C.2C:58-3.2).
15        (3) Prior to a transaction conducted pursuant to this subsection,
16   the retail dealer shall complete a National Instant Criminal
17   Background Check of the person acquiring the handgun.   In
18   addition:
19        (a) the retail dealer shall submit to the Superintendent of State
20   Police, on a form approved by the superintendent, information
21   identifying and confirming the background check;
22        (b) every retail dealer shall maintain a record of transactions
23   conducted pursuant to this subsection, which shall be maintained at
24   the address displayed on the retail dealer's license for inspection by
25   a law enforcement officer during reasonable hours;
26        (c) a retail dealer may charge a fee for a transaction conducted
27   pursuant to this subsection; and
28        (d) any record produced pursuant to this subsection shall not be
29   considered a public record pursuant to P.L.1963, c.73 (C.47:1A-1 et
30   seq.) or P.L.2001, c.404 (C.47:1A-5 et al.).
31        b.   Firearms purchaser identification card.
32        (1) 【No】 A person shall not sell, give, transfer, assign or
33   otherwise dispose of nor receive, purchase or otherwise acquire an
34   antique cannon or a rifle or shotgun, other than an antique rifle or
35   shotgun, unless the purchaser, assignee, donee, receiver or holder is
36   licensed as a dealer under this chapter or possesses a valid firearms
37   purchaser identification card, and first exhibits the card to the seller,
38   donor, transferor or assignor, and unless the purchaser, assignee,
39   donee, receiver or holder signs a written certification, on a form
40   prescribed by the superintendent, which shall indicate that 【he】 the
41   person presently complies with the requirements of subsection c. of
42   this section and shall contain 【his】 the person's name, address and
43   firearms purchaser identification card number or dealer's
44   registration number.   The certification shall be retained by the
45   seller, as provided in paragraph (4) of subsection a. of N.J.S.2C:58-
46   2, or, in the case of a person who is not a dealer, it may be filed
47   with the chief 【of】 police officer of the municipality in which 【he】
48   the person resides or with the superintendent.

ACS for **A4769** DANIELSEN, GREENWALD

6

1     (2) A person who is not a licensed retail dealer and sells, gives,
2  transfers, assigns, or otherwise disposes of, or receives, purchases
3  or otherwise acquires an antique cannon or a rifle or shotgun
4  pursuant to this section shall conduct the transaction through a
5  licensed retail dealer.
6     The provisions of this paragraph shall not apply if the transaction
7  is:
8     (a) between members of an immediate family as defined in
9  subsection n. of this section;
10    (b) between law enforcement officers;
11    (c) between collectors of firearms or ammunition as curios or
12  relics as defined in Title 18, U.S.C. section 921 (a) (13) who have
13  in their possession a valid Collector of Curios and Relics License
14  issued by the Bureau of Alcohol, Tobacco, Firearms, and
15  Explosives; or
16    (d) a temporary transfer pursuant to section 1 of P.L.1992, c.74
17  (C.2C:58-3.1) and section 1 of P.L.1997, c.375 (C.2C:58-3.2).
18    (3) Prior to a transaction conducted pursuant to this subsection,
19  the retail dealer shall complete a National Instant Criminal
20  Background Check of the person acquiring an antique cannon or a
21  rifle or shotgun.  In addition:
22    (a) the retail dealer shall submit to the Superintendent of State
23  Police, on a form approved by the superintendent, information
24  identifying and confirming the background check;
25    (b) every retail dealer shall maintain a record of transactions
26  conducted pursuant to this section which shall be maintained at the
27  address set forth on the retail dealer's license for inspection by a law
28  enforcement officer during reasonable hours;
29    (c) a retail dealer may charge a fee, not to exceed $70, for a
30  transaction conducted pursuant to this subsection; and
31    (d) any record produced pursuant to this subsection shall not be
32  considered a public record pursuant to P.L.1963, c.73 (C.47:1A-1 et
33  seq.) or P.L.2001, c.404 (C.47:1A-5 et al.).
34    c.  Who may obtain.     【No】 Except as hereinafter provided, a
35  person 【of good character and good repute】 shall not be denied a
36  permit to purchase a handgun or a firearms purchaser identification
37  card, unless the person is known in the community in which 【he】
38  the person lives as someone who has engaged in acts or made
39  statements suggesting the person is likely to engage in conduct,
40  other than justified self-defense, that would pose a danger to self or
41  others, 【and who】 or is 【not】 subject to any of the disabilities set
42  forth in this section or other sections of this chapter 【, shall be
43  denied a permit to purchase a handgun or a firearms purchaser
44  identification card, except as hereinafter set forth】.   【No】 A
45  handgun purchase permit or firearms purchaser identification card
46  shall not be issued:

ACS for **A4769** DANIELSEN, GREENWALD

7

1    (1) To any person who has been convicted of : (a) any crime in
2    this State or its felony counterpart in any other state or federal
3    jurisdiction; or (b) a disorderly persons offense in this State
4    involving an act of domestic violence as defined in section 3 of
5    P.L.1991, c.261 (C.2C:25-19) or its felony or misdemeanor
6    counterpart involving an act of domestic violence as defined under
7    a comparable statute in any other state or federal jurisdiction,
8    whether or not armed with or possessing a weapon at the time of the
9    offense;
10    (2) To [any drug-dependent person as defined in section 2 of
11    P.L.1970, c.226 (C.24:21-2), to] any person who is presently
12    confined for a mental disorder [to a hospital, mental institution or
13    sanitarium] as a voluntary admission as defined in section 2 of
14    P.L.1987, c.116 (C.30:4-27.2) or who is presently involuntarily
15    committed to inpatient or outpatient treatment pursuant to [section
16    1 of] P.L.1987, c.116 (C.30:4-27.1 et seq.) [or to any person who is
17    presently an habitual drunkard];
18    (3) To any person who suffers from a physical defect or disease
19    which would make it unsafe for [him] that person to handle
20    firearms, [to any person who has ever been confined for a mental
21    disorder,] to any person with a substance use disorder involving
22    drugs as defined in section 2 of P.L.1970, c.226 (C.24:21-2), or to
23    any alcoholic as defined in section 2 of P.L.1975, c.305 (C.26:2B-8)
24    unless any of the foregoing persons produces a certificate of a
25    medical doctor, treatment provider, or psychiatrist licensed in New
26    Jersey, or other satisfactory proof, that [he] the person is no longer
27    suffering from that particular disability in a manner that would
28    interfere with or handicap [him] that person in the handling of
29    firearms; to any person who knowingly falsifies any information on
30    the application form for a handgun purchase permit or firearms
31    purchaser identification card;
32    (4) To any person under the age of 18 years for a firearms
33    purchaser identification card and to any person under the age of 21
34    years for a permit to purchase a handgun;
35    (5) To any person where the issuance would not be in the interest
36    of the public health, safety or welfare because the person is found to
37    be lacking the essential character of temperament necessary to be
38    entrusted with a firearm;
39    (6) To any person who is subject to or has violated a temporary
40    or final restraining order issued pursuant to the "Prevention of
41    Domestic Violence Act of 1991", P.L.1991, c.261 (C.2C:25-17 et
42    seq.) prohibiting the person from possessing any firearm or a
43    temporary or final domestic violence restraining order issued in
44    another jurisdiction prohibiting the person from possessing any
45    firearm;
46    (7) To any person who as a juvenile was adjudicated delinquent
47    for an offense which, if committed by an adult, would constitute a

1   crime and the offense involved the unlawful use or possession of a
2   weapon, explosive or destructive device or is enumerated in
3   subsection d. of section 2 of P.L.1997, c.117 (C.2C:43-7.2);

4       (8) To any person whose firearm is seized pursuant to the
5   "Prevention of Domestic Violence Act of 1991", P.L.1991, c.261
6   (C.2C:25-17 et seq.) and whose firearm has not been returned; or

7       (9) To any person named on the consolidated Terrorist Watchlist
8   maintained by the Terrorist Screening Center administered by the
9   Federal Bureau of Investigation;

10      (10) To any person who is subject to <u>or has violated</u> a court order
11  prohibiting the custody, control, ownership, purchase, possession,
12  or receipt of a firearm or ammunition issued pursuant to the
13  "Extreme Risk Protective Order Act of 2018", P.L.2018, c.35
14  (C.2C:58-20 et al.);

15      (11) To any person who is subject to <u>or has violated</u> a court order
16  prohibiting the custody, control, ownership, purchase, possession,
17  or receipt of a firearm or ammunition issued pursuant to P.L.2021,
18  c.327 (C.2C:12-14 et al.)<u>;</u>

19      <u>(12) To any person who is subject to or has violated a temporary</u>
20  <u>or final restraining order issued pursuant to the "Sexual Assault</u>
21  <u>Survivor Protection Act of 2015," P.L.2015, c.147 (C.2C:14-13 et</u>
22  <u>al.);</u>

23      <u>(13) To any person who has previously been voluntarily admitted</u>
24  <u>to inpatient treatment pursuant to P.L.1987, c.116 (C.30:4-27.1 et</u>
25  <u>seq.) or involuntarily committed to inpatient or outpatient treatment</u>
26  <u>pursuant to P.L.1987, c.116 (C.30:4-27.1 et seq.), unless the court</u>
27  <u>has expunged the person's record pursuant to P.L.1953, c.268</u>
28  <u>(C.30:4-80.8 et seq.);</u>

29      <u>(14) To any person who is subject to an outstanding arrest</u>
30  <u>warrant for an indictable crime in this State or for a felony, other</u>
31  <u>than a felony to which section 1 of P.L.2022, c.50 (C.2A:160-14.1)</u>
32  <u>would apply, in any other state or federal jurisdiction; or</u>

33      <u>(15) To any person who is a fugitive from justice due to having</u>
34  <u>fled from any state or federal jurisdiction to avoid prosecution for a</u>
35  <u>crime, other than a crime to which section 1 of P.L.2022, c.50</u>
36  <u>(C.2A:160-14.1) would apply, or to avoid giving testimony in any</u>
37  <u>criminal proceeding.</u>

38      In order to obtain a permit to purchase a handgun or a firearms
39  purchaser identification card, the applicant shall demonstrate that,
40  within four years prior to the date of the application, the applicant
41  satisfactorily completed a course of instruction approved by the
42  superintendent in the lawful and safe handling and storage of
43  firearms.   The applicant shall be required to demonstrate
44  completion of a course of instruction only once prior to obtaining
45  either a firearms purchaser identification card or the applicant's first
46  permit to purchase a handgun.

47      The applicant shall not be required to demonstrate completion of
48  a course of instruction in order to obtain any subsequent permit to

ACS for **A4769** DANIELSEN, GREENWALD

9

1 purchase a handgun, to replace an existing firearms purchaser
2 identification card, or to renew a firearms purchaser identification
3 card.
4 An applicant who is a law enforcement officer who has satisfied
5 the requirements of subsection j. of N.J.S.2C:39-6, a retired law
6 enforcement officer who has satisfied the requirements of
7 subsection l. of N.J.S.2C:39-6, or a veteran who was honorably
8 discharged as a member of the United States Armed Forces or
9 National Guard who received substantially equivalent training shall
10 not be required to complete the course of instruction required
11 pursuant to the provisions of this subsection.
12 A person who obtained a permit to purchase a handgun or a
13 firearms purchaser identification card prior to the effective date of
14 P.L.2022, c.58 shall not be required to complete a course of
15 instruction pursuant to this subsection.
16 d.  Issuance.  The chief 【of】 police <u>officer</u> of an organized full-
17 time police department of the municipality where the applicant
18 resides or the superintendent, in all other cases, shall upon
19 application, issue to any person qualified under the provisions of
20 subsection c. of this section a permit to purchase a handgun or a
21 firearms purchaser identification card.
22 A firearms purchaser identification card issued following the
23 effective date of P.L.2022, c.58 shall display a color photograph
24 and 【a thumb print】 <u>be electronically linked to the fingerprints</u> of
25 the card holder.  A person who obtained a firearms purchaser
26 identification card prior to the effective date of P.L.2022, c.58 shall
27 not be required to obtain a 【firearm】 <u>firearms</u> purchaser
28 identification card that displays a color photograph and 【a thumb
29 print】 <u>is electronically linked to fingerprints</u>.  The superintendent
30 shall establish guidelines as necessary to effectuate the issuance of
31 firearms purchaser identification cards that display a color
32 photograph and 【a thumb print】 <u>which are electronically linked to</u>
33 <u>the fingerprints</u> of the card holder.
34 <u>The requirements of this subsection concerning firearms</u>
35 <u>purchaser identification cards issued following the effective date of</u>
36 <u>P.L.2022, c.58 shall remain inoperative until such time as the</u>
37 <u>superintendent establishes a system to produce cards that comply</u>
38 <u>with this requirement and, until such time, applicants issued a</u>
39 <u>firearms purchaser identification card shall be provided with cards</u>
40 <u>that do not conform to the requirements of this section, which shall</u>
41 <u>be afforded full force and effect until such time as the system is</u>
42 <u>established and a compliant card is issued in accordance with this</u>
43 <u>subsection. An applicant issued a non-compliant firearms purchaser</u>
44 <u>identification card shall obtain a card, at no cost to the applicant,</u>
45 <u>which conforms to the requirements of this section no later than one</u>
46 <u>year after receiving notice that the system to produce cards that</u>
47 <u>comply with this requirement is operational.</u>

1      If an application for a permit or identification card is denied, the
2   applicant shall be provided with a written statement of the reasons
3   for the denial.  Any person aggrieved by the denial of a permit or
4   identification card may request a hearing in the Superior Court of
5   the county in which 【he】 the person resides if 【he】 the person is a
6   resident of New Jersey or in the Superior Court of the county in
7   which 【his】 the person's application was filed if 【he】 the person is
8   a nonresident.  The request for a hearing shall be made in writing
9   within 30 days of the denial of the application for a permit or
10  identification card.  The applicant shall serve a copy of 【his】 the
11  request for a hearing upon the chief 【of】 police officer of the
12  municipality in which 【he】 the person resides, if 【he】 the person is
13  a resident of New Jersey, and upon the superintendent in all cases.
14  The hearing shall be held and a record made thereof within 【30】 60
15  days of the receipt of the application for a hearing by the judge of
16  the Superior Court.  No formal pleading and no filing fee shall be
17  required as a preliminary to a hearing.  Appeals from the results of a
18  hearing shall be in accordance with law.
19      The Administrative Director of the Courts shall coordinate with
20  the superintendent in the development of an electronic filing system
21  to receive requests for hearings and serve the chief police officer
22  and superintendent as required in this section.
23      e.  Applications.   Applications for permits to purchase a
24  handgun and for firearms purchaser identification cards shall be in
25  the form prescribed by the superintendent and shall set forth the
26  name, residence, place of business, age, date of birth, occupation,
27  sex, any aliases or other names previously used by the applicant,
28  gender, and physical description, including distinguishing physical
29  characteristics, if any, of the applicant, and shall state whether the
30  applicant is a citizen, whether 【he】 the applicant is an alcoholic 【,
31  habitual drunkard,】 as defined in section 2 of P.L.1975, c. 305 (C.
32  26:2B-8) or is a drug-dependent person as defined in section 2 of
33  P.L.1970, c.226 (C.24:21-2), whether 【he】 the applicant has ever
34  been confined or committed to a mental institution or hospital for
35  treatment or observation of a mental or psychiatric condition on a
36  temporary, interim or permanent basis, giving the name and
37  location of the institution or hospital and the dates of confinement
38  or commitment, whether 【he】 the applicant has been attended,
39  treated or observed by any doctor or psychiatrist or at any hospital
40  or mental institution on an inpatient or outpatient basis for any
41  mental or psychiatric condition, giving the name and location of the
42  doctor, psychiatrist, hospital or institution and the dates of the
43  occurrence, whether 【he】 the applicant presently or ever has been a
44  member of any organization which advocates or approves the
45  commission of acts of force and violence to overthrow the
46  Government of the United States or of this State, or which seeks to
47  deny others their rights under the Constitution of either the United

1   States or the State of New Jersey, whether 【he】 the applicant has
2   ever been convicted of a crime or disorderly persons offense in this
3   State or felony or misdemeanor in any other state or federal
4   jurisdiction, whether the 【person】 applicant is subject to a
5   restraining order issued pursuant to the "Prevention of Domestic
6   Violence Act of 1991", P.L.1991, c.261 (C.2C:25-17 et seq.) or an
7   order entered under the provisions of a substantially similar statute
8   under the laws of another jurisdiction prohibiting the 【person】
9   applicant from possessing any firearm, whether the applicant is
10  subject to a restraining order issued pursuant to the "Sexual Assault
11  Survivor Protection Act of 2015," P.L.2015, c.147 (C.2C:14-13 et
12  al.) or an order entered under the provisions of a substantially
13  similar statute under the laws of another jurisdiction, whether the
14  【person】 applicant is subject to a protective order issued pursuant
15  to the "Extreme Risk Protective Order Act of 2018", P.L.2018, c.35
16  (C.2C:58-20 et al.), whether the 【person】 applicant is subject to a
17  protective order issued pursuant to P.L.2021, c.327 (C.2C:12-14 et
18  al.) prohibiting the 【person】 applicant from possessing any firearm,
19  and other information as the superintendent shall deem necessary
20  for the proper enforcement of this chapter.  For the purpose of
21  complying with this subsection, the applicant shall waive any
22  statutory or other right of confidentiality relating to institutional
23  confinement.  The application shall be signed by the applicant and
24  shall contain as references the names and addresses of two
25  reputable citizens personally acquainted with 【him】 the applicant.
26  An applicant for a permit to purchase a handgun shall also
27  certify, with respect to each handgun listed on the form, whether the
28  applicant is purchasing the handgun on the applicant's own behalf
29  or, if not, that the purchase is being made on behalf of a third party
30  to whom the applicant may lawfully transfer the handgun.
31  Application blanks shall be obtainable from the superintendent,
32  from any other officer authorized to grant a permit or identification
33  card, and from licensed retail dealers, or shall be made available
34  through an online process established or made available by the
35  superintendent.
36  The chief police officer or the superintendent shall obtain the
37  fingerprints of the applicant and shall have them compared with any
38  and all records of fingerprints in the municipality and county in
39  which the applicant resides and also the records of the State Bureau
40  of Identification and the Federal Bureau of Investigation, provided
41  that an applicant for a handgun purchase permit who possesses a
42  valid firearms purchaser identification card, or who has previously
43  obtained a handgun purchase permit from the same licensing
44  authority for which 【he】 the applicant was previously fingerprinted,
45  and who provides other reasonably satisfactory proof of 【his】 the
46  applicant's identity, need not be fingerprinted again; however, the
47  chief police officer or the superintendent shall proceed to

1   investigate the application to determine whether or not the applicant
2   has become subject to any of the disabilities set forth in this
3   chapter.
4      f.   Granting of permit or identification card; fee; term; renewal;
5   revocation.  The application for the permit to purchase a handgun
6   together with a fee of **[**$2**]** $\underline{$25}$, or the application for the firearms
7   purchaser identification card together with a fee of **[**$5**]** $\underline{$50}$, shall
8   be delivered or forwarded to the licensing authority who$\underline{, upon}$
9   $\underline{determining that the application is complete,}$ shall investigate the
10   same and, **[**unless good cause for the denial thereof appears**]**
11   $\underline{provided the requirements of this section are met}$, shall grant the
12   permit or the identification card, or both, if application has been
13   made therefor, within 30 days from the date of receipt of the
14   $\underline{completed}$ application for residents of this State and within 45 days
15   for nonresident applicants.  A permit to purchase a handgun shall be
16   valid for a period of 90 days from the date of issuance and may be
17   renewed by the issuing authority for good cause for an additional 90
18   days.  A firearms purchaser identification card issued or renewed
19   after the effective date of P.L.2022, c.58 shall expire during the
20   tenth calendar year following its date of issuance and on the same
21   calendar day as the person's date of birth.
22     If the date of birth of the firearms purchaser identification card
23   holder does not correspond to a calendar day of the tenth calendar
24   year, the card shall expire on the last day of the birth month of the
25   card holder.
26     A firearms purchaser identification card issued pursuant to this
27   section may be renewed upon filing of a renewal application and
28   payment of the required fee, provided that the holder is not subject
29   to any of the disabilities set forth in subsection c. of this section and
30   complies with all other applicable requirements as set forth in
31   statute and regulation.  $\underline{If an application for renewal of a firearms}$
32   $\underline{purchaser identification card is denied, the applicant shall be}$
33   $\underline{provided with a written statement of the reasons for the denial. Any}$
34   $\underline{person aggrieved by the denial of an application for renewal of a}$
35   $\underline{firearms purchaser identification card may request a hearing in the}$
36   $\underline{Superior Court of the county in which the person resides if the}$
37   $\underline{person is a resident of New Jersey or in the Superior Court of the}$
38   $\underline{county in which the person's application was filed if the person is a}$
39   $\underline{nonresident. The request for a hearing shall be made in writing}$
40   $\underline{within 30 days of the denial of the application for renewal of the}$
41   $\underline{firearms purchaser identification card. The applicant shall serve a}$
42   $\underline{copy of the request for a hearing upon the chief police officer of the}$
43   $\underline{municipality in which the applicant resides, if the person is a}$
44   $\underline{resident of New Jersey, and upon the superintendent in all cases.}$
45   $\underline{The hearing shall be held and a record made thereof within 60 days}$
46   $\underline{of the receipt of the application for a hearing by the judge of the}$
47   $\underline{Superior Court. A formal pleading and filing fee shall not be}$

1 required as a preliminary to a hearing.  Appeals from the results of a
2 hearing shall be in accordance with law.
3    The Administrative Director of the Courts shall coordinate with
4 the superintendent in the development of an electronic filing system
5 to receive requests for hearings and serve the chief police officer
6 and superintendent as required in this section.
7    A firearms purchaser identification card issued prior to the
8 effective date of P.L.2022, c.58 shall not expire.
9    A firearms purchaser identification card shall be void if the
10 holder becomes subject to any of the disabilities set forth in
11 subsection c. of this section, whereupon the card shall be returned
12 within five days by the holder to the superintendent, who shall then
13 advise the licensing authority.  Failure of the holder to return the
14 firearms purchaser identification card to the superintendent within
15 the five days shall be an offense under subsection a. of N.J.S.2C:39-
16 10.  Any firearms purchaser identification card may be revoked by
17 the Superior Court of the county wherein the card was issued, after
18 hearing upon notice, upon a finding that the holder thereof no
19 longer qualifies for the issuance of the permit.  The county
20 prosecutor of any county, the chief police officer of any
21 municipality or any citizen may apply to the court at any time for
22 the revocation of the card.
23    There shall be no conditions or requirements added to the form
24 or content of the application, or required by the licensing authority
25 for the issuance or renewal of a permit or identification card, other
26 than those that are specifically set forth in this chapter.
27    g.  Disposition of fees.  All fees for permits shall be paid to the
28 State Treasury for deposit into the Victims of Crime Compensation
29 Office account if the permit is issued by the superintendent, to the
30 municipality if issued by the chief 【of】 police officer, and to the
31 county treasurer if issued by the judge of the Superior Court.
32    h.  Form of permit; 【quadruplicate】 establishment of a web
33 portal; disposition of 【copies】 the completed information.   (1)
34 Except as otherwise provided in paragraph (2) of this subsection,
35 the permit shall be in the form prescribed by the superintendent and
36 shall be issued to the applicant 【in quadruplicate】 electronically
37 through e-mail or the web portal established or designated for this
38 purpose by the superintendent or in such form or manner as may be
39 authorized by the superintendent.   Prior to the time 【he】 the
40 applicant receives the handgun from the seller, the applicant shall
41 【deliver】 provide to the seller an acknowledgement of the permit in
42 【quadruplicate】 the form required under the process established by
43 the superintendent, and the seller shall complete all of the
44 information required on the 【form】 web portal.  【Within five days
45 of the date of the sale, the seller shall forward the original copy】
46 This information shall be forwarded to the superintendent through
47 the web portal, or in such other manner as may be authorized by the

ACS for **A4769** DANIELSEN, GREENWALD

14

1  superintendent, and [the second copy] to the chief [of] police
2  officer of the municipality in which the purchaser resides, except
3  that in a municipality having no chief [of] police officer, [the
4  copy] the information shall be forwarded to the superintendent.
5  The [third copy shall then be returned to the] purchaser [with the
6  pistol or revolver] shall retain a copy of the completed information
7  and the [fourth copy shall be kept by the] seller shall retain a copy
8  of the completed information as a permanent record.
9  A transfer of a handgun between or among immediate family
10 members, law enforcement officers, or collectors of firearms or
11 ammunition as curios or relics shall be conducted via the web portal
12 established or designated by the superintendent, which shall include
13 among other things a certification that the seller and purchaser are
14 in fact immediate family members, law enforcement officers, or
15 collectors of firearms or ammunition as curios or relics.
16 (2) The requirements of this subsection concerning the delivery
17 and form of permit and disposition of copies shall not be applicable
18 when these functions may be completed by utilizing an electronic
19 system as described in paragraph (2) of subsection b. of
20 N.J.S.2C:58-2 or section 5 of P.L.2022, c.55 (C.2C:58-3.3a).
21 i.  Restriction on number of firearms person may purchase.
22 Only one handgun shall be purchased or delivered on each permit
23 and no more than one handgun shall be purchased within any 30-
24 day period, but this limitation shall not apply to:
25 (1) a federal, State, or local law enforcement officer or agency
26 purchasing handguns for use by officers in the actual performance
27 of their law enforcement duties;
28 (2) a collector of handguns as curios or relics as defined in Title
29 18, United States Code, section 921 (a) (13) who has in [his] the
30 collector's possession a valid Collector of Curios and Relics
31 License issued by the federal Bureau of Alcohol, Tobacco, Firearms
32 and Explosives;
33 (3) transfers of handguns among licensed retail dealers,
34 registered wholesale dealers and registered manufacturers;
35 (4) transfers of handguns from any person to a licensed retail
36 dealer or a registered wholesale dealer or registered manufacturer;
37 (5) any transaction where the person has purchased a handgun
38 from a licensed retail dealer and has returned that handgun to the
39 dealer in exchange for another handgun within 30 days of the
40 original transaction, provided the retail dealer reports the exchange
41 transaction to the superintendent; or
42 (6) any transaction where the superintendent issues an exemption
43 from the prohibition in this subsection pursuant to the provisions of
44 section 4 of P.L.2009, c.186 (C.2C:58-3.4).
45 The provisions of this subsection shall not be construed to afford
46 or authorize any other exemption from the regulatory provisions

ACS for **A4769** DANIELSEN, GREENWALD

15

1  governing firearms set forth in chapter 39 and chapter 58 of Title
2  2C of the New Jersey Statutes;
3      A person shall not be restricted as to the number of rifles or
4  shotguns 【he】 the person may purchase, provided 【he】 the person
5  possesses a valid firearms purchaser identification card and
6  provided further that 【he】 the person signs the certification required
7  in subsection b. of this section for each transaction.
8      j.   Firearms passing to heirs or legatees.  Notwithstanding any
9  other provision of this section concerning the transfer, receipt or
10  acquisition of a firearm, a permit to purchase or a firearms
11  purchaser identification card shall not be required for the passing of
12  a firearm upon the death of an owner thereof to 【his】 the owner's
13  heir or legatee, whether the same be by testamentary bequest or by
14  the laws of intestacy.  The person who shall so receive, or acquire
15  the firearm shall, however, be subject to all other provisions of this
16  chapter. If the heir or legatee of the firearm does not qualify to
17  possess or carry it, 【he】 the heir or legatee may retain ownership of
18  the firearm for the purpose of sale for a period not exceeding 180
19  days, or for a further limited period as may be approved by the chief
20  law enforcement officer of the municipality in which the heir or
21  legatee resides or the superintendent, provided that the firearm is in
22  the custody of the chief law enforcement officer of the municipality
23  or the superintendent during that period.
24      k.   Sawed-off shotguns.   Nothing in this section shall be
25  construed to authorize the purchase or possession of any sawed-off
26  shotgun.
27      l.   Nothing in this section and in N.J.S.2C:58-2 shall apply to
28  the sale or purchase of a visual distress signalling device approved
29  by the United States Coast Guard, solely for possession on a private
30  or commercial aircraft or any boat; provided, however, that no
31  person under the age of 18 years shall purchase nor shall any person
32  sell to a person under the age of 18 years a visual distress signalling
33  device.
34      m.  The provisions of subsections a. and b. of this section and
35  paragraphs (4) and (5) of subsection a. of N.J.S.2C:58-2 shall not
36  apply to the purchase of firearms by a law enforcement agency for
37  use by law enforcement officers in the actual performance of the
38  【current or former judge's】 officers' official duties, which purchase
39  may be made directly from a manufacturer or from a licensed dealer
40  located in this State or any other state.
41      n.   For the purposes of this section, "immediate family" means a
42  spouse, domestic partner as defined in section 3 of P.L.2003, c.246
43  (C.26:8A-3), partner in a civil union couple as defined in section 2
44  of P.L.2006, c.103 (C.37:1-29), parent, stepparent, grandparent,
45  sibling, stepsibling, child, stepchild, and grandchild, as related by
46  blood or by law.

1    o.  Registration of handguns owned by new residents.  Any
2    person who becomes a resident of this State following the effective
3    date of P.L.2022, c.52 and who transports into this State a firearm
4    that the person owned or acquired while residing in another state
5    shall apply for a [firearm] <u>firearms</u> purchaser identification card
6    within 60 days of becoming a New Jersey resident, and shall
7    register any handgun so transported into this State within 60 days as
8    provided in this subsection.

9    A person who registers a handgun pursuant to this subsection
10    shall complete a registration statement, which shall be in a form
11    prescribed by the superintendent.  The information provided in the
12    registration statement shall include, but shall not be limited to, the
13    name and address of the person and the make, model, and serial
14    number of the handgun being registered.  Each registration
15    statement shall be signed by the person, and the signature shall
16    constitute a representation of the accuracy of the information
17    contained in the registration statement.

18    The registration statement shall be submitted to the law
19    enforcement agency of the municipality in which the person resides
20    or, if the municipality does not have a municipal law enforcement
21    agency, any State Police station.

22    Within 60 days prior to the effective date of P.L.2022, c.52, the
23    superintendent shall prepare the form of registration statement as
24    described in this subsection and shall provide a suitable supply of
25    statements to each organized full-time municipal police department
26    and each State Police station.

27    A person who fails to apply for a [firearm] <u>firearms</u> purchaser
28    identification card or register a handgun as required pursuant to this
29    subsection shall be granted 30 days to comply with the provisions
30    of this subsection.  If the person does not comply within 30 days,
31    the person shall be liable to a civil penalty of $250 for a first
32    offense and shall be guilty of a disorderly persons offense for a
33    second or subsequent offense.

34    If a person is in possession of multiple firearms or handguns in
35    violation of this subsection, the person shall be guilty of one
36    offense under this subsection provided the violation is a single
37    event.

38    The civil penalty shall be collected pursuant to the "Penalty
39    Enforcement Law of 1999," P.L.1999, c.274 (C.2A:58-10 et seq.) in
40    a summary proceeding before the municipal court having
41    jurisdiction.  A law enforcement officer having enforcement
42    authority in that municipality may issue a summons for a violation,
43    and may serve and execute all process with respect to the
44    enforcement of this subsection consistent with the Rules of Court.

45    <u>p.  A chief police officer or the superintendent may delegate to</u>
46    <u>subordinate officers or employees of the law enforcement agency</u>
47    <u>the responsibilities established pursuant to this section.</u>
48    (cf: P.L.2022, c.58, s.1)

1     3.  N.J.S.2C:58-4 is amended to read as follows:

2     2C:58-4.  a.  Scope and duration of authority.  Any person who

3 holds a valid permit to carry a handgun issued pursuant to this

4 section shall be authorized to carry a handgun <u>in a holster concealed</u>

5 <u>on their person</u> in all parts of this State, except as prohibited by

6 subsection e. of N.J.S.2C:39-5 <u>and section 7 of P.L.    , c.    (C.    )</u>

7 <u>(pending before the Legislature as this bill)</u>.  One permit shall be

8 sufficient for all handguns owned by the holder thereof, but the

9 permit shall apply only to a handgun carried by the actual and legal

10 holder of the permit <u>and, except as otherwise provided in subsection</u>

11 <u>b. of section 6 of P.L.    , c.    (C.          )(pending before the</u>

12 <u>Legislature as this bill), shall not be construed to authorize a holder</u>

13 <u>to carry a handgun openly, provided that a brief, incidental</u>

14 <u>exposure of a handgun while transferring it to or from a holster or</u>

15 <u>due to the shifting of the person's body position or clothing shall be</u>

16 <u>deemed a de minimis infraction within the contemplation of</u>

17 <u>N.J.S.2C:2-11</u>.

18     All permits to carry handguns shall expire two years from the

19 date of issuance or, in the case of an employee of an armored car

20 company, upon termination of **[**his**]** <u>the employee's</u> employment by

21 the company occurring prior thereto whichever is earlier in time,

22 and they may thereafter be renewed every two years in the same

23 manner and subject to the same conditions as in the case of original

24 applications.

25     b.  Application forms.  All applications for permits to carry

26 handguns, and all applications for renewal of permits, shall be made

27 on the forms <u>and in the manner</u> prescribed by the superintendent.

28 Each application shall set forth the full name, date of birth, sex,

29 residence, occupation, place of business or employment, <u>any aliases</u>

30 <u>or other names previously used by the applicant,</u> and physical

31 description of the applicant, and any other information the

32 superintendent may prescribe for the determination of the

33 applicant's eligibility for a permit and for the proper enforcement of

34 this chapter.  The application shall be signed by the applicant under

35 oath, and shall be **[**indorsed**]** <u>endorsed</u> by **[**three**]** <u>not less than four</u>

36 reputable persons who <u>are not related by blood or by law to the</u>

37 <u>applicant and</u> have known the applicant for at least three years

38 preceding the date of application, and who shall certify thereon that

39 the applicant **[**is a person of good moral character and behavior**]**

40 <u>has not engaged in any acts or made any statements that suggest the</u>

41 <u>applicant is likely to engage in conduct, other than lawful self-</u>

42 <u>defense, that would pose a danger to the applicant or others.  The</u>

43 <u>reputable persons also shall provide relevant information supporting</u>

44 <u>the certification, including the nature and extent of their</u>

45 <u>relationship with the applicant and information concerning their</u>

46 <u>knowledge of the applicant's use of drugs or alcohol</u>.

47     c.  Investigation and approval.  Each application shall <u>be</u>

48 <u>accompanied by a $200 application fee and shall</u> in the first

1    instance be submitted to the chief police officer of the municipality
2    in which the applicant resides, or to the superintendent 【,】 if: (1)
3    【if】 the applicant is an employee of an armored car company 【,
4    or】 ； (2) 【if】 there is no chief police officer in the municipality
5    where the applicant resides 【, or】 ； (3) 【if】 the applicant does not
6    reside in this State; or (4) the applicant is a mayor or other elected
7    member of the municipal governing body.
8       In the case of an application made to the chief police officer of a
9    municipality, $150 of the fee shall be retained by the municipality
10   and the remaining $50 shall be forwarded to the superintendent.
11   The fee amount retained by the municipality shall be used to defray
12   the costs of investigation, administration, and processing of the
13   permit to carry handgun applications. Application fees made to the
14   superintendent shall be deposited into the Victims of Crime
15   Compensation Office account.
16      The chief police officer, or the superintendent, as the case may
17   be, shall determine whether the application is complete and, if so,
18   shall cause the fingerprints of the applicant to be taken and
19   compared with any and all records maintained by the municipality,
20   the county in which it is located, the State Bureau of Identification
21   and the Federal Bureau of Identification or; for an applicant who
22   previously submitted fingerprints in order to apply for a firearms
23   purchaser identification card or a permit to purchase a handgun in
24   accordance with N.J.S.2C:58-3 or a permit to carry a handgun in
25   accordance with this section, may solicit such other identification
26   information as may be authorized by the superintendent for the
27   conduct of a comparable criminal record check. 【He】 The chief
28   police officer or the superintendent, as the case may be, shall also
29   determine and record a complete description of each handgun the
30   applicant intends to carry.   The chief police officer, or the
31   superintendent, as the case may be, shall interview the applicant and
32   the persons endorsing the application under subsection b. of this
33   section, and shall make inquiry concerning, and investigate to the
34   extent warranted, whether the applicant is likely to engage in
35   conduct that would result in harm to the applicant or others,
36   including, but not limited to, whether the applicant has any history
37   of threats or acts of violence by the applicant directed toward self or
38   others or any history of use, attempted use, or threatened use of
39   physical force by the applicant against another person, or other
40   incidents implicating the disqualifying criteria set forth in
41   subsection c. of N.J.S.2C:58-3, including but not limited to
42   determining whether the applicant has been subject to any recent
43   arrests or criminal charges for disqualifying crimes or has been
44   experiencing any mental health issues such as suicidal ideation or
45   violent impulses, and the applicant's use of drugs or alcohol.
46      The chief police officer or the superintendent may require such
47   other information from the applicant or any other person, including

1 but not limited to publicly available statements posted or published
2 online by the applicant, as the chief police officer or superintendent
3 deems reasonably necessary to conduct the review of the
4 application.
5 【No】 An application shall not be approved by the chief police
6 officer or the superintendent unless the applicant demonstrates that
7 【he】 the applicant is not subject to any of the disabilities set forth
8 in subsection c. of N.J.S.2C:58-3, that 【he】 the applicant is
9 thoroughly familiar with the safe handling and use of handguns,
10 including providing proof of completion of any training or
11 proficiency requirements established under the law, and that 【he
12 has a justifiable need to carry a handgun】 the applicant is in
13 compliance with the liability insurance requirement of section 4 of
14 P.L.    , c.   (C.    )(pending before the Legislature as this bill).
15 【Each application form shall be accompanied by a written
16 certification of justifiable need to carry a handgun, which shall be
17 under oath and, in the case of a private citizen, shall specify in
18 detail the urgent necessity for self-protection, as evidenced by
19 specific threats or previous attacks which demonstrate a special
20 danger to the applicant's life that cannot be avoided by means other
21 than by issuance of a permit to carry a handgun.  Where possible,
22 the applicant shall corroborate the existence of any specific threats
23 or previous attacks by reference to reports of the incidents to the
24 appropriate law enforcement agencies.
25 If】 Once the application is 【not approved】 deemed complete by
26 the chief police officer or the superintendent , if it is not approved
27 or denied by the chief police officer or the superintendent within
28 【60】 90 days of filing, it shall be deemed to have been approved
29 【unless the applicant agrees】; provided, however, the chief police
30 officer or the superintendent may, for good cause shown and upon
31 written notification to the applicant, extend by up to an additional
32 30 days the time period for which the application may be approved
33 or denied. The written notification sent to the applicant shall
34 provide a detailed explanation of the reasons for the extension.  An
35 applicant also may agree in writing to an additional extension of
36 time 【in writing】 past the 120 day statutory time frame.
37 A chief police officer or the superintendent may delegate to
38 subordinate officers or employees of the law enforcement agency
39 the responsibilities established pursuant to this section.
40 d.  Issuance 【by Superior Court; fee】 of permit; establishment
41 of web portal; disposition of completed information.  If the
42 application has been approved by the chief police officer or the
43 superintendent, as the case may be, the 【applicant shall forthwith
44 present it to the Superior Court of the county in which the applicant
45 resides, or to the Superior Court in any county where he intends to
46 carry a handgun, in the case of a nonresident or employee of an
47 armored car company.  The court shall】 chief police officer or the

1 superintendent shall issue the permit to the applicant in the form
2 prescribed by the superintendent.
3     The permit shall be issued to the applicant electronically through
4 electronic mail or through the web portal established or designated
5 for this purpose by the superintendent, or in such form or manner as
6 may be authorized by the superintendent, if, but only if, **[**it is
7 satisfied**]** the chief police officer or superintendent determines that
8 the applicant:

9     (1) **[**is a person of good character**]** has not engaged in any acts
10 or made any statements that suggest the applicant is likely to
11 engage in conduct, other than lawful self-defense, that would pose a
12 danger to the applicant or others and **[**who**]** is not subject to any of
13 the disabilities set forth in subsection c. of N.J.S.2C:58-3 **[**, that he
14 is**]** ;

15     (2) is thoroughly familiar with the safe handling and use of
16 handguns **[**.**]** ; **[**and that he has a justifiable need to carry a
17 handgun in accordance with the provisions of subsection c. of this
18 section. The court may at its discretion issue a limited-type permit
19 which would restrict the applicant as to the types of handguns he
20 may carry and where and for what purposes the handguns may be
21 carried**]**

22     (3) has completed the training requirements established pursuant
23 to subsection g. of this section, provided that any requirement for
24 classroom instruction and target training shall not be required for a
25 renewal applicant who completed the instruction and training when
26 obtaining a permit to carry a handgun issued within the previous
27 two years; and

28     (4) is in compliance with the liability insurance requirement of
29 section 4 of P.L. , c. (C. )(pending before the Legislature as this
30 bill).

31     **[**At the time of issuance, the applicant shall pay to the county
32 clerk of the county where the permit was issued a permit fee of
33 $20.**]**

34     The provisions of this section requiring the issuance of a permit to
35 carry a handgun utilizing the web portal established pursuant to this
36 subsection and requiring the superintendent or chief police officer to
37 determine that an applicant has completed the training requirement
38 pursuant to subsection c. of this section and paragraph (3) of this
39 subsection and is in compliance with the liability insurance
40 requirements pursuant to subsection c. of this section and paragraph
41 (4) of this subsection shall remain inoperative until the first day of the
42 seventh month next following the date of enactment of P.L.         ,
43 c.    (C.    ) (pending before the Legislature as this bill).

44     e.   Appeals from denial of applications.  An applicant who is
45 denied a permit to carry a handgun shall be provided with a written
46 statement of the reasons for the denial. Any **[**person**]** applicant
47 aggrieved by the denial by the chief police officer or the

1    superintendent of approval for a permit to carry a handgun may
2    request a hearing in the Superior Court of the county in which 【he】
3    <u>the applicant</u> resides or in any county in which 【he】 <u>the applicant</u>
4    intends to carry a handgun, in the case of a nonresident, by filing a
5    written request for a hearing within 30 days of the denial.  【Copies】
6    <u>The aggrieved applicant shall serve copies</u> of the request 【shall be
7    served】 upon the superintendent, the county prosecutor, and the
8    chief police officer of the municipality where the applicant resides,
9    if 【he】 <u>the applicant</u> is a resident of this State.  The hearing shall be
10   held within 【30】 <u>60</u> days of the filing of the request, and no formal
11   pleading or filing fee shall be required.    Appeals from the
12   determination at the hearing shall be in accordance with law and the
13   rules governing the courts of this State.

14   【If the superintendent or chief police officer approves an
15   application and the Superior Court denies the application and
16   refuses to issue a permit, the applicant may appeal the denial in
17   accordance with law and the rules governing the courts of this
18   State.】

19   <u>The Administrative Director of the Courts shall coordinate with</u>
20   <u>the superintendent in the development of an electronic filing system</u>
21   <u>to receive requests for hearings and serve the chief police officer</u>
22   <u>and superintendent as required in this section.</u>

23   f.    Revocation of permits.  Any permit issued under this section
24   shall be void at the time the holder thereof becomes subject to any
25   of the disabilities set forth in subsection c. of N.J.S.2C:58-3, and
26   the holder of a void permit shall immediately surrender the permit
27   to the superintendent who shall give notice to the licensing
28   authority.  Any permit may be revoked by the Superior Court, after
29   hearing upon notice to the holder, if the court finds that the holder
30   is no longer qualified for the issuance of a permit.  The county
31   prosecutor of any county, the chief police officer of any
32   municipality, the superintendent, or any citizen may apply to the
33   court at any time for the revocation of any permit issued pursuant to
34   this section.

35   <u>g.    Training requirement.  (1) On or prior to the first day of the</u>
36   <u>seventh month following the enactment of P.L.    , c.    (C.    )</u>
37   <u>(pending before the Legislature as this bill), the superintendent shall</u>
38   <u>establish training requirements in the lawful and safe handling and</u>
39   <u>storage of firearms**,** which shall consist of an online course of</u>
40   <u>instruction, in-person classroom instruction, and target training</u>
41   <u>administered by a certified firearm instructor on a firing range</u>
42   <u>approved by the superintendent and on the list of approved ranges</u>
43   <u>published on the State Police website.  The training shall include, but</u>
44   <u>not be limited to, demonstration of a level of proficiency in the use of</u>
45   <u>a handgun in such manner as required by the superintendent and</u>
46   <u>training, developed or approved in conjunction with the Police</u>

1 Training Commission, on justification in the use of deadly force
2 under State law.
3     (2) A person who obtained a permit pursuant to this section prior to
4 the first day of the seventh month following the date of enactment
5 of P.L.    , c.    (C.    ) (pending before the Legislature as this bill) and
6 which permit is not scheduled to expire until at least one year
7 following the enactment of P.L.     , c.    (C.    ) (pending before the
8 Legislature as this bill) shall comply with the training requirement
9 established pursuant to this subsection no later than the first day of
10 the tenth month following the date of enactment of P.L.        ,
11 c.    (C.    ) (pending before the Legislature as this bill).
12     h.  For purposes of this section, "holster" means a device or
13 sheath that securely retains a handgun which, at a minimum,
14 conceals and protects the main body of the firearm, maintains the
15 firearm in a consistent and accessible position, and renders the
16 trigger covered and inaccessible while the handgun is fully seated in
17 the holster.
18 (cf: P.L.2018, c.37, s.1)
19
20     4.  (New section)  a.  Every private citizen who carries a
21 handgun in public in this State shall maintain liability insurance
22 coverage insuring against loss resulting from liability imposed by
23 law for bodily injury, death, and property damage sustained by any
24 person arising out of the ownership, maintenance, operation or use
25 of a firearm carried in public wherein such coverage shall be at least
26 in an amount or limit of $300,000, exclusive of interest and costs,
27 on account of injury to or death of more than one person and for
28 damage to property, in any one incident.
29     b.  Proof of liability insurance, as required pursuant to
30 subsection a. of this section, shall be produced by the person
31 carrying a handgun in public, within a reasonable amount of time
32 following any injury, death, or property damage alleged to have
33 been caused by the person carrying the handgun in public.  This
34 requirement shall be satisfied by delivering a full and complete
35 copy of the applicable policy or policies of insurance that meet the
36 standards established by subsection a. of this section and that were
37 in force at the time of the injury, death, or property damage.
38     Notwithstanding the provisions of this subsection, disclosure of
39 policy information under this section shall not constitute an
40 admission that the alleged injury, death, or property damage is
41 subject to the policy.
42     Information concerning the insurance policy shall not be
43 admissible as evidence at trial by reason of disclosure pursuant to
44 this subsection.  The disclosure shall be confidential and available
45 only to the injured person, representative of the decedent, or owner
46 of damaged property and the attorney representing the injured
47 person, representative of the decedent, or owner of damaged
48 property and personnel in the office of the attorney.

1  c. A violation of this section shall be a crime of the fourth
2 degree and shall constitute full and sufficient grounds for
3 revocation of a permit to carry a handgun issued pursuant to
4 N.J.S.2C:58-4.

5

6  5. (New section) Safe carry requirements for authorized
7 holders of a permit to carry a handgun.

8  a. The holder of a permit to carry a handgun issued pursuant to
9 N.J.S.2C:58-4 shall not:

10  (1) use or consume alcohol, a cannabis item, or a controlled
11 substance while carrying a handgun;

12  (2) be under the influence of alcohol, cannabis, or a controlled
13 substance while carrying a handgun;

14  (3) carry a handgun in public outside of a holster or carry a
15 handgun in public in a holster that does not meet the requirements
16 of subsection h. of N.J.S.2C:58-4;

17  (4) carry more than two firearms under the permittee's control at
18 one time; or

19  (5) engage in an unjustified display of a handgun.

20  A violation of this subsection shall be a crime of the fourth
21 degree, and any such violation shall constitute full and sufficient
22 grounds for revocation of a permit to carry a handgun issued
23 pursuant to N.J.S.2C:58-4.

24  b. The holder of a permit to carry a handgun issued pursuant to
25 N.J.S.2C:58-4, if stopped or detained by a law enforcement officer
26 while carrying a handgun in public or traveling with a handgun in a
27 motor vehicle, shall:

28  (1) immediately disclose to the law enforcement officer that they
29 are carrying a handgun or that a handgun is stored in the vehicle;
30 and

31  (2) display the permit to carry a handgun issued pursuant to
32 N.J.S.2C:58-4.

33  A violation of paragraph (1) of this section shall be a crime of
34 the fourth degree.  A person who violates paragraph (2) of this
35 subsection shall be guilty of a disorderly persons offense for a first
36 offense and subject to a $100 fine and a crime of the fourth degree
37 for a second or subsequent offense.

38  c. A holder of a permit to carry a handgun issued pursuant to
39 N.J.S.2C:58-4 who is carrying a handgun in public and is detained
40 by a law enforcement officer as part of a criminal investigation
41 shall provide the handgun to the law enforcement officer upon
42 request for purposes of inspecting the handgun. The provisions of
43 this subsection shall not be construed to affect or otherwise limit the
44 authority of a law enforcement officer to conduct a lawful search or
45 seizure.

46  A violation of this subsection shall be a crime of the fourth
47 degree.

ACS for **A4769** DANIELSEN, GREENWALD

24

1      6.   (New section) Requirements and restrictions on the lawful
2   carrying of a handgun in public.
3      Except as permitted pursuant to N.J.S.2C:39-6, in addition to any
4   criminal penalties under subsection b. of N.J.S.2C:39-5, sections 5
5   and 7 of P.L.    , c.    (C.    )(pending before the Legislature as this
6   bill), or any other law, it shall be a crime of the fourth degree for
7   any person in a public place:
8      a.   to carry a handgun concealed on or about their person,
9   except as permitted in accordance with N.J.S.2C:39-6, without
10   possessing on their person a valid and lawfully issued permit to
11   carry under N.J.S.2C:58-4 and proof of the liability insurance
12   required pursuant to section 4 of P.L. ,    c.    (C.    )(pending before
13   the Legislature as this bill); or
14      b.   to carry a handgun openly, whether or not in possession of a
15   valid and lawfully issued permit to carry under N.J.S.2C:58-4 and
16   proof of the liability insurance required pursuant to section 4 of
17   P.L. , c. (C. )(pending before the Legislature as this bill).
18
19      7.   (New section) Places where the carrying of a firearm or
20   destructive device is prohibited.
21      a.   Except as otherwise provided in this section and in the case
22   of a brief, incidental entry onto property, which shall be deemed a
23   de minimis infraction within the contemplation of N.J.S.2C:2-11, it
24   shall be a crime of the third degree for any person, other than a
25   person lawfully carrying a firearm within the authorized scope of an
26   exemption set forth in N.J.S.2C:39-6, to knowingly carry a firearm as
27   defined in subsection f. of N.J.S.2C:39-1 and a crime of the second
28   degree to knowingly possess a destructive device as defined in
29   subsection c. of N.J.S.2C:39-1 in any of the following places,
30   including in or upon any part of the buildings, grounds, or parking
31   area of:
32      (1) a place owned, leased, or under the control of State, county
33   or municipal government used for the purpose of government
34   administration, including but not limited to police stations;
35      (2) a courthouse, courtroom, or any other premises used to
36   conduct judicial or court administrative proceedings or functions;
37      (3) a State, county, or municipal correctional or juvenile justice
38   facility, jail and any other place maintained by or for a
39   governmental entity for the detention of criminal suspects or
40   offenders;
41      (4) a State-contracted half-way house;
42      (5) a location being used as a polling place during the conduct of
43   an election and places used for the storage or tabulation of ballots;
44      (6) within 100 feet of a place where a public gathering,
45   demonstration or event is held for which a government permit is
46   required, during the conduct of such gathering, demonstration or
47   event;

ACS for **A4769** DANIELSEN, GREENWALD
25

1  (7) a school, college, university or other educational institution,
2  and on any school bus;
3  (8) a child care facility, including a day care center;
4  (9) a nursery school, pre-school, zoo, or summer camp;
5  (10) a park, beach, recreation facility or area or playground
6  owned or controlled by a State, county or local government unit, or
7  any part of such a place, which is designated as a gun free zone by
8  the governing authority based on considerations of public safety;
9  (11) youth sports events, as defined in N.J.S.5:17-1, during and
10  immediately preceding and following the conduct of the event,
11  except that this provision shall not apply to participants of a youth
12  sports event which is a firearm shooting competition to which
13  paragraph (3) of subsection b. of section 14 of P.L.1979, c.179
14  (C.2C:58-6.1) applies;
15  (12) a publicly owned or leased library or museum;
16  (13) a shelter for the homeless, emergency shelter for the
17  homeless, basic center shelter program, shelter for homeless or
18  runaway youth, children's shelter, child care shelter, shelter for
19  victims of domestic violence, or any shelter licensed by or under the
20  control of the Juvenile Justice Commission or the Department of
21  Children and Families;
22  (14) a community residence for persons with developmental
23  disabilities, head injuries, or terminal illnesses, or any other
24  residential setting licensed by the Department of Human Services or
25  Department of Health;
26  (15) a bar or restaurant where alcohol is served, and any other
27  site or facility where alcohol is sold for consumption on the
28  premises;
29  (16) a Class 5 Cannabis retailer or medical cannabis dispensary,
30  including any consumption areas licensed or permitted by the
31  Cannabis Regulatory Commission established pursuant to section
32  31 of P.L.2019, c.153 (C.24:6I-24);
33  (17) a privately or publicly owned and operated entertainment
34  facility within this State, including but not limited to a theater,
35  stadium, museum, arena, racetrack or other place where
36  performances, concerts, exhibits, games or contests are held;
37  (18) a casino and related facilities, including but not limited to
38  appurtenant hotels, retail premises, restaurant and bar facilities, and
39  entertainment and recreational venues located within the casino
40  property;
41  (19) a plant or operation that produces, converts, distributes or
42  stores energy or converts one form of energy to another;
43  (20) an airport or public transportation hub;
44  (21) a health care facility, including but not limited to a general
45  hospital, special hospital, psychiatric hospital, public health center,
46  diagnostic center, treatment center, rehabilitation center, extended
47  care facility, skilled nursing home, nursing home, intermediate care
48  facility, tuberculosis hospital, chronic disease hospital, maternity

1 hospital, outpatient clinic, dispensary, assisted living center, home
2 health care agency, residential treatment facility, residential health
3 care facility, medical office, or ambulatory care facility;
4 (22) a facility licensed or regulated by the Department of Human
5 Services, Department of Children and Families, or Department of
6 Health, other than a health care facility, that provides addiction or
7 mental health treatment or support services;
8 (23) a public location being used for making motion picture or
9 television images for theatrical, commercial or educational
10 purposes, during the time such location is being used for that
11 purpose;
12 (24) private property, including but not limited to residential,
13 commercial, industrial, agricultural, institutional or undeveloped
14 property, unless the owner has provided express consent or has
15 posted a sign indicating that it is permissible to carry on the
16 premises a concealed handgun with a valid and lawfully issued
17 permit under N.J.S.2C:58-4, provided that nothing in this paragraph
18 shall be construed to affect the authority to keep or carry a firearm
19 established under subsection e. of N.J.S.2C:39-6; and
20 (25) any other place in which the carrying of a firearm is
21 prohibited by statute or rule or regulation promulgated by a federal
22 or State agency.
23 b. (1) A person, other than a person lawfully carrying a firearm
24 within the authorized scope of an exemption set forth in subsection
25 a., c., or l. of N.J.S.2C:39-6, who is otherwise authorized under the
26 law to carry or transport a firearm shall not do so while in a vehicle
27 in New Jersey, unless the handgun is unloaded and contained in a
28 closed and securely fastened case, gunbox, or locked unloaded in
29 the trunk of the vehicle.
30 (2) A holder of a valid and lawfully issued permit to carry a
31 handgun shall not leave a handgun outside of their immediate
32 possession or control within a parked vehicle, unless the handgun is
33 unloaded and contained in a closed and securely fastened case, or
34 gunbox, and is not visible from outside of the vehicle, or is locked
35 unloaded in the trunk or storage area of the vehicle.
36 A violation of paragraph (1) or (2) of this subsection is a crime
37 of the fourth degree.
38 c. Notwithstanding the provisions of subsections a. and b. of
39 this section, the holder of a valid and lawfully issued permit to carry
40 under N.J.S.2C:58-4 who is otherwise prohibited under this section
41 from carrying a concealed firearm into the parking area of a
42 prohibited location specified in subsection a. of this section shall be
43 permitted to:
44 (1) transport a concealed handgun or ammunition within a
45 vehicle into or out of the parking area, provided that the handgun is
46 unloaded and contained in a closed and securely fastened case,
47 gunbox, or locked unloaded in the trunk or storage area of the
48 vehicle;

1     (2) store a handgun or ammunition within a locked lock box and
2 out of plain view within the vehicle in the parking area;
3     (3) transport a concealed handgun in the immediate area
4 surrounding their vehicle within a prohibited parking lot area only
5 for the limited purpose of storing or retrieving the handgun within a
6 locked lock box in the vehicle's trunk or other place inside the
7 vehicle that is out of plain view; and
8     (4) transport a concealed handgun between a vehicle parked
9 within a prohibited parking lot area and a place other than a
10 prohibited place enumerated in subsection a. of this section,
11 provided that the person immediately leaves the parking lot area
12 and does not enter into or on the grounds of the prohibited place
13 with the handgun.
14     d.   The holder of a valid and lawfully issued permit to carry
15 under N.J.S.2C:58-4 shall not be in violation of subsection a. of this
16 section while the holder is traveling along a public right-of-way that
17 touches or crosses any of the places enumerated in subsection a. of
18 this section if the concealed handgun is carried on their person in
19 accordance with the provisions of this act or is being transported in
20 a vehicle by the permit holder in accordance with all other
21 applicable provisions of law.
22     e.   (1) Nothing in this act shall be construed to prohibit the
23 holder of a valid and lawfully issued permit under N.J.S.2C:58-4
24 who is lawfully authorized to provide security at a place
25 enumerated in subsection a. of this section from carrying a firearm,
26 openly or concealed, provided that the authorization is set forth in
27 writing, and only to the extent permitted by the entity responsible
28 for security at the place in question.
29     (2) Unless otherwise required or prohibited by law, the owner or
30 entity in control of any place enumerated in subsection a. of this
31 section or owner or entity responsible for providing security may
32 allow or prohibit retired law enforcement officers who are
33 authorized to possess and carry a handgun pursuant to subsection l.
34 of N.J.S.2C:39-6 or qualified retired law enforcement officers
35 within the meaning of the federal "Law Enforcement Officers
36 Safety Act of 2004," Pub.L. 108-277 to carry a concealed handgun
37 on the premises of such place.
38     f.   Nothing in this section shall be construed to prohibit an
39 employee of an armored car company who is the holder of a valid
40 and lawfully issued permit to carry a handgun issued pursuant to
41 N.J.S.2C:58-4 who is contractually authorized to provide services
42 for a client at a place enumerated in subsection a. of this section
43 from carrying a firearm, openly, in the regular course of
44 employment.
45     g.   Nothing in this section shall prohibit the carrying or
46 transporting of a firearm in accordance with subsections e. and f. of
47 N.J.S.2C:39-6 or where it is otherwise expressly authorized by law.

1    8.  N.J.S.2C:39-6 is amended to read as follows:

2    2C:39-6.  a.  Provided a person complies with the requirements

3    of subsection j. of this section, N.J.S.2C:39-5 does not apply to:

4    (1)  Members of the Armed Forces of the United States or of the

5    National Guard while actually on duty, or while traveling between

6    places of duty and carrying authorized weapons in the manner

7    prescribed by the appropriate military authorities;

8    (2)  Federal law enforcement officers, and any other federal

9    officers and employees required to carry firearms in the

10   performance of their official duties;

11   (3)  Members of the State Police and, under conditions

12   prescribed by the superintendent, members of the Marine Law

13   Enforcement Bureau of the Division of State Police;

14   (4)  A sheriff, undersheriff, sheriff's officer, [county prosecutor,

15   assistant prosecutor,] prosecutor's detective or investigator, [deputy

16   attorney general or] State investigator employed by the Division of

17   Criminal Justice of the Department of Law and Public Safety,

18   investigator employed by the State Commission of Investigation,

19   inspector of the Alcoholic Beverage Control Enforcement Bureau of

20   the Division of State Police in the Department of Law and Public

21   Safety authorized to carry weapons by the Superintendent of State

22   Police, State park police officer, or State conservation police

23   officer;

24   (5)  Except as hereinafter provided, a State correctional police

25   officer, or a prison or jail warden of any penal institution in this

26   State or the warden's deputies, or an employee of the Department of

27   Corrections engaged in the interstate transportation of convicted

28   offenders, while in the performance of the employee's duties, and

29   when required to possess the weapon by a superior officer, or a

30   correctional police officer or keeper of a penal institution in this

31   State at all times while in the State of New Jersey, provided the

32   person annually passes an examination approved by the

33   superintendent testing the person's proficiency in the handling of

34   firearms;

35   (6)  A civilian employee of the United States Government under

36   the supervision of the commanding officer of any post, camp,

37   station, base or other military or naval installation located in this

38   State who is required, in the performance of the employee's official

39   duties, to carry firearms, and who is authorized to carry firearms by

40   the commanding officer, while in the actual performance of the

41   employee's official duties;

42   (7) (a) A regularly employed member, including a detective, of

43   the police department of any county or municipality, or of any

44   State, interstate, municipal or county park police force or boulevard

45   police force, at all times while in the State of New Jersey;

46   (b)  A special law enforcement officer authorized to carry a

47   weapon as provided in subsection b. of section 7 of P.L.1985, c.439

48   (C.40A:14-146.14);

ACS for **A4769** DANIELSEN, GREENWALD

29

1    (c) An airport security officer or a special law enforcement
2 officer appointed by the governing body of any county or
3 municipality, except as provided in subparagraph (b) of this
4 paragraph, or by the commission, board or other body having
5 control of a county park or airport or boulevard police force, while
6 engaged in the actual performance of the officer's official duties and
7 when specifically authorized by the governing body to carry
8 weapons;

9    (8) A full-time, paid member of a paid or part-paid fire
10 department or force of any municipality who is assigned full-time
11 or part-time to an arson investigation unit created pursuant to
12 section 1 of P.L.1981, c.409 (C.40A:14-7.1) or to the county arson
13 investigation unit in the county prosecutor's office, while either
14 engaged in the actual performance of arson investigation duties or
15 while actually on call to perform arson investigation duties and
16 when specifically authorized by the governing body or the county
17 prosecutor, as the case may be, to carry weapons. Prior to being
18 permitted to carry a firearm, a member shall take and successfully
19 complete a firearms training course administered by the Police
20 Training Commission pursuant to P.L.1961, c.56 (C.52:17B-66 et
21 seq.), and shall annually qualify in the use of a revolver or similar
22 weapon prior to being permitted to carry a firearm;

23    (9) A juvenile correctional police officer in the employment of
24 the Juvenile Justice Commission established pursuant to section 2
25 of P.L.1995, c.284 (C.52:17B-170) subject to the regulations
26 promulgated by the commission;

27    (10) A designated employee or designated licensed agent for a
28 nuclear power plant under license of the Nuclear Regulatory
29 Commission, while in the actual performance of the person's
30 official duties, if the federal licensee certifies that the designated
31 employee or designated licensed agent is assigned to perform site
32 protection, guard, armed response or armed escort duties and is
33 appropriately trained and qualified, as prescribed by federal
34 regulation, to perform those duties. Any firearm utilized by an
35 employee or agent for a nuclear power plant pursuant to this
36 paragraph shall be returned each day at the end of the employee's or
37 agent's authorized official duties to the employee's or agent's
38 supervisor. All firearms returned each day pursuant to this
39 paragraph shall be stored in locked containers located in a secure
40 area;

41    (11) A county correctional police officer at all times while in the
42 State of New Jersey, provided the officer annually passes an
43 examination approved by the superintendent testing the officer's
44 proficiency in the handling of firearms:

45    (12) A county prosecutor, assistant prosecutor, federal
46 prosecutor, municipal prosecutor, Attorney General, assistant
47 attorney general, deputy attorney general and federal, State, county,
48 or municipal court judge, including a judge of the Tax Court and

1    any other court of limited jurisdiction established, altered, or
2    abolished by law, a judge of the Office of Administrative Law, a
3    judge of the Division of Workers' Compensation at all times while
4    in this State.  Prior to being permitted to carry a firearm, a person
5    subject to this paragraph shall take and successfully complete a
6    firearms training course administered by the Police Training
7    Commission pursuant to P.L.1961, c.56 (C.52:17B-66 et seq.), and
8    shall annually qualify in the use of a handgun or similar weapon
9    prior to being permitted to carry a firearm.  The superintendent may
10   issue identification cards indicating that such a person is permitted
11   to carry a handgun pursuant to this paragraph.

12       b.   Subsections a., b. and c. of N.J.S.2C:39-5 do not apply to:

13       (1)  A law enforcement officer employed by a governmental
14   agency outside of the State of New Jersey while actually engaged in
15   the officer's official duties, provided, however, that the officer has
16   first notified the superintendent or the chief law enforcement officer
17   of the municipality or the prosecutor of the county in which the
18   officer is engaged; or

19       (2)  A licensed dealer in firearms and the dealer's registered
20   employees during the course of their normal business while
21   traveling to and from their place of business and other places for the
22   purpose of demonstration, exhibition or delivery in connection with
23   a sale, provided, however, that the weapon is carried in the manner
24   specified in subsection g. of this section.

25       c.   Provided a person complies with the requirements of
26   subsection j. of this section, subsections b. and c. of N.J.S.2C:39-5
27   do not apply to:

28       (1)  A special agent of the Division of Taxation who has passed
29   an examination in an approved police training program testing
30   proficiency in the handling of any firearm which the agent may be
31   required to carry, while in the actual performance of the agent's
32   official duties and while going to or from the agent's place of duty,
33   or any other police officer, while in the actual performance of the
34   officer's official duties;

35       (2)  A State deputy conservation police officer or a full-time
36   employee of the Division of Parks and Forestry having the power of
37   arrest and authorized to carry weapons, while in the actual
38   performance of the officer's official duties;

39       (3)  (Deleted by amendment, P.L.1986, c.150.)

40       (4)  A court attendant appointed by the sheriff of the county or
41   by the judge of any municipal court or other court of this State,
42   while in the actual performance of the attendant's official duties;

43       (5)  A guard employed by any railway express company, banking
44   or building and loan or savings and loan institution of this State,
45   while in the actual performance of the guard's official duties;

46       (6)  A member of a legally recognized military organization
47   while actually under orders or while going to or from the prescribed

1  place of meeting and carrying the weapons prescribed for drill,
2  exercise or parade;

3  (7) A municipal humane law enforcement officer, authorized
4  pursuant to subsection d. of section 25 of P.L.2017, c.331 (C.4:22-
5  14.1), or humane law enforcement officer of a county society for
6  the prevention of cruelty to animals authorized pursuant to
7  subsection c. of section 29 of P.L.2017, c.331 (C.4:22-14.5), while
8  in the actual performance of the officer's duties;

9  (8) An employee of a public utilities corporation actually
10  engaged in the transportation of explosives;

11  (9) A railway policeman, except a transit police officer of the
12  New Jersey Transit Police Department, at all times while in the
13  State of New Jersey, provided that the person has passed an
14  approved police academy training program consisting of at least
15  280 hours.  The training program shall include, but need not be
16  limited to, the handling of firearms, community relations, and
17  juvenile relations;

18  (10) A campus police officer appointed under P.L.1970, c.211
19  (C.18A:6-4.2 et seq.) at all times.  Prior to being permitted to carry
20  a firearm, a campus police officer shall take and successfully
21  complete a firearms training course administered by the Police
22  Training Commission, pursuant to P.L.1961, c.56 (C.52:17B-66 et
23  seq.), and shall annually qualify in the use of a revolver or similar
24  weapon prior to being permitted to carry a firearm;

25  (11) (Deleted by amendment, P.L.2003, c.168).

26  (12) A transit police officer of the New Jersey Transit Police
27  Department, at all times while in the State of New Jersey, provided
28  the officer has satisfied the training requirements of the Police
29  Training Commission, pursuant to subsection c. of section 2 of
30  P.L.1989, c.291 (C.27:25-15.1);

31  (13) A parole officer employed by the State Parole Board at all
32  times.  Prior to being permitted to carry a firearm, a parole officer
33  shall take and successfully complete a basic course for regular
34  police officer training administered by the Police Training
35  Commission, pursuant to P.L.1961, c.56 (C.52:17B-66 et seq.), and
36  shall annually qualify in the use of a revolver or similar weapon
37  prior to being permitted to carry a firearm;

38  (14) A Human Services police officer at all times while in the
39  State of New Jersey, as authorized by the Commissioner of Human
40  Services;

41  (15) A person or employee of any person who, pursuant to and as
42  required by a contract with a governmental entity, supervises or
43  transports persons charged with or convicted of an offense;

44  (16) A housing authority police officer appointed under
45  P.L.1997, c.210 (C.40A:14-146.19 et al.) at all times while in the
46  State of New Jersey; or

47  (17) A probation officer assigned to the "Probation Officer
48  Community Safety Unit" created by section 2 of P.L.2001, c.362

1 (C.2B:10A-2) while in the actual performance of the probation
2 officer's official duties.  Prior to being permitted to carry a firearm,
3 a probation officer shall take and successfully complete a basic
4 course for regular police officer training administered by the Police
5 Training Commission, pursuant to P.L.1961, c.56 (C.52:17B-66 et
6 seq.), and shall annually qualify in the use of a revolver or similar
7 weapon prior to being permitted to carry a firearm.
8     d.   (1)   Subsections c. and d. of N.J.S.2C:39-5 do not apply to
9 antique firearms, provided that the antique firearms are unloaded or
10 are being fired for the purposes of exhibition or demonstration at an
11 authorized target range or in another manner approved in writing by
12 the chief law enforcement officer of the municipality in which the
13 exhibition or demonstration is held, or if not held on property under
14 the control of a particular municipality, the superintendent.
15     (2) Subsection a. of N.J.S.2C:39-3 and subsection d. of
16 N.J.S.2C:39-5 do not apply to an antique cannon that is capable of
17 being fired but that is unloaded and immobile, provided that the
18 antique cannon is possessed by (a) a scholastic institution, a
19 museum, a municipality, a county or the State, or (b) a person who
20 obtained a firearms purchaser identification card as specified in
21 N.J.S.2C:58-3.
22     (3) Subsection a. of N.J.S.2C:39-3 and subsection d. of
23 N.J.S.2C:39-5 do not apply to an unloaded antique cannon that is
24 being transported by one eligible to possess it, in compliance with
25 regulations the superintendent may promulgate, between its
26 permanent location and place of purchase or repair.
27     (4) Subsection a. of N.J.S.2C:39-3 and subsection d. of
28 N.J.S.2C:39-5 do not apply to antique cannons that are being loaded
29 or fired by one eligible to possess an antique cannon, for purposes
30 of exhibition or demonstration at an authorized target range or in
31 the manner as has been approved in writing by the chief law
32 enforcement officer of the municipality in which the exhibition or
33 demonstration is held, or if not held on property under the control
34 of a particular municipality, the superintendent, provided that
35 performer has given at least 30 days' notice to the superintendent.
36     (5) Subsection a. of N.J.S.2C:39-3 and subsection d. of
37 N.J.S.2C:39-5 do not apply to the transportation of unloaded
38 antique cannons directly to or from exhibitions or demonstrations
39 authorized under paragraph (4) of subsection d. of this section,
40 provided that the transportation is in compliance with safety
41 regulations the superintendent may promulgate.  Those subsections
42 shall not apply to transportation directly to or from exhibitions or
43 demonstrations authorized under the law of another jurisdiction,
44 provided that the superintendent has been given 30 days' notice and
45 that the transportation is in compliance with safety regulations the
46 superintendent may promulgate.
47     e.   Nothing in subsections b., c., and d. of N.J.S.2C:39-5 shall
48 be construed to prevent a person keeping or carrying about the

1    person's place of business, residence, premises or other land owned
2    or possessed by the person, any firearm, or from carrying the same,
3    in the manner specified in subsection g. of this section, from any
4    place of purchase to the person's residence or place of business,
5    between the person's dwelling and place of business, between one
6    place of business or residence and another when moving, or
7    between the person's dwelling or place of business and place where
8    the firearms are repaired, for the purpose of repair.   For the
9    purposes of this section, a place of business shall be deemed to be a
10    fixed location.

11       f.   Nothing in subsections b., c., and d. of N.J.S.2C:39-5 shall
12    be construed to prevent:

13       (1)  A member of any rifle or pistol club organized in accordance
14    with the rules prescribed by the National Board for the Promotion
15    of Rifle Practice, in going to or from a place of target practice,
16    carrying firearms necessary for target practice, provided that the
17    club has filed a copy of its charter with the superintendent and
18    annually submits a list of its members to the superintendent and
19    provided further that the firearms are carried in the manner
20    specified in subsection g. of this section;

21       (2)  A person carrying a firearm or knife in the woods or fields
22    or upon the waters of this State for the purpose of hunting, target
23    practice or fishing, provided that the firearm or knife is legal and
24    appropriate for hunting or fishing purposes in this State and the
25    person has in **[**his**]** the person's possession a valid hunting license,
26    or, with respect to fresh water fishing, a valid fishing license;

27       (3)  A person transporting any firearm or knife while traveling:

28       (a)  Directly to or from any place for the purpose of hunting or
29    fishing, provided the person has in <u>the person's</u> possession a valid
30    hunting or fishing license; or

31       (b)  Directly to or from any target range, or other authorized
32    place for the purpose of practice, match, target, trap or skeet
33    shooting exhibitions, provided in all cases that during the course of
34    the travel all firearms are carried in the manner specified in
35    subsection g. of this section and the person has complied with all
36    the provisions and requirements of Title 23 of the Revised Statutes
37    and any amendments thereto and all rules and regulations
38    promulgated thereunder; or

39       (c)  In the case of a firearm, directly to or from any exhibition or
40    display of firearms which is sponsored by any law enforcement
41    agency, any rifle or pistol club, or any firearms collectors club, for
42    the purpose of displaying the firearms to the public or to the
43    members of the organization or club, provided, however, that not
44    less than 30 days prior to the exhibition or display, notice of the
45    exhibition or display shall be given to the Superintendent of the
46    State Police by the sponsoring organization or club, and the sponsor
47    has complied with any reasonable safety regulations the
48    superintendent may promulgate.   Any firearms transported pursuant

ACS for **A4769** DANIELSEN, GREENWALD

34

1  to this section shall be transported in the manner specified in
2  subsection g. of this section;
3  (4) A person from keeping or carrying about a private or
4  commercial aircraft or any boat, or from transporting to or from the
5  aircraft or boat for the purpose of installation or repair of a visual
6  distress signaling device approved by the United States Coast
7  Guard.
8  g.  Any weapon being transported under paragraph (2) of
9  subsection b., subsection e., or paragraph (1) or (3) of subsection f.
10  of this section shall be carried unloaded and contained in a closed
11  and fastened case, gunbox, securely tied package, or locked in the
12  trunk of the automobile in which it is being transported, and in the
13  course of travel shall include only deviations as are reasonably
14  necessary under the circumstances.
15  h.  Nothing in subsection d. of N.J.S.2C:39-5 shall be construed
16  to prevent any employee of a public utility, as defined in R.S.48:2-
17  13, doing business in this State or any United States Postal Service
18  employee, while in the actual performance of duties which
19  specifically require regular and frequent visits to private premises,
20  from possessing, carrying or using any device which projects,
21  releases or emits any substance specified as being noninjurious to
22  canines or other animals by the Commissioner of Health and which
23  immobilizes only on a temporary basis and produces only
24  temporary physical discomfort through being vaporized or
25  otherwise dispensed in the air for the sole purpose of repelling
26  canine or other animal attacks.
27  The device shall be used solely to repel only those canine or
28  other animal attacks when the canines or other animals are not
29  restrained in a fashion sufficient to allow the employee to properly
30  perform the employee's duties.
31  Any device used pursuant to this act shall be selected from a list
32  of products, which consist of active and inert ingredients, permitted
33  by the Commissioner of Health.
34  i.  (1)  Nothing in N.J.S.2C:39-5 shall be construed to prevent
35  any person who is 18 years of age or older and who has not been
36  convicted of a crime, from possession for the purpose of personal
37  self-defense of one pocket-sized device which contains and releases
38  not more than three-quarters of an ounce of chemical substance not
39  ordinarily capable of lethal use or of inflicting serious bodily injury,
40  but rather, is intended to produce temporary physical discomfort or
41  disability through being vaporized or otherwise dispensed in the air.
42  Any person in possession of any device in violation of this
43  subsection shall be deemed and adjudged to be a disorderly person,
44  and upon conviction thereof, shall be punished by a fine of not less
45  than $100.
46  (2) Notwithstanding the provisions of paragraph (1) of this
47  subsection, nothing in N.J.S.2C:39-5 shall be construed to prevent a
48  health inspector or investigator operating pursuant to the provisions

1    of section 7 of P.L.1977, c.443 (C.26:3A2-25) or a building
2    inspector from possessing a device which is capable of releasing
3    more than three-quarters of an ounce of a chemical substance, as
4    described in paragraph (1) of this subsection, while in the actual
5    performance of the inspector's or investigator's duties, provided that
6    the device does not exceed the size of those used by law
7    enforcement.
8        j.   A person shall qualify for an exemption from the provisions
9    of N.J.S.2C:39-5, as specified under subsections a. and c. of this
10    section, if the person has satisfactorily completed a firearms
11    training course approved by the Police Training Commission.
12       The exempt person shall not possess or carry a firearm until the
13    person has satisfactorily completed a firearms training course and
14    shall annually qualify in the use of a revolver or similar weapon.
15    For purposes of this subsection, a "firearms training course" means
16    a course of instruction in the safe use, maintenance and storage of
17    firearms which is approved by the Police Training Commission.
18    The commission shall approve a firearms training course if the
19    requirements of the course are substantially equivalent to the
20    requirements for firearms training provided by police training
21    courses which are certified under section 6 of P.L.1961, c.56
22    (C.52:17B-71). A person who is specified in paragraph (1), (2), (3),
23    or (6) of subsection a. of this section shall be exempt from the
24    requirements of this subsection.
25       k.   Nothing in subsection d. of N.J.S.2C:39-5 shall be construed
26    to prevent any financial institution, or any duly authorized
27    personnel of the institution, from possessing, carrying or using for
28    the protection of money or property, any device which projects,
29    releases or emits tear gas or other substances intended to produce
30    temporary physical discomfort or temporary identification.
31       l.   Nothing in subsection b. of N.J.S.2C:39-5 shall be construed
32    to prevent a law enforcement officer who retired in good standing,
33    including a retirement because of a disability pursuant to section 6
34    of P.L.1944, c.255 (C.43:16A-6), section 7 of P.L.1944, c.255
35    (C.43:16A-7), section 1 of P.L.1989, c.103 (C.43:16A-6.1), or any
36    substantially similar statute governing the disability retirement of
37    federal law enforcement officers, provided the officer was a
38    regularly employed, full-time law enforcement officer for an
39    aggregate of four or more years prior to the officer's disability
40    retirement and further provided that the disability which constituted
41    the basis for the officer's retirement did not involve a certification
42    that the officer was mentally incapacitated for the performance of
43    the officer's usual law enforcement duties and any other available
44    duty in the department which the officer's employer was willing to
45    assign to the officer or does not subject that retired officer to any of
46    the disabilities set forth in subsection c. of N.J.S.2C:58-3 which
47    would disqualify the retired officer from possessing or carrying a
48    firearm, who semi-annually qualifies in the use of the handgun the

1   officer is permitted to carry in accordance with the requirements
2   and procedures established by the Attorney General pursuant to
3   subsection j. of this section and pays the actual costs associated
4   with those semi-annual qualifications, who is 75 years of age or
5   younger, and who was regularly employed as a full-time member of
6   the State Police; a full-time member of an interstate police force; a
7   full-time member of a county or municipal police department in this
8   State; a full-time member of a State law enforcement agency; a full-
9   time sheriff, undersheriff or sheriff's officer of a county of this
10   State; a full-time State or county correctional police officer; a full-
11   time State correctional police officer or county correctional police
12   officer; a full-time State or county park police officer; a full-time
13   special agent of the Division of Taxation; a full-time Human
14   Services police officer; a full-time transit police officer of the New
15   Jersey Transit Police Department; a full-time campus police officer
16   exempted pursuant to paragraph (10) of subsection c. of this
17   section; a full-time State conservation police officer exempted
18   pursuant to paragraph (4) of subsection a. of this section; a full-time
19   Palisades Interstate Park officer appointed pursuant to R.S.32:14-
20   21; a full-time Burlington County Bridge police officer appointed
21   pursuant to section 1 of P.L.1960, c.168 (C.27:19-36.3); a full-time
22   housing authority police officer exempted pursuant to paragraph
23   (16) of subsection c. of this section; a full-time juvenile correctional
24   police officer exempted pursuant to paragraph (9) of subsection a.
25   of this section; a full-time parole officer exempted pursuant to
26   paragraph (13) of subsection c. of this section; a full-time railway
27   policeman exempted pursuant to paragraph (9) of subsection c. of
28   this section; a full-time county prosecutor's detective or
29   investigator; a full-time federal law enforcement officer; or is a
30   qualified retired law enforcement officer, as used in the federal
31   "Law Enforcement Officers Safety Act of 2004," Pub.L. 108-277,
32   domiciled in this State from carrying a handgun in the same manner
33   as law enforcement officers exempted under paragraph (7) of
34   subsection a. of this section. <u>A retired law enforcement officer</u>
35   <u>shall be entitled to carry a handgun pursuant to this subsection</u>
36   under the <u>following</u> conditions 【provided herein】 :
37     (1) The retired law enforcement officer shall make application
38   in writing to the Superintendent of State Police for approval to carry
39   a handgun 【for one year】 <u>every two years</u>. 【An】 <u>A renewal</u>
40   application 【for annual renewal】 shall be submitted in the same
41   manner.
42     (2) Upon receipt of the written application of the retired law
43   enforcement officer, the superintendent shall request a verification
44   of service from the chief law enforcement officer of the
45   organization in which the retired officer was last regularly
46   employed as a full-time law enforcement officer prior to retiring.
47   The verification of service shall include:
48     (a) The name and address of the retired officer;

ACS for **A4769** DANIELSEN, GREENWALD

37

1    (b)  The date that the retired officer was hired and the date that
2  the officer retired;

3    (c)  A list of all handguns known to be registered to that officer;

4    (d)  A statement that, to the reasonable knowledge of the chief
5  law enforcement officer, the retired officer is not subject to any of
6  the restrictions set forth in subsection c. of N.J.S.2C:58-3; and

7    (e)  A statement that the officer retired in good standing.

8    (3)  If the superintendent approves a retired officer's application
9  or reapplication to carry a handgun pursuant to the provisions of
10  this subsection, the superintendent shall notify in writing the chief
11  law enforcement officer of the municipality wherein that retired
12  officer resides.   In the event the retired officer resides in a
13  municipality which has no chief law enforcement officer or law
14  enforcement agency, the superintendent shall maintain a record of
15  the approval.

16    (4)  The superintendent shall issue to an approved retired officer
17  an identification card permitting the retired officer to carry a
18  handgun pursuant to this subsection.  This identification card shall
19  be valid for **[**one year**]** <u>two years</u> from the date of issuance and
20  shall be valid throughout the State.  The identification card shall not
21  be transferable to any other person.  The identification card shall be
22  carried at all times on the person of the retired officer while the
23  retired officer is carrying a handgun.   The retired officer shall
24  produce the identification card for review on the demand of any law
25  enforcement officer or authority.

26    (5)  Any person aggrieved by the denial of the superintendent of
27  approval for a permit to carry a handgun pursuant to this subsection
28  may request a hearing in the Superior Court of New Jersey in the
29  county in which the person resides by filing a written request for a
30  hearing within 30 days of the denial.  Copies of the request shall be
31  served upon the superintendent and the county prosecutor.   The
32  hearing shall be held within 30 days of the filing of the request, and
33  no formal pleading or filing fee shall be required.  Appeals from the
34  determination of the hearing shall be in accordance with law and the
35  rules governing the courts of this State.

36    (6)  A judge of the Superior Court may revoke a retired officer's
37  privilege to carry a handgun pursuant to this subsection for good
38  cause shown on the application of any interested person.  A person
39  who becomes subject to any of the disabilities set forth in
40  subsection c. of N.J.S.2C:58-3 shall surrender, as prescribed by the
41  superintendent, the person's identification card issued under
42  paragraph (4) of this subsection to the chief law enforcement officer
43  of the municipality wherein the person resides or the
44  superintendent, and shall be permanently disqualified to carry a
45  handgun under this subsection.

46    (7)  The superintendent may charge a reasonable application fee
47  to retired officers to offset any costs associated with administering
48  the application process set forth in this subsection.

1    m.  Nothing in subsection d. of N.J.S.2C:39-5 shall be construed
2    to prevent duly authorized personnel of the New Jersey Division of
3    Fish and Wildlife, while in the actual performance of duties, from
4    possessing, transporting or using any device that projects, releases
5    or emits any substance specified as being non-injurious to wildlife
6    by the Director of the Division of Animal Health in the Department
7    of Agriculture, and which may immobilize wildlife and produces
8    only temporary physical discomfort through being vaporized or
9    otherwise dispensed in the air for the purpose of repelling bear or
10    other animal attacks or for the aversive conditioning of wildlife.
11    n.  Nothing in subsection b., c., d. or e. of N.J.S.2C:39-5 shall
12    be construed to prevent duly authorized personnel of the New
13    Jersey Division of Fish and Wildlife, while in the actual
14    performance of duties, from possessing, transporting or using hand
15    held pistol-like devices, rifles or shotguns that launch pyrotechnic
16    missiles for the sole purpose of frightening, hazing or aversive
17    conditioning of nuisance or depredating wildlife; from possessing,
18    transporting or using rifles, pistols or similar devices for the sole
19    purpose of chemically immobilizing wild or non-domestic animals;
20    or, provided the duly authorized person complies with the
21    requirements of subsection j. of this section, from possessing,
22    transporting or using rifles or shotguns, upon completion of a Police
23    Training Commission approved training course, in order to dispatch
24    injured or dangerous animals or for non-lethal use for the purpose
25    of frightening, hazing or aversive conditioning of nuisance or
26    depredating wildlife.
27    (cf: P.L.2019, c.407, s.2)
28
29    9.  (New section) Notwithstanding any provision of the
30    "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et
31    seq.) to the contrary, the Superintendent of State Police may adopt
32    immediately upon filing with the Office of Administrative Law
33    such regulations as the superintendent deems necessary to
34    implement the provisions of P.L.   , c.   (C.   ) (pending before the
35    Legislature as this bill), which shall be effective for a period not to
36    exceed 18 months, and may thereafter be amended, adopted, or
37    readopted by the superintendent in accordance with the
38    requirements of the "Administrative Procedure Act," P.L.1968,
39    c.410 (C.52:14B-1 et seq.).
40
41    10.  (New section) a. Notwithstanding the provisions of
42    subsection d. of N.J.S.2C:58-4, application determinations for a
43    permit to carry a handgun that were pending before the Superior
44    Court and filed prior to the date of enactment of P.L.   , c.   (C.   )
45    (pending before the Legislature as this bill) shall be made by the court.
46    A Judge of the Superior Court may rely on the approval by the chief
47    police officer or superintendent, as the case may be, as the basis for
48    issuing the permit.

ACS for **A4769** DANIELSEN, GREENWALD
39

1     b.  Application determinations for a permit to carry a handgun that
2    are submitted on or after the date of enactment of P.L.   , c.   (C.   )
3    (pending before the Legislature as this bill) shall be made by a chief
4    police officer or superintendent, as the case may be, in accordance
5    with subsection d. of N.J.S.2C:58-4.
6
7     11.  (New    section)   The   provisions   of   P.L.       ,
8    c.  (C.     )(pending before the Legislature as this bill) are
9    severable; if any provision, or application of any provision, of this
10   amendatory and supplementary act is held invalid by any court, the
11   holding or judgment shall not affect the remaining provisions or
12   applications of the provisions thereof.
13
14    12.  Sections 2, 3, 7, and 10 of this act shall take effect
15   immediately and the remainder of this act shall take effect on the
16   first day of the seventh month next following the date of enactment,
17   but the Attorney General, Superintendent of State Police, and
18   Commissioner of Banking and Insurance may take such anticipatory
19   action as is necessary for the implementation of this act.