shall have power to grant a "leave of absence" to all inmates of the institution who shall prove by their diligence and upright behavior that they are entitled to the same; *provided*, that such "leave of absence" shall be given only upon the condition that such youth shall continue to lead a useful and honorable life; and the board shall have full power to recall all such absentees who may lapse into their former vicious habits.

Section 18. Any boy or girl committed to the state reform school shall be there kept, disciplined, instructed, employed, and governed until he or she arrives at the age of majority, or is bound out, reformed, or legally discharged under the direction and discretion of the said board. The binding out or discharge of a boy or girl as reformed, or having arrived at the age of majority, shall be a complete release from all penalties incurred by conviction of the offense for which he or she was committed, except as provided for in section 17 of this act.

Section 19. If any boy or girl convicted of any misdemeanor, committed to the reform school, shall prove unruly or incorrigible, or if the board of trustees shall decide that his or her presence is dangerous to the welfare of the school, the board shall have power to order his or her return to the county from which he or she came and deliver to the sheriff of the said county, and proceedings against him or her shall be resumed as if no warrant or order committing him or her to the reform school had been made; and the said sheriff shall be notified of such order by the superintendent of the school, and shall immediately, or at the earliest practicable day thereafter, visit the said school and receive such youth from the authorities of said institution.

Section 20. When any youth are committed to the reform school all expenses occurring in such cases, including the cost of transportation, both going and coming, shall be borne by the county from which such youth are committed. Commitments to said reform school shall be made in accordance with the provisions of this act; *provided, however*, that upon the application to the proper court by any religious society or body to which said youth or the parents of said youth may belong for the custody of such youth, when such religious society or body has provided a suitable institution for the care and reform of delinquent children or minors, the court, upon satisfactory showing by such religious society or body of such fact, may commit such minor to such religious institution.

Section 21. Upon the temporary or permanent discharge of any person committed to the reform school, the superintendent shall provide him with suitable clothing and procure transportation for him to his home, if resident in this state, or to the county in which

GENERAL LAWS.

he may have been convicted; *provided*, that such discharge shall be approved by the said board of trustees; *and provided further*, that all expenses of transportation occurring in such cases shall be paid by the counties from which such youth were committed.

Section 22. If any parent or guardian or master to whom a youth has been apprenticed, or any person occupying the position of a parent, protector, or guardian in fact or in reality by blood or marriage, shall feel aggrieved by such commitment to such institution, he [may] make written application to the board of trustees of the institution for the discharge of such youth, which application shall be filed with the superintendent, who shall inform the board thereof, and the same shall be heard and determined by such board at such time and place as they shall appoint for that purpose, not later than the next regular meeting of the board. Such application shall state the grounds of the applicant's claim to the custody of the youth, and the reasons for claiming such custody. Within ten days after hearing said application, the board shall make and announce their opinion thereon, and if they shall be of the opinion that the welfare of such youth would be promoted by granting the application, they shall make an order to that effect; otherwise they shall deny the application; *provided*, that all expenses occurring in such cases shall be paid by said parents, guardians, or masters.

Section 23. Whenever the number of boys committed to the reform school shall exceed the accommodations thereof, it shall be the duty of the board of trustees to notify all the proper courts of the same, and no more commitments to the school shall be made until due proclamation shall have been made by the board of trustees that additional room has been provided.

Section 24. If any person shall procure the escape of any youth committed to the reform school, or devise, or connive at, aid or assist in such escape, or conceal any such youth so committed after such escape, he shall, upon conviction thereof in any court of competent jurisdiction, be punished by a fine of not less than one hundred nor more than one thousand dollars, or be imprisoned in the county jail not less than two months nor more than one year, or by both such fine and imprisonment; or if such youth so convicted be under the age of sixteen years, then he shall be committed to the reform school, as in this act provided.

Section 25. So much of the acts entitled "An act to establish a reform school for juvenile offenders, and erect necessary buildings therefor," approved February 18, 1889, and "An act to provide for the further establishment, advancement, and development of the state reform school," approved February 20, 1891, as is in conflict with the provisions of this act, is hereby repealed.

Section 26.  Inasmuch as there is urgent need for the application of the amendments herein made, this act shall be in force from and after its approval by the governor.

Filed in the office of the secretary of state, February 20, 1893.

## AN ACT [s. b. 164].

To Amend an Act entitled "An Act to Protect Hotel Keepers, Inn-keepers, and Boarding-house Keepers," approved February 25, 1889.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1.  That section 1 of an act entitled "An act to protect hotel keepers, inn-keepers, and boarding-house keepers," approved February 25, 1889, be and the same is hereby amended so as to read as follows:—

Sec. 1.  Hotel keepers, inn-keepers, lodging-house keepers, and boarding-house keepers shall have a lien upon the baggage, clothing, jewelry, and other valuables of their guests, lodgers, or boarders brought into such hotel, inn, lodging-house, or boarding-house by such guest, lodger, or boarder for the reasonable charges due from such guests, lodgers, or boarders for their accommodation, board, or lodging, and such extras as are furnished at the request of such guest, lodger, or boarder; and such hotel keeper, inn-keeper, lodging-house keeper, or boarding-house keeper may retain and hold possession of such baggage, clothing, jewelry, and other valuables until such charges be paid.

Filed in the office of the secretary of state, February 20, 1893.

## AN ACT [s. b. 179.]

To Amend Section 1 of an Act entitled "An Act to Amend Sections 2246 and 2247 of the Laws of Oregon, as Compiled and Annotated by W. Lair Hill, Relating to the Boundaries of Clatsop County, and the Line of Boundary between the Counties of Clatsop and Tillamook," approved February 20, 1891.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1.  That section 1 of an act entitled "An act to amend sections 2246 and 2247 of the laws of Oregon, as compiled and annotated by W. Lair Hill, relating to the boundaries of Clatsop county and the line of boundary between the counties of Clatsop and Tillamook," be and the same is hereby amended so as to read as follows:—

GENERAL LAWS.

Sec. 1. That section 2246 of the general laws of Oregon, as compiled and annotated by W. Lair Hill, relating to the boundaries of the county of Clatsop, be and is hereby amended so as to read as follows:

§ 2246. The boundaries of the county of Clatsop shall be as follows: Commencing at a point where the west boundary line of Columbia county intersects the line of low tide on the south shore of the Columbia river, and thence southerly along the west boundary line of Columbia county to and along the line between ranges five and six west of the Willamette meridian to an intersection with the line dividing townships numbered three and four north; and thence west along the line dividing townships numbered three and four north to the shore of the Pacific ocean; and thence west to the west boundary line of the state of Oregon; and thence northerly along said west boundary line of said state to a point due west of and opposite the middle of the north ship channel of the Columbia river; thence easterly to and up the middle channel of said river along the north boundary line of the state of Oregon to a point due north of the point of beginning, and thence south to the point of beginning. And said Clatsop county and the courts in and for the said county are hereby vested with jurisdiction in civil and criminal cases upon the Columbia river to the north shore thereof opposite the said county of Clatsop.

Filed in the office of the secretary of state, February 20, 1893.

AN ACT [S. B. 207.]

To Change the Boundary Line of Multnomah and Clackamas Counties in the State of Oregon.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1. That portion of Clackamas county, Oregon, lying within the present boundary lines of the city of Sellwood, and described as follows: Commencing at a point at the ¼ post between sections 23 and 26, township 1 south, range 1 east; thence east to the east line of said city of Sellwood; thence south along the east line of said city of Sellwood to the southeast corner of said city; thence west and westerly along the south line of said city to the center of the Willamette river; thence down the center of said river to the line between sections 22 and 27, township 1 south, range 1 east; thence east along the line between sections 22, 27, 23, and 26 to the place of beginning,—be and the same is hereby detached from the county of Clackamas and annexed to the county

of Multnomah. All acts and parts of acts in conflict with this act are hereby repealed.

Section 2. The county court of Multnomah county, Oregon, shall procure or cause to be procured properly attested copies of the records of Clackamas county, Oregon, affecting the title to real estate situated in the territory described in section one of this act, and have the same recorded in the records of Multnomah county, Oregon, and thereafter such records shall be recognized and become a part of the official records of said Multnomah county, Oregon.

Filed in the office of the secretary of state, February 20, 1893.

---

## AN ACT [s. b. 15.]

To Prevent a Person from Trespassing upon any Enclosed Premises or Lands not His Own Being Armed with a Gun, Pistol, or other Firearm, and to Prevent Shooting upon or from the Public Highway.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1. It shall be unlawful for any person, other than an officer on lawful business, being armed with a gun, pistol, or other firearm, to go or trespass upon any enclosed premises or lands without the consent of the owner or possessor thereof.

Section 2. It shall be unlawful for any person to shoot upon or from the public highways.

Section 3. It shall be unlawful for any person, being armed with a gun or other firearm, to cause, permit, or suffer any dog, accompanying such person, to go or enter upon any enclosed premises without the consent of the owner or possessor thereof; *provided,* that this section shall not apply to dogs in pursuit of deer or varmints.

Section 4. Any person violating the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not less than fifteen dollars nor more than fifty dollars, and in default of the payment of the fine imposed shall be committed to the county jail of the county in which the offense is committed, one day for every two dollars of the said fine.

Section 5. Justices of the peace for the proper county shall have jurisdiction of the trial of offenses herein defined.

Filed in the office of the secretary of state, February 20, 1893.

GENERAL LAWS. .

---

AN ACT [ H. B. 318.]

To Reimburse Certain Counties in this State, entitled to Rebate on Account of
Overpaid Taxes.

Whereas under a decision of the supreme court of the state of
Oregon, filed June 18, 1892, certain taxes levied by the governor,
the secretary of state, and state treasurer, acting jointly as a state
board of levy, were declared illegal; and whereas prior to the ren-
dition of the decision referred to, sundry amounts were paid into
the state treasury and the official receipt of the state treasurer
issued therefor to the treasurers of the counties hereinafter named,
thus overpaying the amount due from said counties for the year
1891; therefore,

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1. That the state treasurer be and hereby is authorized
and directed to credit the counties hereinafter named with the
amounts overpaid by them on account of state taxes for the year
1891, upon any taxes now due, or that may become due from such
counties, as follows:—

To Columbia county—
Current expense tax, 1891_____ _____$152 54
Militia tax, 1891_____     6 55
University tax, 1891_____     4 68—$163 77
   To Grant county—
Militia tax, 1891_____ _____$   2 56
University tax, 1891_____     1 83—$   4 39
   To Harney county—
Militia tax, 1891_____ _____$ 34 95
University tax, 1891_____ _____   24 96—$ 59 91
   To Josephine county—
Current expense tax, 1891_____$483 81
Militia tax, 1891_____ _____   21 77
University tax, 1891___'_____   14 83—$520 41
   To Klamath county—
Militia tax, 1891_____ _____$ 34 58
University tax, 1891_____   24 68—$ 59 26
   To Lake county—
Militia tax, 1891_____ _____$ 67 94
University tax, 1891_____   48 54—$116 48
   To Lane county—
Militia tax, 1891_____ _____$ 14 53
University tax, 1891_____   10 37—$ 24 90

To Sherman county—

Current expense tax, 1891_____$ 19 29
Militia tax, 1891_____ ____ _____      82
University tax, 1891_____     59—$ 20 70

Section 2.   That the state treasurer be and is hereby authorized and directed to credit to Umatilla county on account of the current expense and the special state taxes for 1891, the sum of $224.05, on account of errors in the assessment roll of said county of 1891, as shown by a statement on file in the office of the secretary of state.

Section 3.   Inasmuch as the counties named have been for several months deprived of the use of the several amounts named, this act shall take effect and be in force from and after its approval by the governor.

Approved February 21, 1893.

[NOTE.—See note respecting H. B. 318 under head of "Certificate of Secretary of State," *post.*]

## AN ACT [s. b. 159.]

### To Provide for the Satisfaction of Mortgages when Foreclosed.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1.   That it shall be the duty of all clerks of the circuit court in the counties where there is a recorder, whenever a decree of foreclosure shall be returned in such court foreclosing a mortgage on real estate, to make out a certificate stating that such mortgage has been foreclosed, and the date of such foreclosure, and the number of the journal and page thereof in which such decree is entered, and deliver the same to the recorder, and thereupon such recorder shall enter upon the margin of the record of such mortgage the word "foreclosed," and the date of such foreclosure with the number and page of the journal of such decree.

Section 2.   In counties where the county clerk acts as recorder of conveyances, he shall, upon the entry of any decree foreclosing a mortgage on real estate, make on the margin of the record of such mortgage the record provided for in section 1 of this act.

Section 3.   Whenever any person shall present to the recorder of conveyances, or county clerk acting as such, a certificate from the clerk of the United States circuit court of the foreclosure of any mortgage on real estate, as provided in section 1 of this act, such recorder shall make the record so provided in such section.

Approved February 21, 1893.

6

82                    GENERAL LAWS.

AN ACT                    [ s. b. 145.]

To Authorize County Courts to Offer Rewards for the Apprehension of Crimi-
nals and Fugitives from Justice.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1.   If any person or persons charged with or convicted
of any felony within this state, shall break prison, escape, or flee
from justice, or abscond, or secrete himself, in such cases it shall be
lawful for the county court of such county where said crime has
been committed, if the said court shall deem necessary, to offer a
reward not to exceed the sum of one thousand ($1,000) dollars for
the apprehension and delivery of each of the bodies of said person
or persons to the custody of such officer as the said court shall
direct.

Section 2.   Any person apprehending and delivering the body
or bodies of such person or persons to the proper officer and pro-
ducing to the county court the receipt of such officer, shall be
entitled to and shall be paid the reward offered by the county
court.

Section 3.   The county court shall on the presentation of the
duly certified claim of the applicant for reward and accompanied
by the proper orders and receipts, shall certify the amount offered
in such reward to the county clerk of such county under the seal
of such county court, and the county clerk of such county shall
draw a warrant on the treasurer of such county for the amount so
authorized.

Section 4.   If the sheriff of any other county than the one
where said crime was committed apprehend the said criminal, he
shall elect to receive either the reward offered or the regular fees
allowed him by law for such service.

Approved February 21, 1893.

AN ACT                    [ s. b. 59.]

To Amend an Act entitled "An Act to Provide Times and Places of Holding
the Terms of Court in the Sixth Judicial District of the State of Oregon,
and to Repeal all Acts and Parts of Acts in Conflict with this Act," and to
Increase the Salaries of the Judges therein.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

That an act entitled an act to provide the time and places of
holding the circuit court in the sixth judicial district in the state of
Oregon, and to repeal all acts and parts of acts in conflict with this

act, which act was approved February 20, 1891, be and the same is hereby amended so as to read as follows:—

Section 1. That the circuit court of the state of Oregon in and for the sixth judicial district of said state, shall be held each year at the county seat of the respective counties of said district as follows, to wit:—

Iu the county of Umatilla, on the third Monday in January, the first Monday in June, and the second Monday in October.

In the county of Union, on the fourth Monday in February, the second Monday in July, and the fourth Monday in October.

In the county of Wallowa, on the third Monday in April and the third Monday in September.

In the county of Baker, on the third Monday in June, the second Monday in November, and the second Monday in February.

In the county of Malheur, on the first Monday in June and the fourth Monday in November.

In the county of Grant, the fourth Monday in May and the second Monday in October.

In the county of Harney, on the third Monday in May and the fourth Monday in October.

Section 2. Inasmuch as there exists at the present, in order to dispatch the business of said district, a necessity for the passage of this act, it is further provided that the same shall be in force and effect from and after its approval by the governor.

Approved February 21, 1893.

———

### AN ACT [S. B. 45.]

To Amend Section 951 of Title I. of Chapter XII. of the Code of Civil Pro-
cedure, as Compiled and Annotated by W. Lair Hill, and Section 954 of
Title II. of Chapter XII. of the Above-mentioned Code, and Sections 958
and 968 of Title III. of Chapter XII. of the Above-mentioned Code.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1. That section 951 of title I. of chapter XII. of the code of civil procedure, as compiled and annotated by W. Lair Hill, be and the same is hereby amended so as to read as follows:—

§ 951. A person may be excused from acting as a juror when his own health or the death or sickness of a member of his family requires his absence; but no person shall be required to serve as a petit juror at any one term of the court for more than four weeks, and shall upon application be entitled to be discharged from further attendance upon the court as such juror at such term, after he has served for such period of four weeks as aforesaid.

GENERAL LAWS.

Section 2.    That section 954 of title II. of chapter XII. of the
code of civil procedure, as compiled and annotated by W. Lair Hill,
be and the same is hereby amended so as to read as follows:—

§ 954.    The jury list shall contain the names of at least two
hundred persons, if there be that number of qualified jurors upon
the assessment roll, and not more than six hundred persons.    They
shall be selected from the different portions of the county in propor-
tion to the number qualified upon the assessment roll as much
as practicable.

Section 3.    That section 958 of title III. of chapter XII. of the
above-mentioned code, be and the same is hereby amended so as to
read as follows:—

§ 958.    For the circuit court, thirty-one names shall be drawn,
from which number the grand and trial jurors for the term are
selected, as elsewhere provided in this code; *provided*, that in dis-
tricts composed of no more than one county and having more than
one judge of that circuit court in said district, a large number of
jurors shall be drawn when ordered by the oldest judge in com-
mission of such circuit court, in his discretion; or, in case of his
absence or inability to act, the next oldest in commission.    For the
county court, twelve names shall be drawn, from which number the
trial juries are selected in like manner.

Section 4.    That section 968 of title III. of chapter XII. of the
above-mentioned code, be and the same is hereby amended so as to
read as follows:—

§ 968.    Whenever, for any reason, the number of jurors, either
in whole or in part, required by this code, do not attend a term of
the court, or when they have served the full time required by this
code as jurors, and have been discharged, as elsewhere provided,
the court has power to order an additional number of jurors drawn
from the jury box to fill up the regular panel in the same manner
as the original panel is required to be drawn, which jurors shall be
summoned and required to attend as jurors in the same manner
and with like effect as if drawn on the original panel; *provided*,
that whenever the regular panel becomes exhausted for any reason,
the court may in its discretion direct the sheriff to summons forth-
with from the body of the county, persons whose names are upon
the tax roll and having the qualifications of jurors to serve in said
cause, but persons so summoned from the body of the county shall
not be disqualified by reason thereof from being drawn and serving
as jurors upon the regular panel as hereinbefore provided and shall
not be subject to challenge for that cause.

Approved February 21, 1893.

## AN ACT [ s. b. 22.]

To Define and Punish Obstruction to Railroads, Railroad Trains, Railroad Tracks, Street Cars and Street-Car Tracks in the State of Oregon, and to Protect the Passengers and Employés Riding upon any Train or Car in said State.

*Be it enacted by the Legislative Assembly of the State of Oregon:*

Section 1. Any person who shall wilfully or maliciously place any obstruction on any railroad track or roadbed, or street-car track in the state of Oregon, or who shall, without the right so to do, loosen, tear up, remove, or misplace any rail, switch, frog, guard-rail, cattle-guard, or any part of such railroad track or roadbed or street-car track, or who shall, in any manner so as to endanger the safety of any train, car, or engine, or so as to endanger or injure any passenger or person riding thereon, tamper with or molest any such road, roadbed, track, signal flag or signal torpedo, shall, upon conviction thereof, be punished by imprisonment in the penitentiary not exceeding ten years or by imprisonment in the county jail not exceeding one year.

Section 2. Any person who shall, within the state of Oregon, wilfully or maliciously place any obstruction upon any railroad track or roadbed, or street-car track, or shall misplace, remove, obstruct, detach, damage, or destroy any rail, switch, frog, guard-rail, cattle-guard, or any other part of such railroad track or roadbed or street-car track, thereby causing the death of any passenger or employé of such railroad or street railway, shall, upon conviction thereof, be deemed guilty of murder and punished accordingly.

Section 3. Whereas the public safety is imperiled on account of attempted train wrecks by evil-minded persons, and there is no adequate protection against the same under existing law, this act shall take effect and be in force from and after its approval by the governor.

Approved February 21, 1893.

---

## AN ACT [h. b. 379.]

### To Provide for the Collection of Taxes.

Whereas the act known as house bill No. 125, passed at the present session of the legislature, appears to repeal the method now provided for the collection of taxes on mortgages for the year 1892 as same are now assessed and have been equalized on the assessment rolls for said year; and whereas it was not intended that