Louisiana. Laws, statutes, etc. Revised Statutes

# AN ANNOTATED REVISION

—OF THE—

# STATUTES OF LOUISIANA

## THROUGH THE SESSION OF 1915

CONTAINING ALL THE EXISTING LAWS OF THE STATE OF A GENERAL CHARACTER, EXCEPT THOSE EMBRACED IN THE REVISED CIVIL CODE OF 1870 AND THE REVISED CODE OF PRACTICE OF 1870, ARRANGED IN ORDER AND REDUCED TO ONE CONNECTED TEXT

BY

### ROBERT H. MARR

OF THE NEW ORLEANS BAR

*Jam vero illud stultissimum, existimare omnia justa esse, quae sita sint in populorum institutis aut legibus,* Cic. de Leg. I. 15.

### VOLUME I.

S
11:/L
2l 3M
F15

PUBLISHED BY
F. F. HANSELL & BRO., Ltd.
NEW ORLEANS

Digitized by Google

COPYRIGHT 1915
F. F. HANSELL & BRO., Ltd.
NEW ORLEANS, LA.

AUG 31 1915

PRESS OF
HAUSER PRINTING CO.
NEW ORLEANS

Digitized by Google

# PREFACE

This compilation follows as nearly as may be the Revised Statutes of 1869 (adopted as Act 96 of 1870). During the forty-six years since the last authoritative revision, we have had in Louisiana forty-four sessions of the General Assembly and three Constitutional Conventions, and are now upon the eve of another Convention. Thus necessarily many of the provisions of the Revised Statutes have been rendered inoperative and many have been repealed directly. Other sections have been held by our Supreme Court unconstitutional. The legislation upon wholly new subjects is of huge bulk.

An alphabetical arrangement of subjects can never be a logical arrangement, and such an arrangement increases the number of unavoidable repetitions. The constant recurrence of the same sections printed with a different number under a different heading is one of the serious imperfections of our authorized Revision. These repetitions I have tried to reduce to a minimum.

The whole body of the law may be classified under three headings: Public law, private law and procedure. Strictly speaking, the Revised Statues ought to contain only the public statutes, that is to say, statutes regulating the duties and fixing the powers of public officers, and laws regulating the public duties and public rights of persons. Put into definitions: The Revised Statutes are a digest of the statutes defining the mutual rights and obligations of State and individual. The Civil Code, or Code of Private Law, is the codification of all the statutes defining the mutual rights and obligations of persons; the Code of Practice is the codification of all the legal modes of enforcing rights and obligations, and consists of two parts: The Rules of Civil Procedure and the rules of Criminal Procedure. We have in Louisiana no Code of Criminal Procedure and so little legislation on the subject that all of it is comprised within 156 sections of this Revision. The fundamental classification of private statutes, public statutes and procedure is not closely followed in our two Codes, and altogether lost sight of in our Revised Statutes.

Those sections of the Revised Statutes identical with Articles of the Revisions of 1870 of the Civil Code or Code of Practice have been omitted, but all amendments to the Codes subsequent to 1870 have been included.

In this Revision my effort (within the limitations imposed by the Revised Statutes of 1870) has been to present just such work as would have been presented had my employment been public, but, of course, the unofficial compiler cannot confer the blessings of the repealing clause. Gibbon does not believe that Justinian resorted to the rather primitive method of repeal by reducing to ashes all the laws of a more ancient date than his own; and it may be that R. S. 3990, repealing all prior laws on the same subject matters, except such as are contained in the Revisions of 1870, does not hark back to that Legislator whose name "is inscribed on a fair and everlasting monument," but whatever the origin of the provision it is inherently of great value.

Digitized by Google

iv                      PREFACE.

The purpose of this compilation is to present the actual law, therefore, all statutes and all parts of statutes which have been repealed or held unconstitutional by our own Supreme Court, or by the Supreme Court of the United States have been omitted. So far as I know, the only repealed statute in this Revision is Act 17 of 1876 (1167, p. 368); and the reason for inserting it is, that under the power conferred by Act 70 of 1884 (1173, p. 370) the Supreme Court has adopted this Act of 1876 as a rule of Court.

While these volumes were in press the Legislative Session of 1915 was held, but, as far as possible, the Acts of that session have been inserted in their proper places. Act 203 of 1914 (printed, in part, as 1262-1266, pp. 397, 398) has been replaced by Act 23 of 1915, but it was adopted too late to make possible the proper correction under Common Carriers, but has been inserted in Vol. II, p. 1499, under Liquor Laws.

In State vs. Jackson (not yet reported) Act 204 of 1914 was held unconstitutional. This Act is printed as 2099-2101, p. 285, under Crimes.

In State vs. Dantonio, 67, S. 828, it was held that that part of Sec. 45, Act 14, of 1914, conferring upon the City Court of Bogalusa *exclusive* criminal jurisdiction was unconstitutional. Had this decision been received in time, "exclusive" would have been stricken from the section, and the decision inserted as a note to 3850, p. 1341.

Much time, thought, and hard work have been expended upon this Revision, and whether good, bad, or indifferent, honestly, it is the best that I can do.

Most law-book prefaces are addressed to a "generous profession," but, while generous, lawyers, like wives, are, *virtute officii*, critics. It is, therefore, certain that these volumes will come in for a full and fair share of censure. My brethren of the bench and bar, who have always been pretty good to me anyhow, are here afforded an opportunity to be both critical and generous: say what you please about the book, but be generous enough not to tell me of its failings and shortcomings. In due time, I shall find a good many faults myself without any outside help, and each such discovery will mean a pang.

On a certain sunny morning at Arpinum, Atticus and Brother Quintus suggested to their host Cicero—he was then out of politics and big cases had quit coming his way—that he ought to write works on the Civil Law. Cicero's reply well expresses the prevailing view of the lawyers of to-day: *"Egone?* Quam ob rem quo me vocas aut quid hortaris? ut libellos conficiam de stillicidiorum ac de parietum jure? an ut stipulatiorum et judiciorum formulas componam? quae et conscripta a multis sunt diligenter et sunt *humiliora quam illa, quae a nobis expectari puto.*"

This work was undertaken with a light heart and with no just appreciation of the task before me; but it soon became apparent that Sinbad's old man of the sea had fastened his legs around my neck and was firmly seated on my back. At last the burden has been gotten rid of, and I think I know what Simeon felt when he said, "Lord, now lettest thou thy servant depart in peace."

July 2, 1915.                                                     ROBERT H. MARR.

Digitized by Google

**Breaking Contribution Box.**

**1806.** [Act 25, 1912, p. 511.] Any person who shall break open, or attempt to break open, any box or any other receptacle, in any church or any other place, where money is deposited shall be guilty of a misdemeanor, and upon conviction, shall suffer imprisonment for a term of not less than three months nor more than two years, at the discretion of the court.

## TRESPASS.

**Taking Possession of Realty; Destruction of Fences.**

**1807.** [R. S. 818.] Whoever shall take possession of any tract of land, or any part thereof, or of any house or other tenement, being the property of another person, without any legal right so to do (and whose possession shall not have continued for one year without disturbance) or shall wilfully, maliciously, burn, tear down, cut, break, tear loose or down any wire fence, or any part thereof, or otherwise impair or destroy the enclosure or fence around or protecting the field, pasture, or lot of ground belonging to any person, corporation or institution, shall on conviction be fined not less than fifty dollars or more than one thousand dollars or imprisoned not less than ten days nor more than six months or both at the discretion of the court. (Amd. Act 85, 1890, p. 90.)

**Taking Possession of Sixteenth Section.**

**1808.** [Sec. 2, Act 14, 1882, p. 10.] Whoever shall knowingly use, cultivate or inclose any free school land, known as the sixteenth section, without authority from the parish Board of School Directors, shall on conviction be condemned to pay a fine or not less than fifty, nor more than one thousand dollars, and in default of the same, be sentenced to imprisonment not less than ten days, nor more than one year.

**Entering Another's Plantation With Firearms.**

**1809.** [R. S. 821.] It shall not be lawful for any person or persons to carry firearms on the premises or plantations of any citizen, without the consent of the owner or proprietor, other than in the lawful discharge of a civil or military order; and any person or persons so offending shall be fined a sum not less than one dollar nor more than ten dollars, or imprisoned not less than one day nor more than ten days in the parish jail, or both, at the discretion of any court of competent jurisdiction.

Digitized by Google

### Entering on Posted Premises.

**1810.** [R. S. 822.] Whoever shall enter upon any plantation or farm, or upon any grounds upon which crops or fruits of any kind are grown, or into any enclosure without the permission of the owner, shall upon conviction therefor be sentenced to pay a fine of not exceeding Fifty Dollars, or to imprisonment not exceeding ninety days, provided that this Act shall not apply except to such enclosures as are properly and sufficiently posted by the owner warning trespassers off such premises. (Amd. Act 162, 1910, p. 246.)

## TIMBER LAWS.

### Destruction of Timber.

**1811.** [R. S. 817.] Whoever shall wilfully and feloniously cut, pull down, burn, destroy, kill or deaden or carrying or float away, any trees, wood, or timber growing or lying on the land of another or lying in the water on the land of another, or cause same to be done without the consent of the owner or actual possessor thereof with authority, on conviction shall be fined not more than Five Hundred Dollars ($500.00) or be imprisoned for not more than two years at the discretion of the court and in default of payment of said fine and costs, shall be imprisoned not less than thirty days nor more than six months. (Amd. Act 135, 1912, p. 173.)

State vs. Prince, 42 A. 817; State vs. Gainey, 135 La. — (65 S. 609).

### Destroying Floating Timber Fastenings.

**1812.** [Sec. 1, Act 34, 1888, p. 26.] Whoever shall wilfully and maliciously cut, burn, break, pull out, or otherwise destroy any iron, rope, wooden or other fastening used to secure any floating timber in any of the waters of this State, shall be deemed guilty of misdemeanor, and on conviction shall suffer a fine not exceeding five hundred dollars or imprisonment not exceeding six months.

### Destroying Fastenings by Vessel.

**1813.** [Sec. 2.] Whoever being in command of any steam vessel, sailing or rowing craft, plying in the navigable waters of this State, shall wilfully and maliciously permit such vessel or craft to break or tear from its fastenings any booms or rafts of floating timber shall be punished as set forth in the preceding section of this act; provided that such timber is not impeding the free navigation of said stream.

Digitized by Google