Case 1:22-cv-07464-RMB-AMD   Document 88-39   Filed 02/13/23   Page 1 of 6 PageID: 1791

CONCEALED HANDGUNS—STATEWIDE PERMITS;..., 1996 La. Sess. Law...

1996 La. Sess. Law Serv. 1st Ex. Sess. Act 4 (S.B. 2) (WEST)

LOUISIANA 1996 SESSION LAW SERVICE

1996 First Extraordinary Session

Additions and deletions are not identified in this document.

Vetoed provisions within tabular material are not displayed.

ACT NO. 4

S.B. No. 2
CONCEALED HANDGUNS—STATEWIDE PERMITS; NEGLIGENT CARRYING OF CONCEALED HANDGUN

AN ACT to amend and reenact R.S. 40:1379.1(I), 1379.3, 1381, and 1382, relative to concealed handgun permits; to authorize and provide relative to statewide permits for concealed handguns to be issued and administered by the Department of Public Safety and Corrections; to provide relative to application procedures; to provide relative to eligibility requirements and conditions; to provide relative to denial of an application; to provide relative to the revocation of a permit; to provide for the term of a permit; to provide for definitions; to provide relative to criminal penalties for violations; to provide relative to special officers and their commissions, powers, and duties; to provide for exceptions; to provide for prohibitions of concealed weapons in certain public facilities; to require certain notification to the Department of Public Safety and Corrections; to authorize the Department of Public Safety and Corrections to perform certain duties; to provide for sufficiency of the background check to meet certain other federal requirements; to provide for the offense of negligent carrying of a concealed handgun; and to provide for related matters.

Be it enacted by the Legislature of Louisiana:

Section 1. R.S. 40:1379.1(I), 1379.3, 1381, and 1382 are hereby amended and reenacted to read as follows:

<< LA R.S. 40:1379.1 >>

§ 1379.1. Special officers; powers and duties; concealed handgun permit

* * *

I. Special officer commissions shall be valid only for a period of one year from the date of their issuance. However, special officer commissions issued to employees of the department shall be valid until revoked by the superintendent.
* * *

<< LA R.S. 40:1379.3 >>

§ 1379.3. Statewide permits for concealed handguns; application procedures; definitions

A. Notwithstanding any other provision of law to the contrary, the deputy secretary of public safety services of the Department of Public Safety and Corrections shall issue a concealed handgun permit to any citizen who qualifies for a permit under the provisions of this Section and may promulgate rules and adopt regulations regarding concealed handgun permits in

Case 1:22-cv-07464-RMB-AMD   Document 88-39   Filed 02/13/23   Page 2 of 6 PageID: 1792

CONCEALED HANDGUNS—STATEWIDE PERMITS;..., 1996 La. Sess. Law...

accordance with the Administrative Procedure Act. The permit shall contain a permit number, expiration date, photograph, and the name, address, and date of birth of the permittee.

B. A concealed handgun permit issued pursuant to this Section shall grant authority to a citizen to carry a concealed handgun on his person.

C. To qualify for a concealed handgun permit, a citizen shall:

(1) Make sworn application to the deputy secretary of public safety services of the Department of Public Safety and Corrections. The application shall reflect training in pistols, revolvers, or both. Any permittee under this Section shall notify the department of any address or name change within thirty days of the change.

(2) Agree in writing to hold harmless and indemnify the department, the state or any peace officer for any and all liability arising out of the issuance or use of the concealed handgun permit.

(3) Be a resident of the state and have been a resident for six months or longer immediately preceding the filing of the application.

(4) Be twenty-one years of age or older.

(5) Not suffer from a mental infirmity due to disease, illness, or retardation which prevents the safe handling of a handgun.

(6) Not be ineligible to possess a firearm by virtue of having been convicted of a felony.

(7) Not have been committed, either voluntarily or involuntarily, for the abuse of a controlled dangerous substance, as defined by R.S. 40:961 and 964, or been found guilty of, or entered a plea of guilty or nolo contendere to a misdemeanor under the laws of this state or similar laws of any other state relating to a controlled dangerous substance within a five year period immediately preceding the date on which the application is submitted, or be presently charged under indictment or a bill of information for such an offense.

(8) Not chronically and habitually use alcoholic beverages to the extent that his normal faculties are impaired. It shall be presumed that an applicant chronically and habitually uses alcoholic beverages to the extent that his normal faculties are impaired if, within the five-year period immediately preceding the date on which the application is submitted, the applicant has been found guilty of, or entered a plea of guilty or nolo contendere to operating a vehicle while intoxicated, or has been committed, either voluntarily or involuntarily, for treatment as an alcoholic.

(9) Not have entered a plea of guilty or nolo contendere to or been found guilty of a crime of violence as defined in R.S. 14:2 at the misdemeanor level, unless five years have elapsed since completion of sentence or any other conditions set by the court have been fulfilled, or unless the conviction was set aside and the prosecution dismissed, prior to the date on which the application is submitted.

(10) Not have been convicted of, have entered a plea of guilty or nolo contendere to, or not be charged under indictment, or a bill of information for any crime of violence or any crime punishable by imprisonment for a term of one year or greater. A conviction, plea of guilty, or plea of nolo contendere under this Paragraph shall include a dismissal and conviction set-aside under the provisions of Code of Criminal Procedure Article 893.

(11) Not be a fugitive from justice.

(12) Not be an unlawful user of, or addicted to, marijuana, depressants, stimulants, or narcotic drugs.

(13) Not have been adjudicated to be mentally deficient or been committed to a mental institution.

(14) Not be an illegal alien in the United States.

(15) Not have been discharged from the Armed Forces of the United States with a discharge characterized as "Under Other than Honorable Conditions", a "Bad Conduct Discharge", or a "Dishonorable Discharge". In the case of Commissioned Officers and Warrant Officers of the United States Armed Forces, the punishment of "Dismissal" rendered subject to a verdict of "guilty" at a trial by military court-martial is deemed to be disqualifying under this Paragraph. For the purposes of this Paragraph, the United States Coast Guard is considered an armed force.

D.(1) In addition to the requirements of Subsection C of this Subsection, an applicant shall demonstrate competence with a handgun by any one of the following:

(a) Completion of any National Rifle Association handguns safety or training course conducted by a National Rifle Association certified instructor.

Case 1:22-cv-07464-RMB-AMD   Document 88-39   Filed 02/13/23   Page 3 of 6 PageID: 1793

CONCEALED HANDGUNS—STATEWIDE PERMITS;..., 1996 La. Sess. Law...

(b) Completion of any Department of Public Safety and Corrections approved firearms safety or training course or class available to the general public offered by a law enforcement agency, college, or private or public institution or organization or firearms training school.

(c) Completion of any law enforcement firearms safety or training course or class approved by the Department of Public Safety and Corrections and offered for security guards, investigators, special deputies, or any division or subdivision of law enforcement or security enforcement.

(d) Possession of a current valid license to carry a concealed weapon issued by a parish law enforcement officer.

(e) Completion of any firearms training or safety course or class approved by the Department of Public Safety and Corrections.

(f) Completion of a law enforcement training academy program certified by the Council on Peace Officer Standards and Training.

(g) Completion of small arms training while serving with the Armed Forces of the United States of America as evidenced by any of the following:

(i) For personnel released or retired from active duty, possession of an "Honorable Discharge" or "General Discharge Under Honorable Conditions" as evidenced by a Department of Defense Form 214 (DD–214).

(ii) For personnel on active duty or serving in one of the National Guard or reserve components of the Armed Forces, possession of certification of completion of basic training with service record evidence of having successfully completed small arms training and qualification.

(h) The National Rifle Association's personal protection course.

(2) Instructors for any class, training, or course of instruction authorized by this Subsection, except for small arms training in military service as provided in Subparagraph (g) of this Section, shall be certified as an instructor by the National Rifle Association as an instructor for civilians or law enforcement or by the Council on Peace Officer Standards and Training as a firearms instructor. Any safety or training course or class as described in this Subsection, except for basic handgun training in military service provided in Subparagraph (g) of this Subsection, shall include instruction in child access prevention.

E. A photocopy of a certificate of completion of any of the courses or classes, or an affidavit from the instructor, school, club, organization, or group that conducted or taught said course or class attesting to the completion of the course or class by the applicant, or a copy of any document which shows completion of the course or class or confirms participation in firearms competition or honorable discharge shall constitute evidence of qualification pursuant to Subsection D of this Section.

F.(1) The deputy secretary shall revoke the permit if at any time during the permit period, the permittee fails to satisfy any one of the qualification requirements provided for in Subsection C of this Section.

(2) The deputy secretary shall revoke the permit for a violation of Subsection I of this Section or R.S. 40:1382.

G. Neither the state, the deputy secretary of public safety services, nor any applicable permitting process employee of the Department of Public Safety and Corrections shall be liable for acts committed by the permittee, unless the deputy secretary or applicable permitting process employee had actual knowledge at the time the permit was issued that the permittee was disqualified by law from carrying a concealed handgun.

H. The deputy secretary of public safety services of the Department of Public Safety and Corrections shall, within two working days of the initial application, notify the chief of police of the municipality and the chief law enforcement officer of the parish in which the applicant is domiciled of such application. Those officers shall have ten days to forward to the deputy secretary any information relating to the applicant's legal qualification to receive a permit. The deputy secretary of public safety services of the Department of Public Safety and Corrections shall issue timely and without delay the concealed handgun permit to all qualified applicants, which permit shall be for a term of four years and which shall be valid in all parishes statewide. The permit shall be retained by the permittee who shall immediately produce it upon the request of any law enforcement officer. Anyone who violates the provisions of this Subsection shall be fined not more than one hundred dollars.

I. (1) No individual to whom a concealed handgun permit is issued may carry and conceal such handgun while under the influence of alcohol or a controlled dangerous substance. While a permittee is under the influence of alcohol or a controlled

Case 1:22-cv-07464-RMB-AMD   Document 88-39   Filed 02/13/23   Page 4 of 6 PageID: 1794

CONCEALED HANDGUNS—STATEWIDE PERMITS;..., 1996 La. Sess. Law...

dangerous substance, an otherwise lawful permit is considered automatically suspended and is not valid. A permittee shall be considered under the influence as evidenced by a blood alcohol reading of .05 percent or greater by weight of alcohol in the blood, or when a blood test or urine test shows any confirmed presence of a controlled dangerous substance as defined in R.S. 40:961 and 964.

(2) A permittee armed with a handgun in accordance with this Section shall notify any police officer who approaches the permittee in an official manner or with an identified official purpose that he has a weapon on his person, submit to a pat down, and allow the officer to temporarily disarm him. Whenever a law enforcement officer is made aware that an individual is carrying a concealed handgun and the law enforcement officer has reasonable grounds to believe that the individual is under the influence of either alcohol or a controlled dangerous substance, the law enforcement officer may take temporary possession of the handgun and request submission of the individual to a department certified chemical test for determination of the chemical status of the individual. Whenever a law enforcement officer is made aware that an individual is behaving in a criminally negligent manner as defined under the provisions of this Section, or is negligent in the carrying of a concealed handgun as provided for in R.S. 40:1382, the law enforcement officer may seize the handgun, until adjudication by a judge, if the individual is issued a summons or arrested under the provisions of R.S. 40:1382. Failure by the permittee to comply with the provisions of this Paragraph shall result in a six month automatic suspension of the permit.

(3) The permit to carry a concealed weapon shall be revoked by the deputy secretary when the permittee is carrying and concealing a handgun under any of the following circumstances:

(a) The blood alcohol reading of a permittee is .05 percent or greater by weight of alcohol in the blood.

(b) A permittee's blood test or urine test shows the confirmed presence of a controlled dangerous substance as defined in R.S. 40:961 and 964.

(c) A permittee refuses to submit to a department certified chemical test when requested to do so by a law enforcement officer pursuant to Paragraph (2) of this Subsection.

(d) An individual is found guilty of negligent carrying of a concealed handgun as provided for in R.S. 40:1382.

(4) The person tested may have a physician or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer, and he shall be given the opportunity to telephone and request the qualified person to administer such test.

(5) Whenever a peace office determines that grounds under this Subsection exist for the revocation of a concealed handgun permit, he shall prepare an affidavit, on a form provided by the Department of Public Safety and Corrections, indicating the reasons for the revocation and all other information regarding the revocation available to the officer. A copy of the peace officer's report relating to the incident shall be attached to the affidavit when submitted to the department.

J. For the purposes of this Section, the following terms shall have the meanings ascribed herein:

(1) "Handgun" means a type of firearm commonly referred to as a pistol or revolver originally designed to be fired by the use of a single hand and which is designed to fire or is capable of firing fixed cartridge ammunition. The term "handgun" shall not include shotguns or rifles that have been altered by having their stocks or barrels cut or shortened.

(2) "Criminal negligence" means there exists such disregard of the interest of others that the license holder's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonable careful man under like circumstances.

K. The department shall execute a thorough background investigation, including a criminal history check, of every applicant for the purpose of verifying the qualifications of the applicant pursuant to the requirements of this Section. For purposes of this Subsection, a background check shall be defined as a computer check of available on-line state records, and, if warranted, the fingerprints may be forwarded to the Federal Bureau of Investigation for a national criminal history record check.

L. Anyone who carries and conceals a handgun in violation of any provision of this Section, unless authorized to do so by another provision of the law, shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.

M. No concealed handgun permit shall be valid or entitle any permittee to carry a concealed weapon in any facility, building, location, zone, or area in which firearms are banned by state or federal law.

Case 1:22-cv-07464-RMB-AMD   Document 88-39   Filed 02/13/23   Page 5 of 6 PageID: 1795

CONCEALED HANDGUNS—STATEWIDE PERMITS;..., 1996 La. Sess. Law...

N. No concealed handgun may be carried into and no concealed handgun permit issued pursuant to this Section shall authorize or entitle a permittee to carry a concealed handgun in any of the following:

(1) A law enforcement office, station, or building.

(2) A detention facility, prison, or jail.

(3) A courthouse or courtroom, provided that a judge may carry such a weapon in his own courtroom.

(4) A polling place.

(5) A meeting place of the governing authority of a political subdivision.

(6) The state capitol building.

(7) Any portion of an airport facility where the carrying of firearms is prohibited under federal law, except that no person shall be prohibited from carrying any legal firearm into the terminal, if the firearm is encased for shipment, for the purpose of checking such firearm as lawful baggage.

(8) Any church, synagogue, mosque or other similar place of worship.

(9) A parade or demonstration for which a permit is issued by a governmental entity.

(10) Any portion of the permitted area of an establishment that has been granted a Class A–General retail permit, as defined in Part II of Chapter 1 or Part II of Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, to sell alcoholic beverages for consumption on the premises.

(11) Any school "firearm-free zone" as defined in R.S. 14:95.6.

O. The provisions of Subsection N of this Section shall not limit the right of a property owner, lessee, or other lawful custodian to prohibit or restrict access of those persons possessing a concealed handgun pursuant to a permit issued under this Section. No individual to whom a concealed handgun permit is issued may carry such concealed handgun into the private residence of another without first receiving the consent of that person.

P. Within three months of the effective date of this Act, the Department of Public Safety and Corrections shall promulgate rules and regulations in accordance with the Administrative Procedure Act to provide an appeal process in the event that an applicant is denied issuance of a permit. The department may also promulgate educational requirements for renewal of concealed handgun permits.

Q. The provisions of this Section shall not apply to commissioned law enforcement officers.

R.(1) Each permittee, within fifteen days of a misdemeanor or a felony arrest, other than a minor traffic violation, in this state or any other state, shall notify the deputy secretary of public safety services by certified mail. The deputy secretary may suspend, for up to ninety days, the permit of any permittee who fails to meet the notification requirements of this Section.

(2) The Department of Public Safety and Corrections shall submit a report by March thirty-first of each year to the Senate Committee on Judiciary C and the House Committee on the Administration of Criminal Justice relative to concealed handgun permits. The report shall include information on the number of licenses issued, denied, revoked, or suspended and the reasons for such denial, revocation, or suspension to be categorized by age, sex, race, and zip code of the applicant or licensee. The report shall include data concerning any known accidents or deaths involving permittees.

S. Notwithstanding any other provision of law to the contrary, the department may develop, print, and distribute an informational newsletter relative to concealed handgun permittees, safety training, and related matters.

T. Possession of a current and valid concealed handgun permit issued pursuant to this Section shall constitute sufficient evidence of the background check required pursuant to Title 18 U.S. Code Section 922(s). The deputy secretary of public safety services is authorized to endeavor to enter into reciprocity agreements with other states which have substantially the same or more restrictive requirements for obtaining a concealed handgun permit so that possession of a current and valid concealed handgun permit issued by another state shall be deemed to be valid within this state and possession of a current and valid concealed handgun permit issued by Louisiana shall be deemed valid in those states.

\* \* \*

<< LA R.S. 40:1381 >>

Case 1:22-cv-07464-RMB-AMD   Document 88-39   Filed 02/13/23   Page 6 of 6 PageID: 1796

**CONCEALED HANDGUNS—STATEWIDE PERMITS;...**, 1996 La. Sess. Law...

§ 1381. Concealed weapons; employees; highway patrol

A. All employees, officers, or agents of the division of state police may carry arms and weapons, concealed or openly, while in the actual performance of any duty or while under assignment to any duty under this Subpart.

B. The police employees of the division shall be the highway patrol of the state and as such shall perform only real police duties as provided by R.S. 40:1379.

<< LA R.S. 40:1382 >>

§ 1382. Negligent carrying of a concealed handgun

A. Negligent carrying of a concealed handgun is the intentional or criminally negligent carrying by any person, whether or not authorized or licensed to carry or possess a concealed handgun, under the following circumstances:
(1) Where it is foreseeable that the handgun may discharge, or where others are placed in reasonable apprehension that the handgun may discharge.
(2) Where the handgun is being carried, brandished, or displayed under circumstances that create a reasonable apprehension on the part of members of the public or a law enforcement official that a crime is being committed or is about to be committed.
B. It shall be within the discretion of the law enforcement officer to issue a summons to a person accused of committing this offense in lieu of making a physical arrest. The seizure of the handgun pending resolution of the offense shall only be discretionary in the instance where the law enforcement officer issues a summons to the person accused. If the law enforcement officer makes a physical arrest of the person accused, the handgun and the person's license to carry such handgun shall be seized.
C. Whoever commits the offense of negligent carrying of a concealed handgun shall be fined not more than five hundred dollars, or imprisoned without hard labor for not more than six months, or both. The adjudicating judge may also order the forfeiture of the handgun, and may suspend or revoke any permit or license authorizing the carrying of the handgun.

Section 2. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.

Approved April 19, 1996.

LA LEGIS 1ES 4 (1996)

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.