South Carolina General Assembly
111th Session, 1995-1996

**Bill 3730**

```
                        Current Status

Bill Number:                3730
Ratification Number:        534
Act Number:                 464
Type of Legislation:        General Bill GB
Introducing Body:           House
Introduced Date:            19950302
Primary Sponsor:            J. Young
All Sponsors:               J. Young, Allison, Askins, Bailey,
                            Baxley, Beatty, Boan, G. Brown,
                            H. Brown, J. Brown, T. Brown, Byrd,
                            Cain, Cato, Cave, Chamblee, Clyburn,
                            Cobb-Hunter, Cooper, Cotty, Cromer,
                            Dantzler, Davenport, Delleney,
                            Easterday, Elliott, Fair, Felder,
                            Fleming, Fulmer, Gamble, Govan, Hallman,
                            Harrell, J. Harris, Harrison, Harvin,
                            Harwell, Haskins, Herdklotz, Hines,
                            Hodges, Huff, Hutson, Inabinett,
                            Jennings, Keegan, Kelley, Kennedy,
                            Kinon, Klauber, Knotts, Koon, Lanford,
                            Law, Limbaugh, Limehouse, Littlejohn,
                            Lloyd, Marchbanks, Martin, Mason,
                            McAbee,
                            McCraw, McElveen, Meacham, Moody-Lawrence,  Neilson, Phillips, Quinn,
                            Rhoad, Rice, Richardson, Riser,
                            Robinson, Sandifer, Scott, Seithel,
                            Sharpe, Shissias, Simrill, D. Smith,
                            R. Smith, Spearman, Stille, Stoddard,
                            Stuart, Thomas, Townsend, Tripp,
                            Trotter, Vaughn, Waldrop, Walker, Wells,
                            Whatley, S. Whipper, Wilder, Wilkes,
                            Wilkins, Williams, Witherspoon, Wofford,
                            Worley, Wright and A. Young
Drafted Document Number:    DKA\3731CM.95
Companion Bill Number:      680, 681
Date Bill Passed both Bodies: 19960613
Date of Last Amendment:     19960612
Governor's Action:          S
Date of Governor's Action:  19960724
Subject:                    Law Abiding Citizens Self-Defense
                            Act of 1996
```

History

```
Body    Date      Action Description                               Com         Leg Involved


------  19960805  Act No. A464
------  19960724  Signed by Governor
------  19960626  Ratified R534
House   19960613  Ordered enrolled for ratification
Senate  19960612  Conference Committee Report adopted             88 SCC
```

| | | | | |
|---|---|---|---|---|
| House | 19960612 | Conference Committee Report adopted | 98 HCC | |
| House | 19960530 | Conference powers granted, appointed Reps. to Committee of Conference | 98 HCC | J. Young Klauber Simrill |
| Senate | 19960530 | Conference powers granted, appointed Senators to Committee of Conference | 88 SCC | Peeler Courtney Bryan |
| Senate | 19960530 | Insists upon amendment | | |
| House | 19960529 | Non-concurrence in Senate amendment | | |
| Senate | 19960523 | Read third time, returned to House with amendment | | |
| Senate | 19960522 | Amended, read second time, unanimous consent for third reading on Thursday, 19960523 | | |
| Senate | 19960521 | Amended, debate interrupted by adjournment | | |
| Senate | 19960516 | Debate interrupted | | |
| Senate | 19960508 | Debate adjourned | | |
| Senate | 19960424 | Made Special Order | | |
| Senate | 19960403 | Committee report: majority favorable, with amendment, minority unfavorable | 11 SJ | |
| Senate | 19950518 | Introduced, read first time, referred to Committee | 11 SJ | |
| House | 19950517 | Read third time, sent to Senate | | |
| House | 19950516 | Amended, read second time | | |
| House | 19950511 | Debate interrupted by adjournment | | |
| House | 19950511 | Amended | | |
| House | 19950426 | Objection by Representative | | Wright Cotty Quinn Harrison Anderson McMahand Breeland Cave Neal Scott Williams Witherspoon Clyburn Hines Marchbanks Herdklotz Keegan Kelley Wilkes Davenport |
| House | 19950419 | Committee report: Favorable with amendment | 25 HJ | |
| House | 19950302 | Introduced, read first time, referred to Committee | 25 HJ | |

View additional legislative information at the LPITS web site.

---

(Text matches printed bills. Document has been reformatted to meet World Wide Web specifications.)

(A464, R534, H3730)

**AN ACT TO AMEND THE CODE OF LAWS OF SOUTH CAROLINA, 1976, BY ADDING ARTICLE 4 TO CHAPTER 31, TITLE 23 SO AS TO ENACT THE "LAW ABIDING CITIZENS SELF-DEFENSE ACT OF 1996" AND TO PROVIDE THE REQUIREMENTS FOR THE STATE LAW ENFORCEMENT**

DIVISION TO ISSUE PERMITS TO ALLOW CERTAIN INDIVIDUALS TO CARRY CONCEALED WEAPONS; BY ADDING ARTICLE 6 TO CHAPTER 31, TITLE 23 SO AS TO PROVIDE THAT IT IS UNLAWFUL TO USE A FIREARM WHILE UNDER THE INFLUENCE OF ALCOHOL OR A CONTROLLED SUBSTANCE; TO AMEND SECTION 16-23-20, RELATING TO THE UNLAWFUL CARRYING OF A PISTOL, SO AS TO REVISE THE CIRCUMSTANCES IN WHICH A HUNTER OR FISHERMAN MAY CARRY A PISTOL AND TO MAKE A TECHNICAL CHANGE; TO AMEND SECTION 16-23-460, AS AMENDED, RELATING TO THE UNLAWFUL CARRYING OF CERTAIN CONCEALED WEAPONS, SO AS TO REVISE THE TYPE OF CONCEALED WEAPONS THAT MAY BE CARRIED WITH AND WITHOUT A PERMIT AND TO REVISE THE PENALTY; TO AMEND SECTION 16-23-465, AS AMENDED, RELATING TO THE PENALTY FOR UNLAWFULLY CARRYING A FIREARM ONTO A PREMISES OF A BUSINESS SELLING CERTAIN ALCOHOLIC BEVERAGES, SO AS TO PROVIDE THAT A PERSON CONVICTED OF THIS OFFENSE WHO POSSESSED A CONCEALABLE WEAPON PERMIT MUST HAVE HIS PERMIT REVOKED; TO AMEND SECTION 16-23-420, AS AMENDED, RELATING TO CARRYING OR DISPLAYING A FIREARM IN OR AROUND AN EDUCATIONAL INSTITUTION OR A PUBLIC BUILDING, SO AS TO REVISE THE LOCATIONS IN WHICH A FIREARM MAY NOT BE CARRIED ONTO; BY ADDING SECTION 23-31-217 SO AS TO PROVIDE THAT NOTHING CONTAINED IN ARTICLE 4, CHAPTER 31, TITLE 23 AFFECTS THE PROVISIONS CONTAINED IN SECTION 16-23-20; TO PROVIDE THAT NOTHING CONTAINED IN ARTICLE 4, CHAPTER 31, TITLE 23 SHALL BE CONSTRUED TO LIMIT, DIMINISH, OR INFRINGE ON CERTAIN RIGHTS; TO AMEND SECTION 10-11-340, RELATING TO PERFORMANCE OF DUTIES BY MEMBERS OF THE GENERAL ASSEMBLY AND PERSONS REQUIRED TO PERFORM DUTIES WITHIN THE CAPITOL BUILDING, SO AS TO REVISE THE PERSONS THIS PROVISION APPLIES TO; TO AMEND SECTION 40-17-120, AS AMENDED, RELATING TO PERMITS TO CARRY FIREARMS, SO AS TO PROVIDE THAT THIS PROVISION DOES NOT PRECLUDE A PRIVATE DETECTIVE FROM OBTAINING A CONCEALABLE WEAPON PERMIT AND THAT A PERSON ISSUED A PERMIT TO CARRY A WEAPON PURSUANT TO THIS PROVISION MAY ALSO OBTAIN A CONCEALABLE WEAPON PERMIT; TO PROVIDE THAT NOTHING CONTAINED IN THIS ACT AFFECTS THE VALIDITY OF CERTAIN PERMITS ISSUED PURSUANT TO ARTICLE 3, CHAPTER 31, TITLE 23; TO PROVIDE THAT A PERSON HOLDING A CONCEALABLE WEAPON PERMIT PURSUANT TO ARTICLE 4, CHAPTER 31, TITLE 23 MAY NOT CARRY A CONCEALABLE WEAPON INTO THE RESIDENCE OF ANOTHER PERSON WITHOUT THE PERMISSION OF CERTAIN PERSONS AND TO PROVIDE PENALTIES; TO PROVIDE THE MANNER IN WHICH THE POSTING OF SIGNS PROHIBITING THE CARRYING OF A CONCEALABLE WEAPON UPON A PREMISES MAY BE SATISFIED; TO PROVIDE THAT A PERSON MAY CARRY A CONCEALABLE WEAPON FROM A MOTOR VEHICLE TO CERTAIN RENTED ROOMS; AND TO REPEAL SECTION 23-31-120 RELATING TO PERSONS TO WHOM WEAPON PERMITS MAY BE ISSUED.

Be it enacted by the General Assembly of the State of South Carolina:

**Concealed weapons permits**

SECTION 1. Chapter 31, Title 23 of the 1976 Code is amended by adding:

"Article 4

Concealed Weapons Permits

Section 23-31-205. This article may be cited as the `Law Abiding Citizens Self-Defense Act of 1996'.

Section 23-31-210. As used in this article:

(1) `Resident' means an individual who is a resident of South Carolina for at least twelve months preceding the date on which an application to carry a weapon is submitted under this section or military personnel on permanent change of station orders.

(2) `Picture identification' means:

(a) a valid South Carolina driver's license; or

(b) an official photographic identification card issued by the Department of Revenue and Taxation, a federal or state law enforcement agency, an agency of the United States Department of Defense, or United States Department of State.

(3) `Proof of residence' means a person's current address on the original or certified copy of:

(a) a valid South Carolina driver's license;

(b) an official identification card issued by the Department of Revenue and Taxation, a federal or state law enforcement agency, an agency of the United States Department of Defense, or United States Department of State;

(c) a voter registration card; or

(d) another document that SLED may determine that fulfills this requirement.

(4) `Proof of training' means an original document or certified copy of the document supplied by an applicant that certifies that he is either:

(a) a person who, within three years before filing an application, has successfully completed a basic or advanced handgun education course offered by a state, county, or municipal law enforcement agency or a nationally recognized organization that promotes gun safety. This education course must be a minimum of eight hours and must include, but is not limited to:

(i) information on the statutory and case law of this State relating to handguns and to the use of deadly force;

(ii) information on handgun use and safety;

(iii) information on the proper storage practice for handguns with an emphasis on storage practices that reduces the possibility of accidental injury to a child; and

(iv) the actual firing of the handgun in the presence of the instructor;

(b) an instructor certified by the National Rifle Association or another SLED-approved competent national organization that promotes the safe use of handguns;

(c) a person who can demonstrate to the Director of SLED or his designee that he has a proficiency in both the use of handguns and state laws pertaining to handguns;

(d) an active duty police handgun instructor;

(e) a person who has a SLED-certified or approved competitive handgun shooting classification; or

(f) a member of the active or reserve military, or a member of the National Guard who has had handgun training in the previous three years.

SLED shall promulgate regulations containing general guidelines for courses and qualifications for instructors which would satisfy the requirements of this item. For purposes of subitems (a) and (b), `proof of training' is not satisfied unless the organization and its instructors meet or exceed the guidelines and qualifications contained in the regulations promulgated by SLED pursuant to this item.

(5) `Concealable weapon' means a firearm having a length of less than twelve inches measured along its greatest dimension that must be carried in a manner that is hidden from public view in normal wear of clothing except when needed for self-defense, defense of others, and the protection of real or personal property.

Section 23-31-215. (A) Notwithstanding any other provision of law, except subject to subsection (B) of this section, a permit to carry a concealable weapon must be issued by SLED to a resident who is at least twenty-one years of age and who is not prohibited by state law from possessing the weapon upon submission of:

(1) a completed application signed by the person;

(2) three current one-inch by one-inch full face color photographs of the person;

(3) proof of residence;

(4) proof of actual or corrected vision rated at 20/40 within six months of the date of application or, in the case of a person licensed to operate a motor vehicle in this State, presentation of a valid driver's license;

(5) proof of training;

(6) payment of a fifty-dollar application fee. This fee must be waived for disabled veterans and retired law enforcement officers; and

(7) a complete set of fingerprints. A law enforcement agency may charge a fee not to exceed five dollars for fingerprinting an applicant.

(B) Upon submission of the items required by subsection (A) of this section, SLED must conduct or facilitate a local, state, and federal fingerprint review of the applicant. SLED must also conduct a background check of the applicant through notification to and input from the sheriff of the county where the applicant resides. The sheriff must, within ten working days after notification by SLED, submit a recommendation on an application. Before making a determination whether or not to issue a permit under this article, SLED must consider the recommendation provided pursuant to this subsection. The failure of the sheriff to submit a recommendation within the ten-day period constitutes a favorable recommendation for the issuance of the permit to the applicant. If the fingerprint review and background check are favorable, SLED must issue the permit.

(C) SLED shall issue a written statement to an unqualified applicant specifying its reasons for denying the application within ninety days from the date the application was received; otherwise, SLED shall issue a concealable weapon permit. If an applicant is unable to comply with the provisions of Section 23-31-210(4), SLED shall offer the applicant a handgun training course that satisfies the requirements of Section 23-31-210(4)(a). The course shall cost fifty dollars. SLED shall use the proceeds to defray the training course's operating costs. If a permit is granted by operation of law because an applicant was not notified of a denial within the ninety-day notification period, the permit may be revoked upon written notification from SLED that sufficient grounds exist for revocation or initial denial.

(D) Denial of an application may be appealed. The appeal must be in writing and state the basis for the appeal. The appeal must be submitted to the Chief of SLED within thirty days from the date the denial notice is received. The chief shall issue a written decision within ten days from the date the appeal is received. An adverse decision shall specify the reasons for upholding the denial and may be reviewed by the administrative law judge division pursuant to Article 5, Chapter 23 of Title 1 upon a petition filed by an applicant within thirty days from the date of delivery of the division's decision.

(E) SLED must make permit application forms available to the public. A permit application form shall require an applicant to supply:

(1) name, including maiden name if applicable;

(2) date and place of birth;

(3) sex;

(4) race;

(5) height;

(6) weight;

(7) eye and hair color;

(8) current residence address; and

(9) all residence addresses for the three years preceding the application date.

(F) The permit application form shall require the applicant to certify that:

(1) he is not a person prohibited under state law from possessing a weapon;

(2) he understands the permit is revoked and must be surrendered immediately to SLED if the permit holder becomes a person prohibited under state law from possessing a weapon;

(3) he has either been a resident of this State for at least twelve months preceding the date of his application or he is military personnel on permanent change of station orders; and

(4) all information contained in his application is true and correct to the best of his knowledge.

(G) Medical personnel, law enforcement agencies, organizations offering handgun education courses pursuant to Section 23-31-210(4)(a), and their personnel, who in good faith provide information regarding a person's application, must be exempt from liability that may arise from issuance of a permit; provided, however, a weapons instructor must meet the requirements established in Section 23-31-210(4)(b), (c), (d), (e), or (f) in order to be exempt from liability under this subsection.

(H) A permit application must be submitted in person or by mail to SLED headquarters which shall verify the legibility and accuracy of the required documents.

(I) SLED must maintain a list of all permit holders and the current status of each permit. Upon request, SLED must release the list of permit holders or verify an individual's permit status. SLED may charge a fee not to exceed its costs in releasing the information under this subsection.

(J) A permit is valid statewide unless revoked because the person has:

(1) become a person prohibited under state law from possessing a weapon;

(2) moved his permanent residence to another state;

(3) voluntarily surrendered the permit; or

(4) been charged with an offense that, upon conviction, would prohibit the person from possessing a firearm. However, if the person subsequently is found not guilty of the offense, then his permit must be reinstated at no charge.

Once a permit is revoked, it must be surrendered to a sheriff, police department, a SLED agent, or by certified mail to the Chief of SLED. A person who fails to surrender his permit in accordance with this subsection is guilty of a misdemeanor and, upon conviction, must be fined twenty-five dollars.

(K) A permit holder must have his permit identification card in his possession whenever he carries a concealable weapon. A permit holder must inform a law enforcement officer of the fact that he is a permit holder and present the permit identification card when an officer (1) identifies himself as a law enforcement officer and (2) requests identification or a driver's license from a permit holder. A permit holder immediately must report the loss or theft of a permit identification card to SLED headquarters. A person who violates the provisions of this subsection is guilty of a misdemeanor and, upon conviction, must be fined twenty-five dollars.

(L) SLED shall issue a replacement for lost, stolen, damaged, or destroyed permit identification cards after the permit holder has updated all information required in the original application and the payment of a five-dollar replacement fee. Any change of permanent address must be communicated in writing to SLED within ten days of the change accompanied by the payment of a fee of five dollars to defray the cost of issuance of a new permit. SLED shall then issue a new permit with the new address. A permit holder's failure to notify SLED in accordance with this subsection constitutes a misdemeanor punishable by a twenty-five dollar fine. The original permit shall remain in force until receipt of the corrected permit identification card by the permit holder, at which time the original permit must be returned to SLED.

(M) A permit issued pursuant to this section does not authorize a permit holder to carry a concealable weapon into a:

(1) police, sheriff, or highway patrol station or any other law enforcement office or facility;

(2) detention facility, prison, or jail or any other correctional facility or office;

(3) courthouse or courtroom;

(4) polling place on election days;

(5) office of or the business meeting of the governing body of a county, public school district, municipality, or special purpose district;

(6) school or college athletic event not related to firearms;

(7) day care facility or pre-school facility;

(8) place where the carrying of firearms is prohibited by federal law;

(9) church or other established religious sanctuary;

(10) hospital, medical clinic, doctor's office, or any other facility where medical services or procedures are performed unless expressly authorized by the employer.

A person who wilfully violates a provision of this subsection is guilty of a misdemeanor and, upon conviction, must be fined not less than one thousand dollars or imprisoned not more than one year, or both, at the discretion of the court and have his permit revoked for five years.

Nothing contained herein may be construed to alter or affect the provisions of Sections 10-11-320, 16-23-420, 16-23-430, 16-23-465, 44-23-1080, 44-52-165, 50-9-830, and 51-3-145.

(N) Valid out-of-state permits to carry concealable weapons held by a resident of a reciprocal state must be honored by this State. SLED shall make a determination as to those states which have permit issuance standards equal to or greater than the standards contained in this act and shall maintain and publish a list of those states as the states with which South Carolina has reciprocity.

(O) A permit issued pursuant to this article is not required for a person:

(1) specified in Section 16-23-20, items (1) through (5) and items (7) through (11);

(2) carrying a self-defense device generally considered to be nonlethal including the substance commonly referred to as `pepper gas';

(3) carrying a concealable weapon in a manner not prohibited by law.

(P) A permit issued pursuant to this article is valid for four years. Subject to subsection (Q) of this section, SLED shall renew a permit upon:

(1) payment of a fifty-dollar renewal fee by the applicant. This fee must be waived for disabled veterans and retired law enforcement officers;

(2) submission of three current one-inch by one-inch full color photographs of the applicant; and

(3) a complete set of fingerprints. A law enforcement agency may charge a fee not to exceed five dollars for fingerprinting an applicant.

(Q) Upon submission of the items required by subsection (P) of this section, SLED must conduct or facilitate a local, state, and federal fingerprint review of the applicant. If the background check is favorable, SLED must renew the permit.

(R) No provision contained within this act shall expand, diminish, or affect the duty of care owed by and liability accruing to, as may exist at law immediately prior to the effective date of this act, the owner of or individual in legal possession of real property for the injury or death of an invitee, licensee, or trespasser caused by the use or misuse by a third party of a concealable weapon. Absence of a sign prohibiting concealable weapons shall not constitute negligence or establish a lack of duty of care."

**Firearm use while under the influence**

SECTION 2. Chapter 31, Title 23 of the 1976 Code is amended by adding:

"Article 6

Using a Firearm While Under the Influence of

Alcohol or a Controlled Substance

Section 23-31-400. (A) As used in this article:

(1) `Use a firearm' means to discharge a firearm.

(2) `Serious bodily injury' means a physical condition which creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of a bodily member or organ.

(B) It is unlawful for a person who is under the influence of alcohol or a controlled substance to use a firearm in this State.

(C) A person who violates the provisions of subsection (B) is guilty of a misdemeanor and, upon conviction, must be fined not less than two thousand dollars or imprisoned not more than two years.

(D) This article does not apply to persons lawfully defending themselves or their property.

Section 23-31-410. (A) A person who uses a firearm within this State shall submit to a SLED-approved breath test to determine the alcoholic content of the blood and to a urine test to detect the presence of a controlled substance if there is probable cause to believe that the person was using a firearm while under the influence of alcohol or a controlled substance or if the person is arrested lawfully for an offense allegedly committed while he was using a firearm while under the influence of alcohol or a controlled substance. The breath or urine test

must be administered at the request of a law enforcement officer who has probable cause to believe the person was using the firearm while under the influence of alcohol or a controlled substance. The administration of either test shall not preclude the administration of the other test. The refusal to submit to a breath or urine test upon the request of a law enforcement officer pursuant to this section is admissible into evidence in a criminal proceeding.

(B) If the arresting officer does not request a breath or urine test of the person arrested for an offense allegedly committed while the person was using a firearm while under the influence of alcohol or a controlled substance, the person may request the arresting officer to have a breath test made to determine the alcohol content of the person's blood or a urine test for the purpose of determining the presence of a controlled substance. The failure of the person who requests a breath or urine test to actually be so tested shall bar the prosecution of the person for using a firearm while under the influence of alcohol or a controlled substance.

(C) The provisions of Section 56-5-2950 relating to the administration of tests for determining the weight of alcohol in an individual's blood, additional tests at the individual's expense, availability of test information to the individual or the individual's attorney, and liability of medical institutions and persons administering the tests are applicable to this section.

(D) The results of a test administered pursuant to this section for the purpose of detecting the presence of a controlled substance are not admissible as evidence in a criminal prosecution for the possession of a controlled substance.

(E) Information obtained pursuant to this section must be released to a court, prosecuting attorney, defense attorney, or law enforcement officer in connection with an alleged violation of Section 23-31-400 upon request for this information.

Section 23-31-415. (A) If a law enforcement officer has probable cause to believe that a person used a firearm while under the influence of alcohol or a controlled substance and caused the death or serious bodily injury of an individual, the person shall submit, upon the request of the law enforcement officer, to a test of his blood for the purpose of determining its alcohol content or for the presence of a controlled substance.

(B) A criminal charge resulting from the incident precipitating the officer's demand for testing should be tried concurrently with a charge of a violation of Section 23-31-400. If the charges are tried separately, the fact that the person refused, resisted, obstructed, or opposed testing is admissible at the trial of the criminal offense which precipitated the demand for testing.

(C) The results of any test administered pursuant to this section for the purpose of detecting the presence of a controlled substance is not admissible as evidence in a criminal prosecution for the possession of a controlled substance.

Notwithstanding another provision of law pertaining to the confidentiality of hospital records or other medical records, information obtained pursuant to this section must be released to a court, prosecuting attorney, defense attorney, or law enforcement officer in connection with an alleged violation of Section 23-31-400 upon request for such information.

Section 23-31-420. (A) Upon the trial of a civil or criminal action or proceeding arising out of acts alleged to have been committed by a person while using a firearm while under the influence of alcohol or a controlled substance, the results of any test administered pursuant to Section 23-31-410 or 23-31-415 and this section is admissible into evidence and the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood or breath, shall create the following presumptions:

(1) If there was at that time five one-hundredths of one percent or less by weight of alcohol in the person's blood, it must be presumed that the person was not under the influence of alcohol.

(2) If there was at that time in excess of five one-hundredths of one percent but less than ten one-hundredths of one percent by weight of alcohol in the person's blood, that fact shall not give rise to any inference that the person was or was not under the influence of alcohol to the extent that his normal faculties were impaired, but that fact may be considered with other competent evidence in determining whether the person was under the influence of alcohol.

(3) If there was at that time ten one-hundredths of one percent or more by weight of alcohol in the person's blood, this creates an inference that the person was under the influence of alcohol.

(B) The percent by weight of alcohol in the blood must be based upon grams of alcohol per one-hundred milliliters of blood. The provisions of this section must not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether the person was under the influence of alcohol."

**Carrying a pistol**

SECTION 3. Section 16-23-20 of the 1976 Code, as last amended by Act 85 of 1995, is further amended to read:

"Section 16-23-20. It is unlawful for anyone to carry about the person any pistol, whether concealed or not, except as follows:

(1) Regular, salaried law enforcement officers and reserve police officers of a municipality or county of the State, uncompensated Governor's constables, law enforcement officers of the federal government or other states when they are carrying out official duties while in this State, and deputy enforcement officers of the Natural Resources Enforcement Division of the Department of Natural Resources.

(2) Members of the Armed Forces of the United States or of the National Guard, organized reserves, or the State Militia when on duty.

(3) Members of organizations authorized by law to purchase or receive firearms from the United States or this State, or regularly enrolled members of clubs organized for the purpose of target shooting or collecting modern and antique firearms while these members are at or going to or from their places of target practice or their shows and exhibits.

(4) Licensed hunters or fishermen while engaged in hunting or fishing or going to or from their places of hunting or fishing.

(5) Any person regularly engaged in the business of manufacturing, repairing, repossession, or dealing in firearms, or the agent or representative of this person while possessing, using, or carrying a pistol in the usual or ordinary course of the business.

(6) Guards engaged in protection of property of the United States or any agency thereof.

(7) Any authorized military or civil organizations while parading or the members thereof when going to and from the places of meeting of their respective organizations.

(8) Any person in his home, or upon his real property, or fixed place of business.

(9) Any person in a vehicle where the pistol is secured in a closed glove compartment, closed console, or closed trunk.

(10) Any person carrying a pistol unloaded and in a secure wrapper from the place of purchase to his home or a fixed place of business or while in the process of the changing or moving of one's residence or the changing or moving of his fixed place of business.

(11) Any prison guard while engaged in his official duties.

(12) Any person who is granted a permit under provision of law by the State Law Enforcement Division to carry a pistol about his person, under conditions set forth in the permit.

Persons authorized to carry weapons pursuant to items (6) and (12) of this section may exercise this privilege only after acquiring a permit from the State Law Enforcement Division as provided for in Article 4 of Chapter 31 of Title 23."

**Carrying a deadly weapon**

SECTION 4. Section 16-23-460 of the 1976 Code is amended to read:

"Section 16-23-460. Any person carrying a deadly weapon usually used for the infliction of personal injury concealed about his person is guilty of a misdemeanor, must forfeit to the county, or, if convicted in a municipal court, to the municipality the concealed weapon, and must be fined not less than two hundred dollars nor more than five hundred dollars or imprisoned not less than thirty days nor more than ninety days. Nothing herein contained may be construed to apply to (1) persons carrying concealed weapons upon their own premises or pursuant to and in compliance with Article 4 of Chapter 31 of Title 23, or (2) peace officers in the actual discharge of their duties. The provisions of this section do not apply to rifles, shotguns, dirks, slingshots, metal knuckles, or razors unless they are used with the intent to commit a crime or in furtherance of a crime."

**Carrying a firearm onto a business premises**

SECTION 5. Section 16-23-465 of the 1976 Code, as last amended by Act 184 of 1993, is further amended to read:

"Section 16-23-465. In addition to the penalties provided for by Sections 16-11-330 and 16-23-460 and by Article 1 of Chapter 23 of Title 16, a person convicted of carrying a pistol or firearm onto the premises of a business which sells alcoholic liquor, beer, or wine for consumption on the premises is guilty of a misdemeanor and, upon conviction, must be fined not more than two thousand dollars or imprisoned not more than three years, or both.

In addition to the penalties described above, a person who violates this section while carrying a concealable weapon pursuant to Article 4, Chapter 31, Title 23 must have his concealed weapon permit revoked."

**Carrying a firearm onto the premises of an educational institution or public building**

SECTION 6. Section 16-23-420 of the 1976 Code, as last amended by Act 184 of 1993, is further amended to read:

"Section 16-23-420. (A) It is unlawful for a person to carry onto any premises or property owned, operated, or controlled by a private or public school, college, university, technical college, other post-secondary institution, or any publicly-owned building a firearm of any kind, without the express permission of the authorities in charge of the premises or property.

(B) It is unlawful for a person to enter the premises or property described in subsection (A) and to display, brandish, or threaten others with a firearm.

(C) A person who violates the provisions of this section is guilty of a felony and, upon conviction, must be fined not more than five thousand dollars or imprisoned not more than five years, or both.

(D) This section does not apply to a guard, law enforcement officer, or member of the armed forces, or student of military science. A married student residing in apartments provided by the private or public school whose presence with a weapon in or around a particular building is authorized by persons legally responsible for the security of the buildings is also exempted from the provisions of this section.

(E) For purposes of this section, the terms `premises' and `property' do not include state or locally owned or maintained roads, streets, or rights-of-way thereof, running through or adjacent to premises or property owned, operated, or controlled by a private or public school, college, university, technical college, or other post-secondary institution, which are open full time to public vehicular traffic."

**Carrying a pistol**

SECTION 7. The 1976 Code is amended by adding:

"Section 23-31-217. Nothing in this article shall affect the provisions of Section 16-23-20."

**Right to carry a weapon**

SECTION 8. Nothing contained in this article shall in any way be construed to limit, diminish, or otherwise infringe upon:

(1) the right of a public or private employer to prohibit a person who is licensed under this article from carrying a concealable weapon upon the premises of the business or work place or while using any machinery, vehicle, or equipment owned or operated by the business;

(2) the right of a private property owner or person in legal possession or control to allow or prohibit the carrying of a concealable weapon upon his premises.

The posting by the employer, owner, or person in legal possession or control of a sign stating "No Concealable Weapons Allowed" shall constitute notice to a person holding a permit issued pursuant to this article that the employer, owner, or person in legal possession or control requests that concealable weapons not be brought upon the premises or into the work place. A person who brings a concealable weapon onto the premises or work place in violation of the provisions of this paragraph may be charged with a violation of Section 16-11-620. In addition to the penalties provided in Section 16-11-620, a person convicted of a second or subsequent violation of the provisions of this paragraph must have his permit revoked for a period of one year. The prohibition contained in this section does not apply to persons specified in Section 16-23-20, item (1).

**Performance of duties in the capitol building**

SECTION 9. Section 10-11-340 of the 1976 Code is amended to read:

"Section 10-11-340. Nothing contained in this article prohibits any officer or employee or persons otherwise authorized and required to perform duties within the capitol building from performing their normal duties, including the carrying of firearms, except as may be limited by the rules of either House within their respective chambers."

**License to carry a firearm**

SECTION 10. Section 40-17-120 of the 1976 Code, as last amended by Section 9, Act 78 of 1991, is further amended to read:

"Section 40-17-120. (A) Except as provided in subsection (D), the division may grant to a person licensed or registered in accordance with this chapter a permit to carry a pistol, revolver, or other firearm. Application for the permit must be made on forms provided by the division, and the fee is twenty dollars a year. The permit is for one year and application for renewal must be on a form furnished by the division. The permit is not transferable.

(B) No person may be issued a permit until he has presented to the division proof that he is proficient in the use of firearms and has received a minimum of four hours' classroom instruction.

(C) A person engaged in the private security business or registered in accordance with Section 40-17-80 and issued a permit in accordance with this section may carry a firearm in an open and fully-exposed manner only while on duty, in uniform, and going to and from work. However, the division in its discretion may issue an additional written permit to the person to carry the firearm about his person, concealed or not, even though he is not in uniform nor on duty if the division determines that the additional permit will enable the permittee to better perform his assigned duties. No additional permit may be issued to a permittee to be effective in a place where alcoholic beverages, beer, or wine are sold or consumed.

(D) Permits for carrying firearms must not be issued pursuant to this section to persons registered as private detectives. Nothing in this section prohibits a private detective from carrying a concealable weapon pursuant to and in compliance with Article 4, Chapter 31, Title 23.

(E) A person licensed or registered in accordance with this chapter may, in addition to the permit issued pursuant to subsections (A) through (C) of this section, apply for a permit pursuant to Article 4, Chapter 31, Title 23."

**Validity of permits**

SECTION 11. Nothing herein affects the validity of permits issued prior to the effective date of this act pursuant to Article 3 of Chapter 31 of Title 23. These permits are valid until they expire and are governed by any laws or regulations in effect on the date of their issuance.

**Carrying a concealable weapon into the residence of another person**

SECTION 12. No person who holds a permit issued pursuant to Article 4, Chapter 31, Title 23 may carry a concealable weapon into the residence or dwelling place of another person without the express permission of the owner or person in legal control or possession, as appropriate. A person who violates this provision is guilty of a misdemeanor and, upon conviction, must be fined not less than one thousand dollars or imprisoned for not more than one year, or both, at the discretion of the court and have his permit revoked for five years.

**Posting of signs**

SECTION 13. Notwithstanding any other provision of this act, any requirement of or allowance for the posting of signs prohibiting the carrying of a concealable weapon upon any premises may be satisfied by a sign expressing the prohibition in written language interdict or universal sign language.

**Carrying a concealable weapon from a vehicle to a rented room**

SECTION 14. Notwithstanding any provision of law, any person may carry a concealable weapon from an automobile or other motorized conveyance to a room or other accommodation he has rented and upon which an accommodations tax has been paid.

**Repeal**

SECTION 15. Section 23-31-120 of the 1976 Code is repealed.

**Time effective**

SECTION 16. This act takes effect thirty days after approval by the Governor.

Approved the 24th day of July, 1996.