§ 348. (§ 342.) **Carrying of deadly weapons at courts, etc.** Whoever shall carry about his person any dirk, bowie-knife, pistol or revolver, or any kind of deadly weapon, to or while at a court of justice or an election ground or precinct, or any place of public worship, or any other public gathering in this State, except militia muster grounds, shall be punished as for a misdemeanor. This section shall not apply to a sheriff, deputy sheriff, coroner, constable, marshal, policeman, or other arresting officer, or their posse, acting in the discharge of their official duties.

Acts 1870, p. 421.   1878-9, p. 64.   1895, p. 63.   1909, p. 90.

**Accessible place,** where accused carried deadly weapon to, knowing that public gathering would take place nearby, and he went to such place while the gathering was in progress and secured the weapon and carried it about his person into the gathering, he was guilty. 123/566 (3) (51 S. E. 636).

**After arriving** at public gathering, if one then comes into possession of pistol, he is not indictable under this section. 115/582 (41 S. E. 992).

**Barbecue** on the Fourth of July, where four hundred people assembled, is a "public gathering." 123/566 (2) (51 S. E. 636).

**Concealed weapon,** carrying of, different offense from that of carrying pistol to church. 4 App. 845 (62 S. E. 561).

**Constitutional,** section is. 53/472.

**Indictment** sufficient which alleges that the carrying was "to and at a court of justice, then in session, in and for the 426th district, Georgia militia." 53/472. Indictment charging carrying pistol to "mayor's court," sufficient where act creating court did not designate it by name but provided that mayor should preside. 100/264 (1) (28 S. E. 38). Indictment need not allege that accused did not belong to class excepted in statute. 116/847 (43 S. E. 256); 12 App. 81 (2) (76 S. E. 784).

**Mayor's court:** See **Indictment.**

**Place of public worship,** not necessarily a church, but any place where public worship is going on; indictment alleging carrying pistol to "place of public worship" and locating place by name, sufficient. 1 App. 313 (1, 2) (57 S. E. 999).

**Possession** of pistol obtained while at place of worship, not sustain charge of carrying pistol to such place. 119/805 (47 S. E. 175).

§ 348 (a). **Carrying pistols without license.** [It shall be unlawful for any person to have or carry about his person, in any county in the State of Georgia, any pistol or revolver without first taking out a license from the ordinary of the respective counties in which the party resides, before such person shall be at liberty to carry around with him on his person, or to have in his manual possession outside of his own home or place of business: Provided that nothing in this law shall be construed to alter, affect or amend any laws now in force in this State relative to the carrying of concealed weapons on or about one's person, and provided further, that this shall not apply to sheriffs, deputy sheriffs, marshals, or other arresting officers of this State or United States, who are now allowed, by law, to carry revolvers; nor to any of the militia of said State while in service or upon duty; nor to any students of military colleges or schools when they are in the discharge of their duty at such colleges.]

Acts 1910, p. 134.

Digitized by Google

se 1:22-cv-07464-RMB-AMD Document 90-29 Filed 02/13/23 Page 2 of 3 PageID: 27

**Constitutionality:** Sections 348 (a)-348 (d), not violative of provision of State Constitution as to right of the people to bear arms (§ 6378, Civil Code) (one dissenting). 137/1 (1) (72 S. E. 260); s. c., 9 App. 855 (72 S. E. 436); 10 App. 13 (72 S. E. 600), 23 (72 S. E. 510), 122 (72 S. E. 935), 128 (72 S. E. 927); see 13 App. 301, 302 (79 S. E. 94). Nor of similar provision of Federal Constitution (§ 6685, Civil Code). Id., 1 (2).

**Construction** of this statute should be reasonable. 12 App. 427 (1) (77 S. E. 371); 13 App. 301 (2) (79 S. E. 94).

**Cropper,** dwelling of landlord is not place of business of. 10 App. 451 (73 S. E. 551). See **Farm.**

**Evidence** to show possession of pistol may be circumstantial. 12 App. 84 (1) (76 S. E. 785).

**Examination** of pistol with a view to its purchase, permissible. Statute not violated where one who had pistol in his hand only for examination was temporarily called aside by some one wishing to speak to him. 12 App. 427 (2, 3) (77 S. E. 371).

**Farm:** Home and place of business of farmer are the house where he resides, and his farm. It is not a violation of the statute for a farm overseer to carry on the farm a pistol fully exposed to view, though he has no license. 12 App. 425 (76 S. E. 103, 991). Where farm laborer carried pistol between his employer's residence and the house occupied by himself and his wife, which was also upon the plantation, he was not guilty. 12 App. 479 (77 S. E. 653). Testimony showing that accused had pistol on a farm where he lived and worked, and which he owned in common with others, conviction unauthorized. 12 App. 483 (77 S. E. 653). See **Cropper.**

**Father** carrying pistol to his home, on taking it away from his son, to prevent the son from having it, was guilty. 11 App. 722 (75 S. E. 1135).

**Finding** pistol in road and carrying it to one's home for safe-keeping until called for by owner not violation of the section. 13 App. 301 (4) (79 S. E. 94).

**Indictment:** The second proviso of the section is not part of the definition of the offense and need not be negatived by the indictment. The exception in the proviso is matter of defense. 12 App. 81 (1) (76 S. E. 784), 363 (77 S. E. 188).

**Intention** as ingredient of the crime. 13 App. 301 (2) (79 S. E. 94).

**Ownership** of pistol is immaterial, except in so far as the circumstance of ownership may tend to illustrate the guilt or innocence of the defendant. 12 App. 706 (2) (78 S. E. 270).

**Prima facie case** is made out when the State proves that the accused carried a pistol on his person or had manual possession of a pistol not at his home or place of business, and burden is then upon accused to show that he had a license. 12 App. 81 (3) (76 S. E. 784), 84 (2) (76 S. E. 785), 557 (77 S. E. 829).

**Public road:** Possession of pistol by one on public road violates law. 10 App. 451 (73 S. E. 617).

**Purchase:** See **Examination.**

**Returning** pistol to owner who had left it at his house, that accused was, is no defense. 10 App. 451 (73 S. E. 617).

**Suddenly** acquiring possession of a pistol for purpose of defending one's self not a violation of the statute. 12 App. 84, 85 (76 S. E. 785); see 13 App. 140 (78 S. E. 866).

**Temporary,** that possession was, only, no defense. 10 App. 451 (73 S. E. 617). The terms of the statute involve the idea of a duration, for some appreciable time at least, of the possession of a pistol, and the kindred idea that this possession is with the intent of carrying the weapon to some other place. 12 App. 427 (77 S. E. 371).

§ 348 (b). **License, how obtained.** [The ordinary of the respective counties of this State in which the applicant resides may grant such license, either in term time or during vacation, upon the application of party or person desiring to apply for such license; provided applicant shall be at least eighteen years old or over, and shall give a bond payable to the Governor of

Digitized by Google

the State in the sum of one hundred dollars, conditioned upon the proper and legitimate use of said weapon with a surety approved by the ordinary of said county, and the ordinary granting the license shall keep a record of the name of the person taking out such license, the name of the maker of the fire-arm to be carried, and the caliber and number of the same.]

Acts 1910, pp. 134, 135.

**Minor** under 18 years of age cannot legally have pistol or revolver about the person, either with or without license. 10 App. 128 (72 S. E. 927). Policy of the State with reference to minors. Id.

§ 348 (c). **Fee for license.** [The person making such application and to whom such license is granted, shall pay to the ordinary for granting said license the sum of fifty cents, which license shall cover a period of three years from date of granting same.]

Acts 1910, pp. 134, 135.

§ 348 (d). **Punishment.** [Any person violating any of the provisions of the three preceding sections shall be punished as for a misdemeanor, as prescribed in section 1065 of this Code.]

Acts 1910, pp. 134, 135.

§ 349. (§ 343.) **Pointing weapon at another.** Any person who shall intentionally point or aim a gun or pistol, whether loaded or unloaded, at another, not in a sham battle by the military, and not in self-defense, or in defense of habitation, property, or person, or other instances standing upon like footing of reason and justice, shall be guilty of a misdemeanor.

Acts 1880-1, p. 151.

**Abusive language:** See **Opprobrious words.**

**Aiming weapon** at another is to point it intentionally. 6 App. 805 (2) (65 S. E. 812).

**Arresting officer** violates this section when pointing pistol is not in self-defense or defense of habitation, property, or person, and not done to accomplish arrest. 9 App. 227 (70 S. E. 969).

**Assault** with intent to murder by pointing gun may include offense of pointing and aiming gun. 6 App. 208 (64 S. E. 709). See **Intention.**

**Disorderly conduct** being charged in violation of city ordinance, no defense that pointing pistol at another was charged as one of the acts of disorderly conduct and that such action is a State offense not punishable by municipal court. 2 App. 731 (1) (59 S. E. 20).

**Evidence** showing that defendant pointed pistol at policeman warranted conviction, though it appeared that policeman struck defendant twice on the head before the pistol was pointed, it also appearing that defendant was getting the pistol out of his hip pocket before the policeman struck the first blow, and that he had the weapon in his hand before the second blow was struck. 10 App. 38 (3) (72 S. E. 520).

**Indictment** which failed to charge that pistol was intentionally pointed was fatally defective. 121/141 (48 S. E. 908). Intentional pointing need not be expressly charged if language used raises no other implication than that act was intentional. 6 App. 208 (64 S. E. 709). Indictment charging the pointing of a pistol at two named individuals is not supported by proof that the pistol was pointed at one of the individuals named and at a third

Digitized by Google