Alan Schoenfeld
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. 212-230-8800
alan.schoenfeld@wilmerhale.com

*Counsel for Amici Curiae*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| AARON SIEGEL, JASON COOK, JOSEPH DELUCA, NICOLE CUOZZO, TIMOTHY VARGA, CHRISTOPHER STAMOS, KIM HENRY, and ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., <br>                          Plaintiffs, <br><br> v. <br><br> MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, <br>                          Defendants. | Hon. Renée Marie Bumb, U.S.D.J. <br> Hon. Ann Marie Donio, U.S.M.J. <br><br> Docket No. 22-CV-7463 <br><br> **CIVIL ACTIONS** <br> **(ELECTRONICALLY FILED)** <br><br> **Return Date: March 20, 2023** |
| RONALD KOONS; NICHOLAS GAUDIO; JEFFREY M. MULLER; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; COALITION OF | Hon. Renée Marie Bumb, U.S.D.J. <br> Hon. Ann Marie Donio, U.S.M.J. <br><br> Docket No. 22-CV-7464 |

| |
|---|
| NEW JERSEY FIREARM OWNERS; and NEW JERSEY SECOND AMENDMENT SOCIETY,<br>                               Plaintiffs,<br><br>v.<br><br>MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,<br>                               Defendants. |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION BY PROFESSORS OF PROPERTY LAW FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION**

With the consent of all parties, amici Ian Ayres, Oscar M. Ruebhausen Professor at Yale Law School, and Fredrick Vars, Ira Drayton Pruitt, Sr. Professor of Law at University of Alabama School of Law,[1] respectfully move for leave to file an amicus curiae brief in support of Defendants' opposition to Plaintiffs' motions for preliminary injunction (filed as ECF No. 91). The proposed amicus brief is attached hereto as **Exhibit A**. A proposed order is also submitted herewith.

Whether to grant an appearance as amicus curiae is "within the broad discretion of the district court." *Bernard v. Cosby*, 2022 WL 3273877, at *1 (D.N.J. Aug. 11, 2022) (quoting *Granillo v. FCA US, LLC*, 2018 WL 4676057, at *4 (D.N.J. Sept. 28, 2018)). When considering a motion to appear as amicus curiae, district courts within the Third Circuit are "guided by [its] application of Federal Rule of Appellate Procedure 29, which governs the appearance of amici in federal appellate courts." *Id*. Under Federal Rule of Appellate Procedure 29(a), a private amicus may file a brief without first seeking leave of Court if all parties consent. *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 130 (3d Cir. 2002). Additionally, the Third Circuit has explained that "it is preferable to err on the side of granting leave" so that a court will not "be deprived of a resource that might have been of assistance." *Id*. at 133.

---

[1] The views of the amici expressed here do not necessarily reflect the views of the institutions with which they are or have been affiliated, whose names are included solely for purposes of identification.

1

In deciding whether to grant leave, courts consider "whether (1) the amicus curiae has a 'special interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Bernard*, 2022 WL 3273877, at *1. Although amici have obtained the consent of all parties, these factors also favor allowing leave to file.

First, amici have a "special interest" in the doctrinal and policy issues implicated by this case, particularly as they relate to the constitutionality of Section 7(a)(24), the private-property provision of Chapter 131 of the 2022 Laws of New Jersey, which was enacted in response to *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). Amici have researched and written extensively on the relationship between property law and firearm regulation. Specifically, in their book *Weapon of Choice: Fighting Gun Violence While Respecting Gun Rights* (Harv. U. Press, 2020), amici argue that States can, and should, condition entry on private property with firearms on the informed consent of the property owner. *Id*. at 84. Reflecting their significant expertise in the issue, amici have submitted briefs in two other cases, currently on appeal in the Second Circuit, that concern the constitutionality of an analogous provision in New York State's Concealed Carry Improvement Act. *See* Brief for Professors of Property Law as Amici in Support of Defendants-Appellants and Reversal, *Antonyuk v.*

*Hochul*, No. 22-2908 (2d Cir. Jan. 17, 2023), ECF No. 191; Brief for Professors of Property Law as Amici in Support of Defendant-Appellant and Reversal, *Christian v. Nigrelli*, No. 22-2987 (2d Cir. Jan. 30, 2023), ECF No. 76. Amici contend that the historical record and longstanding principles of property law demonstrate that New Jersey's private-property provision accords with the Nation's historical tradition of firearm regulation and does not unconstitutionally impose on conduct protected by the Second Amendment.

*Second*, amici's proposed brief provides critical context not included in Defendants' Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction. Drawing on their scholarly expertise and research, amici offer unique insight into the long history of the right to exclude and the State's ability to shape and reinforce that right. Specifically, amici have written extensively on the operation and effect of default-shifting legislation—such as New Jersey's private-property provision—including with respect to firearm regulations. *See, e.g.*, Ayres & Vars, *Weapon of Choice: Fighting Gun Violence While Respecting Gun Rights* 80-98 (Harv. U. Press, 2020); Ayres & Jonnalagadda, *Guests with Guns: Public Support for "No Carry" Defaults on Private Land*, 48 J.L. Med. & Ethics 183 (Winter 2020); Ayres & Gertner, *Majoritarian vs. Minoritarian Defaults*, 51 Stan L. Rev. 1591 (1999); Ayres & Gertner, *Filling Gaps in Incomplete Contracts: An Economic Theory of Default Rules*, 99 Yale L.J. 87 (1989). As amici explain in

their brief, such default-shifting legislation with respect to private property is at the heart of States' enduring prerogative to reinforce private owners' right to exclude, empowering property owners to decide for themselves how best to protect themselves and their property. Amici are uniquely positioned to provide this important context to the Court.

*Third*, amici's proposed brief provides useful and timely information. As noted above, amici's brief supplies critical background on the property law issues at play in this litigation, particularly with respect to the right to exclude and the operation of default-shifting legislation. Amici's brief is also timely. It is being filed one business day after Defendants' brief—well within the time frame set forth in the relevant federal appellate rule. *See* Fed. R. App. P. 29(a)(6) (an amicus curiae must file its brief within 7 days of the filing of the principal brief of the party being supported). Participation of amici will effect no delay in the briefing or argument in this case.

The fourth factor—that the movant is not partial to a particular outcome in the case—poses no reason to reject amici's brief in this case. All parties consent to the filing of amici's brief, and it contains critical information that may aid the Court in its decision. While amici contend that New Jersey's private-property provision is constitutional, amici also have a general interest in maintaining the doctrinal integrity of core property law principles at issue in this litigation. In any

case, whether amici are partial to a particular outcome in the case should present no barrier to the Court granting amici's motion: "[T]here is no rule that the amicus must be impartial" in an absolute sense. *Waste Mgmt. of Penn., Inc. v. City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995); *see also United States v. Alkaabi*, 223 F. Supp. 2d, 583, 592 (D.N.J. 2002) ("Parties with pecuniary and policy interests have been regularly allowed to appear as amici in our courts," and holding that its "partisan stance is not a bar to its appearance as amicus"). Indeed, the Court has cast doubt on the relevance of impartiality as a factor, recognizing that "by the very nature of things the amicus is not normally impartial." *Smith v. Chrysler Fin. Co.*, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003) (quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). Notably, the Third Circuit, too, has criticized this fourth factor as anachronistic and poorly suited to modern amicus practice. *See Neonatology Assocs.*, 293 F.3d at 131-133. A requirement that an amicus be "impartial" is in tension with Rule 29's requirement that the amicus have an "interest" in the case. *Id*. at 131.

## CONCLUSION

Amici respectfully request that the Court grant this motion for leave to file their amicus brief.

Dated: February 14, 2023  
    New York, NY

/s/ Alan Schoenfeld  
Alan Schoenfeld  
WILMER CUTLER PICKERING  
   HALE AND DORR LLP  
7 World Trade Center  
250 Greenwich Street  
New York, NY 10007  
Tel. 212-230-8800

*Counsel for Amici Curiae*