```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
 _____

 AARON SIEGEL; JAMES COOK;          )   CIVIL ACTION NUMBER:
 JOSEPH DELUCA; NICOLE CUOZZO;      )
 TIMOTHY VARGA; CHRISTOPHER         )   1:22-cv-07463-RMB-AMD
 STAMOS; KIM HENRY; and             )
 ASSOCIATION OF NEW JERSEY RIFLE &  )
 PISTOL CLUBS, INC.,                )
             Plaintiffs,            )
                                    )
 vs.                                )
                                    )
 MATTHEW J. PLATKIN, in his official)    STATUS CONFERENCE
 capacity as Attorney General of    )
 New Jersey; and PATRICK J.         )    Via Zoom Videoconference
 CALLAHAN, in his official capacity )
 as Superintendent of the New Jersey)
 Division of State Police,          )
             Defendants.            )
 and                                )
                                    )
 NICHOLAS P. SCUTARI, President of  )
 the New Jersey Senate, and         )
 CRAIG J. COUGHLIN, Speaker of the  )
 New Jersey General Assembly,       )
             Intervenors-Applicants )    *CONSOLIDATED CASES*
 _____
```

Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101
Wednesday, February 1, 2023
Commencing at 2:30 p.m.

**B E F O R E:**          THE HONORABLE RENÉE MARIE BUMB,
                          CHIEF UNITED STATES DISTRICT JUDGE

John J. Kurz, Federal Official Court Reporter
John_Kurz@njd.uscourts.gov
(856)576-7094

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

```
RONALD KOONS, et al.           )  CIVIL ACTION NUMBER:
          Plaintiffs,          )
vs.                            )  1:22-cv-07464-RMB-AMD
                               )
WILLIAM REYNOLDS, in his official )
capacity as the Prosecutor of  )
Atlantic County New Jersey, et al.,)
          Defendants.          )
and                            )
                               )
NICHOLAS P. SCUTARI, President of )
The New Jersey Senate, and     )
CRAIG J. COUGHLIN, Speaker of the )
New Jersey General Assembly,   )
          Intervenors-Applicants )
_____
```

**A P P E A R A N C E S:**

HARTMAN & WINNICKI, P.C.
BY:  DANIEL L. SCHMUTTER, ESQUIRE
74 Passaic Street
Ridgewood, New Jersey 07450
For the Siegel Plaintiffs

DAVID JENSEN PLLC
BY:  DAVID D. JENSEN, ESQUIRE
33 Henry Street
Beacon, New York 12508
For the Koons Plaintiffs

OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
BY:  ANGELA CAI, DEPUTY SOLICITOR GENERAL
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, New Jersey 08625
For the Defendants Attorney General Platkin and Superintendent of NJ State Police Callahan

ATLANTIC COUNTY DEPARTMENT OF LAW
BY:  ALAN J. COHEN, ASSISTANT COUNTY COUNSEL
1333 Atlantic Avenue, 8th Floor
Atlantic City, New Jersey 08401
For the Defendant William Reynolds, Atlantic County Prosecutor

**A P P E A R A N C E S:** **(Continued)**

OFFICE OF CAMDEN COUNTY COUNSEL
BY:  HOWARD LANE GOLDBERG, FIRST ASSISTANT COUNTY COUNSEL
520 Market Street, 14th Floor, Courthouse
Camden, New Jersey 08102
For the Defendant Grace C. Macaulay, Camden County Prosecutor

CULLEN AND DYKMAN, LLP
BY:  LEON JOSEPH SOKOL, ESQUIRE
433 Hackensack Ave.
Hackensack, NJ 07601
For the Intervenors-Applicants

KOLOGI SIMITZ
BY:  EDWARD J. KOLOGI, ESQUIRE
     MICHAEL SIMITZ, ESQUIRE
500 North Wood Avenue
Linden, NJ 07036
For the Intervenors-Applicants

**A L S O   P R E S E N T:**

Arthur Roney, The Courtroom Deputy

Roberta Costigan, Judicial Assistant

*1*      (PROCEEDINGS, held via remote Zoom videoconferencing
*2* before The Honorable Renée Marie Bumb, Chief United States
*3* District Judge, at 2:30 p.m. as follows:)
*4*           THE COURTROOM DEPUTY:  Judge is coming in.
*5*           THE COURT:  Hello.
*6*           THE COURTROOM DEPUTY:  Good afternoon, Judge.
*7*           THE COURT:  Are we all set?
*8*           THE COURTROOM DEPUTY:  Yes.  And Mr. Sokol for the
*9* intervenors has someone else coming in, but we're waiting for
*10* him to come in.
*11*           MR. SOKOL:  Yes.  Your Honor, Mr. Kologi, who is
*12* co-counsel, for some reason, his emails were not on the
*13* distribution list.
*14*           THE COURT:  Oh, okay.  Do we need to wait?
*15*           Mr. Sokol, I can see the top of your head, but I
*16* can't see the rest of you.  Do you think you can --
*17*           THE COURTROOM DEPUTY:  Pull your screen down.
*18*           THE COURT:  There we go.  Yeah.
*19*           Are you okay?  Should we wait or what do you think?
*20*           (Pause.)
*21*           MR. SOKOL:  I'm sorry.  My apologies, Judge.
*22*           THE COURT:  Yeah.  No worries.  I think by the time I
*23* hear who's on the call, we may have your colleague joining us.
*24*           Okay.  So we are on the record.  My court reporter,
*25* there he is, okay.  22-7463 and 22-7464.  So let me start with

1    appearances, please.  I'll start with Mr. Jensen.  I see you.
2              MR. JENSEN:  Okay.  Good afternoon, Your Honor.
3    David Jensen for the plaintiffs in Koons.
4              THE COURT:  Good afternoon.
5              MR. SCHMUTTER:  Good afternoon, Your Honor.  Daniel
6    Schmutter from the firm of Hartman & Winnicki for the Siegel
7    plaintiffs.
8              THE COURT:  Okay.  Good afternoon.
9              MS. CAI:  Good morning, Chief Judge.  Angela Cai on
10   behalf of the Attorney General, Colonel Callahan, and the
11   Sussex County Prosecutor.
12             THE COURT:  All right.  Afternoon.
13             MR. COHEN:  Thank you, Your Honor.  Alan Cohen
14   Atlantic County Law Department for the defendant, William
15   Reynolds, Atlantic County Prosecutor.
16             THE COURT:  All right.  Afternoon.
17             MR. KOLOGI:  Good afternoon, Your Honor.  Edward J.
18   Kologi, Kologi, Simitz, co-counsel with Mr. Sokol's firm,
19   representing the Legislature Intervenors.
20             THE COURT:  Okay.  All right.
21             MR. KOLOGI:  And my partner, Michael Simitz, is in
22   the process of logging in, so he'll be on, too.
23             THE COURT:  Okay.
24             MR. GOLDBERG:  Your Honor, Howard L. Goldberg,
25   Assistant County Counsel on behalf of Prosecutor Grace Macaulay

```
 1   for Camden County.
 2              THE COURT:  Okay.  Afternoon.
 3              MR. SOKOL:  Your Honor, Leon Sokol, the firm of
 4   Cullen and Dykman representing the presiding officers,
 5   defendants -- the Intervenors in this matter.
 6              THE COURT:  All right.  Afternoon.  And is it okay,
 7   Mr. Sokol, or Mr. Kologi, if I go forward without your
 8   colleague?
 9              MR. SOKOL:  I'm sorry, Your Honor.  I didn't hear
10   what you said.
11              THE COURT:  Is it okay if I start without your
12   colleague?  You're waiting for another one of your colleagues?
13              MR. SOKOL:  No.  No.  Mr. Kologi has joined the
14   conference so we can start.
15              THE COURT:  Oh, I thought he had mentioned someone
16   else was going to join, okay.
17              All right.  Mr. Schmutter, you have asked for the
18   conference call and you have gotten it.
19              MR. SCHMUTTER:  Thank you, Judge.
20              We simply -- we saw the ex parte Order granting the
21   motion to intervene, and we had wanted to put an opposition.
22   And so we understand that the Court will entertain an expedited
23   motion for reconsideration, and I guess the issue is briefing
24   and timing.  And I know that on behalf of our plaintiff, we can
25   put in our papers on Monday, if that's okay with the Court.
```

*1*          And I know David and I discussed it, but I'm not
*2* going to speak for him, you know, since he's here.
*3*          THE COURT:  So here's what I have to say,
*4* Mr. Schmutter.  Maybe we can have a conversation about it, and
*5* maybe I can dissuade you from filing your expedited motion to
*6* reconsider.  I can't prevent you from filing it.
*7*          To my way of thinking, the more that I have before me
*8* to make the right decision, however I see it, the better.  As
*9* long as I find that it's not clogging my docket or as long as I
*10* find that it's not slowing things down -- and the intervenors
*11* have assured me that that won't be the case -- I don't see the
*12* harm.
*13*          What can you say to that?
*14*          MR. SCHMUTTER:  Well, Judge, we're concerned about
*15* the intervenors interfering with scheduling.  And I don't mean
*16* interfering in a malicious way.  I'm just saying, the more is
*17* not necessarily the merrier.  The intervenors don't have a
*18* separate litigation interest.  Intervenors are legislators.
*19* Legislators generally -- or legislative bodies don't generally
*20* have an interest in this kind of litigation.  Really, I mean,
*21* the position that they would have to take in order to be --
*22*          THE COURT:  Slow down, Mr. Schmutter, please.  You're
*23* actually faster on a Zoom than you are in the courtroom, so
*24* that tells me from now on in person.  I'm just kidding.
*25*          MR. SCHMUTTER:  Well, they don't call it "Zoom" for

*1* nothing, Judge.

*2* (Laughter.)

*3* MR. SCHMUTTER: I apologize.

*4* Really, for them to intervene, they'd really have to
*5* show that the Attorney General is not adequately representing
*6* the interests of the State of New Jersey. They don't have a
*7* separate interest from the State of New Jersey. So all they're
*8* doing is adding issues of coordination, issues of scheduling.
*9* They may take a -- they may take procedural positions different
*10* than the Attorney General. They may take substantive --

*11* THE COURT: Well, how about we have this conversation
*12* because I'm not going to let that happen, okay?

*13* I understood from the intervenors' motion that really
*14* what they want to do is they really want to -- they want to
*15* have a voice. They want to be able to -- and Ms. Cai is doing
*16* an extraordinary job of representing the AG, and no one would
*17* say that she's not. And that's clearly not what they're
*18* saying. They just want to have a voice. I have no problem
*19* with them having a voice. I do have a problem with them
*20* clogging the docket or slowing things down.

*21* So how about we say this: They don't partake in the
*22* scheduling. They simply abide by it.

*23* Are you happy with that?

*24* MR. SCHMUTTER: I certainly think that helps.

*25* THE COURT: Okay. So --

```
 1            MR. SCHMUTTER:  But I -- you know, for example,
 2  aren't they really more appropriate for an amicus?  I mean, if
 3  they want to be heard on an issue that's different than what
 4  the State of New Jersey is arguing, that's what an amicus does.
 5  An amicus --
 6            THE COURT:  But, okay.  So, I mean, I call it
 7  "permissive intervention."  You call it "amicus."  I don't
 8  really care what we call it.  I think at the end of the day, we
 9  get to the same place.  And that's really how I saw it, which
10  is why I, to be perfectly forthright, Mr. Schmutter, I really
11  didn't see the harm.  I'll hear what they have to say.  I think
12  it's better for all of us concerned that this Court get it
13  right.
14            And so if your concern is, and I can dissuade you
15  from filing a motion to reconsider, if your concern is, is that
16  they are going to interfere with the scheduling, then I'm going
17  to say no.  They're going to piggyback on what Ms. Cai says,
18  okay?  They're not going to quarrel with it.  Ms. Cai is going
19  to control, because that's how it was represented to me, right,
20  Mr. Kologi, or Mr. Sokol?
21            MR. KOLOGI:  That's correct, Your Honor.
22            Judge, there's one thing I want to point out.  We're
23  not here today defending our motion.  You've already granted
24  the motion.  He obviously shifts, you know, to --
25            THE COURT:  Right.  But he wants to file a motion to
```

1   reconsider.  And in fairness to Mr. Schmutter, I didn't give
2   him an opportunity to oppose it because for the reasons I'm
3   already articulating.
4              MR. KOLOGI:  I understand.
5              THE COURT:  But I'm giving you now -- now that we're
6   all together -- I'm giving you, Mr. Kologi, an opportunity to
7   represent to me that you're going to just follow the scheduling
8   that Ms. Cai works with Mr. Schmutter and Mr. Jensen on.  Fair
9   enough?
10             MR. KOLOGI:  Judge, I think we -- that's absolutely
11  correct.  And I believe we stated that in our original papers;
12  that we were not going to in any way slow this down or be an
13  impediment to whatever Your Honor prescribes.
14             THE COURT:  Right.  Okay.  So I think that should
15  take care of it, Mr. Schmutter, right?
16             MR. SCHMUTTER:  Judge, if they -- I mean, this all
17  certainly helps.  If they can -- if it can be clear that
18  they're not going to differ from the Attorney General's Office
19  in things like procedure and strategy and scheduling.  You
20  know, if the Attorney General -- if we have a deal with the
21  Attorney General that certain things are either going to happen
22  or not going to happen, I wouldn't want to see the intervenors
23  say, well, we disagree with the Attorney General so we want
24  this other thing.  That's --
25             THE COURT:  Fair enough.  Here's how it's going to go

```
 1   from this day forward, okay?
 2            The plaintiffs are going to have conversations with
 3   Ms. Cai, Mr. Goldberg, although I think Mr. Goldberg and -- who
 4   am I missing?  Mr. Cohen, I think are -- I think Ms. Cai is
 5   taking the laboring oar here.  You're going to have
 6   conversations with her.  You folks are going to work out the
 7   schedule.  The intervenors are going to say, okay, got it.
 8   That's how it's going to go.  They're going to follow it.
 9   That's what they represented to me when they filed their
10   motion, and so I took them at face value.  Mr. Kologi has
11   reiterated it today, and I appreciate that.
12            So they're not going to really have a say about
13   scheduling.  And really, quite frankly, you shouldn't even be
14   talking to them about scheduling; talk to Ms. Cai.
15            You okay with that?
16            MR. SCHMUTTER:  That's certainly great.
17            I guess there's one other issue, which hopefully
18   shouldn't be an issue.  This is a little bit farther down the
19   road.  But the other thing I would want to make sure is that
20   since they're intervening as defendants, that they're
21   similarly -- if we are a prevailing party under Section 1988, I
22   would want them to be liable for counsel fees.  So what I
23   wouldn't want to see, for example, and I'm not saying they're
24   going to do this, but I just want to make sure, I wouldn't want
25   to see the State say, well, the fees -- you're a prevailing
```

1  party.  The fees that you're applying for on this motion, well,
2  that was -- you were defending against the intervenors so we're
3  not liable for that.  And then I wouldn't want the intervenors
4  to say, well, we're not subject to counsel fees, therefore, you
5  don't get counsel fees on that.
6       I would want us all to be kind of in agreement that
7  if they're coming in the case as defendants, they don't get to
8  make that argument.  Fees are fees.  Everything that counts,
9  counts.  And I wouldn't want that kind of -- that kind of, sort
10  of, argument where we're getting kind of whipsawed by that.
11  I'm not saying they're going to do that.  I just don't want to
12  take that risk.  We might as well all be in agreement up front
13  that if that happens --
14       THE COURT:  I think that comes under the category of
15  needless anxiety.
16       MR. SCHMUTTER:  Okay.  I mean, that's fair, Judge.
17  As long as we're all here on the call and we're all talking
18  about it, I'm okay with that as long as that's out in the open.
19       THE COURT:  Yeah.
20       MR. SCHMUTTER:  I don't know if David has anything to
21  add or any thoughts about it, but --
22       THE COURT:  I think they would be hard-pressed to
23  sort of point the fingers at each other, so, yeah.  So I think
24  we're good.  I think we're good.  I think I have dissuaded you
25  not to file your motion to reconsider.  And you folks, I'm

*1* waiting for you folks to propose something to me.

*2*      So, Mr. Jensen, Mr. Schmutter, and Ms. Cai, you folks *3* will work on that and propose something to me.

*4*      MS. CAI:  Your Honor, I have, as of last Friday *5* morning, proposed a schedule to the plaintiffs, which I have no *6* reason to think that the other defendants, including *7* intervenors, have any problem with.

*8*      In the interest of -- since we're all here, I haven't *9* really heard an objection to the schedule I proposed, but *10* there's been a wrinkle in terms of what Mr. Schmutter's clients *11* want to do in between that time.  So it would be helpful to *12* everybody if I may just sort of lay out the issues here and *13* perhaps we can reach a resolution with the Court.

*14*      THE COURT:  I'd rather not be part of that; that you *15* folks can try to work it out.  If you can't work it out, then *16* put it on the docket in a letter form, and I will give you the *17* dates that I think are appropriate, okay?

*18*      MS. CAI:  Okay.  Will do, Your Honor.

*19*      MR. SCHMUTTER:  Yeah.  Judge, Angela and I will talk, *20* and I think we'll work it out.

*21*      THE COURT:  Okay.  I can leave and you folks can stay *22* on if that will help.

*23*      MR. SCHMUTTER:  We'll talk.

*24*      MS. CAI:  That's okay, Your Honor.  We can do our own *25* Zoom.  Thank you.

1    MR. SCHMUTTER:  We'll talk it out, Judge.  We'll get
2 it right.
3    THE COURT:  I promise, I won't listen in.
4    (Laughter.)
5    THE COURT:  All right.  I think we're all good.  Good
6 to see you all.
7    MR. GOLDBERG:  Thank you, Your Honor.
8    MR. JENSEN:  Thank you, Your Honor.
9    MS. CAI:  Thank you, Your Honor.
10   MR. SCHMUTTER:  Thank you, Judge.  You've been very
11 helpful.  I appreciate it.
12   MR. SOKOL:  Your Honor, are we left with the
13 plaintiffs are going to file a motion for reconsideration or
14 are we finished with that and the Order stands?
15   THE COURT:  No.  I think I persuaded Mr. Schmutter
16 that he doesn't need to.
17   MR. SCHMUTTER:  Yeah.  This was very helpful, Judge.
18 Thank you.
19   THE COURT:  Okay.  Good.
20   MR. SOKOL:  Thank you, Your Honor.
21   THE COURT:  All right.  Good to see you all.  Be
22 well.
23   MR. KOLOGI:  Thank you.
24   MR. COHEN:  Thank you.
25   MR. SCHMUTTER:  Thank you, Judge.

15

```
1              (Proceedings concluded at 2:45 p.m.)

2              - - - - - - - - - - - - - - - - - - - - -
               FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE
3              - - - - - - - - - - - - - - - - - - - - -

4          I certify that the foregoing is a correct transcript

5     from the record of proceedings in the above-entitled matter.

6

7

8     /S/John J. Kurz, RDR-RMR-CRR-CRC              February 3, 2023

9     Court Reporter/Transcriber

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*United States District Court*
*District of New Jersey*