

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0080

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

March 3, 2023

The Honorable Renée Marie Bumb, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re:   *Siegel v. Platkin*, 22-cv-7463
       *Koons v. Platkin*, 22-cv-7464

Dear Chief Judge Bumb,

Defendants write to inquire into the remaining timeline for the currently-pending preliminary injunction motions, consistent with this Court's preference for a unitary process to "resolve the litigation all together," including any appeals process. Oral Arg. Tr. (1/26/23), at 83. Mindful of this Court's preference, the State has not yet filed an appeal, and has instead briefed all the issues in the motions for preliminary injunction in both above-captioned matters. Because those motions have been pending since February 24, 2023, this State is now respectfully requesting further information regarding the timeline for decision (and any oral argument).

That timeline relates to the forthcoming appeals process. Defendants intend to file a notice of appeal on or before March 8, 2023, from the TRO orders dated January 9, 2023 (*Koons*, Dkt. 35) and January 30, 2023 (*Siegel*, Dkt. 52). Although this Court is likely aware that TROs are not ordinarily appealable, a TRO functionally becomes a PI and therefore becomes appealable after sufficient passage of time. In assessing whether a TRO has gone "beyond preservation of the status quo and mandates affirmative relief" and becomes "immediately appealable under § 1292(a)(1)," courts



HUGHES JUSTICE COMPLEX · TELEPHONE: (609)376-2791 FAX: (609)292-3508
*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

"must look past labels to consider functional effects." *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160-61 (3d Cir. 2020); *see also Nutrasweet Co. v. Vit-Mar Enterprises, Inc.*, 112 F.3d 689, 692 (3d Cir. 1997). Federal Rule of Civil Procedure 65(b) provides that TROs expire after 14 days unless the court "extends it for a like period"—in other words, 28 days. Wright & Miller provides the same: "The text of Rule 65(b) seems to exclude any possibility that a TRO can remain in force beyond 28 days." 11A Wright & Miller, Fed. Prac. & Proc. Civ. § 2953 (3d ed.). In this case, 28 days elapsed from the *Koons* TRO on February 6, 2023. The deadline to file a notice of appeal from that injunction is 30 days later, on March 8, 2023. *See* Fed. R. App. P. 4.

Mindful of this Court's suggestion that a single orderly process would be more efficient, including for eventual presentation on appeal, the State has not yet pursued emergency relief at the Third Circuit. But given the continued passage of time, a protective notice of appeal is now necessary to allow Defendants to seek a stay pending appeal from the Third Circuit if this Court's decision on the pending motions for preliminary injunction is not immediately forthcoming. Conversely, if this Court issues an intervening decision on preliminary injunction (or lifts the TROs), Defendants would of course withdraw the appeal and any pending motions. In light of the impacts of an injunction of its law that has now lasted almost two months, the State greatly appreciates this Court's consideration.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:  /s/  Angela Cai
Angela Cai
Deputy Solicitor General

cc:   Daniel L. Schmutter, Esq.
David Jensen, Esq.
Leon Sokol, Esq.
Edward Kologi, Esq.