LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

March 10, 2023

**VIA ECF**
The Honorable Renee M. Bumb
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

   Re:  Koons, et al. v. Reynolds, et al. - No.: 1:22-cv-07464
      Siegel, et al. v. Platkin, et al. - No.: 1:22-cv-07463

## SIEGEL PLAINTIFFS' SUPPLEMENTAL LETTER BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR A PRELIMINARY IJUNCTION

Dear Judge Bumb:

  We represent the Siegel Plaintiffs in the above referenced matter. Please accept this supplemental letter brief in response to the Supplemental Declaration of David L. Rebuck filed by the Defendants.

  Initially, Siegel Plaintiffs object to this new Rebuck Declaration on two grounds. First, it violates the parties agreement on allowed filings, and Defendants did not seek leave from the Court. It is therefore objectionable on that ground alone.

  Second, the declaration is utterly conclusory and, as a result, violates Fed. R. Evid. 602. Rebuck simply states "[a]s of March 3, 2023, each of the nine casino hotels in Atlantic City." But Rebuck does not tell the Court how he knows this.  Although he states that the material in

1

the declaration is based on personal knowledge, he does not reveal what that basis of that personal knowledge actually is. There is no way for the Court to draw the conclusion required by Rule 602 that the statement is, in fact, based on person knowledge. *See, e.g., Sullivan v. Warminster Twp.*, 461 F. App'x 157, 162–63 (3d Cir. 2012).

Did Rebuck personally visit each casino and see the signs? If not, then his statement is hearsay and not based on personal knowledge. The Court simply does not know.

Notably, in their herculean effort to prevent standing and avoid a ruling on the merits Defendants have relied solely on third party statements – first the statement of a trade association, The Casino Association of New Jersey, and then the Director of the Division of Gaming Enforcement, a regulator – never the actual casinos themselves.

And this latest filing by Defendants highlights exactly what is wrong with Defendants' arguments on standing, particularly as they relate to traceability and redressability. Defendants so desperately wish to avoid a ruling on the merits of their unconstitutional law, they have inadvertently highlighted how intensely and perversely all nine Atlantic City Casinos are intertwined with the State so as to be plainly subject to the State's significant influence and pressure.

Notably, almost none of the casinos prohibited firearms prior to the passage of Chapter 131. But, after the State of New Jersey decided firearms should not be allowed in casinos and then this Court granted a temporary restraining order ("TRO") restraining enforcement of Chapter 131 Section 7(a)(18), suddenly all nine Atlantic City casinos have allegedly banned handguns, when almost none of them cared about firearms on their property until the State cared about it.

As the Court is aware, the casino industry is heavily regulated. Notably, however, the industry has also been repeatedly bailed out financially by the State of New Jersey:

**2014**: https://www.reuters.com/article/usa-new-jersey-atlanticcity/new-jersey-to-bail-out-atlantic-city-with-short-term-loan-idUKL1N0U71F320141223

**2016**: https://pressofatlanticcity.com/news/local/casinos/casinos-pled-poverty-to-get-a-huge-tax-break-atlantic-city-is-paying-the-price/article_4c87f05e-e351-11ec-9e2a-1b1853a30212.html

**2020**:  https://www.njcasino.com/news/bailout-ac-casinos

**2021**:  https://shorelocalnews.com/pilot-change-new-state-bailouts-for-atlantic-city-casinos-strike-controversy/

To name a few such bailouts. This strongly illustrates the unseemly close relationship between the casinos and the State. The idea that all nine casinos independently decided to ban handguns at exactly the same time that the State decided to ban handguns at casinos is striking and inherently not credible. And this is how the State purports to defeat traceability and redressability by arguing that the casinos have "independently" prohibited carry.

Siegel Plaintiffs has previously pointed out that "but for" causation is *not* required for standing under *Lujan v. Defs of Wildlife*, 504 U.S. 555 (1992). *Am. Farm Bureau Fed'n v. U.S. E.P.A.*, 792 F.3d 281, 293 (3d Cir. 2015); *Wayne Land & Min. Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 525 (3d Cir. 2018).); *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 366 (3d Cir. 2014) (citing *Libertarian Party of Va. v. Judd,* 718 F.3d 308, 316 (4th Cir. 2013)); *Khodara Env't, Inc. v. Blakey*, 376 F.3d 187, 195 (3d Cir. 2004) (Alito, J.); *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 142-43 (3d Cir. 2009).

Thus, ultimately, the Supplemental Rebuck Declaration is irrelevant to the issue of standing. But even if the Declaration did somehow nominally implicate redressability and/or traceability, the clear connection between the unconstitutional policy choice of the State and the sudden policy change of the casinos cannot be used as a pretext to prevent this Court from determining the validity of the law on its merits.

Respectfully submitted,

s/ Daniel L. Schmutter
Daniel L. Schmutter
Hartman & Winnicki, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

cc:  Angela Cai, Esq.
   Leon Sokol, Esq.
   Edward Kologi, Esq.
   Howard Goldberg, Esq.
   David Jensen, Esq.