[Civil No. 22-7464, Docket Nos. 8, 72, 93, 96, 102, 109, 116]
[Civil No. 22-7463, Docket Nos. 8, 47]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RONALD KOONS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW PLATKIN,<br>in his official capacity as Attorney General of the State of New Jersey, and<br>PATRICK CALLAHAN,<br>in his official capacity as Superintendent of the New Jersey State Police,<br><br>Defendants,<br><br>and<br><br>NICHOLAS SCUTARI,<br>President of the New Jersey Senate, and<br>CRAIG COUGHLIN,<br>Speaker of the New Jersey Assembly,<br><br>Intervenors-Defendants. | Civil No. 22-7464 (RMB/AMD)<br><br>*Consolidated with*<br>*Civil No. 22-7463 (RMB/AMD)*<br><br><br>**ORDER** |

**BUMB, Chief District Judge**

**THIS MATTER** having come before the Court on Plaintiffs' Motions for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1 [Civil No. 22-7464 ("*Koons*"), Docket No. 8; Civil No. 22-7463 ("*Siegel*"), Docket No. 8]; and the Court having considered the submissions of the parties and their amici curiae; and for the reasons set forth in the accompanying Opinion of today's date; and for good cause shown,

**IT IS** on this **16th** day of **May 2023**, hereby

**ORDERED** that Plaintiffs' Motions for a Preliminary Injunction to enjoin N.J. Stat. Ann. § 2C:58-4.6(a)(6), (a)(9) (zoos only), (a)(10) (to include N.J. Admin. Code § 7:2-2.17(b), but excluding playgrounds), (a)(12), (a)(15), (a)(17), (a)(18) (to include N.J. Admin. Code § 69D-1.13), (a)(21) (only as to facilities set forth in Plaintiffs' declarations), (a)(23), (a)(24) (only as to private property that is held open to the public), *id.* § 2C:58-4.6(b)(1) (prohibition on functional firearms in vehicles), *id.* § 2C:58-4(c) (in-person interview requirement of carry permit applicant's character endorsers); *id.* §§ 2C:58-4(d)(4), 2C:58-4.3 (Insurance Mandate), and N.J. Admin. Code § 7:25-5.23(f)(5) (prohibition on functional firearms in vehicles) are **GRANTED;** and it is

**FURTHER ORDERED** that Defendants, as well as their officers, agents, servants, employees, and attorneys (and any other persons in active concert or participation with them) are **PRELIMINARILY ENJOINED** from enforcing N.J. Stat. Ann. § 2C:58-4.6(a)(6), (a)(9) (zoos only), (a)(10) (to include N.J. Admin. Code § 7:2-2.17(b), but excluding playgrounds), (a)(12), (a)(15), (a)(17), (a)(18) (to include N.J. Admin. Code § 69D-1.13), (a)(21) (only as to facilities set forth in Plaintiffs' declarations), (a)(23), (a)(24) (only as to private property that is held open to the public), *id.* § 2C:58-4.6(b)(1) (prohibition on functional firearms in vehicles), *id.* § 2C:58-4(c) (in-person interview requirement of carry permit applicant's character endorsers); *id.* §§ 2C:58-4(d)(4), 2C:58-4.3 (Insurance Mandate), and N.J. Admin. Code § 7:25-5.23(f)(5) (prohibition on functional firearms in vehicles); and it is

**FURTHER ORDERED** that Plaintiffs' Motions for a Preliminary Injunction to enjoin N.J. Stat. Ann. § 2C:58-4.6(a)(10) (playgrounds), (a)(11) (youth sports events), (a)(20) (airports and transportation hubs except as modified in the Opinion of today's date to permit the checking of a firearm as checked luggage prior to entry of an airport and dropping off or picking up passengers from an airport), and (a)(22) (health care facilities that provide

2

addiction or mental health treatment or support services), *id.* § 2C:39-6(a)(12) (exemption for judges, prosecutors, and attorneys general), *id.* § 2C:58-4.4(a)(5) (unjustified display of a handgun), and N.J. Admin. Code § 7:25-5.23(a), (c), (f), (i) and (m) (Fish and Game Restrictions) are **DENIED**; and it is

**FURTHER ORDERED** that *Siegel* Plaintiffs' First Amendment challenge to N.J. Stat. Ann. § 2C:58-4(b), (c)'s application requirements is **DISMISSED** without prejudice on standing grounds; and it is

**FURTHER ORDERED** that *Siegel* Plaintiffs' Motion for a Preliminary Injunction to enjoin Chapter 131's statutory disqualifiers (N.J. Stat. Ann. § 2C:58-3(c), (c)(5)), Chapter 131's "reputable persons endorsement" provision (N.J. Stat. Ann. § 2C:58-4(b)), Chapter 131's provision allowing licensing authorities to request "such other information" deemed reasonably necessary to review a concealed carry applicant's application (N.J. Stat. Ann. § 2C:58-4(c)) (as modified by the Court's Opinion), and the new fee schedule is **DENIED**; and it is

**FURTHER ORDERED** that *Siegel* Plaintiffs' challenge to N.J. Admin. Code § 7.25-5.23(i) is **DISMISSED** without prejudice on standing grounds; and it is

**FURTHER ORDERED** that Plaintiffs are **EXCUSED** from giving security; and it is

**FURTHER ORDERED** that Defendants' Motion for Leave to File an Overlength Brief pursuant to Local Civil Rule 7.2(b) [*Koons* Docket No. 72] is **GRANTED**; and it is

**FURTHER ORDERED** that the Motion of the Professors of Property Law for Leave to File a Brief as Amici Curiae [*Koons* Docket No. 93] is **GRANTED** and their amicus brief [*Koons* Docket No. 93-2] shall be deemed **FILED**; and it is

**FURTHER ORDERED** that the Motion of Brady for Leave to File a Brief as Amicus Curiae [*Koons* Docket No. 96; *Siegel* Docket No. 47] is **GRANTED** and its amicus brief [*Koons* Docket No. 96-1; *Siegel* Docket No. 47-1] shall be deemed **FILED**; and it is

**FURTHER ORDERED** that the *Siegel* Plaintiffs' Motion for Leave to file an Overlength Reply Brief pursuant to Local Civil Rule 7.2(b) [*Koons* Docket No. 102-2] is **GRANTED**; and it is

**FURTHER ORDERED** that the *Siegel* Plaintiffs' Motion for Leave to File a Supplemental Reply Letter Brief in Response to Supplemental Declaration of David Rebuck [*Koons* Docket No. 109] is **DENIED** as moot; and it is

**FURTHER ORDERED** that the *Siegel* Plaintiffs' Emergency Motion for Leave to File Supplemental Papers [*Koons* Docket No. 116] is **DENIED** as moot; and it is

**FINALLY ORDERED** that, to the extent the Court ruled that there are additional matters warranting discovery, the parties shall meet and confer and propose a scheduling order.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge
