## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD KOONS, *et al.* | Civil Action No. 1:22-cv-07464-RMB-AMD |
| *Plaintiffs* | |
| v. | **CIVIL ACTION** |
| WILLIAM REYNOLDS, *et al.* | **(ELECTRONICALLY FILED)** |
| *Defendants* | |
| ------------------------------------------ | **CONSOLIDATED ACTIONS** |
| AARON SIEGEL, *et al.* | |
| *Plaintiffs*, | |
| v. | |
| MATTHEW PLATKIN, *et al.* | |
| *Defendants*. | |

**DECLARATION OF DANIEL L. SCHMUTTER IN SUPPORT OF SIEGEL PLAINTIFFS' EMERGENCY MOTION TO REINSTATE CASE TO ACTIVE CALENDAR**

1. I, Daniel L. Schmutter, am an attorney of the State of New Jersey and a member of Hartman & Winnicki, P.C., attorneys of record for the *Siegel* Plaintiffs in the above-titled action. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2.      I submit this certification in support of *Siegel* Plaintiffs' <u>Emergency Motion to Reinstate the Case to the Active Calendar</u> so they may seek to assert new claims challenging brand new egregious training and qualification requirement that directly suppress the fundamental right to carry in violation of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022).

**A.     Background**

2.      This lawsuit was commenced on December 22, 2022 challenging New Jersey's egregious enactment (on that same day) of what has been referred to in this action as Chapter 131, a series of laws designed to thoroughly suppress New Jerseyans' fundamental Second Amendment right to bear arms – a right vindicated most recently by the United States Supreme Court in *Bruen*.

3.      For decades, New Jersey had thoroughly suppressed the fundamental right of ordinary individuals to carry handguns outside their homes for lawful self-defense by requiring that an applicant for a permit to carry a handgun show a "justifiable need" — a standard that was impossible to satisfy for most ordinary New Jerseyans.

4.      In broadly vindicating the fundamental right of ordinary individuals to carry handguns outside the home, the *Bruen* decision expressly invalidated need based criteria, such as "justifiable need" as a condition to obtain a permit to carry.

5.      Deprived of its primary tool to suppress the right to carry, New Jersey

2

developed several "creative" new means to accomplish the same result – again in direct violation of *Bruen* and the Second Amendment. Among these new tools, were (1) designation of nearly everywhere in New Jersey (including one's own vehicle) as a "sensitive place" where handgun carry was prohibited, as well as (2) the requirement of $300,000 of liability insurance as a condition of handgun carry. (*See generally*, Opinion, ECF No. 124,)

6. On May 16, 2023, this Court recognized that New Jersey's pretextual attempts to, again, suppress the fundamental right to bear arms likely violated the Constitution and issued a preliminary injunction as to large portions of Chapter 131. (ECF Nos. 124, 125.)

**B.   New Jersey's Brand New Egregious Constitutional Violations**

7. As of eight days ago, New Jersey has imposed a brand new set of unconstitutional roadblocks to the exercise of the fundamental right to carry a handgun for lawful self-defense.

8. In addition to the provisions already enjoined by this Court, Chapter 131 also amended N.J.S. 2C:58-4 to direct Defendant Superintendent of State Police to "establish [as a condition to obtaining or renewing a permit to carry a handgun] training requirements in the lawful and safe handling and storage of firearms" no later than July 1, 2023. *See* N.J.S. 2C:58-4(g). In addition to being a condition to obtaining or renewing a permit to carry a handgun, any permit holder who obtained

her permit on or after December 22, 2021 (nearly everyone) must satisfy the new requirement no later than October 1, 2023 (within 90 days of July 1, 2023).

8. The Superintendent released the new requirement last week on July 18, 2023 (17 days late).

*See* https://nj.gov/njsp/firearms/pdf/PTC_Use_of_Force_and_Qualification_20230721.pdf at 11-15. *Siegel* Plaintiffs assert that the new requirement is virtually identical to the qualification requirements for active and retired police officers.

9. Thus, as of *eight days ago*, New Jersey now conditions the exercise of the fundamental right to bear arms by ordinary individuals on achieving the *same* level of training and proficiency as a *professional police officer* even though citizen carry and dangerous police work involve wholly different purposes, circumstances, and skill sets.

10. *Siegel* Plaintiffs assert that members of law enforcement are held to a higher training standard because they are intentionally inserted into dangerous situations and charged with ensuring public safety, which may involve the use of firearms to stop crime and protect the public. In stark contrast, average citizens carry firearms only for self-defense in emergencies, and it is wholly inappropriate to hold them to the same training standard as members of law enforcement.

11. *Siegel* Plaintiffs assert that New Jersey's purpose in imposing a law enforcement standard on average citizens is to unconstitutionally limit the number

of ordinary individuals who can qualify to exercise their fundamental right of self-defense.

11. For example, New Jersey now requires a demonstration of proficiency at tactical exercises such as shooting while kneeling behind cover, left handed shooting (by right handed individuals), shooting at a distance of 25 yards (which *Siegel* Plaintiffs assert is a distance much greater than is usual for ordinary citizen self-defense but which is entirely proper in police work), and reloading drills. While these exercise are appropriate for members of law enforcement, *Siegel* Plaintiffs assert that they are inappropriate and excessive for members of the general public who are not charged with upholding public safety. *Id*.

11. Moreover, persons who are elderly, disabled, pregnant, have arthritic joints, are wheelchair bound, or are otherwise physically limited—the very people with the greatest need to exercise armed self-defense in an emergency—may not be physically capable of performing these tactical police maneuvers.

12. While safe gun handling and basic firearms training are wholly appropriate for lawfully armed citizens, mandatory advanced tactical training as a condition to exercise a basic constitutional right is not, and serves only to limit the exercise of the right.

10. Accordingly, *Siegel* Plaintiff assert that this extremely onerous and inappropriate qualification requirement is plainly intended to, again, suppress the

right to carry by ordinary citizens and is unconstitutional.

**C.     Relief Sought**

11.    The Court's preliminary injunction order is currently on appeal before the Court of Appeals for the Third Circuit. Accordingly, on June 22, 2023, this Court entered an order administratively terminating the case subject to reinstatement by letter at the request of a party after the appeal is disposed of by the Third Circuit. (ECF No. 130.)

12.    In light of New Jersey's new egregious attempt to, again, suppress the right to bear arms, *Siegel* Plaintiffs now move on an *emergency* basis to restore the case to the active calendar in order to file a motion to amend the Complaint and seek new emergency injunctive relief.

13.    Although administrative reinstatement is customary accomplished by letter, the specific language used in this termination order *may* function to limit reinstatement by letter to only after the appeal is resolved. Thus, out of an abundance of caution, *Siegel* Plaintiffs are proceeding by motion.

13.    Accordingly, *Siegel* Plaintiffs respectfully request that the Court immediately reinstate the case to the active calendar so that they may file a motion to amend the Complaint and a motion for new emergency injunctive relief as to the new qualification requirement.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States.

| | |
|---|---|
| s/ Daniel L .Schmutter | July 26, 2023 |
| Daniel L. Schmutter | Date |

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States.

s/ Daniel L .Schmutter              July 26, 2023
Daniel L. Schmutter                 Date